**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SCALE BIOSCIENCES, INC., | |
|     Plaintiff, | |
|     v. | |
| PARSE BIOSCIENCES, INC., | C.A. No. 22-1597-CJB |
|     Defendant, | |
|     and | **JURY TRIAL DEMANDED** |
| ROCHE SEQUENCING SOLUTIONS, INC., | |
|     Nominal Defendant. | |
| PARSE BIOSCIENCES, INC., | |
|     Counterclaim Plaintiff, | |
|     v. | |
| SCALE BIOSCIENCES, INC., | |
|     Counterclaim Defendant. | |

**DEFENDANT AND COUNTERCLAIM PLAINTIFF PARSE BIOSCIENCES, INC.'S
ANSWER AND COUNTERCLAIMS**

**PARSE'S ANSWER TO THE COMPLAINT**

Defendant and Counterclaim Plaintiff Parse Biosciences, Inc. ("Parse"), by and through its attorneys, hereby responds to the numbered paragraphs in the Complaint ("Complaint") filed by Plaintiff Scale Biosciences, Inc. ("Scale") as follows:

**NATURE OF THE ACTION**

1.      Paragraph 1 contains legal conclusions to which no answer is required.  To the extent an answer is required, Parse admits that the Complaint purports to allege infringement of United States Patent Nos. 10,626,442 ("'442 Patent"), 10,982,256 ("'256 Patent"), and 11,512,341 ("'341 Patent") (collectively the "Asserted Scale Patents") under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271.  To the extent Scale purports to

bring an action subject to the Declaratory Judgment Act, Title 28, United States Code, including §§ 2201, 2202, it is denied.

## THE PARTIES

2.      Parse lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2.

3.      Parse admits that the Complaint purports to name Roche Sequencing Solutions, Inc. as a nominal defendant.  Parse lacks information or knowledge sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 3.

4.      Parse admits that it is a Delaware corporation.  Parse denies any remaining allegations in Paragraph 4.  Parse's principal place of business is 700 Dexter Avenue, Suite 600, Seattle, Washington 98109.

## JURISDICTION AND VENUE

5.      Paragraph 5 contains legal conclusions to which no answer is required.  To the extent an answer is required, Parse admits that the Complaint purports to allege a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.  To the extent Scale purports to bring an action subject to the Declaratory Judgment Act, Title 28, United States Code, including §§ 2201, 2202, it is denied.

6.      Admitted.

7.      Admitted.

8.      Paragraph 8 contains legal conclusions to which no answer is required. To the extent an answer is required, Parse states that it lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8.

9.      Admitted.

## **BACKGROUND**

10.    Parse lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10.

11.    Parse lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11.

12.    Parse lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12.

13.    Parse lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13.

14.    Parse admits that Scale advertises products on its website that purport to have at least some of the features described in Paragraph 14.  Parse lacks information or knowledge sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 14.

15.    Parse admits that Scale advertises on its website products that purport to have the characteristics described in Paragraph 15.  Parse lacks information or knowledge sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 15.

16.    Parse admits that it was formerly known as "Split Biosciences" or "Split Bio." Parse further admits that it offers single-cell genomics products, including a line of single-cell gene expression products, initially marketed under the name "Single Cell Whole Transcriptome" and more recently commercialized under the designation "Evercode Whole Transcriptome" or "Evercode WT," which achieves combinatorial barcoding steps within the cell itself.  Parse further admits that it has marketed its Evercode WT kits in two versions—v1 and v2—and has offered each version in three configurations designed to process different numbers of cells and samples— Evercode WT Mini, Evercode WT, and Evercode WT Mega.  Parse further admits that the

Complaint purports to define the terms "Accused Products" and "Evercode WT Products."  Parse denies any remaining allegations in Paragraph 16.

17.    Parse admits that it provides its Evercode WT Products—including reagents, other consumables, and data analysis software—to its customers.  Parse admits that its technology is based on a split-pool combinatorial barcoding method called SPLiT-seq.  Parse admits that Parse commercially launched a configuration that purports to enable users to process up to 100,000 single cells and 48 samples.  Parse admits that in late 2021, Parse began offering additional configurations, including its Evercode WT Mini kit that purports to enable users to process up to 10,000 single cells and its Evercode WT Mega kit that purports to enable users to process up to one million single cells.  Parse further states that the cited webpages speak for themselves.  Parse notes that the URL https://www.parsebiosciences.com/products/evercode-whole-transcriptomemega leads to a webpage that states "Page Not Found."  The following URL relates to Evercode™ WT Mega: https://www.parsebiosciences.com/products/evercode-whole-transcriptome-mega.  Parse denies any remaining allegations in Paragraph 17, including all characterizations of the cited material.

18.    Parse admits that it has stated that its Evercode WT Products are used to convert single cells or nuclei into individualized reaction compartments and that the cells or nuclei can be paired with unique cellular barcodes through a nonautomated method of pooling, tagging, re-pooling, and re-tagging.  Parse further states that the cited webpage speaks for itself.  Parse denies any remaining allegations in Paragraph 18, including all characterizations of the cited material.

19.    Parse admits that it has offered products whose barcode tagging allows a user to track a molecule of interest and the cell of origin of that molecule, and as a result detect and quantify the relative level of the molecule of interest.  Parse further admits that the cited webpage

contains the excerpted image.  Parse denies any remaining allegations in Paragraph 19, including all characterizations of the cited material.

20.    Admitted.

21.    Admitted.

## THE ASSERTED SCALE PATENTS

22.    Parse admits that Exhibit A to the Complaint appears to be a copy of the '442 Patent.  Parse further admits that on April 21, 2020, the '442 Patent, titled "Methods of Identifying Multiple Epitopes in Cells," was issued by the USPTO.  Parse further admits that the face of the '442 Patent states "Assignee: Roche Sequencing Solutions, Inc." and lists "Appl. No.: 15/597,917" as well as "Continuation of application No. 13/981,711, filed as application No. PCT/US2012/023411 on Jan. 31, 2012" and "Provisional application No. 61/437,854, filed on Jan. 31, 2011, provisional application No. 61/444,067, filed on Feb. 17, 2011."  Parse lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that Roche Sequencing Solutions, Inc. ("RSS") is the owner by assignment of the '442 Patent.  Parse denies any remaining allegations in Paragraph 22.

23.    Parse admits that Exhibit B to the Complaint appears to be a copy of the '256 Patent. Parse further admits that on April 20, 2021, the '256 Patent, titled "Methods of Identifying Multiple Epitopes in Cells," was issued by the USPTO.  Parse further admits that the face of the '256 Patent states "Assignee: Roche Sequencing Solutions, Inc." and lists "Appl. No. 16/147,250" as well as "Continuation of application No. 13/981,711, filed as application No. PCT/US2012/023411 on Jan. 31, 2012" and "Provisional application No. 61/444,067, filed on Feb. 17, 2011, provisional application No. 61/437,854, filed on Jan. 31, 2011."  Parse lacks information or knowledge

sufficient to form a belief as to the truth or falsity of the allegation that RSS is the owner by assignment of the '256 Patent. Parse denies any remaining allegations in Paragraph 23.

24.    Parse admits that Exhibit C to the Complaint appears to be a copy of the '341 Patent. Parse further admits that on November 29, 2022, the '341 Patent, titled "Methods of Identifying Multiple Epitopes in Cells," was issued by the USPTO. Parse further admits that the face of the '341 Patent states "Assignee: Roche Sequencing Solutions, Inc." and lists "Appl. No. 17/870,641" as well as "Continuation of application No. 16/795,203, filed on Feb. 19, 2020, which is a continuation of application No. 16/147,250, filed on Sep. 28, 2018, . . . which is a continuation of application No. 13/981,711, filed as application No. PCT/US2012/023411 on Jan. 31, 2012" and "Provisional application No. 61/444,067, filed on Feb. 17, 2011, provisional application No. 61/437,854, filed on Jan. 31, 2011." Parse lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that RSS is the owner by assignment of the '341 Patent. Parse denies any remaining allegations in Paragraph 24.

25.    Parse admits that it received a letter from Scale, that the letter is dated June 10, 2021, and that the letter states that it "appears" that use of the Single Cell Whole Transcriptome Kit is covered by claims of the '256 Patent. Parse denies any remaining allegations in Paragraph 25.

26.    Parse admits that its counsel received a letter from Scale's counsel dated March 1, 2022, and that the letter states that claims of the '442 Patent cover the use of Parse's Single Cell Whole Transcriptome Kit. Parse denies any remaining allegations in Paragraph 26.

## COUNT I

27.    Parse's responses to the foregoing paragraphs in the Complaint are incorporated by reference herein and restated as if restated and set forth in full.

28.    Parse admits that one or more Parse officer, employee, or agent has used one or more of the Accused Products in the United States for purposes of customer support and training, product development, quality control, and comparative testing.  Parse denies any remaining allegations in Paragraph 28.

29.    Parse admits that claim 1 of the '442 Patent contains the quoted language.

30.    Paragraph 30 contains legal conclusions to which no answer is required. To the extent an answer is required, Paragraph 30 is denied.

31.    Parse admits that claim 1 of the '442 Patent contains the quoted language.  Parse further admits that the cited webpages contain the quoted language.  Parse denies any remaining allegations in Paragraph 31, including all characterizations of the cited material.

32.    Parse admits that claim 1 of the '442 Patent contains the quoted language.  Parse further admits that the cited webpages contain the quoted language and excerpted images.  Parse denies any remaining allegations in Paragraph 32, including all characterizations of the cited material.

33.    Parse admits that claim 1 of the '442 Patent contains the quoted language.  Parse further admits that the cited webpages contain the quoted language and excerpted images.  Parse denies any remaining allegations in Paragraph 33, including all characterizations of the cited material.

34.    Parse admits that claim 1 of the '442 Patent contains the quoted language.  Parse further admits that the cited webpages contain the quoted language and excerpted images.  Parse

denies any remaining allegations in Paragraph 34, including all characterizations of the cited material.

35.    Parse admits that claim 1 of the '442 Patent contains the quoted language.  Parse further admits that the cited webpages contain the quoted language and excerpted images.  Parse denies any remaining allegations in Paragraph 35, including all characterizations of the cited material.

36.    Parse admits that claim 1 of the '442 Patent contains the quoted language.  Parse further admits that the cited webpages contain the quoted language and excerpted images.  Parse denies any remaining allegations in Paragraph 36, including all characterizations of the cited material.

37.    Parse admits that claim 1 of the '442 Patent contains the quoted language.  Parse further admits that the cited webpages contain the quoted language and excerpted images.  Parse denies any remaining allegations in Paragraph 37, including all characterizations of the cited material.

38.    Parse admits that claim 1 of the '442 Patent contains the quoted language.  Parse further admits that the cited webpages contain the quoted language and excerpted images.  Parse denies any remaining allegations in Paragraph 38, including all characterizations of the cited material.

39.    Parse admits that claim 1 of the '442 Patent contains the quoted language.  Parse further admits that the cited webpages contain the quoted language and excerpted images.  Parse denies any remaining allegations in Paragraph 39, including all characterizations of the cited material.

40.     Paragraph 40 contains a legal conclusion to which no answer is required.  To the extent an answer is required, Paragraph 40 is denied.

41.     Paragraph 41 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 41 is denied.

42.     Parse admits that the Complaint states that Plaintiff seeks monetary damages.  Parse denies any remaining allegations in Paragraph 42.

43.     Denied.

44.     Paragraph 44 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 44 is denied.

**<u>COUNT II</u>**

45.     Parse's responses to the foregoing paragraphs in the Complaint are incorporated by reference herein and restated as if restated and set forth in full.

46.     Parse admits that it had knowledge of the '442 Patent upon Parse's receipt of the letter from Scale's counsel dated March 1, 2022, referencing the '442 Patent.  Parse denies any remaining allegations in Paragraph 46.

47.     Paragraph 47 contains legal conclusions to which no answer is required.  To the extent an answer is required, Parse denies the allegations in Paragraph 47.

48.     Paragraph 48 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 48 is denied.

49.     Paragraph 49 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 49 is denied.

50.     Paragraph 50 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 50 is denied.

51.    Paragraph 51 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 51 is denied.

52.    Paragraph 52 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 52 is denied.

53.    Paragraph 53 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 53 is denied.

54.    Parse admits that the Complaint states that Plaintiff seeks monetary damages.  Parse denies any remaining allegations in Paragraph 54.

55.    Denied.

56.    Paragraph 56 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 56 is denied.

## COUNT III

57.    Parse's responses to the foregoing paragraphs in the Complaint are incorporated by reference herein and restated as if restated and set forth in full.

58.    Paragraph 58 contains legal conclusions to which no answer is required. To the extent an answer is required, Paragraph 58 is denied.

59.    Parse lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff will seek monetary damages in the future.  Parse denies any remaining allegations in Paragraph 59.

60.    Denied.

## COUNT IV

61.    Parse's responses to the foregoing paragraphs in the Complaint are incorporated by reference herein and restated as if restated and set forth in full.

62.    Parse admits that claim 1 of the '256 Patent contains the quoted language.

63. Paragraph 63 contains legal conclusions to which no answer is required. To the extent an answer is required, Paragraph 63 is denied.

64. Parse admits that claim 1 of the '256 Patent contains the quoted language. Parse further admits that the cited webpages contain the quoted language. Parse denies any remaining allegations in Paragraph 64, including all characterizations of the cited material.

65. Parse admits that claim 1 of the '256 Patent contains the quoted language. Parse further admits that the cited webpages contain the quoted language and excerpted images. Parse denies any remaining allegations in Paragraph 65, including all characterizations of the cited material.

66. Parse admits that claim 1 of the '256 Patent contains the quoted language. Parse further admits that the cited webpages contain the quoted language and excerpted images. Parse denies any remaining allegations in Paragraph 66, including all characterizations of the cited material.

67. Parse admits that claim 1 of the '256 Patent contains the quoted language. Parse further admits that the cited webpages contain the quoted language and excerpted images. Parse denies any remaining allegations in Paragraph 67, including all characterizations of the cited material.

68. Parse admits that claim 1 of the '256 Patent contains the quoted language. Parse further admits that the cited webpages contain the quoted language and excerpted images. Parse denies any remaining allegations in Paragraph 68, including all characterizations of the cited material.

69.     Parse admits that claim 1 of the '256 Patent contains the quoted language.  Parse further admits that the cited webpages contain the quoted language.  Parse denies any remaining allegations in Paragraph 69, including all characterizations of the cited material.

70.     Paragraph 70 contains a legal conclusion to which no answer is required.  To the extent an answer is required, Paragraph 70 is denied.

71.     Paragraph 71 contains a legal conclusion to which no answer is required.  To the extent an answer is required, Paragraph 71 is denied.

72.     Parse admits that the Complaint states that Plaintiff seeks monetary damages.  Parse denies any remaining allegations in Paragraph 72.

73.     Denied.

74.     Paragraph 74 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 74 is denied.

## COUNT V

75.     Parse's responses to the foregoing paragraphs in the Complaint are incorporated by reference herein and restated as if restated and set forth in full.

76.     Parse admits that it had knowledge of the '256 Patent upon Parse's receipt of the letter from Scale dated June 10, 2021, referencing the '256 Patent.  Parse denies any remaining allegations in Paragraph 76.

77.     Paragraph 77 contains legal conclusions to which no answer is required.  To the extent an answer is required, Parse denies the allegations in Paragraph 77.

78.     Paragraph 78 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 78 is denied.

79.     Paragraph 79 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 79 is denied.

80.    Paragraph 80 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 80 is denied.

81.    Paragraph 81 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 81 is denied.

82.    Paragraph 82 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 82 is denied.

83.    Paragraph 83 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 83 is denied.

84.    Parse admits that the Complaint states that Plaintiff seeks monetary damages.  Parse denies any remaining allegations in Paragraph 84.

85.    Denied.

86.    Paragraph 86 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 86 is denied.

## COUNT VI

87.    Parse's responses to the foregoing paragraphs in the Complaint are incorporated by reference herein and restated as if restated and set forth in full.

88.    Paragraph 88 contains legal conclusions to which no answer is required. To the extent an answer is required, Paragraph 88 is denied.

89.    Parse lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff will seek monetary damages in the future.  Parse denies any remaining allegations in Paragraph 89.

90.    Denied.

## COUNT VII

91.     Parse's responses to the foregoing paragraphs in the Complaint are incorporated by reference herein and restated as if restated and set forth in full.

92.     Parse admits that claim 1 of the '341 Patent contains the quoted language.

93.     Paragraph 93 contains legal conclusions to which no answer is required. To the extent an answer is required, Paragraph 93 is denied.

94.     Parse admits that claim 1 of the '341 Patent contains the quoted language.  Parse further admits that the cited webpages contain the quoted language.  Parse denies any remaining allegations in Paragraph 94, including all characterizations of the cited material.

95.     Parse admits that claim 1 of the '341 Patent contains the quoted language.  Parse further admits that the cited webpages contain the quoted language and excerpted images.  Parse denies any remaining allegations in Paragraph 95, including all characterizations of the cited material.

96.     Parse admits that claim 1 of the '341 Patent contains the quoted language.  Parse further admits that the cited webpages contain the quoted language and excerpted images.  Parse denies any remaining allegations in Paragraph 96, including all characterizations of the cited material.

97.     Parse admits that claim 1 of the '341 Patent contains the quoted language.  Parse further admits that the cited webpages contain the quoted language and excerpted images.  Parse denies any remaining allegations in Paragraph 97, including all characterizations of the cited material.

98.     Paragraph 98 contains a legal conclusion to which no answer is required.  To the extent an answer is required, Paragraph 98 is denied.

99.     Paragraph 99 contains a legal conclusion to which no answer is required.  To the extent an answer is required, Paragraph 99 is denied.

100.    Parse admits that the Complaint states that Plaintiff seeks monetary damages.  Parse denies any remaining allegations in Paragraph 100.

101.    Denied.

102.    Paragraph 102 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 102 is denied.

<u>**COUNT VIII**</u>

103.    Parse's responses to the foregoing paragraphs in the Complaint are incorporated by reference herein and restated as if restated and set forth in full.

104.    Parse admits that it is aware of the '442 Patent, the '256 Patent, and the '341 Patent. Parse denies any remaining allegations in Paragraph 104.

105.    Paragraph 105 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 105 is denied.

106.    Paragraph 106 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 106 is denied.

107.    Paragraph 107 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 107 is denied.

108.    Paragraph 108 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 108 is denied.

109.    Paragraph 109 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 109 is denied.

110.    Paragraph 110 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 110 is denied.

111.    Paragraph 111 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 111 is denied.

112.    Parse admits that the Complaint states that Plaintiff seeks monetary damages.  Parse denies any remaining allegations in Paragraph 112.

113.    Denied.

114.    Paragraph 114 contains legal conclusions to which no answer is required.  To the extent an answer is required, Paragraph 114 is denied.

**COUNT IX**

115.    Parse's responses to the foregoing paragraphs in the Complaint are incorporated by reference herein and restated as if restated and set forth in full.

116.    Parse admits that it had knowledge of the '341 Patent at least as of the date it received service of the Complaint with its appended exhibits.

117.    Paragraph 117 contains legal conclusions to which no answer is required. To the extent an answer is required, Paragraph 117 is denied.

118.    Parse lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff will seek monetary damages in the future.  Parse denies any remaining allegations in Paragraph 118.

119.    Denied.

**GENERAL DENIAL**

Parse denies any remaining allegations not expressly admitted or responded to herein.

**RESPONSE TO SCALE'S REQUEST FOR RELIEF**

Parse denies that Scale is entitled to the relief requested in Paragraphs a.-f. of the Request for Relief or to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Parse admits that the Complaint demands a jury trial. Parse likewise demands and requests a jury trial on all issues so triable.

## DEFENSES

### FIRST DEFENSE
### (INVALIDITY)

The Asserted Scale Patents are invalid for failure to meet one or more of the conditions of patentability as set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or pursuant to common law and/or equitable doctrines.

### SECOND DEFENSE
### (NON-INFRINGEMENT)

Parse has not infringed and does not infringe any valid and enforceable claim of the Asserted Scale Patents directly or indirectly, either literally, or under the doctrine of equivalents.

### THIRD DEFENSE
### (NO EXCEPTIONAL CASE)

This suit is not an exceptional case under 35 U.S.C. § 285.

### RESERVATION OF DEFENSES

Parse reserves the right to assert additional defenses based on information learned or obtained in the course of this action.

## COUNTERCLAIMS

Parse Biosciences, Inc. ("Parse") alleges the following Counterclaims against Scale Biosciences, Inc. ("Scale"):

### NATURE OF THE ACTION

1.      Pursuant to the Patent Laws of the United States, Parse asserts counterclaims for patent infringement. Parse seeks injunctive relief and damages under 35 U.S.C. § 1 *et seq.*,

including 35 U.S.C. § 271, arising from Scale's willful infringement of one or more claims of U.S. Patent No. 10,900,065 ("'065 Patent"), U.S. Patent No. 11,168,355 ("'355 Patent"), and U.S. Patent No. 11,427,856 ("'856 Patent") (collectively the "Asserted Parse Patents").

## PARTIES

2.      Parse is a Delaware corporation with a principal place of business at 700 Dexter Avenue, Suite 600, Seattle, Washington 98109.

3.      On information and belief, Scale is a Delaware corporation with its principal place of business at 3210 Merryfield Row, San Diego, California 92121.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Scale because Scale submitted to personal jurisdiction by filing the Complaint and because Scale is a Delaware corporation.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1400 because Scale resides in this district.

## BACKGROUND

**A.      Parse's Innovative Single-Cell Sequencing Technology**

7.      Parse is a Seattle-based company with the mission of accelerating progress in human health and scientific research.  Parse's foundational Evercode™ combinatorial barcoding technology is driving the next generation of discoveries in the field of single cell RNA sequencing, providing researchers with the ability to perform single cell sequencing with unprecedented scale and ease.   Parse's pioneering approach for single cell sequencing has already enabled groundbreaking discoveries, which have led to new understandings of cancer treatment, tissue repair, stem cell therapy, kidney and liver disease, brain development, and the immune system.

8.      The Parse Evercode™ single-cell technology enables large scale experiments without the limitations of today's microfluidics approaches.  This technology allows researchers to profile anywhere from 10,000 to 1 million cells and up to 96 samples in a single experiment. The technology makes it possible to fix samples as they are available, so they can be run together in a single experiment.  Parse's Evercode™ single-cell technology detects high numbers of genes and transcripts per cell, providing researchers the ability to understand their biology with single cell resolution. Parse's products have been used across more than 700 labs to conduct groundbreaking research.  For example, a recent study published in the journal Nature used Parse's Evercode™ Whole Transcriptome products to understand how specific genetic variants affect immune responses to COVID-19, with certain variants dramatically increasing the risk of severe illness and death.  Many of these studies were made possible by the added scalability and flexibility enabled by Parse's proprietary approach to single cell sequencing.  Parse's technology has made single cell sequencing accessible to any lab, by removing the need for expensive and specialized equipment.

9.      Parse is led by CEO and Co-Founder Alex Rosenberg, Ph.D., who co-invented the single cell technology that inspired Parse's foundational Evercode™ platform and is a named inventor on the Asserted Parse Patents.

**B.      The Asserted Parse Patents**

10.      The Asserted Parse Patents are directed to methods and kits for labeling cellular molecules.  Parse is the exclusive licensee of the Asserted Parse Patents in the fields of use and territories applicable to this action.  The license states that Parse has the right to prosecute these Counterclaims.

11.    The University of Washington ("UW") is the owner by assignment, and Parse is the exclusive licensee, of the '065 Patent, titled Methods and Kits for Labeling Cellular Molecules. The '065 Patent was duly issued by the USPTO on January 26, 2021, and remains unexpired.  The '065 Patent issued from U.S. Application No. 14/941,433, which claims priority to U.S. Provisional Application No. 62/080,055, filed on November 14, 2014.  A true and correct copy of the '065 Patent is attached to these Counterclaims as Exhibit A.

12.    The '065 Patent includes claim 1, which recites:

A method of uniquely cell-specifically labeling RNA molecules within a plurality of cells, the method comprising:

(a) providing a plurality of permeabilized cells in admixture, wherein each of the plurality of cells comprises ribonucleic acid (RNA) molecules;

(b) without lysing the cells, reverse transcribing the RNA molecules within the plurality of cells, thereby generating complementary deoxyribonucleic acid (cDNA) molecules within the plurality of cells, wherein primers used to reverse transcribe the RNA molecules comprise a poly(T) sequence, a mix of random sequences, or both a poly(T) sequence and a mix of random sequences;

(c) dividing the plurality of cells comprising the cDNA molecules into a plurality of primary aliquots, wherein the plurality of primary aliquots comprises a first primary aliquot and a second primary aliquot;

(d) providing primary nucleic acid tags to the plurality of primary aliquots, wherein the primary nucleic acid tags provided to the first primary aliquot are different in sequence from the primary nucleic acid tags provided to the second primary aliquot;

(e) coupling the provided primary nucleic acid tags of (d) to the cDNA molecules from each of the plurality of primary aliquots, thereby tagging the cDNA molecules with the primary nucleic acid tags and producing primary nucleic acid-tagged cDNA molecules, whereby the primary nucleic acid-tagged cDNA molecules of the first primary aliquot are tagged with a different primary nucleic acid tag than the primary nucleic acid-tagged cDNA molecules of the second primary aliquot;

(f) combining the plurality of primary aliquots;

(g) dividing the combined primary aliquots of (f) into a plurality of secondary aliquots, wherein the plurality of secondary aliquots comprises a first secondary aliquot and a second secondary aliquot;

(h) providing secondary nucleic acid tags to the plurality of secondary aliquots, wherein the secondary nucleic acid tags provided to the first secondary aliquot are different in sequence from the secondary nucleic acid tags provided to the second secondary aliquot; and

(i) coupling the provided secondary nucleic acid tags of (h) to the primary nucleic acid-tagged cDNA molecules of (e) thereby tagging the primary nucleic acid-tagged cDNA molecules with the secondary nucleic acid tags and producing secondary nucleic acid-tagged cDNA molecules, whereby the secondary nucleic acid-tagged cDNA molecules of the first secondary aliquot are tagged with a different secondary nucleic acid tag than the secondary nucleic acid-tagged cDNA molecules of the second secondary aliquot.

13.    UW is the owner by assignment, and Parse is the exclusive licensee, of the '355 Patent, titled Methods and Kits for Labeling Cellular Molecules. The '355 Patent was duly issued by the USPTO on November 9, 2021, and remains unexpired. The '355 Patent issued from U.S. Application No. 17/249,257, which is a continuation of U.S. Application No. 17/122,321, filed on December 15, 2020, which is a continuation of U.S. Application No. 14/941,433, filed on November 13, 2015, and which claims priority to U.S. Provisional Application No. 62/080,055, filed on November 14, 2014. A true and correct copy of the '355 Patent is attached to these Counterclaims as Exhibit B.

14.    The '355 Patent includes claim 1, which recites:

A method of cell-specifically labeling RNA molecules within a plurality of cells, the method comprising:

(a) providing a plurality of fixed, permeabilized cells in admixture, wherein each of the plurality of cells comprises ribonucleic acid (RNA) molecules;

(b) without lysing the cells, reverse transcribing the RNA molecules within the plurality of cells, thereby generating complementary deoxyribonucleic acid (cDNA) molecules within the plurality of cells, wherein primers used to reverse transcribe the RNA molecules comprise a poly(T) sequence, a

mix of random sequences, or both a poly(T) sequence and a mix of random sequences, wherein each primer further comprises a barcode sequence;

(c) dividing the plurality of cells comprising the cDNA molecules into a plurality of primary aliquots, wherein the plurality of primary aliquots comprises a first primary aliquot and a second primary aliquot;

(d) providing primary nucleic acid tags to the plurality of primary aliquots, wherein the primary nucleic acid tags provided to the first primary aliquot are different in sequence from the primary nucleic acid tags provided to the second primary aliquot;

(e) coupling the provided primary nucleic acid tags of (d) to the cDNA molecules from each of the plurality of primary aliquots, thereby tagging the cDNA molecules with the primary nucleic acid tags and producing primary nucleic acid-tagged cDNA molecules, whereby the primary nucleic acid-tagged cDNA molecules of the first primary aliquot are tagged with a different primary nucleic acid tag than the primary nucleic acid-tagged cDNA molecules of the second primary aliquot;

(f) combining the plurality of primary aliquots;

(g) dividing the combined primary aliquots of (f) into a plurality of secondary aliquots, wherein the plurality of secondary aliquots comprises a first secondary aliquot and a second secondary aliquot;

(h) providing secondary nucleic acid tags to the plurality of secondary aliquots, wherein the secondary nucleic acid tags provided to the first secondary aliquot are different in sequence from the secondary nucleic acid tags provided to the second secondary aliquot; and

(i) coupling the provided secondary nucleic acid tags of (h) to the primary nucleic acid-tagged cDNA molecules of (e) thereby tagging the primary nucleic acid-tagged cDNA molecules with the secondary nucleic acid tags and producing secondary nucleic acid-tagged cDNA molecules, whereby the secondary nucleic acid-tagged cDNA molecules of the first secondary aliquot are tagged with a different secondary nucleic acid tag than the secondary nucleic acid-tagged cDNA molecules of the second secondary aliquot.

15.     UW is the owner by assignment, and Parse is the exclusive licensee, of the '856

Patent, titled Methods and Kits for Labeling Cellular Molecules.  The '856 Patent was duly issued

by the USPTO on August 30, 2022, and remains unexpired.  The '856 Patent issued from U.S.

Application No. 17/521,263, which is a continuation of U.S. Application No. 17/249,257, filed on

February 25, 2021, which is a continuation of U.S. Application No. 17/122,321, filed on December 15, 2020, which is a continuation of U.S. Application No. 14/941,433, filed on November 13, 2015, which claims priority to U.S. Provisional Application No. 62/080,055, filed on November 14, 2014.  A true and correct copy of the '856 Patent is attached to these Counterclaims as Exhibit C.

16.    The '856 Patent includes claim 1, which recites:

A method of cell-specifically labeling RNA molecules within a plurality of cells, the method comprising:

(a) providing a plurality of fixed, permeabilized cells in admixture in a well or compartment, wherein each of the plurality of cells comprises ribonucleic acid (RNA) molecules;

(b) without lysing the cells, reverse transcribing the RNA molecules within the plurality of cells, thereby generating complementary deoxyribonucleic acid (cDNA) molecules within the plurality of cells, wherein primers used to reverse transcribe the RNA molecules comprise a poly(T) sequence, a mix of random sequences, or both a poly(T) sequence and a mix of random sequences, wherein each primer further comprises a first barcode sequence; wherein the first barcode sequence is specific to each well or compartment;

(c) dividing the plurality of cells comprising the cDNA molecules into a plurality of primary aliquots, wherein the plurality of primary aliquots comprises a first primary aliquot and a second primary aliquot;

(d) providing primary nucleic acid tags comprising a second barcode sequence to the plurality of primary aliquots, wherein the primary nucleic acid tags comprising a second barcode sequence provided to the first primary aliquot are different in sequence from the primary nucleic acid tags provided to the second primary aliquot;

(e) coupling the provided primary nucleic acid tags comprising a second barcode sequence of (d) to the cDNA molecules from each of the plurality of primary aliquots, thereby tagging the cDNA molecules with the primary nucleic acid tags comprising a second barcode sequence and producing primary nucleic acid-tagged cDNA molecules, whereby the primary nucleic acid-tagged cDNA molecules of the first primary aliquot are tagged with a different primary nucleic acid tag than the primary nucleic acid-tagged cDNA molecules of the second primary aliquot;

(f) combining the plurality of primary aliquots;

(g) dividing the combined primary aliquots of (f) into a plurality of secondary aliquots, wherein the plurality of secondary aliquots comprises a first secondary aliquot and a second secondary aliquot;

(h) providing secondary nucleic acid tags comprising a third barcode sequence to the plurality of secondary aliquots, wherein the secondary nucleic acid tags comprising a third barcode sequence provided to the first secondary aliquot are different in sequence from the secondary nucleic acid tags provided to the second secondary aliquot; and

(i) coupling the provided secondary nucleic acid tags comprising a third barcode sequence of (h) to the primary nucleic acid-tagged cDNA molecules of (e) thereby tagging the primary nucleic acid-tagged cDNA molecules with the secondary nucleic acid tags comprising a third barcode sequence and producing secondary nucleic acid-tagged cDNA molecules, whereby the secondary nucleic acid-tagged cDNA molecules of the first secondary aliquot are tagged with a different secondary nucleic acid tag than the secondary nucleic acid-tagged cDNA molecules of the second secondary aliquot.

## C.    Scale's Infringement

17.    Parse and Scale are direct competitors in the field of single-cell sequencing.

18.    Scale purports to be a "Single-Cell Omics" company founded in 2019 that has transitioned from research and development to commercial stage with the release of its first generation single-cell RNA sequencing (scRNAseq) profiling and analysis products.  Scale has purportedly developed and brought to market single cell sequencing library preparation technology, reagents, and software that enables cost-effective single cell analysis applicable across a broad range of systems, sample types, and applications.  *See* Scale Biosciences, Technology, https://scale.bio/#technology (last visited Jan. 31, 2023) (Ex. L at 3-4).  Scale purports to commercially offer "single-cell profiling and analysis solutions" that "enable a unique combination of increased throughput, multi-omics support, high data quality and lower overall

prep and sequencing costs." Scale Biosciences, Technology, https://scale.bio/#technology (last visited Jan. 31, 2023) (Ex. L at 3-4).

19.     Scale purports to have recently commercialized combinatorial indexing library preparation kits to accomplish transcriptomic and epigenetic profiling, including Scale's "scRNAseq 3' gene expression library preparation kit" along with analysis software. Scale's scRNAseq 3' gene expression library preparation kits, as well as reagents (i.e. fixation solutions), other consumables, and data analysis software used or provided by Scale in connection with those kits, as well as any other Scale products having substantially the same functions and uses as those kits, are collectively referred to herein as the "Accused Scale Products."

20.     On information and belief, Scale provides the Accused Scale Products to consumers. Scale states on its website that its combinatorial indexing based single-cell profiling and analysis solutions enable increased levels of sample multiplexing, increased cell throughput, and support for a broad range of genomic, epigenomic, transcriptomic, proteogenomic, and multi-omic applications. Scale asserts in its publications and press releases that it is developing combinatorial indexing technology to support single-cell profiling of protein, mRNA, DNA – essentially any cellular constituent that can be tagged. *See* BusinessWire, Scale Biosciences (ScaleBio) Introduces New Disruptive Single-Cell Profiling and Analysis Solutions, Sets New Standards, https://www.businesswire.com/news/home/20221215005736/en/ (last visited Jan. 30, 2023) (Ex. D).

21.     Scale's founders have published several articles which, on information and belief, describe potential methods of use of the Accused Scale Products. These articles include the following, which are attached to these Counterclaims as Exhibits E-K:

- Cao, J., et al., A human cell atlas of fetal gene expression, 370 Science 808, (2020) (Ex. E);

- Cao, J., et al., The single-cell transcriptional landscape of mammalian organogenesis. Nature 566, 496–502 (2019) (Ex. F);

- Cao, J., et al., Joint profiling of chromatin accessibility and gene expression in thousands of single cells. Science 361, 1380–1385 (2018) (Ex. G);

- Cao, J., et al., Sci-fate characterizes the dynamics of gene expression in single cells, Nat. Biotech. 38, 980-988 (2020) (Ex. H);

- Srivatsan, S.R. et al., Massively multiplex chemical transcriptomics at single-cell resolution, Science 367, 6473 (2019) (also available on Scale's website, at https://scale.bio/#Resources) (Ex. I);

- Martin, B., et al. An optimized protocol for single cell transcriptional profiling by combinatorial indexing, *Nat. Protoc.* 18(1), 188-207 (2023) (Ex. J); and

- Cao, J., and Shendure, J., 2020. sci- RNA-seq3. protocols.io (Ex. K).

22.    On information and belief, the first of the commercially available kits, Scale's scRNAseq 3' gene expression library preparation kit and analysis software, launched commercially on or about December 15, 2023, and purports to enable the indexing of up to 96 samples and up to 125,000 cells in a single experiment in support of larger and more complex single-cell studies and purports to be compatible with mouse and human cell lines, PBMCs and nuclei sample types.  *See* Ex. L at 6-7, Scale Biosciences, ScaleBio Product Offerings, https://scale.bio/#product (last visited Jan. 31, 2023).

23.    Scale's single cell sequencing products purportedly provide single-cell combinatorial indexing applications and workflows, including single-cell transcriptome profiling for high throughput analyses.  *See* Ex. L at 6-7, Scale Biosciences, ScaleBio Product Offerings, https://scale.bio/#product (last visited Jan. 31, 2023).



Ex. L at 5, Scale Biosciences, ScaleBio Technology and Workflow Video, https://scale.bio/ (last visited Jan. 30, 2023).

      24.     On information and belief, Scale offers combinatorial indexing preparation kits and analysis software which use individual cells or nuclei as a container for barcoding reactions allowing them to be used with standard consumables.  *See* Ex. L at 5, Scale Biosciences, ScaleBio Technology and Workflow Video, https://scale.bio/ (last visited Jan. 31, 2023).  In addition, Scale purports to offer scRNAseq 3', a three-level single-cell combinatorial indexing which uses a method of pooling, mixing, and redistributing cells or nuclei for repeated rounds of barcoding, thus creating a diverse pool of labels, which allows the number of cells profiled to be scaled up exponentially with repeated rounds of pooling and splitting or additional barcodes in each round. *See* Ex. L at 5, Scale Biosciences, ScaleBio Technology and Workflow Video, https://scale.bio/ (last visited Jan. 31, 2023); *see also, e.g.*, Ex. E, Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808 Summary (2020).



Ex. L at 5, Scale Biosciences, ScaleBio Technology and Workflow Video, https://scale.bio/ (last visited Jan. 31, 2023).

25.    Scale purports that its single-cell omics technology is used to investigate cell to cell heterogeneity and function and to differentiate between study samples at the cellular level. Moreover, in addition to barcoding analytes, Scale purports that barcodes can also be used to identify samples and enable larger multi-modal study designs.



Ex. L at 5, Scale Biosciences, ScaleBio Technology and Workflow Video, https://scale.bio/ (last visited Jan. 31, 2023).

26.    On information and belief, Scale uses at least the methods referred to as scRNAseq 3' and/or sci-RNA-seq3 (collectively the "Scale Methods") in connection with the use of the Accused Scale Products.

27.    On information and belief, Scale has provided and/or will provide instructions, tutorials, support, recommendations, and suggestions on how to use the Accused Scale Products, including how to use the Scale Methods, in Scale's marketing materials, brochures, instructions, and manuals, as well as at seminars, conferences, and meetings.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 10,900,065)

28.    Parse incorporates by reference and re-alleges the foregoing paragraphs of its Counterclaims.

29.    Scale has no right or license to practice the '065 Patent.  Parse has not consented to Scale's manufacture, use, offer to sell, sale, or import of the Accused Scale Products or the use of the Scale Methods.

30.    On information and belief, Scale has directly infringed, and continues to directly infringe, at least claims 1, 5-6, 12, 17, 20, and 23-25 of the '065 Patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Scale Products.

31.    On information and belief, use of the Accused Scale Products, including by the Scale Methods, meets all the limitations of the asserted claims of the '065 Patent.

32.    For example, as shown below, use of the Accused Scale Products, including by the Scale Methods, meet each limitation of claim 1 of the '065 Patent.

33.    **Preamble: "A method of uniquely cell-specifically labeling RNA molecules within a plurality of cells, the method comprising"**

To the extent the preamble is limiting, use of the Accused Scale Products, including by the Scale Methods, meets the preamble.  For example, Scale states, "[o]ur single-cell profiling and analysis solutions enable increased levels of sample indexing and cell throughput for larger, more complex studies."  Ex. L, Scale Biosciences, https://scale.bio (last visited Jan. 30, 2023).  Scale further states that its "scRNAseq 3' gene expression library preparation kit and analysis software enables the indexing of up to 96 samples and up to 125,000 of cells in a single experiment in support of larger and more complex single-cell studies."  Ex. L at 6-7, Scale Biosciences. *Products*, Transcriptomic Profiling, https://scale.bio/#product (last visited Jan. 30, 2023).  In addition, Scale states that "ScaleBio's combinatorial indexing based single-cell profiling and analysis solutions enable increased levels of sample multiplexing, increased cell throughput, and support for a broad range of genomic, epigenomic, transcriptomic,

proteogenomic, multi-omic applications."  Ex. L at 3-4, Scale Bioscience, *Technology*,

https://scale.bio/#technology (last visited Jan. 30, 2023); *see also* Ex. E, Cao, J., et al., A human

cell atlas of fetal gene expression, 370 *Science* 808 (2020) ("We used a three-level combinatorial

indexing assay (sci-RNA-seq3) to profile gene expression in ~4,000,000 single cells from 15

fetal organs."); Ex. I, Srivatsan, S.R. et al., Massively multiplex chemical transcriptomics at

single-cell resolution, *Science* 367, 6473 (2019) ("Single-cell combinatorial indexing (sci-)

methods use split-pool barcoding to uniquely label the molecular contents of large numbers of

single cells or nuclei (24).").  Therefore, to the extent the preamble is limiting, use of the

Accused Scale Products, including by the Scale Methods, meets the preamble of claim 1.

34.    **(a) "providing a plurality of permeabilized cells in admixture, wherein each of the plurality of cells comprises ribonucleic acid (RNA) molecules"**

Use of the Accused Scale Products, including by the Scale Methods, comprises a step that

meets limitation (a).  For example, Scale states that "[p]ermeabilized cells are distributed in a

multi-well plate…"  Ex. L at 3-4, Scale Bioscience, *Technology*, https://scale.bio/#technology

(last visited Jan. 30, 2023).  The Scale Methods are also described in Cao, J., et al., A human cell

atlas of fetal gene expression, 370 *Science* 808 (2020) (Ex. E), *i.e.,* ("For renal and digestive

organs where ribonucleases (RNases) and proteases are abundant, we used fixed cells rather than

nuclei, which increased cell and mRNA recovery.").  Use of the Accused Scale Products,

including by the Scale Methods, therefore meets limitation (a) of claim 1.

35.    **(b) "without lysing the cells, reverse transcribing the RNA molecules within the plurality of cells, thereby generating complementary deoxyribonucleic acid (cDNA) molecules within the plurality of cells, wherein primers used to reverse transcribe the RNA molecules comprise a poly(T) sequence, a mix of random sequences, or both a poly(T) sequence and a mix of random sequences"**

Use of the Accused Scale Products, including by the Scale Methods, includes a step that

meets limitation (b).  For instance, Scale states, "[c]ombinatorial indexing technology and

methods leverage the cell as a compartment." Ex. L at 3-4, Scale Bioscience, *Technology*, How it

Works, https://scale.bio/#technology (last visited Jan. 30, 2023); *see also* Ex. E, Cao, J., et al., A

human cell atlas of fetal gene expression, 370 *Science* 808 (2020) ("We distributed 20,000 fixed

cells (instead of 80,000 nuclei) per well for reverse transcription (RT).").  In addition, as

replicated below, Scale's reverse transcription primers include at least a poly(T) sequence (red

circles added):



Ex. E, Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808, Summary

(2020); *see also id.* ("For each well, 80,000 nuclei (16 μL) were mixed with 8 μl of 25 μM

anchored oligo-dT primer (5′-/5Phos/CAGAGCNNNNNNNN[10bp

barcode]TTTTTTTTTTTTTTTTTTTTTTTTTTTTTT-3′, where "N" is any base; IDT) and 2 μL

10 mM dNTP mix (Thermo)…"); *see also* Ex. K, Cao, J., and Shendure, J., 2020. sci- RNA-

seq3. protocols.io. ("For each well of 4 x 96 well plates, add 80,000 nuclei in 22ul nuclei buffer

(with wide bore tips); 2ul 10mM dNTP; and 2ul indexed oligo-dT primer (100uM)").  Moreover,

the Scale Methods as described, for example, in Martin, B., et al. An optimized protocol for

single cell transcriptional profiling by combinatorial indexing, *Nat. Protoc.* 18(1), 188-207

(2023) (Ex. J), indicate that "[t]he first index is introduced during reverse transcription with

barcoded oligo-dT primers." Use of the Accused Scale Products, including by the Scale

Methods, therefore meets limitation (b) of claim 1.

36.    **(c) "dividing the plurality of cells comprising the cDNA molecules into a plurality of primary aliquots, wherein the plurality of primary aliquots comprises a first primary aliquot and a second primary aliquot"**

Use of the Accused Scale Products, including by the Scale Methods, includes a step that

meets limitation (c). For example, as illustrated below, Scale's method divides the plurality of

cells – which contain cDNA – into primary aliquots, which consist of at least a first and second

primary aliquot, and Cao's Figure (replicated below) shows division amongst individual plate-

based wells:



Ex. E, Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808, (2020) (red

box added); *see also id.,* Supplementary Materials ("After reverse transcription reaction, 60 μL

nuclei dilution buffer (10 mM Tris-HCl, pH 7.4, 10 mM NaCl, 3 mM MgCl2 and 1% BSA) was

added into each well. Nuclei [or cells] from all wells were pooled together and spun down at

500xg for 10 min. Nuclei [or modified protocol using cells] were then resuspended in nuclei

wash buffer and redistributed into another four 96-well plates…"); Ex. K, Cao, J., and Shendure,

J., 2020. sci-RNA-seq3. protocols.io ("Resuspend the cells in 4.3ml NSB, and distribute 10ul

into each well of 4 x 96 well plates.").  Use of the Accused Scale Products, including by the

Scale Methods, therefore meets limitation (c) of claim 1.

37.    **(d) "providing primary nucleic acid tags to the plurality of primary aliquots, wherein the primary nucleic acid tags provided to the first primary aliquot are different in sequence from the primary nucleic acid tags provided to the second primary aliquot"**

Use of the Accused Scale Products, including by the Scale Methods, includes a step that

meets limitation (d).  For example, Scale's website indicates a plurality of aliquots, each aliquot

comprising primary nucleic acid tags that are different for each primary aliquot:



Ex. L at 3-4, Scale Bioscience, *Technology*, How it Works, https://scale.bio/#technology (last

visited Jan. 30, 2023) (red circles added to illustrate at least a first primary aliquot and a second

primary aliquot).  The Scale Methods require providing primary nucleic acid tags to the primary

aliquots. The nucleic acid tags provided to each well are unique, and so the first and second

primary aliquots receive nucleic acid tags that have different sequences. *See, e.g.,* Ex. E, Cao, J.,

et al., A human cell atlas of fetal gene expression, 370 *Science* 808 (2020) ("Nuclei [or cells]

were then resuspended in nuclei wash buffer and redistributed into another four 96-well plates

with each well including . . . 8 μL barcoded ligation adaptor (100 μM, 5'-GCTCTG[9 bp or 10

bp barcode A]/dideoxyU/ACGACGCTCTTCCGATCT[reverse complement of barcode A]-

3').").  Further, as represented in the schematic below, the Scale Methods also indicate a

plurality of primary aliquots (red box added):



*See id.,* Summary ("After reverse transcription reaction, 60 µL nuclei dilution buffer (10 mM

Tris-HCl, pH 7.4, 10 mM NaCl, 3 mM MgCl2 and 1% BSA) was added into each well. Nuclei

from all wells were pooled together and spun down at 500xg for 10 min. Nuclei were then

resuspended in nuclei wash buffer and redistributed into another four 96-well plates with each

well including 20 µL Quick ligase buffer (NEB, M2200L), 2 µL Quick DNA ligase (NEB,

M2200L), 10 µL nuclei in nuclei wash buffer, 8µL barcoded ligation adaptor (100 uM, 5'-

GCTCTG[9 bp or 10 bp barcode A]/dideoxyU/ACGACGCTCTTCCGATCT[reverse

complement of barcode A]-3').").  Use of the Accused Scale Products, including by the Scale

Methods, therefore meets limitation (d) of claim 1.

38.    **(e) coupling the provided primary nucleic acid tags of (d) to the cDNA molecules from each of the plurality of primary aliquots, thereby tagging the cDNA molecules with the primary nucleic acid tags and producing primary nucleic acid-tagged cDNA molecules, whereby the primary nucleic acid-tagged cDNA molecules of the first primary aliquot are tagged with a different primary nucleic acid tag than the primary nucleic acid-tagged cDNA molecules of the second primary aliquot;**

Use of the Accused Scale Products, including by the Scale Methods, includes a step that

meets limitation (e).  For example, Scale indicates that "[t]hese barcoded cells are pooled, then

randomly re-distributed for another round of barcoding or indexing." Ex. L at 3-4, Scale

Bioscience, *Technology*, How it Works, https://scale.bio/#technology (last visited Jan. 30, 2023).

And Scale's website illustrates primary nucleic acid tags ("barcoding or indexing") coupled to the cDNA molecules from each of the plurality of primary aliquots:



Ex. L at 3-4, Scale Bioscience, *Technology*, How it Works, https://scale.bio/#technology (last visited Jan. 30, 2023). *See, e.g.*, Ex. E, Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808, Summary (2020) ("The ligation reaction was conducted at 25°C for 10min."). Additionally, the Accused Scale Products and Scale Methods as described in Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808, Summary (2020) (Ex. E) and represented by the illustration below, show primary nucleic acid-tagged cDNA molecules, with the primary nucleic acid-tagged cDNA molecules tagged ("barcoded" or "indexed") with primary nucleic acid tags differing from the primary nucleic acid-tagged cDNA molecules of a second primary aliquot:



Use of the Accused Scale Products, including by the Scale Methods, therefore meets limitation (e) of claim 1.

39.    **(f) "combining the plurality of primary aliquots"**

Use of the Accused Scale Products, including by the Scale Methods, includes a step that meets limitation (f).  For example, Scale states, "[t]hese barcoded cells are pooled…"  Ex. L at 3-4, Scale Bioscience, *Technology*, How it Works, https://scale.bio/#technology (last visited Jan. 30, 2023). This step is depicted in a figure in Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808, Summary (2020) (Ex. E) sci-RNA-seq3 publication (red circle added):



*See also id.* ("Nuclei from all wells were pooled together and spun down at 500×g for 10 min."). Use of the Accused Scale Products, including by the Scale Methods, therefore meets limitation (f) of claim 1.

40.    **(g) "dividing the combined primary aliquots of (f) into a plurality of secondary aliquots, wherein the plurality of secondary aliquots comprises a first secondary aliquot and a second secondary aliquot"**

Use of the Accused Scale Products, including by the Scale Methods, includes a step that meets limitation (g).  For example, Scale indicates that "[t]he number of cells or nuclei profiled

can be scaled up exponentially with repeated rounds of pooling and splitting to enable single-cell

experiments with up to 96 samples and 100,000 to millions of cells…"  Ex. L at 5, Scale

Biosciences, ScaleBio Technology and Workflow Video, https://scale.bio/ (last visited Jan. 31,

2023).  In addition, Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808,

(2020) (Ex. E), also describes a modified method of sci-RNA-seq 3' which uses "fixed cells"

that "were processed similarly to the fixed nuclei…" ("[n]uclei [or cells] were washed once with

nuclei wash buffer, filtered with 1 ml Flowmi cell strainer (VWR, 10204-924) once, counted and

redistributed into eight 96-well plates[.]").  As shown below, a representative schematic of the

protocol of the Scale Methods shows the combined primary aliquots divided into a plurality of

secondary aliquots:



Ex. E, Summary, Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808,

(2020) (red circle added).  Moreover, a representative schematic of the protocol of the Scale

Methods also illustrates the combined primary aliquots divided into a plurality of secondary

aliquots:



Ex. F, Cao, J., et al., The single-cell transcriptional landscape of mammalian organogenesis. *Nature* 566, 496–502 (2019) Supplementary Materials Figure 1a ("Nuclei [or cells] were then resuspended in nuclei wash buffer and redistributed into another four 96-well plates…").  Use of the Accused Scale Products, including by the Scale Methods, therefore meets limitation (g) of claim 1.

41.    **(h) "providing secondary nucleic acid tags to the plurality of secondary aliquots, wherein the secondary nucleic acid tags provided to the first secondary aliquot are different in sequence from the secondary nucleic acid tags provided to the second secondary aliquot"**

Use of the Accused Scale Products, including by the Scale Methods, includes a step that meets limitation (h).  For example, Scale states: "[t]hese barcoded cells are pooled, then randomly re-distributed for another round of barcoding or indexing" and further represents that "[t]his process is completed when the desired barcode space has been achieved."  Ex. L at 5, Scale Biosciences, ScaleBio Technology and Workflow Video, https://scale.bio/ (last visited Jan. 31, 2023).  This is illustrated in the Cao Summary representative image below:



Ex. E, Summary, Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808,

(2020) (red circle added) ("For PCR amplification, each well (16 µL product) was mixed with 2

µL of 10 µM indexed P5 primer (5′-

AATGATACGGCGACCACCGAGATCTACAC[i5]ACACTCTTTCCCTACACGACGCTCTT

CCGATCT- 3′; IDT), 2 µL of 10 µM P7 primer (5′-

CAAGCAGAAGACGGCATACGAGAT[i7]GTCTCGTGGGCTCGG-3′, IDT), and 20 µL

NEBNext High- Fidelity 2X PCR Master Mix (NEB, M0541L).").  Use of the Accused Scale

Products, including by the Scale Methods, therefore meets limitation (h) of claim 1.

    42.    **(i) "coupling the provided secondary nucleic acid tags of (h) to the primary nucleic acid-tagged cDNA molecules of (e) thereby tagging the primary nucleic acid-tagged cDNA molecules with the secondary nucleic acid tags and producing secondary nucleic acid-tagged cDNA molecules, whereby the secondary nucleic acid-tagged cDNA molecules of the first secondary aliquot are tagged with a different secondary nucleic acid tag than the secondary nucleic acid-tagged cDNA molecules of the second secondary aliquot"**

    Use of the Accused Scale Products, including by the Scale Methods, includes a step that

meets limitation (i).  For example, Scale describes their method of combinatorial indexing based

single-cell profiling as allowing for "[t]he number of cells or nuclei profiled can be scaled up

exponentially with repeated rounds of pooling and splitting to enable single-cell experiments."

Ex. L at 3-4, Scale Bioscience, *Technology*, How it Works, https://scale.bio/#technology (last

visited Jan. 30, 2023); *see also, e.g.*, Ex. J, Martin, B., et al. An optimized protocol for single cell transcriptional profiling by combinatorial indexing, *Nat. Protoc.* 18(1), 188-207(2023) ("After indexed reverse transcription, the nuclei are pooled and split into a new plate to add a second index via ligation, and then the nuclei are pooled and split again. After second-strand synthesis and tagmentation, the third index is added by PCR.").  Use of the Accused Scale Products, including by the Scale Methods, therefore meets limitation (i) of claim 1.

43.     Parse began marking certain Parse products as practicing the '065 Patent in February of 2021.

44.     Scale received actual notice of the '065 Patent prior to the initiation of the present lawsuit and no later than December 31, 2021, via a letter dated December 31, 2021, from Parse's counsel to Scale's counsel.  Scale nevertheless willfully continues to make, use, offer to sell, sell, and/or import in the United States the Accused Scale Products.

45.     On information and belief, Scale has also indirectly infringed, and continues to indirectly infringe, one or more claims of the '065 Patent, by contributing to the infringement of others through the making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Scale Products.

46.     Parse is and has been irreparably damaged by Scale's infringement, and unless Scale's infringing activities are enjoined by this Court, Parse will continue to suffer monetary damage, market price erosion, loss of market share, lost sales, and irreparable harm to their reputation, relationships, and goodwill with their customers, vendors, distributors, industry professionals, and others.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 11,168,355)

47.     Parse incorporates by reference and re-alleges the foregoing paragraphs of its Counterclaims.

48.     Scale has no right or license to practice the '355 Patent.  Parse has not consented to Scale's manufacture, use, offer to sell, sale, or import of the Accused Scale Products or the use of the Scale Methods.

49.     On information and belief, Scale has directly infringed, and continues to directly infringe, at least claims 1, 5-6, 14, 19, 22, and 25-26 of the '355 Patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Scale Products.

50.     On information and belief, use of the Accused Scale Products, including by the Scale Methods,  meets all the limitations of the asserted claims of the '355 Patent.

51.     For example, for the reasons stated in Count I above, use of the Accused Scale Products, including by the Scale Methods, meets each limitation of claim 1 of the '355 Patent.

52.     On information and belief, Scale has also indirectly infringed, and continues to indirectly infringe, one or more claims of the '355 Patent, by contributing to the infringement of others through the making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Scale Products.

53.     Parse began marking certain Parse products as practicing the '355 Patent in November of 2021.

54.     Scale has been on actual notice of the family from which the '355 Patent issued since no later than December 31, 2021, via a letter dated December 31, 2021, from Parse's counsel to Scale's counsel.  On information and belief, Scale has been on actual notice of the '355 Patent

since its issuance.  Scale nevertheless willfully continues to make, use, offer to sell, sell, and/or import in the United States the Accused Scale Products.

55.    Parse is and has been irreparably damaged by Scale's infringement, and unless Scale's infringing activities are enjoined by this Court, Parse will continue to suffer monetary damage, market price erosion, loss of market share, lost sales, and irreparable harm to their reputation, relationships, and goodwill with their customers, vendors, distributors, industry professionals, and others.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 11,427,856)

56.    Parse incorporates by reference and re-alleges the foregoing paragraphs of its Counterclaims.

57.    Scale has no right or license to practice the '856 Patent.  Parse has not consented to Scale's manufacture, use, offer to sell, sale, or import of the Accused Scale Products or the use of the Scale Methods.

58.    On information and belief, Scale has directly infringed, and continues to directly infringe, at least claims 1, 5-7, 14, 19, 22, and 25-26 of the '856 Patent by making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Scale Products.

59.    On information and belief, use of the Accused Scale Products, including by the Scale Methods, meet all the limitations of the asserted claims of the '856 Patent.

60.    For example, as shown below, use of the Accused Scale Products, including by the Scale Methods, meet each limitation of claim 1 of the '856 Patent.

61.    **Preamble: "A method of cell-specifically labeling RNA molecules within a plurality of cells, the method comprising"**

To the extent the preamble is limiting, use of the Accused Scale Products, including by the Scale Methods, meets the preamble.  For example, Scale states, "[o]ur single-cell profiling and analysis solutions enable increased levels of sample indexing and cell throughput for larger, more complex studies."  Ex. L, Scale Biosciences. https://scale.bio (last visited Jan. 31, 2023). Scale further states that its "scRNAseq 3' gene expression library preparation kit and analysis software enables the indexing of up to 96 samples and up to 125,000 of cells in a single experiment in support of larger and more complex single-cell studies."  Ex. L at 6-7, Scale Biosciences. *Products*, Transcriptomic Profiling, https://scale.bio/#product (last visited Jan. 31, 2023).  In addition, Scale states that "ScaleBio's combinatorial indexing based single-cell profiling and analysis solutions enable increased levels of sample multiplexing, increased cell throughput, and support for a broad range of genomic, epigenomic, transcriptomic, proteogenomic, multi-omic applications."  Ex. L at 3-4, Scale Bioscience, *Technology*, https://scale.bio/#technology (last visited Jan. 31, 2023); *see also* Ex. L at 6-7, Scale Biosciences, *Products*, Epigenetic Profiling, https://scale.bio/#product (last visited Jan. 31, 2023).  According to publications and press releases available on Scale's website, Scale states that it is developing combinatorial indexing technology to support the single-cell profiling of protein, mRNA, DNA – essentially any cellular constituent that can be tagged.  *See* Ex. D, BusinessWire, Scale Biosciences (ScaleBio) Introduces New Disruptive Single-Cell Profiling and Analysis Solutions, Sets New Standards, https://www.businesswire.com/news/home/20221215005736/en/ (last visited Jan. 31, 2023) Therefore, to the extent the preamble is limiting, use of the Accused Scale Products, including by the Scale Methods, meets the preamble of claim 1.

62.    **(a) "providing a plurality of fixed, permeabilized cells in admixture in a well or compartment, wherein each of the plurality of cells comprises ribonucleic acid (RNA) molecules"**

Use of the Accused Scale Products, including by the Scale Methods, includes a step that meets limitation (a).  For example, Scale states that its "combinatorial indexing technology uses individual cells or nuclei as container for barcoding reactions."  Ex. L at 5, Scale Biosciences, ScaleBio Technology and Workflow Video, https://scale.bio/ (last visited Jan. 31, 2023).  *See also* Ex. L at 3-4, Scale Bioscience, *Technology*, https://scale.bio/#technology (last visited Jan. 31, 2023) ("[p]ermeabilized cells are distributed in a multi-well plate…"); *see* Ex. E, Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808 (2020) ("For renal and digestive organs where ribonucleases (RNases) and proteases are abundant, we used fixed cells rather than nuclei, which increased cell and mRNA recovery.").  Use of the Accused Scale Products, including by the Scale Methods, therefore meets limitation (a) of claim 1.

63.    **(b) "without lysing the cells, reverse transcribing the RNA molecules within the plurality of cells, thereby generating complementary deoxyribonucleic acid (cDNA) molecules within the plurality of cells, wherein primers used to reverse transcribe the RNA molecules comprise a poly(T) sequence, a mix of random sequences, or both a poly(T) sequence and a mix of random sequences, wherein each primer further comprises a first barcode sequence; wherein the first barcode sequence is specific to each well or compartment"**

Use of the Accused Scale Products, including by the Scale Methods, includes a step that meets limitation (b).  For example, Scale states that "[t]he simple workflow starts with permeabilized samples which are distributed in a multi-well plate, barcodes customized for downstream application are then added to cellular analytes, adding a sequence that is uniform for all cells or nuclei within a single well."  Ex. L at 5, Scale Biosciences, ScaleBio Technology and Workflow Video, https://scale.bio/ (last visited Jan. 30, 2023).  Further, Scale states that it offers "[c]ombinatorial indexing technology and methods leverage the cell as a compartment."  Ex. L at

3-4, Scale Bioscience, *Technology*, How it Works, https://scale.bio/#technology (last visited Jan.

30, 2023).  Moreover, the Scale Methods as outlined in Cao, J., et al., Joint profiling of

chromatin accessibility and gene expression in thousands of single cells. *Science* 361, 1380–1385

(2018) (Ex. G) indicate that "A first RNA-seq "index" is introduced by in situ reverse

transcription (RT) with a polythymidine [poly(T)] primer that bears a well-specific barcode and a

unique molecular identifier (UMI)."

In addition, as replicated below, Scale's reverse transcription primers include at least a

poly(T) sequence:



Ex. E, Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808 (2020) ("For

each well, 80,000 nuclei (16 µL) were mixed with 8 µl of 25 µM anchored oligo-dT primer (5′-

/5Phos/CAGAGCNNNNNNNN[10bp barcode]TTTTTTTTTTTTTTTTTTTTTTTTTTTTTT-3′,

where "N" is any base; IDT) and 2 µL 10 mM dNTP mix (Thermo Fisher Scientific, R0192),

denatured at 55°C for 5 min and immediately placed on ice. 14 µL of first-strand reaction mix,

containing 8 µL 5X Superscript IV First-Strand Buffer (Invitrogen, 18090200), 2 µl 100 mM

DTT (Invitrogen, 18090200), 2 µl SuperScript IV reverse transcriptase (200 U/µl, Invitrogen,

18090200), 2 µL RNaseOUT Recombinant Ribonuclease Inhibitor (Invitrogen, 10777019), was

then added to each well. Reverse transcription was carried out by incubating plates by gradient temperature (4°C 2 minutes, 10°C 2 minutes, 20°C 2 minutes, 30°C 2 minutes, 40°C 2 minutes, 50°C 2 minutes and 55°C 10 minutes).").  Use of the Accused Scale Products, including by the Scale Methods, therefore meets limitation (b) of claim 1.

64.    **(c) "dividing the plurality of cells comprising the cDNA molecules into a plurality of primary aliquots, wherein the plurality of primary aliquots comprises a first primary aliquot and a second primary aliquot"**

Use of the Accused Scale Products, including by the Scale Methods, includes a step that meets limitation (c).  For example, as illustrated below, Scale's method divides the plurality of cells – which contain cDNA – into primary aliquots, which consist of at least a first and second primary aliquot, and Cao's Figure (replicated below) shows division amongst individual plate-based wells:



Ex. E, Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808, (2020) (red box added); *see also id.,* Supplementary Materials ("After reverse transcription reaction, 60 µL nuclei dilution buffer (10 mM Tris-HCl, pH 7.4, 10 mM NaCl, 3 mM MgCl2 and 1% BSA) was added into each well. Nuclei [or cells] from all wells were pooled together and spun down at 500xg for 10 min. Nuclei [or modified protocol using cells] were then resuspended in nuclei wash buffer and redistributed into another four 96-well plates…"); Ex. K, Cao, J., and Shendure,

J., 2020. sci-RNA-seq3. protocols.io ("Resuspend the cells in 4.3ml NSB, and distribute 10ul

into each well of 4 x 96 well plates.").  Use of the Accused Scale Products, including by the

Scale Methods, therefore meets limitation (c) of claim 1.

65.    **(d) "providing primary nucleic acid tags comprising a second barcode
sequence to the plurality of primary aliquots, wherein the primary nucleic acid tags
comprising a second barcode sequence provided to the first primary aliquot are different in
sequence from the primary nucleic acid tags provided to the second primary aliquot"**

Use of the Accused Scale Products, including by the Scale Methods, meets limitation (d).

For example, Scale asserts that "The barcoded cells are pooled, mixed, and redistributed for

another round of barcoding." Ex. L at 5, Scale Biosciences, ScaleBio Technology and Workflow

Video, https://scale.bio/ (last visited Jan. 31, 2023); *see also* Ex. E, Cao, J., et al., A human cell

atlas of fetal gene expression, 370 *Science* 808, (2020) Supplementary Materials ("Nuclei [or

cells] were then resuspended in nuclei wash buffer and redistributed into another four 96-well

plates with each well including 20 μL Quick ligase buffer (NEB, M2200L), 2 μL Quick DNA

ligase (NEB, M2200L), 10 μL nuclei in nuclei wash buffer, 8μL barcoded ligation adaptor (100

uM, 5'- GCTCTG[9 bp or 10 bp barcode A]/dideoxyU/ACGACGCTCTTCCGATCT[reverse

complement of barcode A]-3').").  Use of the Accused Scale Products, including by the Scale

Methods, therefore meets limitation (d) of claim 1.

66.    **(e) "coupling the provided primary nucleic acid tags comprising a second
barcode sequence of (d) to the cDNA molecules from each of the plurality of primary
aliquots, thereby tagging the cDNA molecules with the primary nucleic acid tags comprising
a second barcode sequence and producing primary nucleic acid-tagged cDNA molecules,
whereby the primary nucleic acid-tagged cDNA molecules of the first primary aliquot are
tagged with a different primary nucleic acid tag than the primary nucleic acid-tagged cDNA
molecules of the second primary aliquot"**

Use of the Accused Scale Products, including by the Scale Methods, includes a step that

meets limitation (e).  For example, Scale states "[t]he barcoded cells are pooled, mixed, and

redistributed for another round of barcoding. The combination of barcodes from multiple rounds

creates an increasingly diverse pool of labels, allowing the number of cells profiled to be scaled up exponentially with repeated rounds of pooling and splitting or additional barcodes in each round."  Ex. L at 5, Scale Biosciences, ScaleBio Technology and Workflow Video, https://scale.bio/ (last visited Jan. 31, 2023); *see also* Ex. F, Cao, J., et al., The single-cell transcriptional landscape of mammalian organogenesis. Nature 566, 496–502 (2019) ("Of note, for a single experiment, we have 384 barcodes introduced at the reverse transcription step, 384 barcodes introduced by hairpin ligation and 768 barcodes introduced by PCR.  The ligation reaction was done at 16°C for 3 hours.").  Additionally, the Accused Scale Products and Scale Methods as described in Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808, Summary (2020) (Ex. E) and represented by the illustration below, show primary nucleic acid-tagged cDNA molecules, with the primary nucleic acid-tagged cDNA molecules tagged ("barcoded" or "indexed") with primary nucleic acid tags differing from the primary nucleic acid-tagged cDNA molecules of a second primary aliquot:



Use of the Accused Scale Products, including by the Scale Methods, therefore meets limitation (e) of claim 1.

      67.    **(f) "combining the plurality of primary aliquots"**

Use of the Accused Scale Products, including by the Scale Methods, includes a step that meets limitation (f).  For example, Scale states, "[t]hese barcoded cells are pooled…"  Ex. L at 3-4, Scale Bioscience, *Technology*, How it Works, https://scale.bio/#technology (last visited Jan. 30, 2023).  This step is depicted in a figure in Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808, Summary (2020) (Ex. E) sci-RNA-seq3 publication (red circle added):



*See also id.* ("Nuclei from all wells were pooled together and spun down at 500×g for 10 min.").  Use of the Accused Scale Products, including by the Scale Methods, therefore meets limitation (f) of claim 1.

68.     **(g) "dividing the combined primary aliquots of (f) into a plurality of secondary aliquots, wherein the plurality of secondary aliquots comprises a first secondary aliquot and a second secondary aliquot"**

Use of the Accused Scale Products, including by the Scale Methods, includes a step that meets limitation (g).  For example, Scale indicates that "[t]he number of cells or nuclei profiled can be scaled up exponentially with repeated rounds of pooling and splitting to enable single-cell experiments with up to 96 samples and 100,00 to millions of cells…"  Ex. L at 5, Scale Biosciences, ScaleBio Technology and Workflow Video, https://scale.bio/ (last visited Jan. 31, 2023).  In addition, Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808,

(2020) (Ex. E) also describes a modified method of sci-RNA-seq 3' which uses "fixed cells" that "were processed similarly to the fixed nuclei…"  As shown below, a representative schematic of the protocol of the Scale Methods shows the combined primary aliquots divided into a plurality of secondary aliquots:



Ex. E, Summary, Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808, (2020) (red circle added). Moreover, a representative schematic of the protocol of the Scale Methods also illustrates the combined primary aliquots divided into a plurality of secondary aliquots:



Ex. F, Cao, J., et al., The single-cell transcriptional landscape of mammalian organogenesis. *Nature* 566, 496–502 (2019) Supplementary Materials Figure 1a ("Nuclei [or cells] were then

resuspended in nuclei wash buffer and redistributed into another four 96-well plates…").  Use of the Accused Scale Products, including by the Scale Methods, therefore meets limitation (g).

69.     **(h) "providing secondary nucleic acid tags comprising a third barcode sequence to the plurality of secondary aliquots, wherein the secondary nucleic acid tags comprising a third barcode sequence provided to the first secondary aliquot are different in sequence from the secondary nucleic acid tags provided to the second secondary aliquot"**

Use of the Accused Scale Products, including by the Scale Methods, includes a step that meets limitation (h).  For example, Scale asserts that "[t]he combination of barcodes from multiple rounds creates an increasingly diverse pool of labels, allowing the number of cells profiled to be scaled up exponentially with repeated rounds of pooling and splitting or additional barcodes in each round. In this way, hundreds of thousands to millions of cells can be profiled with a very low probability of two cells sharing a combination."  Ex. L at 5, Scale Biosciences, ScaleBio Technology and Workflow Video, https://scale.bio/ (last visited Jan. 31, 2023). Cao Summary Figure, shown below, presents another example:



Ex. E, Summary, Cao, J., et al., A human cell atlas of fetal gene expression, 370 *Science* 808, (2020) (red circle added).  Use of the Accused Scale Products, including by the Scale Methods, therefore meets limitation (h) of claim 1.

70.     **(i) "coupling the provided secondary nucleic acid tags comprising a third barcode sequence of (h) to the primary nucleic acid-tagged cDNA molecules of (e) thereby tagging the primary nucleic acid-tagged cDNA molecules with the secondary nucleic acid tags comprising a third barcode sequence and producing secondary nucleic acid-tagged cDNA molecules, whereby the secondary nucleic acid-tagged cDNA molecules of the first secondary aliquot are tagged with a different secondary nucleic acid tag than the secondary nucleic acid-tagged cDNA molecules of the second secondary aliquot."**

Use of the Accused Scale Products, including by the Scale Methods, includes a step that meets limitation (i).  For example, Scale describes their method of combinatorial indexing based single-cell profiling as allowing for "[t]he number of cells or nuclei profiled can be scaled up exponentially with repeated rounds of pooling and splitting to enable single-cell experiments." Ex. L at 3-4, Scale Bioscience, *Technology*, How it Works, https://scale.bio/#technology (last visited Jan. 30, 2023); *see also, e.g.*, Ex. J, Martin, B., et al. An optimized protocol for single cell transcriptional profiling by combinatorial indexing, *Nat. Protoc.* 18(1), 188-207(2023) ("After indexed reverse transcription, the nuclei are pooled and split into a new plate to add a second index via ligation, and then the nuclei are pooled and split again. After second-strand synthesis and tagmentation, the third index is added by PCR.").  Use of the Accused Scale Products, including by the Scale Methods, therefore meets limitation (i) of claim 1.

71.     On information and belief, Scale has also indirectly infringed, and continues to indirectly infringe, one or more claims of the '856 Patent, by contributing to the infringement of others through the making, using, selling, and/or offering to sell within the United States, and/or importing into the United States, the Accused Scale Products.

72.     Parse began marking certain Parse products as practicing the '856 Patent in September of 2022.

73.     Scale has been on actual notice of the family from which the '856 Patent issued since no later than December 31, 2021, via a letter dated December 31, 2021, from Parse's counsel

to Scale's counsel.  On information and belief, Scale has been on notice of the '856 Patent since

its issuance.  Scale nevertheless willfully continues to make, use, offer to sell, sell, and/or import

in the United States the Accused Scale Products.

74.    Parse is and has been irreparably damaged by Scale's infringement, and unless

Scale's infringing activities are enjoined by this Court, Parse will continue to suffer monetary

damage, market price erosion, loss of market share, lost sales, and irreparable harm to their

reputation, relationships, and goodwill with their customers, vendors, distributors, industry

professionals, and others.

**PRAYER FOR RELIEF**

WHEREFORE, Parse prays for the following relief:

**Relief on the Asserted Scale Patents**

a)    A judgment on the Complaint in favor of Parse and that Scale not be awarded any

relief on the Complaint;

b)    A judgment declaring that the manufacture, use, offer for sale, sale, or importation

of the Accused Parse Products do not infringe any valid claim of the Asserted Scale Patents; and

c)    A judgment that Scale's filing of this case, as well as its refusal to narrow the case

or dismiss it, constitutes an exceptional case justifying an award of attorneys' fees pursuant to 35

U.S.C. § 285.

**Relief on the Asserted Parse Patents**

d)    A judgment that Scale has directly and indirectly infringed one or more claims of

each of the Asserted Parse Patents;

e)    A judgment that Scale's infringement has been willful;

f)    A judgment permanently enjoining Scale, its officers, directors, agents, servants,

and employees, affiliates, subsidiaries, or others controlled by Scale, and all persons in active

concert or participation with Scale, from infringing the Asserted Parse Patents—including direct infringement or indirect infringement by inducement and/or contributory infringement of the Asserted Parse Patents;

g)      An award of damages adequate to compensate Parse for the infringement that has occurred, together with prejudgment interest from the date the infringement began, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

h)      An award of increased damages under 35 U.S.C. § 284 of up to three times the amount of damages assessed;

i)      A finding in favor of Parse that this is an exceptional case under 35 U.S.C. § 285 as to the Counterclaims, and an award to Parse of its costs, including its reasonable attorneys' fees, and other expenses incurred in connection with the Counterclaims;

j)      A judgment awarding Parse its costs, attorneys' fees and other relief, both legal and equitable, to which it may be justly entitled; and

k)      A judgment awarding Parse such other and further relief as the Court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

Parse demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), and D. Del. Local Rule 38.1, as to all issues that may be tried by a jury.

DATED:  February 3, 2023

*Of Counsel:*

Anne Elise Herold Li
James K. Stronski
Robert B. Kornweiss
**CROWELL & MORING LLP**
590 Madison Avenue, 20th Floor
New York, NY 10022-2524
Telephone: (212) 223-4000
ALi@crowell.com
JStronski@crowell.com
RKornweiss@crowell.com

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903)
Robert M. Vrana (# 5666)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com
rvrana@ycst.com

*Attorneys for Defendant and Counterclaim Plaintiff, Parse Biosciences, Inc.*