RICHARDS
LAYTON &
FINGER

Kelly E. Farnan
(302) 651-7705
farnan@rlf.com

November 17, 2023

**BY CM/ECF & HAND DELIVERY**
The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 King Street
Wilmington, DE 19801

> Re:   *Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al.*,
>       **C.A. No. 22-1597-CJB**

Dear Judge Burke:

Pursuant to paragraph 14 of the Amended Scheduling Order (D.I. 52), Scale Biosciences, Inc. ("ScaleBio") and Roche Sequencing Solutions, Inc. ("RSS") (collectively, "Plaintiffs"), and Parse Biosciences, Inc. ("Parse") and University of Washington ("UW") (collectively, "Counterclaim Plaintiffs") (together with Plaintiffs, "the Parties") provide the following information requested by the Court.

I.      **Paragraph 14(i): "whether [the parties] request leave to present testimony at the hearing"**

        A.      **ScaleBio's and RSS's Position**

Plaintiffs oppose Parse's and UW's request for leave to present live testimony at the December 15, 2023 *Markman* Hearing.  The testimony anticipated from Parse's and UW's declarant, Dr. Joseph D. Puglisi, is redundant and invites legal error.

Parse and UW have already submitted Dr. Puglisi's testimony relating to claim construction in the form of two separate declarations:  a first declaration by Dr. Puglisi, dated September 29, 2023 (Ex.[1] 17) with their Opening Brief regarding the Parse Asserted Patents, and a second declaration by Dr. Puglisi, dated October 13, 2023 (Ex. 21) with their Answering Brief regarding the ScaleBio Asserted Patents.  Parse and UW cited and relied on that testimony throughout their briefs.

In addition, ScaleBio has already cross-examined Dr. Puglisi about the opinions he provided in both of those declarations.  And ScaleBio and RSS cited portions of that cross-examination in their briefs.  Excerpts of the portions of the transcripts addressed by the Parties have been provided to

---

[1] All exhibits cited in this letter are attached to the Parties' Joint Supplemental Appendix, which is filed herewith.

■ ■ ■

The Honorable Christopher J. Burke
November 17, 2023
Page 2

the Court in the Joint Supplemental Appendix to the Joint Claim Construction Brief (Ex. 24 and Ex. 25).

Further, ScaleBio and RSS responded to Dr. Puglisi's testimony regarding the ScaleBio Asserted Patents by filing a declaration by Dr. Peter A. Sims (Ex. 22), in which he responded to certain scientific contentions by Dr. Puglisi.  Parse and UW cross-examined Dr. Sims (at a deposition attended telephonically by Dr. Puglisi) on the content of his declaration, and they cited portions of this cross-examination in their Sur-Reply Brief on the ScaleBio Asserted Patents (Ex. 26).  Parse and UW could have accompanied this Sur-Reply Brief with a responsive declaration by Dr. Puglisi but elected not to do so. Throughout the claim construction briefing process, each side had every opportunity to present testimony in support of its claim construction positions, subject to cross-examination, and to cross-examine the testimony presented by the other side.

Notwithstanding this fulsome evidentiary record, Parse and UW indicated at a meet and confer held on November 15, 2023, that they would seek leave to have Dr. Puglisi testify at the *Markman* Hearing and that such testimony would ***be limited to the scope of his previously-submitted declarations***.  Accordingly, his proposed live testimony at the hearing would be duplicative of the evidence that Parse and UW have already submitted, and would needlessly waste the time and resources of the Court and the Parties.[2]

In addition, the vast majority of Dr. Puglisi's declaration testimony (Ex. 17 and Ex. 21), which would be the subject of his proposed live testimony, is exactly the sort of extrinsic opinion on how the Court should read the intrinsic evidence that the Supreme Court and the Federal Circuit have identified as improper and unhelpful.  *See* Ex. 17 (Dr. Puglisi's declaration concerning the Parse Asserted Patents) ¶¶ 36-50 (discussing how to construe "A method of cell-specifically labeling RNA molecules within a plurality of cells"); *id.* ¶¶ 51-58 (discussing how to construe "coupling"); *id.* ¶¶ 65-70 (discussing how to construe "primer[s]"); Ex. 21 (Dr. Puglisi's declaration concerning the ScaleBio Asserted Patents) ¶¶ 37-46 (discussing how to construe "unique binding agent"); *id.* ¶¶ 47-55 (discussing how to construe "target molecules"); *id.* ¶¶ 56-60 (discussing how to construe "uniquely labeling target molecules"); *id.* ¶¶ 61-68 (discussing how to construe "assayable polymer subunit (APS)" and "assayable oligonucleotide subunits"); *id.* ¶¶ 71-74 (discussing how to couple "coupling").

As the Federal Circuit has explained, "[a] party cannot transform into a factual matter the internal coherence and context assessment of the patent simply by having an expert offer an opinion on it." *Teva Pharms USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1342 (Fed. Cir. 2015); *see also Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 325-26, 332 (2015) (admonishing that "[e]xperts may be examined to explain terms of art, and the state of the art at any given time,' but they cannot be used to prove 'the proper or legal construction of any instrument of writing.").  However, Dr. Puglisi's declaration testimony repeatedly attempts to prove that Parse's proposed constructions are correct.

---

[2] Any attempt by Parse and UW to present evidence from Dr. Puglisi beyond the scope of his declarations would be an improper attempt at litigation by ambush.

The Honorable Christopher J. Burke
November 17, 2023
Page 3

The Court should reject Dr. Puglisi's improper declaration testimony on these issues and should not permit him to compound the impropriety by offering live testimony on these topics at the *Markman* hearing.  *See Blackberry Ltd. v. Facebook, Inc.*, No. CV 18-1844'GW(KSx), 2019 WL 8883451, at *16 (C.D. Cal. April 5, 2019) (rejecting the declaration testimony of a party's expert that "merely embarks on an analysis of the patent intrinsic record to reach a conclusion about the scope of the [disputed claim term].  It is the Court's job, not the expert's to perform that task.") (citing *Teva*, 789 F.3d at 1342)).

For the above reasons, Parse and UW's request for live testimony by Dr. Puglisi should be denied.  In the event the Court permits Dr. Puglisi to testify, his testimony should be limited to testimony in his deposition regarding background science and the ordinary meanings of terms of art.  In the event Dr. Puglisi is permitted to testify, ScaleBio and RSS seek leave to present rebuttal testimony from Dr. Sims, whose declaration provided testimony about background science in response to certain statements that Dr. Puglisi made regarding the ScaleBio Asserted Patents.  If Dr. Puglisi is permitted to reiterate any of those statements, Dr. Sims should be permitted to provide his responses.

### B.      Parse's and UW's Position

The Court should allow testimony by experts at the *Markman* hearing.  As the Supreme Court has explained, district courts must sometimes "look beyond the patent's intrinsic evidence and [] consult extrinsic evidence in order to understand, for example, the background science or the meaning of a term in the relevant art during the relevant time period."  *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 331 (2015); *see also Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) ("extrinsic evidence in the form of expert testimony can be useful to a court for a variety of purposes, such as to provide background on the technology at issue, to explain how an invention works, to ensure that the court's understanding of the technical aspects of the patent is consistent with that of a person of skill in the art, or to establish that a particular term in the patent or the prior art has a particular meaning in the pertinent field.").  Contrary to ScaleBio and RSS's assertions, Parse's and UW's expert—Dr. Puglisi—has offered opinions for exactly these proper purposes.

The parties disagree on what the disputed terms would have meant to a person of skill at the relevant time, as demonstrated by their briefs, by the fact that both sides are relying on experts to explain the science, and by the differences in the parties' technology tutorials.  This is also a complex case, involving seven patents from two different families with two different priority dates.  This is therefore precisely the type of case where expert testimony is relevant and helpful to the Court.  Live expert testimony, in particular, will assist the Court in resolving the disputed issues, as such testimony has done in prior *Markman* hearings before this Court.  *See, e.g., Belcher Pharms., LLC v. Hospira, Inc.*, No. CV 17-775-LPS, 2018 WL 4660369, at *1, *4, *6 (D. Del. Sept. 28, 2018), supplemented, No. CV 17-775-LPS, 2019 WL 2526400 (D. Del. May 30, 2019) (relying on, crediting, and finding persuasive live testimony from the parties' experts).  Specifically, making the experts available for live testimony will allow them to address the Court's questions as well as any particular disputed issues that warrant attention based on the exchange of arguments, questions, and answers presented at the hearing.  Parse and UW agree with ScaleBio and RSS that such testimony should count against the time of the side offering it, thus ensuring

The Honorable Christopher J. Burke
November 17, 2023
Page 4

that expert testimony will not unduly lengthen the hearing.

The Court should reject ScaleBio's and RSS's request to place undue and ill-defined limitations on the scope of Dr. Puglisi's testimony.  If expert testimony is permitted at the hearing, Dr. Puglisi should be allowed to testify to the full scope of the subject matter covered in his declarations and his depositions.

## II.      Paragraph 14(ii): "the amount of time [the parties] are requesting be allocated to them for the hearing"

The Parties agree that the *Markman* hearing should be no longer than three (3) hours.  The Parties agree that this time should be divided equally between the sides, with 1.5 hours of argument time for ScaleBio and RSS and 1.5 hours of argument time for Parse and UW.
The Parties agree that if Parse and UW are permitted to present live testimony at the hearing, such time should come from Parse's and UW's 1.5 hours allotted argument time.  If ScaleBio and RSS choose to cross-examine that witness, such time will come from ScaleBio and RSS's 1.5 hours allotted argument time.  The same reduction of allocated time would apply should ScaleBio and RSS choose to offer Dr. Sims to respond to Dr. Puglisi's testimony.

## III.     Paragraph 14(iii): "the order in which [the parties] intend to present the claim terms at issue, including which side will present first for each term"

The Parties conferred about which terms should be argued at the hearing.  The Parties agree that the following four terms from the ScaleBio Asserted Patents be argued:

- Unique binding agent (UBA)

- Target molecules

- Uniquely labeling target molecules

- Coupling

The Parties agree that the following two terms from the Parse Asserted Patents be argued:

- A method of [] cell-specifically labeling RNA molecules within a plurality of cells

- Primer

The Parties further agree that the terms of the ScaleBio Asserted Patents should be addressed before the terms of the Parse Asserted Patents, and that for each term, both sides will present argument before the next term is addressed, subject to the Court's preference in this regard.

In the event the Court permits live testimony, the Parties agree that any live testimony on a given claim term should be offered before any oral argument is heard on that term.  The Parties also request that if live testimony is permitted, it is given on a term-by-term basis.

The Honorable Christopher J. Burke
November 17, 2023
Page 5

Respectfully,

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)

cc: All Counsel of Record (via CM/ECF filing)