IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCALE BIOSCIENCES, INC. and ROCHE SEQUENCING SOLUTIONS, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>PARSE BIOSCIENCES, INC.,<br><br>*Defendant*, | REDACTED VERSION<br>Filed: April 7, 2025<br><br><br>Civil Action No. 1:22-cv-01597-CJB<br><br> |
| PARSE BIOSCIENCES, INC. and UNIVERSITY OF WASHINGTON,<br><br>*Counterclaim-Plaintiffs*,<br><br>v.<br><br>SCALE BIOSCIENCES, INC.,<br><br>*Counterclaim-Defendant*. | |

**DECLARATION OF LIOR PACHTER, PH.D. IN SUPPORT OF
PARSE BIOSCIENCES, INC.'S OPPOSITION TO SCALE BIOSCIENCES, INC.'S
SUMMARY JUDGMENT AND *DAUBERT* MOTIONS**

I, Lior Pachter, Ph.D., declare as follows:

1. I have been retained by Defendant and Counterclaim-Plaintiff Parse Biosciences, Inc. ("Parse") and Counterclaim-Plaintiff University of Washington ("UW") (collectively, "Counterclaim-Plaintiffs") to provide my expert opinions on certain technical matters at issue in this patent-infringement action.

2. Attachment A to this Declaration contains a true and correct copy of excerpts from my November 12, 2024 "Rebuttal Expert Report of Lior Pachter, Ph.D. on Non-Infringement," which I provided in the above-captioned case. *See also* D.I. 308-10.

3. In my rebuttal expert report on non-infringement, I understood that the term "target molecules" had been partially construed by the Court to mean at least "molecules of interest … that are being detected or quantified," as I stated in paragraph 135. *See also* D.I. 119.

1

I also understood that the parties previously disputed the meaning of the term during the *Markman* hearing where Parse's proposed construction for the term was "specific molecules with a known individual identity that are being detected or quantified and whose presence or quantity varies between individual cells," as I indicated in the chart in paragraph 72.

4.  As I indicated in paragraph 73 of my rebuttal expert report on non-infringement, I agreed with Parse's proposed construction, which reflects the plain and ordinary meaning to a POSA, which I understood to be "specific molecules with a known individual identity that are being detected or quantified," as I had stated in paragraphs 135, 137, 140, 141, and 205.

5.  I understand that after accounting for the Court's guidance provided in its Oral Order regarding Claim Construction (D.I. 119) and the January 8, 2025 Scheduling Conference (D.I. 269), Parse is adding to its proposed construction the following underlined clarifying language: "specific molecules with a known individual identity <u>sufficient to distinguish the molecules</u> that are being detected or quantified." This additional language is entirely consistent with my understanding of the term "target molecules" that I applied in my expert reports as it only serves to clarify that a "known individual identity," as I understood it, is an identity that is "sufficient to distinguish the molecules" that are being detected, *i.e.*, the "target molecules." Because of this, the additional clarifying language would not change any of the conclusions that I reached or opinions that I expressed in my rebuttal expert report on non-infringement.

6.  In formulating my opinions for this declaration, I have relied upon my knowledge, experience, education, and training in the relevant art, along with my review of the evidence cited in this Declaration or in my expert reports submitted in the above-captioned case.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed in Pasadena, California this 23rd day of March, 2025.

Lior Pachter, Ph.D.

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCALE BIOSCIENCES, INC. and ROCHE SEQUENCING SOLUTIONS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> PARSE BIOSCIENCES, INC., <br><br> *Defendant*, | Civil Action No. 1:22-cv-01597-CJB <br><br>  |
| PARSE BIOSCIENCES, INC. and UNIVERSITY OF WASHINGTON, <br><br> *Counterclaim-Plaintiffs*, <br><br> v. <br><br> SCALE BIOSCIENCES, INC., <br><br> *Counterclaim-Defendant*. | |

**REBUTTAL EXPERT REPORT OF LIOR PACHTER, PH.D.
ON NON-INFRINGEMENT**

| Claim Term | ScaleBio Asserted Patent(s) | Construction |
|---|---|---|
| "unique binding agent" | The '256 Patent | "a molecule or assembly that is designed to bind with at least one target molecule, at least one target molecule surrogate, or both" |
| "target molecules" | The '442 Patent<br>The '752 Patent | Means at least "molecules of interest . . . that are being detected or quantified" |
| "coupling" | The '442 Patent | "directly or indirectly coupling" |
| "assayable polymer subunit (APS) / assayable oligonucleotide subunits" | The '341 Patent<br>The '256 Patent<br>The '752 Patent | plain and ordinary meaning |

Oral Order (D.I. 118); Oral Order (D.I. 119); Oral Order (D.I. 126); Oral Order (D.I. 239).

C. **Disputed Claim Terms in the ScaleBio Asserted Claims**

72. I understand that the parties dispute the meaning of certain claim terms recited in the ScaleBio Asserted Claims of the ScaleBio Asserted Patents. For terms not construed, I have applied the plain and ordinary meaning of these terms.

| Claim Term | ScaleBio's Construction | Parse's Construction |
|---|---|---|
| "target molecules"[2]<br>The '442 Patent<br>The '752 Patent | "[m]olecules of interest that are being detected or quantified" | "[s]pecific molecules with a known individual identity that are being detected or quantified and whose presence or quantity varies between individual cells" |
| "[u]niquely labeling target molecules"<br>The '442 Patent | "creating labels that indicate the cells of origin of target molecules" | "[u]niquely labeling specific molecules with a known individual identity whose presence or quantity varies between individual cells" |

---

[2] I understand that the Court only gave a partial construction of "target molecules" but did not reach an ultimate determination of the exact construction of the term, which I address below.

19

73. I agree with Parse's proposed constructions, which reflect the plain and ordinary meaning to a POSA.

## VII. OVERVIEW OF THE SCALEBIO ASSERTED PATENTS

74. I understand that Dr. Sims opined that "the ScaleBio Asserted Patents share the same specification, and so [they] have the same disclosures." Sims Opening Report, ¶ 20. Therefore, like Dr. Sims, I cite the '442 Patent specification, which represents the disclosures of all ScaleBio Asserted Patents.

75. The ScaleBio Asserted Patents do not relate to measuring the transcriptome, or the abundance of the transcripts in a transcriptome. Indeed, the specifications of the ScaleBio Asserted Patents do not even mention the word transcriptome a single time. That is because, as Dr. Sims noted, "the ScaleBio Asserted Patents provide methods for labeling target molecules." Sims Opening Report, ¶ 22. Each of the ScaleBio Asserted Patents are directed to the "detection, identification, and quantification of individual target molecules in single cells of a complex cell population while retaining cell specific information regarding that target molecule." The '442 Patent, 1:53–57 (under "Summary of the Invention"). These methods involve providing target-specific labeling to allow "identifying whether a plurality of targets are in a plurality of cells." The '442 Patent, 1:58–60. The ScaleBio Asserted Patents never contemplate labeling and identifying the whole transcriptome.

76. To perform the target-specific labeling, the ScaleBio Asserted Patents disclose "target molecule-specific unique binding agent[s]" ("UBAs") that bind uniquely to specific target molecules. The '442 Patent 4:31. Each UBA also contains an epitope specific barcode ("ESB") that is specific to each unique binding agent (UBA), and is used to uniquely label each target molecule with the epitope specific barcode (ESB). The '442 Patent, 16:46–49.

alleges that the "target molecules" are the "the specific class of RNA molecules that contain a ████████████," and the "specific class of nucleic acids that contain the sequence that is ████████████████████████████████████." Sims Opening Report, ¶ 261; *see also* Sims Opening Report, ¶ 337. I disagree with Dr. Sims.

134. *First*, Dr. Sims replaces the adjective "target molecules" with the verb "targets the molecules." But even if barcoding the whole transcriptome according to cells of origin would "target[] the molecules in 'the transcriptome of each fixed cell/nuclei'" (*see* Sims Opening Report, ¶ 261; *see also* Sims Opening Report, ¶ 337), barcoding the whole transcriptome accoding to cells of origin is an untargeted approach. Under Dr. Sims' construction, the term "target" has no meaning. Dr. Sims did not show that any Parse product uses target molecules. That is because Parse's products do not use "target molecules" or "nucleic acid targets." Parse's products are used for untargeted single-cell whole transcriptome analysis.

135. *Second*, Dr. Sims' analysis depends on a construction of "target molecules" that is contrary to how a POSA would understand the meaning of "target molecules." I understand that, under the Court's partial construction, "target molecules," means at least "molecules of interest . . . that are being detected or quantified." Oral Order (D.I. 119). Based on the disclosure in the ScaleBio Asserted Patents and the level of skill in the art, a POSA would know that the plain and ordinary meaning of "target molecules" is specific molecules of interest with a known individual identity that are being detected or quantified. A POSA would understand that "target molecules" are the specific molecules of interest known *a priori*. A POSA would understand this based on the disclosure of the ScaleBio Asserted Patents and the general knowledge in the art.

### 1. Disclosure in the ScaleBio Asserted Patents.

136. Each of the ScaleBio Asserted Patents are directed to the "detection, identification, and quantification of individual target molecules in single cells of a complex cell population while

47

█████████████████████████████████

retaining cell specific information regarding that target molecule." The '442 Patent, 1:53–57 (under "Summary of the Invention"). These methods involve providing target-specific labeling to allow "identifying whether a plurality of targets are in a plurality of cells." The '442 Patent, 1:58–60.

137. The specification of the ScaleBio Asserted Patents disclose that "[t]he term 'epitope' and 'target molecule' are used interchangeably herein to refer to the molecule of interest (parts of it or the whole molecule) being detected and/or quantified by the methods described herein." The '442 Patent, 16:15–18. Based on the plain language in the ScaleBio Asserted Patents, a POSA would understand that a "target molecule" is a specific molecule of interest with a known individual identity that is being detected or quantified. A POSA would also know that multiple "target molecules" means multiple specific molecules of interest that each have a known individual identity that are each specifically being detected or quantified. This definition is consistent with other portions of the ScaleBio Asserted Patents, which disclose that, "[i]n some embodiments, 3, 4, 5, 10, 20, 30, 50, 100, 200, 300, 500, 600, 700, 800, 900, 1000 or more than 1000 different target molecules are detected. . .[,]" and that "up to 2000 different target molecules are detected." The '442 Patent, 7:23–27, 9:40–43, 11:38–41. Because there are "different target molecules" being detected, a POSA would understand based on the plain language that each target molecule being detected is a specific molecule of interest with a known individual identity. And even if the ScaleBio Asserted Patents disclose detecting "up to 2000 different target molecules," this is far fewer than the molecules present in the whole transcriptome. On average, a typical mammalian cell has about 100,000 to 1,000,000 individual mRNA molecules in a cell. Islam 2014, 163 (SCALEBIO0011740–762 at SCALEBIO0011741). ████████████████████████ ████████████████████████████████████████████████████████, in the human

transcriptome, i.e. all sites in mature human mRNAs, is 36,280.9.[3]



Therefore, all mRNA molecules, as alleged by Dr. Sims, cannot be target molecules.

138. Similarly, the ScaleBio Asserted Patents disclose prophetic examples that show target molecules are specific molecules of interest that each have a known individual identity. For example, in Prophetic Example 6, the ScaleBio Asserted Patents disclose using antibodies to detect

---

[3] 

49

of the COB sequence allows for the detection of the presence of the target molecule in the mixture (qualitative analysis)." The '442 patent, 24:21–24. *See also* the '442 patent, 16:49–50 (disclosing "a unique code that can be associated to a specific target molecule"); the '442 patent, 20:28–29 (same); the '442 patent, 24:26–30 (disclosing that the "UBA recognizes a specific target molecule"); the '442 patent, 24:33–37 (same); the '442 patent, 35:42–43; the '442 patent, 39:39–42.

140.    As another example, the ScaleBio Asserted Patents disclose that "[e]ach UBA in the population is specific for a target molecule. Thus, the UBA provides the specificity for the target molecule recognized in a cell." The '442 patent, 16:44–47; *see also* the '442 patent, 36:3–5 (explaining that the "UBA can be an antibody"). This is antithetical to an untargeted ▮▮▮▮▮ approach. Moreover, the constructs disclosed or illustrated in the ScaleBio Asserted Patents include an epitope specific barcode (ESB), which only makes sense if the targets are specific molecules with a known individual identity. Therefore, a POSA would understand that "target molecules" are specific molecules of interest each with a known individual identity that are being detected or quantified.

### 2. Extrinsic evidence shows differences between targeted and untargeted approaches.

141.    Extrinsic evidence shows that a POSA would understand that "target molecules" are specific molecules of interest with a known individual identity that are being detected or quantified. Dr. Nolan, the sole inventor listed on the face of the ScaleBio Asserted Patents, has published peer-reviewed journal articles that corroborates how a POSA would understand the meaning of "target molecules," *i.e.*, specific molecules known *a priori*. For example, in 2011, Dr. Nolan published an article in *Nature Biotechnology*, titled, "Extracting a Cellular Hierarchy from High-dimensional Cytometry Data with SPADE." Qiu, P., *et al.*, "Extracting a Cellular

Hierarchy from High-dimensional Cytometry Data with SPADE," *Nat. Biotechnol*. 29(10):886–891 (Oct. 2, 2011) ("Qiu") (PARSE0825585–604). In this publication, Dr. Nolan explained that they "measured by a functional staining panel of 13 core surface markers (CD3, 4, 8, 11b, 19, 20, 33, 34, 38, 45, 45RA, 90, 123, from the previous panel) and 18 intracellular **targets** that reflect intracellular signaling states." Qui, 6 (PARSE0825585–604 at PARSE0825590) (emphasis added). The surface markers, "CD3, 4, 8, 11b, 19, 20, 33, 34, 38, 45, 45RA, 90, 123," are target molecules. A POSA would understand that, a "surface marker" is a protein target molecule that is expressed on the surface of a cell.

142. Similarly, in May 2011, Dr. Nolan published "Single-Cell Mass Cytometry of Differential Immune and Drug Responses Across a Human Hematopoietic Continuum" in the journal, *Science*. Bendall, S., *et al.*, "Single-Cell Mass Cytometry of Differential Immune and Drug Responses Across a Human Hematopoietic Continuum," *Science* 332(6030):687–696 (May 6, 2011) ("Bendall 2011") (PARSE0825543–65). In this publication, Dr. Nolan explained that "[a]ntibodies coupled to distinct, stable, transition element isotopes were used to bind target epitopes on and within cells." Bendall 2011, 2 (PARSE0825543–65 at PARSE0825544). Dr. Nolan and colleagues explained that the "target epitopes" evaluated in the study were "[s]even surface antigens (CD3, CD4, CD8, CD45RA, CD56, CD20, and CD33) and two intracellular phosphoprotein epitopes [phos-phorylated signal transducer and activator of transcription 3 and 5 (pSTAT3 and pSTAT5)." Bendall 2011, 2 (PARSE0825543–65 at PARSE0825544). As illustrated by Dr. Nolan's publication, the "target molecules" or "target epitopes" were specific molecules of interest that each had an individual identity known *a priori*. A POSA would know that the "CD3, CD4, CD8, CD45RA, CD56, CD20, and CD33" surface antigens and the intracellular epitopes "pSTAT3 and pSTAT5" are target molecules. That is because they are

52

205.  *Second*, as I explained in Section XI.B, target molecules are the specific molecules of interest with a known individual identity that are being detected or quantified. In some circumstances, cDNA could be a target molecule as it can exist naturally in a cell; for example, in the case of viral infection. In that circumstance, specific cDNA molecules can be the target molecules if a researcher was looking for specific cDNA molecules related to viral infection. In the case of the Parse Accused Products however, cDNA is, at most, a target molecule surrogate.

206.  For at least these reasons and the reasons described in Sections XI.C.1, XI.C.2, and XI.C.3, Dr. Sims did not show that any Parse product performs all elements required by claim 1 of the '442 Patent. Therefore, the Parse products do not and cannot infringe claim 1 or claim 9 of the '442 Patent.

      **c.**      **Claim 11: "The method of claim 9, wherein the target molecules are RNA and wherein step (a) comprises hybridizing the common linker to the RNA."**

207.  Parse's products do not practice the elements of claims 1 or 9 of the '442 Patent. Claim 11 depends from claim 9, which depends from claim 1, and therefore requires all elements of claims 1 and 9. I understand that Parse cannot infringe a dependent claim if it does not practice the independent claim from which it depends.

208.  For at least the reasons described in Sections XI.C.1, XI.C.2, and XI.C.3, Dr. Sims did not show that any Parse product performs all elements required by claim 1 of the '442 Patent. Therefore, the Parse products do not and cannot infringe claims 1, 9, or 11 of the '442 Patent.

      **d.**      **Claim 15: "The method of claim 1, further comprising: ligating at least two of the nucleic acid tags that are bound to the target molecules."**

209.  Parse's products do not practice the elements of claim 1 of the '442 Patent. Claim 15 depends from claim 1, and therefore requires all elements of claim 1. I understand that Parse



I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: November 12, 2024

Lior Pachter, Ph.D.

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on March 24, 2025, I caused to be electronically filed a true and correct copy of the foregoing sealed document with the Clerk of the Court using CM/ECF, and in addition caused true and correct copies of the foregoing sealed document to be served upon the following counsel of record by electronic mail:

---

*Attorneys for Plaintiff, Scale Biosciences, Inc.*
*and Nominal Defendant, Roche Sequencing Solutions, Inc.:*

| | |
|---|---|
| Kelly E. Farnan | *farnan@rlf.com* |
| Sara M. Metzler | *metzler@rlf.com* |

**RICHARDS LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801

*Attorneys for Plaintiff, Scale Biosciences, Inc.:*

**WOLF, GREENFIELD & SACKS, P.C.** : **wgs-scalebiosciencesv.parse@wolfgreenfield.com**

| | |
|---|---|
| Stephen S. Rabinowitz | *srabinowitz@wolfgreenfield.com* |

605 Third Avenue
New York, NY 10158

| | |
|---|---|
| Chelsea A. Loughran | *cloughran@wolfgreenfield.com* |
| Emma L. Frank | *efrank@wolfgreenfield.com* |
| Stuart V. C. Duncan Smith | *sduncansmith@wolfgreenfield.com* |
| Arden Bonzo | *arden.bonzo@wolfgreenfield.com* |

600 Atlantic Avenue
Boston, MA 02210

*Attorneys for Nominal Defendant, Roche Sequencing Solutions, Inc.:*

**WILMERHALE**   **WHRSS-ScaleLit@wilmerhale.com**

| | |
|---|---|
| Robert J. Gunther | *Robert.Gunther@wilmerhale.com* |
| Barish Ozdamar Ph.D. | *Barish.Ozdamar@wilmerhale.com* |

7 World Trade Center
250 Greenwich Street
New York, NY 10007

| | |
|---|---|
| Madeleine C. Laupheimer | *Madeleine.Laupheimer@wilmerhale.com* |
| Kate Saxton | *Kate.Saxton@wilmerhale.com* |

60 State Street
Boston, MA 02109

|  |  |
|---|---|
| | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| March 24, 2025 | */s/ Karen L. Pascale* |
| | Karen L. Pascale (#2903) [kpascale@ycst.com] |
| | Robert M. Vrana (#5666) [rvrana@ycst.com] |
| | Rodney Square |
| | 1000 North King Street |
| | Wilmington, DE  19801 |
| | Telephone: (302) 571-6600 |
| | *Attorneys for Parse Biosciences, Inc.* |
| | *and University of Washington* |

2