# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCALE BIOSCIENCES, INC., <br><br> and <br><br> ROCHE SEQUENCING SOLUTIONS, INC., <br><br> Plaintiffs, <br> v. <br><br> PARSE BIOSCIENCES, INC., <br><br> Defendant. | Civil Action No. 1:22-CV-01597-CJB <br><br> **REDACTED** <br> **PUBLIC VERSION** |
| PARSE BIOSCIENCES, INC., <br><br> and <br><br> UNIVERSITY OF WASHINGTON, <br><br> Counterclaim Plaintiffs, <br> v. <br><br> SCALE BIOSCIENCES, INC., <br><br> Counterclaim Defendant. | |

**SCALE BIOSCIENCES, INC.'S RESPONSE TO PARSE BIOSCIENCES, INC.'S COUNTER-STATEMENTS TO SCALE BIOSCIENCES, INC.'S CONCISE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT REGARDING VALIDITY OF U.S. PATENT NO. 11,634,752**

Pursuant to paragraph 17(d) of the Amended Scheduling Order (D.I. 52), Plaintiff Scale Biosciences, Inc. ("ScaleBio") hereby provides the following Response to Defendant Parse Biosciences, Inc.'s ("Parse") Counter-Statements to Scale Biosciences, Inc.'s Concise Statement of Undisputed Facts in Support of Its Motion For Summary Judgment Regarding Validity of U.S. Patent No. 11,634,752 ("Parse's Counter CSUF2").

ScaleBio objects to Parse's Counter CSUF2 on the basis that it is not permitted under paragraph 17 of the Amended Scheduling Order (D.I. 52).  Rather, as the party opposing summary judgment, Parse is permitted only a counter-statement "which sets forth material facts as to which the opposing party contends *there is a genuine issue to be tried*."  D.I. 52 ¶ 17.c (emphasis added).  However, Parse appears to contend that the statements are material facts that are undisputed.  Consequently, ScaleBio has no obligation to respond.  ScaleBio objects that whether Dr. Pachter has opined on a topic is not a material fact, so no response is required.  Nevertheless, without waiving this objection, ScaleBio provides the following responses:

1. Admitted that claim 1 of the '752 Patent recites the quoted language in part.

2. Admitted that claim 5 of the '752 Patent recites the quoted language in part.

3. Admitted.

4. Assertions about "the scope [of] the Asserted '752 Claims" concern legal questions of claim construction for which a response is not required.  D.I. 52 (Amended Scheduling Order) ¶ 17.c ("The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material *facts as to which the opposing party contends there is a genuine issue to be tried*." (emphasis added)).  Dispute that methods for the "use of a UBA to label target molecules falls within the scope [of] the Asserted '752 Claims," which are kit claims and not method claims.  D.I. 308, Ex. 4 ('752 Patent), claim 1.  Admitted that use of Parse's accused products infringes the "Asserted '752 Claims," irrespective of whether the preamble of claim 1 is limiting or non-limiting.

5. Admitted that one or more of Dr. Pachter's reports state that the Asserted '752 Claims are invalid under 35 U.S.C. § 112 for lack of written description, lack of enablement, and

indefiniteness. Disputed that Dr. Pachter's statements are admissible expert opinions or raise any genuine issue of material fact regarding ScaleBio's motion.

6. Admitted that one or more of Dr. Pachter's reports states that the Asserted '752 Claims are invalid under 35 U.S.C. § 102, and that claim 6 of the '752 patent would have been obvious over Franch and Freskgard under 35 U.S.C. § 103. Disputed that Dr. Pachter's statements are admissible expert opinions or raise any genuine issue of material fact regarding ScaleBio's motion.

7. Admitted that Dr. Pachter's opening report states that the Asserted '752 Claims do not satisfy the written description requirement for reasons that are the same or similar to those that he states the Asserted '442 Claims are invalid for lack of written description. Disputed that Dr. Pachter's statements are admissible expert opinions or raise any genuine issue of material fact regarding ScaleBio's motion.

8. Admitted that one or more of Dr. Pachter's reports state that the Asserted '752 Claims do not satisfy the enablement requirement for reasons that are the same or similar to those that he states the Asserted '442 Claims are invalid for lack of enablement. Disputed that Dr. Pachter's statements are admissible expert opinion or raise any genuine issue of material fact regarding ScaleBio's motion.

9. Admitted that one or more of Dr. Pachter's reports states that the '442, '256, and '752 patents' asserted claims are invalid for failing to describe or enable the full scope of UBAs that bind at least one target molecule. Disputed that Dr. Pachter's statements are admissible expert opinion or raise any genuine issue of material fact regarding ScaleBio's motion.

10. Admitted that Dr. Pachter's reply report includes the quoted statement, without the added "UBA" in the phrase "specific [UBA]-antibodies." D.I. 308, Ex. 11 (Pachter Reply

Rep.) ¶ 66. Disputed that Dr. Pachter's statements are admissible expert opinion or raise any genuine issue of material fact regarding ScaleBio's motion.

11. Admitted that Dr. Pachter's reply report includes the quoted statements at D.I. 308, Ex. 11 ¶ 67. Disputed that Dr. Pachter's statements are admissible expert opinion or raise any genuine issue of material fact regarding ScaleBio's motion.

12. Admitted that Dr. Pachter's reply report includes the quoted statement at D.I. 308, Ex. 11 ¶ 70. Disputed that Dr. Pachter's statements are admissible expert opinion or raise any genuine issue of material fact regarding ScaleBio's motion.

13. Admitted that Dr. Pachter's reply report includes the quoted statement at D.I. 308, Ex. 11 ¶ 70, without the addition of "as an UBA" in the phrase "using antibodies [as an UBA]." Disputed that Dr. Pachter's statements are admissible expert opinion or raise any genuine issue of material fact regarding ScaleBio's motion.

14. Admitted that Dr. Pachter's reply report states, "the numerous genera of molecules listed in the '411 PCT Application and the '442 Patent encompass at least thousands of different species of molecules, and each type would require a unique solution to be uniquely labeled." D.I. 308, Ex. 11 (Pachter Reply Rep.) ¶ 149. Disputed that those statements were about the Asserted '442 Claims. *Id.* Disputed that Dr. Pachter's statements are admissible expert opinion or raise any genuine issue of material fact regarding ScaleBio's motion.

15. Admitted that Dr. Pachter's reply report includes the quoted statement at D.I. 308, Ex. 11 ¶ 150, without the addition of "of the '442 patent" in the phrase "claim 1 [of the '442 patent]." Disputed that Dr. Pachter's statements are admissible expert opinion or raise any genuine issue of material fact regarding ScaleBio's motion.

16. Admitted that Dr. Pachter's reply report states, "the claims are not limited to human molecules" and "organisms would have their own unique proteome, with tens of thousands of additional unique protein target molecules falling within the scope of the claims." D.I. 308, Ex. 11 (Pachter Reply Rep.) ¶ 152. Disputed that those statements were about the Asserted '442 Claims. *Id.* Disputed that Dr. Pachter's statements are admissible expert opinion or raise any genuine issue of material fact regarding ScaleBio's motion.

17. Admitted that Dr. Pachter's reply report includes the quoted statement at D.I. 308, Ex. 11 ¶ 153. Disputed that Dr. Pachter's statements are admissible expert opinion or raise any genuine issue of material fact regarding ScaleBio's motion.

18. Admitted that Dr. Pachter's reply report includes the quoted statement at D.I. 308, Ex. 11 ¶ 153. Disputed that Dr. Pachter's statements are admissible expert opinion or raise any genuine issue of material fact regarding ScaleBio's motion.

19. Admitted that Dr. Pachter's reply report includes the quoted statement at D.I. 308, Ex. 11 ¶ 156. Disputed that Dr. Pachter's statements are admissible expert opinion or raise any genuine issue of material fact regarding ScaleBio's motion.

20. Admitted that Dr. Pachter's reply report includes the quoted statement at D.I. 308, Ex. 11 ¶ 156. Disputed that Dr. Pachter's statements are admissible expert opinion or raise any genuine issue of material fact regarding ScaleBio's motion.

21. Disputed since Dr. Pachter limited his arguments regarding the written description and enablement of the claims of the '752 Patent "to the extent ScaleBio contends that the preamble limits claim 1 of the '752 Patent," which ScaleBio does not contend. D.I. 308, Ex. 11 (Pachter Reply Rep.) ¶¶ 132, 179. Disputed that Dr. Pachter's statements are admissible expert opinion or raise any genuine issue of material fact regarding ScaleBio's motion.

OF COUNSEL:

Stephen S. Rabinowitz
srabinowitz@wolfgreenfield.com
WOLF, GREENFIELD, & SACKS, P.C.
605 Third Avenue
New York, NY 10158
212.697.7890

Chelsea A. Loughran
cloughran@wolfgreenfield.com
Stuart V.C. Duncan Smith
sduncansmith@wolfgreenfield.com
Emma L. Frank
efrank@wolfgreenfield.com
Arden E. Bonzo
abonzo@wolfgreenfield.com
WOLF, GREENFIELD, & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000

*/s/ Sara M. Metzler*
Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
RICHARDS, LAYTON, & FINGER, P.A.
920 North King Street
One Rodney Square
Wilmington, DE 19801
302.651.7700
farnan@rlf.com
metzler@rlf.com

*Counsel for Plaintiffs and Counterclaim Defendant Scale Biosciences, Inc.*

Dated: April 17, 2025

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2025, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Karen L. Pascale
Robert M. Vrana
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Byron L. Pickard
R. Wilson Powers III, Ph.D.
Chandrika Vira
Christopher M. Gallo, Ph.D.
Brady P. Gleason
David Y. Wang
Louis P. Panzica, Jr.
Jamie Dohopolski
Ryan N. Kaiser
Cristen A. Corry
Sterne, Kessler, Goldstein & Fox, P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, DC 20005

*/s/ Sara M. Metzler*
Sara M. Metzler (#6509)
metzler@rlf.com