# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCALE BIOSCIENCES, INC.,<br><br>and<br><br>ROCHE SEQUENCING SOLUTIONS, INC.,<br><br>Plaintiffs,<br>v.<br><br>PARSE BIOSCIENCES, INC.,<br><br>Defendant. | Civil Action No.  1:22-CV-01597-CJB<br><br>**REDACTED**<br>**PUBLIC VERSION** |
| PARSE BIOSCIENCES, INC.,<br><br>and<br><br>UNIVERSITY OF WASHINGTON,<br><br>Counterclaim Plaintiffs,<br>v.<br><br>SCALE BIOSCIENCES, INC.,<br><br>Counterclaim Defendant. | |

**SCALE BIOSCIENCES, INC.'S RESPONSE TO PARSE BIOSCIENCES, INC.'S
COUNTER-STATEMENTS TO SCALE BIOSCIENCES, INC.'S
CONCISE STATEMENT OF UNDISPUTED FACTS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF
<u>NON-INFRINGEMENT OF THE ASSERTED PARSE CLAIMS</u>**

Pursuant to paragraph 17(d) of the Amended Scheduling Order (D.I. 52), Plaintiff Scale

Biosciences, Inc. ("ScaleBio") hereby provides the following Response to Defendant Parse

Biosciences, Inc.'s ("Parse") Counter-Statements to Scale Biosciences, Inc.'s Concise Statement

of Undisputed Facts in Support of Its Motion For Summary Judgment of Non-Infringement of

The Asserted Parse Claims ("Parse's Counter CSUF3").

ScaleBio objects to Parse's Counter CSUF3 on the basis that it is not permitted under paragraph 17 of the Amended Scheduling Order (D.I. 52).  Rather, as the party opposing summary judgment, Parse is permitted only a counter-statement "which sets forth material facts as to which the opposing party contends *there is a genuine issue to be tried*."  D.I. 52 ¶ 17.c (emphasis added).  However, Parse appears to contend that the statements are material facts that are undisputed.  Consequently, ScaleBio has no obligation to respond.  Nevertheless, without waiving this objection, ScaleBio provides the following responses:

1.      Disputed because the Court's construction recites more than just "'multiple rounds' of appending well-specific tags is [sic] within intact cells."  D.I. 241.

2.      Disputed in part since Parse explained that the construction of the preamble of the Asserted Parse Claims means that "*every* step of the labeling method must take place 'within intact cells.'"  D.I. 101 at 53 (emphasis original); *see id.* at 54 (similar).

3.      Admitted that the applicant described the cited graphic as a "commercial embodiment of the claimed method."  D.I. 362, Ex. M ('065 File History) at PARSE0000965; D.I. 309, Ex. 20 ('065 FH) at PARSE0000965.

4.      Admitted.

5.      Admitted.

6.      Admitted that the cited graphic includes the quoted language in part. D.I. 362, Ex. M ('065 File History) at PARSE0000966; D.I. 309, Ex. 20 ('065 FH) at PARSE0000966.

7.      Admitted that the cited graphic shows, in part, "well-specific barcoded primers" used in Step 1, together with the multiple barcodes "append[ed]" in Steps 3 and 5 and the "sublibrary-specific barcode" in Step 7, followed by assembly of "each single cell transcriptome

1

… by combining reads contains the same four-barcode combination." D.I. 362, Ex. M ('065 File History) at PARSE0000966; D.I. 309, Ex. 20 ('065 FH) at PARSE0000966.

8. Admitted that the cited graphic shows, in part, lysis followed by introduction of a "fourth sublibrary-specific barcode … by PCR to each cDNA molecule" in Step 7. D.I. 362, Ex. M ('065 File History) at PARSE0000966; D.I. 309, Ex. 20 ('065 FH) at PARSE0000966. Disputed that the graphic describes it as a "round of barcoding."

9. Admitted that the cited graphic shows, in part, lysis followed by introduction of a "fourth sublibrary-specific barcode … by PCR to each cDNA molecule" in Step 7. D.I. 362, Ex. M ('065 File History) at PARSE0000966; D.I. 309, Ex. 20 ('065 FH) at PARSE0000966. Disputed that the graphic describes it as a "round of barcoding."

10. Admitted that the cited graphic shows, in part, a "sublibrary-specific barcode" in Step 7, followed by assembly of "each single cell transcriptome … by combining reads contains the same four-barcode combination." D.I. 362, Ex. M ('065 File History) at PARSE0000966; D.I. 309, Ex. 20 ('065 FH) at PARSE0000966.

11. Admitted.

12. Admitted.

13. Admitted that steps (g) and (h) recite "secondary aliquots" and do not expressly recite the word "cells." Disputed that "cells" are not required in at least step (i). D.I. 241.

14. Admitted that step (i) recites "coupling the provided secondary nucleic acid tags of (h) to the primary nucleic acid-tagged cDNA molecules of (e) …, whereby the secondary nucleic acid-tagged cDNA molecules of the first secondary aliquot are tagged with a different secondary nucleic acid tag than the secondary nucleic acid-tagged cDNA molecules of the second secondary aliquot."

15.    Admitted that claim 24 of the '065 patent limits claim 1 and requires "combining cells" in step (f) and "dividing cells" in step (g).  D.I. 308, Ex. 5 ('065 Patent), claim 24.

16.    Admitted that claim 26 of the '856 patent limits claim 1 and requires "combining cells" in step (f) and "dividing cells" in step (g).  D.I. 308, Ex. 7 ('856 Patent), claim 26.

17.    Admitted that claim 26 of the '355 patent limits claim 1 and requires "combining cells" in step (f) and "dividing cells" in step (g).  D.I. 308, Ex. 6 ('355 Patent), claim 26.

18.    Admitted that claim 9 of the '065 Patent recites the "method of claim 1, further comprising, subsequent to (b), coupling an adapter sequence to each of the cDNA molecules by integrating the adapter sequence into the cDNA molecules using a transposase and releasing the transposase to expose the adapter sequence."  D.I. 308, Ex. 5 ('065 Patent), claim 9.

19.    Admitted that claim 11 of the '355 Patent and claim 11 of the '856 Patent each recites the "method of claim 1, further comprising, subsequent to (b), coupling an adapter sequence to each of the cDNA molecules by integrating the adapter sequence into the cDNA molecules using a transposase and releasing the transposase to expose the adapter sequence." D.I. 308, Ex. 6 ('355 Patent), claim 11; D.I. 308, Ex. 7 ('856 Patent), claim 11.

20.    Admitted that use of the Accused ScaleBio Products often involves reverse transcription using a well-specific barcoded primer.  D.I. 362, Ex. N at SCALEBIO0160910.

OF COUNSEL:

Stephen S. Rabinowitz
srabinowitz@wolfgreenfield.com
WOLF, GREENFIELD, & SACKS, P.C.
605 Third Avenue
New York, NY 10158
212.697.7890

Chelsea A. Loughran
cloughran@wolfgreenfield.com
Stuart V.C. Duncan Smith
sduncansmith@wolfgreenfield.com
Emma L. Frank
efrank@wolfgreenfield.com
Arden E. Bonzo
abonzo@wolfgreenfield.com
WOLF, GREENFIELD, & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000

*/s/ Sara M. Metzler*

Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
RICHARDS, LAYTON, & FINGER, P.A.
920 North King Street
One Rodney Square
Wilmington, DE 19801
302.651.7700
farnan@rlf.com
metzler@rlf.com

*Counsel for Plaintiffs and Counterclaim
Defendant Scale Biosciences, Inc.*

Dated: April 17, 2025

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2025, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Karen L. Pascale
Robert M. Vrana
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Byron L. Pickard
R. Wilson Powers III, Ph.D.
Chandrika Vira
Christopher M. Gallo, Ph.D.
Brady P. Gleason
David Y. Wang
Louis P. Panzica, Jr.
Jamie Dohopolski
Ryan N. Kaiser
Cristen A. Corry
Sterne, Kessler, Goldstein & Fox, P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, DC 20005

*/s/ Sara M. Metzler*
Sara M. Metzler (#6509)
metzler@rlf.com

5