## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCALE BIOSCIENCES, INC., <br><br> and <br><br> ROCHE SEQUENCING SOLUTIONS, INC., <br><br> Plaintiffs, <br> v. <br><br> PARSE BIOSCIENCES, INC., <br><br> Defendant. | Civil Action No.  1:22-CV-01597-CJB <br><br> **REDACTED** <br> **PUBLIC VERSION** |
| PARSE BIOSCIENCES, INC., <br><br> and <br><br> UNIVERSITY OF WASHINGTON, <br><br> Counterclaim Plaintiffs, <br> v. <br><br> SCALE BIOSCIENCES, INC., <br><br> Counterclaim Defendant. | |

**SCALE BIOSCIENCES, INC.'S RESPONSE TO PARSE BIOSCIENCES, INC.'S
COUNTER-STATEMENTS TO SCALE BIOSCIENCES, INC.'S
CONCISE STATEMENT OF UNDISPUTED FACTS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
<u>REGARDING INVALIDITY OF THE CHALLENGED PARSE CLAIMS</u>**

Pursuant to paragraph 17(d) of the Amended Scheduling Order (D.I. 52), Plaintiff Scale

Biosciences, Inc. ("ScaleBio") hereby provides the following Response to Defendant Parse

Biosciences, Inc.'s ("Parse") Counter-Statements to Scale Biosciences, Inc.'s Concise Statement

of Undisputed Facts in Support of Its Motion For Summary Judgment Regarding Invalidity of

the Challenged Parse Claims ("Parse's Counter CSUF4").

ScaleBio objects to Parse's Counter CSUF4 on the basis that it is not permitted under paragraph 17 of the Amended Scheduling Order (D.I. 52). Rather, as the party opposing summary judgment, Parse is permitted only a counter-statement "which sets forth material facts as to which the opposing party contends *there is a genuine issue to be tried*." D.I. 52 ¶ 17.c (emphasis added). However, Parse appears to contend that the statements are material facts that are undisputed. Consequently, ScaleBio has no obligation to respond. ScaleBio objects that whether Dr. Satija has opined or testified on a topic is not a material fact, so no response is required. Nevertheless, without waiving this objection, ScaleBio provides the following responses:

1.      Admitted that Dr. Satija's rebuttal report includes the quoted statement, which is conclusory and immaterial. Disputed that Dr. Satija's statements are admissible expert opinion.

2.      Admitted that Dr. Satija's rebuttal report includes the quoted statement, which is conclusory and immaterial. Disputed that Dr. Satija's statements are admissible expert opinion.

3.      Admitted that Dr. Satija's deposition testimony includes the quoted statements (except for Parse's edits), which are conclusory and immaterial, and which are excerpted from important context (e.g., admitting not to have provided support for the statement). Disputed that Dr. Satija's statements are admissible expert opinion.

4.      Admitted that Dr. Satija's rebuttal report includes the quoted statement, which is conclusory and immaterial. Disputed that Dr. Satija's statements are admissible expert opinion.

5.      Admitted that Dr. Satija's rebuttal report includes the quoted statement, which is conclusory and immaterial. Disputed that Dr. Satija's statements are admissible expert opinion.

6.      Admitted that Dr. Satija's rebuttal report includes the quoted statement, which is conclusory and immaterial. Disputed that Dr. Satija's statements are admissible expert opinion.

1

7.    Admitted that Dr. Satija's rebuttal report includes the quoted statement, which is conclusory and immaterial.  Disputed that Dr. Satija's statements are admissible expert opinion.

8.    Admitted that Dr. Satija's rebuttal report includes the quoted statement, which is conclusory and immaterial.  Disputed that Dr. Satija's statements are admissible expert opinion.

9.    Admitted that Dr. Satija's deposition testimony includes the quoted statement, except for Parse's edits, which is conclusory and immaterial, and which is excerpted from important context.  Disputed that Dr. Satija's statements are admissible expert opinion.

10.    Admitted that Dr. Satija's deposition testimony includes the quoted statement, except for Parse's edits, which is conclusory and immaterial, and which is excerpted from important context.  Disputed that Dr. Satija's statements are admissible expert opinion.

11.    Admitted that Dr. Satija's deposition testimony includes the quoted statement, except for Parse's edits, which is conclusory and immaterial, and which is excerpted from important context.  Disputed that Dr. Satija's statements are admissible expert opinion.

12.    Admitted that Dr. Satija's deposition testimony includes the quoted statement, except for Parse's edits, which is conclusory and immaterial, and which is excerpted from important context.  Further disputed that Dr. Satija's statements are admissible expert opinion.

13.    Admitted that Dr. Satija's deposition testimony includes the quoted statement, except for Parse's edits, which is conclusory and immaterial, and which is excerpted from important context.  Disputed that Dr. Satija's statements are admissible expert opinion.

14.    Admitted that Dr. Satija's deposition testimony includes the quoted statements, except for Parse's edits, which is conclusory and immaterial, and which is excerpted from important context.  Disputed that Dr. Satija's statements are admissible expert opinion.

15.    Admitted that Dr. Satija's deposition testimony includes the quoted statement,

2

except for Parse's edits, which is conclusory and immaterial, and which is excerpted from important context. Disputed that Dr. Satija's statements are admissible expert opinion.

16.    Admitted that Dr. Satija's deposition testimony includes the quoted statement, except for Parse's edits, which is conclusory and immaterial, and which is excerpted from important context. Disputed that Dr. Satija's statements are admissible expert opinion.

17.    Admitted that Dr. Satija's deposition testimony includes the quoted statement, except for Parse's edits, which is conclusory and immaterial, and which is excerpted from important context. Disputed that Dr. Satija's statements are admissible expert opinion.

18.    Admitted that Dr. Satija's deposition testimony includes the quoted statement, which is conclusory and immaterial, and which is excerpted from important context. Disputed that Dr. Satija's statements are admissible expert opinion.

19.    Admitted that Dr. Satija's rebuttal report includes the quoted statement, which is conclusory and immaterial, and which is excerpted from important context. Disputed that Dr. Satija's statements are admissible expert opinion.

20.    Admitted that Dr. Satija's rebuttal report includes the quoted statement, except for Parse's edits, which is conclusory and immaterial, and which is excerpted from important context. Admitted that Dr. Satija cites Figures 1 and 8 of the '433 application. Disputed that Dr. Satija's statements are admissible expert opinion.

21.    Admitted that Dr. Satija's rebuttal report includes the quoted statements, which are conclusory and immaterial, and which are excerpted from important context. Admitted that Dr. Satija cites ¶ [0065] of the '433 application. Disputed that Dr. Satija's statements are admissible expert opinion.

22.     Admitted that Dr. Satija's rebuttal report includes the quoted statement, which is conclusory and immaterial, and which is excerpted from important context.  Disputed that Dr. Satija's statements are admissible expert opinion.

| | |
|---|---|
| | */s/* _____ |
| OF COUNSEL: | Kelly E. Farnan (#4395) |
| | Sara M. Metzler (#6509) |
| Stephen S. Rabinowitz | RICHARDS, LAYTON, & FINGER, P.A. |
| srabinowitz@wolfgreenfield.com | 920 North King Street |
| WOLF, GREENFIELD, & SACKS, P.C. | One Rodney Square |
| 605 Third Avenue | Wilmington, DE 19801 |
| New York, NY 10158 | 302.651.7700 |
| 212.697.7890 | farnan@rlf.com |
| | metzler@rlf.com |
| Chelsea A. Loughran | |
| cloughran@wolfgreenfield.com | *Counsel for Plaintiffs and Counterclaim* |
| Stuart V.C. Duncan Smith | *Defendant Scale Biosciences, Inc.* |
| sduncansmith@wolfgreenfield.com | |
| Emma L. Frank | Dated: April 17, 2025 |
| efrank@wolfgreenfield.com | |
| Arden E. Bonzo | |
| abonzo@wolfgreenfield.com | |
| WOLF, GREENFIELD, & SACKS, P.C. | |
| 600 Atlantic Avenue | |
| Boston, MA 02210 | |
| 617.646.8000 | |

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2025, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Karen L. Pascale
Robert M. Vrana
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Byron L. Pickard
R. Wilson Powers III, Ph.D.
Chandrika Vira
Christopher M. Gallo, Ph.D.
Brady P. Gleason
David Y. Wang
Louis P. Panzica, Jr.
Jamie Dohopolski
Ryan N. Kaiser
Cristen A. Corry
Sterne, Kessler, Goldstein & Fox, P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, DC 20005

*/s/ Sara M. Metzler*
Sara M. Metzler (#6509)
metzler@rlf.com

5