

Kelly E. Farnan
(302) 651-7705
farnan@rlf.com

September 16, 2025

**BY CM/ECF**
The Honorable Christopher J. Burke
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE 19801

Re: *Scale Biosciences, Inc. et al. v. Parse Biosciences, Inc.*,
C.A. No. 22-1597-CJB

Dear Judge Burke:

Pursuant to Oral Order (D.I. 436), Scale Biosciences, Inc. ("ScaleBio") and Roche Sequencing Solutions, Inc. ("RSS") (collectively, "Plaintiffs"), and Parse Biosciences, Inc. ("Parse") and University of Washington ("UW") (collectively, "Parse/UW") (together with Plaintiffs, "the Parties") provide the following information requested by the Court.

Listed below are the fifteen claims currently asserted by ScaleBio and RSS. Because ScaleBio and RSS had previously narrowed the number of asserted claims below the limit required under Step Three of the case-narrowing process, no further claim narrowing was required from Plaintiffs on September 5, 2025. Plaintiffs' asserted claims are unchanged from those at issue when the pending summary judgment and *Daubert* motions were filed.

- U.S. Patent No. 10,626,442 ("the '442 Patent"): Claim 11;
- U.S. Patent No. 10,982,256 ("the '256 Patent"): Claims 1, 2, 5, and 6;
- U.S. Patent No. 11,512,341 ("the '341 Patent"): Claim 13; and
- U.S. Patent No. 11,634,752 ("the '752 Patent"): Claims 1, 2, 6-11, and 14

Pursuant to the September 5, 2025 Step Three case-narrowing process, Parse and UW narrowed the number of asserted claims to the twelve asserted claims below. Specifically, Parse dropped dependent claims 5, 17, and 24 of the '065 Patent, dependent claim 14 of the '355 Patent, and dependent claim 14 of the '856 Patent. Each of these dependent claims depend from independent claim 1 of their respective patents, which remain asserted.

- U.S. Patent No. 10,900,065 ("the '065 Patent"): Claims 1, 12, and 20;
- U.S. Patent No. 11,168,355 ("the '355 Patent"): Claims 1, 5, 6, and 22; and
- U.S. Patent No. 11,427,856 ("the '856 Patent"): Claims 1, 5, 6, 7, and 22

The currently asserted claims of both ScaleBio/RSS's asserted patents and Parse/UW's asserted patents remain subject to the pending summary judgment and Daubert motions. The case narrowing that occurred on September 5, 2025, does not affect the scope of these pending motions. Specifically, ScaleBio/RSS's pending summary judgment motions address: (i) the asserted claims

The Honorable Christopher J. Burke
September 16, 2025
Page 2

of the '752 Patent that are still at issue; and (ii) the non-infringement and invalidity of Parse/UW's claims that remain after the narrowing process.[1] In addition, ScaleBio/RSS's pending *Daubert* motions either (i) relate to the currently asserted ScaleBio/RSS claims or (ii) are not claim-specific and therefore apply equally to all currently asserted claims. Likewise, Parse/UW's pending summary judgment motions pertain to the asserted claims of the ScaleBio/RSS '442, '256, '341, and '752 Patents, all of which remain in the case and have not been impacted by case narrowing. And Parse/UW's pending *Daubert* motions are similarly not claim-specific and apply equally to all currently asserted claims.

**Other Issues**

**Scale Bio's Position:** Given that the scope of the case remains effectively unchanged, ScaleBio has stated in the pretrial documents exchanged on September 3, 2025 its request that the Court bifurcate the trial. Specifically, ScaleBio requests that the trial on the ScaleBio/RSS asserted patents proceed first, followed by a separate trial on the Parse/UW asserted patents, with the second trial to occur in quick succession if the Court so prefers because of the complexity and numerosity of the non-overlapping issues the parties intend to try. The parties' full positions on this issue will be set forth in the draft pretrial order due on October 3, 2025. ScaleBio raises this issue now, in accordance with the Court's May 30, 2024 Order (D.I. 172) stating "[t]he Court will also discuss with the parties in the future whether the trial will involve all patents at issue in the case (or whether more than one trial will be needed)," and the Court's statement at the summary judgment hearing that "if you need guidance from me or anything as we get close, Judge, haven't heard from you and we've got some issues we need to get resolved, you can reach out, write a joint letter or something like that." June 12, 2025 Summary Judgment Hearing Tr. at 162:5-8. ScaleBio is available to discuss this request at the Court's convenience, including at the October 10, 2025 pretrial conference.

**Parse/UW's Position:** Parse/UW disagree that it is appropriate to raise this issue in this letter. Parse/UW, however, oppose any bifurcation of the trial. A second trial on Parse/UW's counterclaims would be inefficient, a waste of judicial resources given the overlapping issues of fact and law at issue in both sides' affirmative cases, common fact and expert witnesses, and prejudicial to Parse/UW. Further, ScaleBio's request to bifurcate the trial between ScaleBio's claims and Parse/UW's counterclaims is premature at this time as ScaleBio first made the proposal in its pretrial documents served on September 3, ScaleBio did not ask for Parse/UW's response until September 19, and the parties' have not met and conferred on this issue. Any request for bifurcation should be addressed, if at all, at the October 10, 2025 pretrial conference.

---

[1] While ScaleBio also challenges the invalidity of certain claims of Parse/UW patents that Parse/UW no longer asserts, ScaleBio's invalidity arguments are based on issues that apply across all claims. For example, all challenged claims of the '065 Patent are alleged to lack written description for the same reason, and the invalidity challenge to the '355 and '856 Patents centers on whether Rosenberg is prior art—a question that does not depend on which specific claim is at issue.

The Honorable Christopher J. Burke
September 16, 2025
Page 2

                                            Respectfully,

                                            */s/ Kelly E. Farnan*

                                            Kelly E. Farnan (#4395)

cc: All Counsel of Record (Via CM/ECF)

RLF1 33789193v.1