**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SCALE BIOSCIENCES, INC., <br><br> and <br><br> ROCHE SEQUENCING SOLUTIONS, INC., <br><br> Plaintiffs, <br> v. <br><br> PARSE BIOSCIENCES, INC., <br><br> Defendant. | Civil Action No.  1:22-CV-01597-CJB <br><br> **JURY TRIAL DEMANDED** |
| PARSE BIOSCIENCES, INC., <br><br> and <br><br> UNIVERSITY OF WASHINGTON, <br><br> Counterclaim Plaintiffs, <br> v. <br><br> SCALE BIOSCIENCES, INC., <br><br> Counterclaim Defendant. | |

**[PROPOSED] PRELIMINARY JURY INSTRUCTIONS[1,2]**

---

[1] By serving these draft jury instructions, ScaleBio/Roche do not concede that it is appropriate for this case to proceed to a single trial before a single jury. ScaleBio/Roche are requesting bifurcation, and if the Court grants bifurcation, ScaleBio/Roche will revise this proposal to address the bifurcated trials.

Parse/UW oppose bifurcation for the reasons set forth in Exhibit 18 of the Proposed Final Pretrial Order.

[2] [**Joint Statement:**  For convenience, and to facilitate the Court's assessment of the parties' disputes, the parties provide their competing proposals (both direct proposals and counterproposals), statements, and respective responses in brackets.

The parties reserve the right to pursue amended jury instructions and to revise their positions on the proposed instructions in response to future rulings by the Court.]

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ............................................................................................................. i

1.    INTRODUCTION ........................................................................................ 1

2.    ROLE OF THE JURY AND ROLE OF THE COURT ................................ 2

3.    THE PARTIES AND THEIR CONTENTIONS [DISPUTED] ..................... 3

4.    INTRODUCTION TO PATENTS ............................................................... 5

5.    THE ROLE OF CLAIMS [DISPUTED] ..................................................... 6

6.    BURDEN OF PROOF [DISPUTED] .......................................................... 8

7.    EVIDENCE ................................................................................................ 10

8.    DIRECT AND CIRCUMSTANTIAL EVIDENCE [DISPUTED] ............. 11

9.    CREDIBILITY OF WITNESSES ............................................................. 12

10.   DEPOSITION TESTIMONY .................................................................... 13

11.   EXPERT TESTIMONY ............................................................................ 14

12.   SUMMARY OF THE PATENT ISSUES [DISPUTED] ........................... 15

13.   CONDUCT OF THE JURY ...................................................................... 17

14.   JUROR NOTEBOOK [DISPUTED] ......................................................... 19

15.   NOTE-TAKING BY JURORS [DISPUTED] ............................................ 20

16.   SIDEBARS ............................................................................................... 21

17.   OUTLINE OF THE TRIAL [DISPUTED] ................................................ 22

18.   TRIAL SCHEDULE ................................................................................. 24

## 1.  INTRODUCTION

Members of the jury: Now that you have been sworn in, I have the following preliminary instructions for your guidance as jurors in this case.

These instructions are intended to introduce you to the case and the law that you will apply to the evidence that you will hear. I will give you more detailed instructions on the law at the end of the trial. Also, because this is a patent trial, I will give you some additional preliminary instructions regarding patents to assist you in discharging your duties as jurors.

## 2. ROLE OF THE JURY AND ROLE OF THE COURT

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and you alone will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions.

You are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

You must follow that law whether you agree with it or not. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

## 3.  THE PARTIES AND THEIR CONTENTIONS

To help you follow the evidence, I will now give you an overview of who the parties are and what each contends.

This is a patent case. The plaintiffs are Scale Biosciences, Inc. and Roche Sequencing Solutions, Inc., which I may refer to as "ScaleBio" and "Roche" or "Plaintiffs." The defendant is Parse Biosciences, Inc., which I may refer to as "Parse" or "Defendant."

Individually, patents are often referred to by their last three digits. ScaleBio and Roche are asserting U.S. Patent Nos. 10,626,442; 10,982,256; 11,512,341; and 11,634,752, which I will refer to individually as the '442 Patent, '256 Patent, '341 Patent, and '752 Patent, or collectively as the "Asserted ScaleBio/Roche Patents." A copy of each of the Asserted ScaleBio/Roche Patents is in your juror notebooks.  Roche owns the Asserted ScaleBio/Roche Patents and ScaleBio is the exclusive licensee of the Asserted ScaleBio/Roche Patents.

ScaleBio and Roche contend that Parse has and is continuing to infringe certain claims of the Asserted ScaleBio/Roche Patents by making, using, selling, and offering for sale its single cell barcoding products in the United States [ScaleBio/Roche Proposal: or by the supply of components from the United States for combination outside of the United States],[3]  by inducing its customers to use the products in an infringing manner, or by contributing to its customers' use of the products

---

[3] **Parse/UW Position:** Parse/UW object to ScaleBio's attempt to assert infringement through the supply of components from the United States to another country under § 271(f). Parse/UW includes such instructions only to the extent the Court allows ScaleBio to present this theory at trial. *See* Parse's Motion to Strike Portions of Mr. Mooney's Supplemental Report and Theories of § 271(f) (D.I. 447).

**ScaleBio/Roche Position:** ScaleBio/Roche disagree, and Parse/UW have acknowledged that ScaleBio/Roche included this theory of infringement in their infringement contentions. *See* Parse's Opening Letter in Support of Motion to Strike Portions of Mr. Mooney's Supplemental Report and Theories of § 271(f) Infringement, D.I. 447 at 1. ScaleBio/Roche also incorporate by reference their forthcoming opposition to Parse's Motion (D.I. 447).

in an infringing manner. These claims may be referred to as the "Asserted ScaleBio Claims." ScaleBio and Roche contend they are owed monetary damages for any infringement, and they also contend that any infringement is willful. Parse denies that it infringes any of the Asserted ScaleBio Claims, denies that any infringement was willful, contends that the Asserted ScaleBio/Roche Patents are invalid, and contends that ScaleBio/Roche are not entitled to any damages.

The counterclaim plaintiffs are Parse and University of Washington, which I may refer to as "Parse/UW" or "Counterclaim Plaintiffs." The counterclaim defendant is ScaleBio, which I may refer to as ScaleBio or "Counterclaim Defendant."

Parse and University of Washington are asserting U.S. Patent Nos. 10,900,065; 11,168,355; and 11,427,856, which I will refer to individually as the '065 Patent, '355 Patent, and '856 Patent, or collectively as the "Asserted Parse/UW Patents." A copy of each of the Asserted Parse/UW Patents is in your juror notebooks. University of Washington owns the Asserted Parse/UW Patents and Parse is the exclusive licensee of the Asserted Parse/UW Patents.

Parse and UW contend that ScaleBio has and is continuing to infringe certain claims of the Asserted Parse/UW Patents by using its single cell barcoding products in the United States, by inducing its customers to use the products in an infringing manner, or by contributing to its customers' use of the products in an infringing manner. These claims may be referred to as the "Asserted Parse/UW Claims." Parse and UW contend they are owed monetary damages for any infringement, and they also contend that any infringement is willful. ScaleBio denies that it infringes any of the Asserted Parse/UW Claims, denies that any infringement was willful, contends that the Asserted Parse/UW Claims are invalid, and contends that Parse/UW are not entitled to any damages.

## 4. INTRODUCTION TO PATENTS

At this time, we are going to show a video prepared by the Federal Judicial Center called "The Patent Process: An Overview for Jurors." You are being provided a copy of the sample patent referenced in the video. The video will run for approximately 17 minutes. At the conclusion of the video, I will provide you with additional instructions.

*[**Not for juror copy:** The video will be played].*

## 5.  THE ROLE OF CLAIMS

The claims of a patent define the patent owners' rights under the law; that is, the claims define what the patent owners may exclude others from doing during the term of that patent. The claims may be divided into a number of parts or steps, referred to as "claim limitations."

The claims of a patent serve two purposes. First, they set the boundaries of the patented invention – what the patent covers. Second, they provide notice to the public of what those boundaries are. When a product or process is accused of infringing a patent, the patent claims must be compared to the accused product or process to determine whether infringement has been proven. It is the claims of the patent that are infringed when patent infringement occurs. The claims are at issue as well when the validity of a patent is challenged.

In this case, we are concerned with Claim 11 of the '442 Patent; Claims 1, 2, 5, and 6 of the '256 Patent; Claim 13 of the '341 Patent; Claims 1, 2, 6-11, and 14 of the '752 Patent. ScaleBio and Roche contend that Parse infringed these claims of the '442, '256, '341, and '752 Patents. Parse denies this and contends that these claims are invalid.

In this case, we are also concerned with Claims 1, 12, and 20 of the '065 Patent, Claims 1, 5, 6, and 22 of the '355 Patent, and Claims 1, 5, 6, 7, and 22 of the '856 Patent. Parse and UW contend that ScaleBio infringed the claims of the '065, '355, and '856 Patents. ScaleBio denies this and contends that these claims are invalid.

The language of patent claims may not be clear to you. I have defined certain words and phrases in some of the claims **[ScaleBio/Roche Proposal:** , and the parties have agreed to definitions of certain phrases][4]. You will be provided with these definitions during the course of

---

[4] **Parse/UW Position:** For purposes of understanding the scope of the claims, there is no distinction between the Court's constructions and the parties' agreed constructions.

the trial. You must use the meanings I give you when you decide whether a patent claim is infringed and whether it is invalid.

Next, I will give you information about the law and the issues that will be presented to you during this trial. At the conclusion of the trial, I will give you more detailed instructions about the law you are to follow as you deliberate to reach your verdict. As I have stated, you must follow the law as I describe it to you.

The courtroom deputy has distributed the juror notebooks. These notebooks include paper, a pen, a glossary of patent terms and acronyms, a sample patent, copies of the Asserted Patents, and a list of the meanings of certain claim terms [**ScaleBio/Roche Proposal**: that the Court has ruled on and the meanings of certain terms the parties have agreed to]⁵.

---

**ScaleBio/Roche Position**:  Parse/UW's proposal improperly conflates the Court's constructions with those the parties stipulated to and the Court neither considered nor decided. It is incorrect to suggest that the Court would refer to agreed constructions as its own, or to state, as Parse/UW propose, "I have defined certain words and phrases in some of the claims," with respect to terms resolved by party agreement without Court intervention.

⁵ The parties' dispute here is the same as the dispute stated in the footnote immediately preceding this footnote.

## 6.  BURDEN OF PROOF

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof." In a patent case such as this, two different burdens of proof are used. The first is called "preponderance of the evidence." The second is called "clear and convincing evidence."

ScaleBio and Roche contend that Parse has infringed and is infringing the Asserted ScaleBio/Roche Patents. Parse and UW contend that ScaleBio has infringed and is infringing the Asserted Parse/UW Patents. A party asserting patent infringement has the burden of proving infringement by a preponderance of the evidence. A preponderance of the evidence is evidence that, when considered in light of all the facts, leads you to believe that what that party claims is more likely true than not. To put it differently, if you were to put the parties' evidence on opposite sides of a scale, the evidence supporting infringement must make the scales tip somewhat toward the asserting party's side.

[**ScaleBio Proposal:** If you decide that an alleged infringer has infringed, you must go on and address the additional issue of whether or not this infringement was willful. Willfulness requires you to determine whether the patent holder proved that it is more likely than not that the alleged infringer knew of the patent holder's patent and that the infringement by the alleged

8

infringer was intentional.][6] A party asserting that patent infringement is willful also has the burden of proving willful infringement by a preponderance of the evidence.[7]

As I noted earlier, in addition to denying infringement, Parse contends that the Asserted ScaleBio/Roche Patents are invalid. In addition to denying infringement, ScaleBio also contends that the Asserted Parse/UW Patents are invalid. A party challenging the validity of a patent has the burden of proving by clear and convincing evidence that the patent is invalid. Clear and convincing evidence means that it is highly probable the fact sought to be proved by the evidence is true. Proof by clear and convincing evidence is, therefore, a higher burden than proof by a preponderance of the evidence.

Some of you may have heard the phrase "proof beyond a reasonable doubt." That burden of proof applies only in criminal cases and has nothing to do with a civil case like this one. You should therefore not consider it in this case.

---

[6] **Parse/UW's Position:** This level of detail in preliminary instructions is unnecessary and discussion of the burden of proof for willful infringement does not add anything to the jury's understanding given that the burden of proof is the same as for infringement. Parse/UW propose eliminating the instruction. In the alternative, Parse/UW propose the language that was used in *Midwest Energy. See* n.6 *infra*.

**ScaleBio/Roche Position:** Willfulness is a distinct issue that the jury must decide, like infringement and validity, and it is appropriate to preview this issue and the associated burden of proof for the jury. This Court has instructed the jury on the burden of proof for willfulness in preliminary instructions in a recent patent case where willfulness was at issue. Preliminary Jury Instructions at 10, *Midwest Energy Emissions Corp. v. Arthur J. Gallagher & Co*., 1:19-cv-01334, D.I. 670 (D. Del.).

[7] Preliminary Jury Instructions at 10, *Midwest Energy Emissions Corp. v. Arthur J. Gallagher & Co*., C.A. No. 19-cv-01334-CJB, D.I. 670 (D. Del. Feb. 15, 2024).

**7. EVIDENCE**

You must make your decision based only on the evidence that you see and hear in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses say while they are testifying under oath (including deposition testimony that will be played or read to you), the exhibits that I allow into evidence, and any facts that the parties agreed to by stipulation.

Nothing else is evidence. The following things are not evidence: statements, arguments, questions, and objections by the lawyers; any testimony I tell you to disregard; and anything you may see or hear about this case outside the courtroom. You are to decide this case solely on the evidence presented here in the courtroom.

During trial you may be shown charts and animations to help illustrate the testimony of the witnesses. These illustrative exhibits, sometimes called "demonstrative exhibits," are not admitted into evidence and should not be considered as evidence. My legal rulings are not evidence. None of my comments or questions are evidence.

During the trial I may not let you hear the answers to some of the questions that the lawyers ask. I also may rule that you may not see some of the exhibits that the lawyers wanted you to see. Do not speculate about what a witness might say or what an exhibit might show. And sometimes I may order you to disregard things that you saw or heard. You must completely ignore all of these things. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Do not consider my rulings on whether you can hear certain testimony or see certain exhibits as any indication of my opinion of the case or of what your verdict should be.

## 8.  DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. For example, if a witness testified that she saw it raining outside, that would be direct evidence that it was raining.

Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. For example, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between the weight that you should give to either direct or circumstantial evidence but simply requires that you find facts from all the evidence in the case, both direct and circumstantial, and give it whatever weight you believe it deserves. [**Parse/UW Proposal:** If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.][8]

---

[8] **Parse/UW Position:** Preliminary Jury Instructions, *Allergan Inc. v. Revance Therapeutics, Inc.*, C.A. No. 21-1411-RGA-LDH, D.I. 600 at 10 (D. Del. July 9, 2025).

**ScaleBio/Roche Position:** This language is unnecessary and is inconsistent with the preceding instructions on the burdens of proof. It is not present in this Court's most recent patent jury charges. *See* Preliminary Jury Instructions, *Stodge Inc. v. Attentive Mobile Inc.*, No. 23-087-CJB, D.I. 779 at 9 (D. Del. Aug. 23, 2025); Preliminary Jury Instructions at 7, *Midwest Energy Emissions Corp. v. Arthur J. Gallagher & Co.*, No. 19-1334-CJB, D.I. 670 (D. Del. Feb 15, 2024).

## 9. CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it.

You should consider each witness's opportunity and ability to see or hear or know the things testified to; strength of memory; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. You may determine how much of any witness's testimony to accept or reject and choose to reject some parts of a witness's testimony while accepting other parts.

**10. DEPOSITION TESTIMONY**

You may hear witnesses testify through deposition testimony. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition may also be recorded on videotape. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present in court to testify.

## 11. EXPERT TESTIMONY

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience. When knowledge of technical subject matter may be helpful to the jury, an expert is permitted to state an opinion on those technical matters.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness.

**12. SUMMARY OF THE PATENT ISSUES**

In this case, you must decide things according to the instructions I will give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. You must decide:

1) Whether ScaleBio and Roche have proven by a preponderance of the evidence that Parse has infringed one or more of the Asserted ScaleBio Claims.

2) If you decide that ScaleBio and Roche have proven that Parse infringed one or more of the Asserted ScaleBio Claims, whether ScaleBio and Roche have proven by a preponderance of the evidence that Parse willfully infringed that claim.

3) Whether Parse has proven by clear and convincing evidence that one or more of the Asserted ScaleBio Claims is invalid.

4) If you decide that ScaleBio and Roche have proven that Parse infringed a claim not shown to be invalid, what monetary damages ScaleBio and Roche have proven by a preponderance of the evidence that they are entitled to.

5) Whether Parse has shown by clear and convincing evidence that the Asserted ScaleBio/Roche '442 Patent is unenforceable;[9]

6) Whether Parse and UW have proven by a preponderance of the evidence that ScaleBio has infringed one or more of the Asserted Parse/UW Claims.

---

[9] **Parse Position:** Parse respectfully requests that the Court allow its unclean hands defense to be presented to the jury and that the jury render an advisory verdict.

**ScaleBio/Roche Position:**  ScaleBio/Roche is moving to exclude Parse's unclean hand defense and related evidence. ScaleBio/Roche agree to include this draft jury instruction for use only if the Court rejects ScaleBio/Roche's motion in *limine* and if the Court allows Parse to present evidence to the jury on this defense.

7) If you decide that Parse and UW have proven that ScaleBio infringed one or more of the Asserted Parse/UW Claims, whether Parse and UW have proven by a preponderance of the evidence that ScaleBio willfully infringed that claim.

8) Whether ScaleBio has proven by clear and convincing evidence that one or more of the Asserted Parse/UW Claims is invalid.

9) If you decide that Parse and UW have proven that ScaleBio infringed a claim not shown to be invalid, what monetary damages Parse and UW have proven by a preponderance of the evidence that they are entitled to.

10) Whether ScaleBio has shown by clear and convincing evidence that the Asserted Parse/UW Patents are unenforceable.[10]

---

[10] **ScaleBio Position:** ScaleBio respectfully requests that the Court allow its unclean hands defense to be presented to the jury and that the jury render an advisory verdict.

**13. CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors:

First, during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case, not even among yourselves and not with family and friends. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about this case, including a fellow juror, bring it to the Court's attention promptly.

Second, do not read or listen to anything touching on or relating to this case that is not admitted into evidence. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or make any investigation about the case on your own. Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, and the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or any other electronic means. It is important that you decide this case based solely on the evidence presented in the Courtroom. Please do not try to find out information from any other sources.

I know that many of you use cell phones, smart phones, tablets, and other portable electronic devices; laptops, notebooks, and other computers. You must not talk to anyone at any time about this case or otherwise use these or other electronic devices to communicate with anyone

17

about the case or, as I noted, get information about the case, the parties or any of the witnesses or lawyers involved in the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, Facebook, Snapchat, Instagram, Twitter, now known as X, TikTok, WeChat, WhatsApp, LinkedIn, YouTube, or through any blog or website. You may not use any similar technology or social media to get information about this case, even if I have not specifically mentioned it here.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case. After you retire to deliberate, you may begin to discuss the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at its end.

**14. JUROR NOTEBOOK**

To assist in your deliberations, you have been provided with a notebook that contains the following:

- Glossary of patent terms and acronyms;

- Sample patent mentioned in the video;

- Copy of the Asserted ScaleBio/Roche Patents;

- Copy of the Asserted Parse/UW Patents; and

- The Court's claim constructions, and

- [**ScaleBio/Roche proposal**: The copy of certain terms and their definition the parties agreed to][11]

These materials have been jointly submitted by the parties. Please refer to these materials to assist you during the trial.

---

[11] The parties' dispute here is the same as the dispute identified in footnote 4 above.

## 15. NOTE-TAKING BY JURORS

You have been given a notepad and pen. If you wish, you may take notes during the presentation of evidence, the arguments of the attorneys at the conclusion of the evidence, and during my instructions to you on the law. Your notes are for your own personal use and are valuable, if at all, only as a way to refresh your memory. They are not to be read or given to anyone else including your fellow jurors. Your notes are not to be used in place of the evidence.

The court reporter will transcribe the trial testimony, but you should not assume that the transcripts will be available for your review during your deliberations. Instead, as you listen to the testimony, keep in mind that you will be relying on your memory when it comes time to deliberate and render your verdict in this case. So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.

If you do take notes, do not take them away from court. At the end of each day, leave your notes in the jury room. At the conclusion of the case, after you have reached a verdict, your notes will be collected and destroyed without review.

[**Parse/UW's Position:**[12] At the end of the trial, you must make your decision based on what you recall of the evidence.]

---

[12] Preliminary Jury Instructions, *TwinStrand BioSciences, Inc. v. Guardant Health Inc.*, C.A. No. 21-1126-GBW, D.I. 480 at 17 (D. Del. Nov. 6, 2023); Preliminary Jury Instructions, *Allergan Inc. v. Revance Therapeutics Inc.*, C.A. No. 21-1411-RGA-LDH, D.I. 600 at 11 (D. Del. July 9, 2025).

**ScaleBio/Roche Position:** This language is unnecessary and improperly suggests the jury should not rely on the exhibits entered into evidence, which will be provided to the jury during deliberations. *See also* Preliminary Jury Instructions, *Stodge Inc. v. Attentive Mobile Inc.*, No. 23-087-CJB, D.I. 779 at 9 (D. Del. Aug. 23, 2025).

**16. SIDEBARS**

During the trial, it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, which is also called a sidebar. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law. We will, of course, do what we can to keep the number and length of these conferences to a minimum. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

If you would like to stand or stretch or walk around the jury box while we are at sidebar, you should feel free to do so.

## 17. OUTLINE OF THE TRIAL[13]

The trial will now begin.

First, each side may make an opening statement outlining its case. Opening statements are not evidence; their only purpose is to help you understand what the evidence will be.

Next, the parties will present their evidence. [**ScaleBio's Position:** For example, ScaleBio and Roche will present their case and evidence through witnesses, and counsel for Parse may cross-examine those witnesses. ScaleBio and Roche will also present their evidence regarding the damages that they believe are warranted if you find the Asserted ScaleBio/Roche Patents infringed and not invalid. Parse will then have the opportunity to present its response to ScaleBio and Roche's case, including its evidence regarding validity of the Asserted ScaleBio/Roche Patents. When Parse is finished, ScaleBio and Roche will have the opportunity to introduce evidence to defend against Parse's allegations of invalidity. Parse and UW will then proceed in the same way to present their case against ScaleBio and ScaleBio will defend against those allegations.]

[**Parse/UW's Position:** For example, ScaleBio and Roche will present their case and evidence through witnesses on infringement and damages. Counsel for Parse/UW may cross-examine those witnesses. Parse/UW will then present its response to ScaleBio and Roche's allegations of infringement and damages, together with its case on ScaleBio's infringement of the Asserted Parse/UW Patents and damages. Parse/UW will also present its case on the invalidity of the Asserted ScaleBio/Roche Patents. Parse/UW will present their case and evidence through witnesses. Counsel for ScaleBio and Roche may cross-examine those witnesses.

---

[13] The parties dispute the order of presentation of evidence, and ScaleBio/Roche are requesting bifurcation, which Parse/UW oppose. The parties' positions on this issue are presented in the Joint [Proposed] Final Pretrial Order, and the parties expect that the Court's resolution of this issue as raised in the Joint [Proposed] Final Pretrial Order will resolve the dispute on this jury instruction as well. *See* D.I. 450 at 13-15, Ex. 18.

ScaleBio will then have the opportunity to rebut Parse/UW's evidence that the Asserted ScaleBio/Roche Patents are invalid, together with its case that the Asserted Parse/UW Patents are invalid. ScaleBio will also present its response to Parse/UW's evidence of infringement and damages. Parse/UW will then have the opportunity to rebut ScaleBio's evidence that the Asserted Parse/UW Patents are invalid.]

After all of the evidence has been presented, I will give you instructions on the law and describe for you the matters you must resolve. The lawyers will then offer closing arguments. The closing arguments are not evidence. Their purpose is to summarize and interpret the evidence for you, and to tie the evidence to their story. You will then retire to the jury room to deliberate on your verdict.

**18. TRIAL SCHEDULE**

Though you have heard me say this during the jury selection process, I want to again outline the schedule I expect to maintain during the course of this trial. As I mentioned previously, the presentation of evidence in this case is expected to be completed Thursday or Friday of next week, with jury deliberations to follow.

We will normally begin the day at 9:00 a.m. There will be at least one break every morning and at least one break every afternoon. There will also be a lunch break each day – and every day other than today we will be able to order lunch for you. The dates and times of our trial days will be as follows:

Monday, October 20: 9:30 a.m. to 5:00 p.m.

Tuesday, October 21 – Friday, October 31: 9:00 a.m. to 5:00 p.m.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. At that point, you will be permitted to deliberate as late as you wish.

Please keep in mind that this is a timed trial. That means I have allocated each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that we expect to be completed with the presentation of evidence by Friday, October 31.

Of course, you can help me keep on schedule by being here promptly each morning and being ready to proceed at the end of each break.

One final word. I told you when I intend to take breaks and how often I aim to take breaks, but if any of you need an additional break at any time, that is fine. You just need to get my attention or my assistant's attention. That can be done usually by waving or raising a hand or, if need be, by standing. And so if you need a break for any reason at any other times, please just get our attention.