**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SCALE BIOSCIENCES, INC. and ROCHE SEQUENCING SOLUTIONS, INC., *Plaintiffs,* v. PARSE BIOSCIENCES, INC., *Defendant,* | C.A. No. 22-1597-CJB |
| PARSE BIOSCIENCES, INC. and UNIVERSITY OF WASHINGTON, *Counterclaim-Plaintiffs,* v. SCALE BIOSCIENCES, INC., *Counterclaim-Defendant.* | |

**PARSE'S OPPOSITION TO PLAINTIFFS' MOTION FOR REARGUMENT
UNDER LOCAL RULE 7.1.5**

*Of Counsel:*

Byron L. Pickard
R. Wilson Powers III, Ph.D.
Chandrika Vira
Anna G. Phillips
Christopher M. Gallo, Ph.D.
Brady P. Gleason
Louis P. Panzica, Jr.
David Y. Wang
Page E. Cloud
Ryan N. Kaiser
Cristen A. Corry
**STERNE, KESSLER, GOLDSTEIN
    & FOX, P.L.L.C.**
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

Karen L. Pascale (#2903)
Anne Shea Gaza (#4093)
Robert M. Vrana (# 5666)
Samantha G. Wilson (#5816)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant/Counterclaim-
Plaintiff Parse Biosciences, Inc. and
Counterclaim-Plaintiff University of
Washington*

October 16, 2025

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................1

II.     BACKGROUND .........................................................................................................2

III.    LEGAL STANDARDS ...............................................................................................4

IV.     ARGUMENT...............................................................................................................5

        A.      The Court's construction does not merit reargument. .........................................5

                1.      The Court did not misapprehend the parties' positions. .............................5

                2.      The Court's construction is not "incompatible" with the
                        specification. ...............................................................................................6

        B.      The Court's construction does not require revisiting summary judgment...............8

V.      CONCLUSION...........................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ampro Computs., Inc. v. LXE, LLC,*
  2017 WL 877301 (D. Del. Mar. 6, 2017) ...............................................................10

*Avadel CNS Pharms. LLC v. Jazz Pharms., Inc.,*
  C.A. No. 22-941-GBW, 2025 WL 2714260 (D. Del. Sept. 23, 2025) ................................4, 5

*In re Entresto,*
  125 F.4th 1090 (Fed. Cir. 2025) .......................................................................3

*Genentech, Inc. v. Chiron Corp.,*
  112 F.3d 495 (Fed. Cir. 1997)..........................................................................5

*Golden Bridge Tech., Inc. v. Apple Inc.,*
  758 F.3d 1362 (Fed. Cir. 2014).......................................................................10

*Karr v. Castle,*
  768 F. Supp. 1087 (D. Del. 1991).....................................................................10

*Knowles Elecs. LLC v. Iancu,*
  886 F.3d 1369 (Fed. Cir. 2018) (*see* Mot. ) ...........................................................7

*Midwest Energy Emissions Corp. v. Arthur J. Gallagher & Co.,*
  C.A. No. 19-1334-CJB (D. Del. Feb. 16, 2024), D.I. 672 .................................................4

*PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC,*
  815 F.3d 747 (Fed. Cir. 2016).........................................................................7

*Rolls-Royce, PLC v. United Techs. Corp.,*
  603 F.3d 1325 (Fed. Cir. 2010)......................................................................1, 8

*Schering Corp. v. Amgen, Inc.,*
  25 F. Supp. 2d 293 (D. Del. 1998)..................................................................4, 10

*SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.,*
  983 F.3d 1367 (Fed. Cir. 2021)......................................................................1, 8

*Stairmaster Sports/Med. Prods., Inc. v. Groupe Procycle, Inc.,*
  25 F. Supp. 2d 270 (D. Del. 1998).....................................................................4

**Other Authorities**

D. Del. L.R. 7.1.5(a) ..................................................................................4

## I.     INTRODUCTION

The Court should deny Plaintiffs' motion for reargument. Plaintiffs contend that the Court misapprehended both the parties' positions and the "downstream effects" of the Court's construction of the term "APS oligonucleotides." The record shows otherwise.

Rather than misapprehending the parties' positions, the Court, after carefully considering the parties' briefs and affording the parties nearly an hour and a half of oral argument on the issue, accurately pinpointed a threshold disputed issue. That is, whether the phrase "wherein the APS oligonucleotides [of claim 1] . . . comprise a unique binding agent (UBA)" means (1) that the APS oligonucleotides of claim 1 include a UBA (Parse's position) or (2) that the UBA is an optional feature of the APS oligonucleotides of claim 1 (Plaintiffs' position). Applying traditional principles of claim construction, the Court correctly sided with Parse.

Unhappy with that outcome, Plaintiffs seek a do-over, claiming that the Court's construction is "incompatible" with the patent's intrinsic evidence. That is wrong. The Court's construction finds strong support not only in the claim language but also in the specification, the latter of which makes clear that UBAs can embody APSs and provides other examples of UBAs that are part of APSs. All that Plaintiffs can point to in the lengthy specification are a couple of drawings depicting just two of potentially hundreds of embodiments of the alleged invention. Even if Plaintiffs' characterizations of those drawings are accurate, they do not render the Court's construction "incompatible" with the specification. A "court must not allow [a] disclosed embodiment to outweigh the language of the claim, especially when the court's construction is supported by the intrinsic evidence." *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 983 F.3d 1367, 1379 (Fed. Cir. 2021) (quoting *Rolls-Royce, PLC v. United Techs. Corp.*, 603 F.3d 1325, 1334 (Fed. Cir. 2010)).

Plaintiffs further argue that, even if the construction stands, summary judgment should be

relitigated because only certain nucleic-acid UBA structures could be included in the APS

oligonucleotides of claim 1. That argument is not only waived; it fails on the merits. Nothing in

claim 1 narrows the scope of UBAs (including antibody and aptamer UBAs) identified by Parse

as not being enabled. Moreover, Plaintiffs could have made that argument during summary

judgment proceedings and chose not to. Reargument is not a second bite at the apple.

## II.    BACKGROUND

In accordance with the Court's scheduling orders, the parties filed various motions for

summary judgment. As relevant here, Parse moved for summary judgment that the asserted

claims of the '442, '752, and '256 patents are invalid for lack of written description and

enablement. *See* D.I. 325 at 4–19. The Court heard lengthy argument on that motion as to the

'752 patent in June 2025. *See generally* D.I. 419. On October 8, 2025, the Court granted the

motion as to the '752 patent. D.I. 466. Plaintiffs then moved for reargument. D.I. 473 ("Mot.").

In Parse's opening summary judgment brief, Parse explained that claim 1 of the '752

patent "requires, in relevant part, 'at least two sets of assayable polymer subunit (APS)

oligonucleotides.'" D.I. 325 at 5. Parse further explained that "[c]laim 5 narrows that APS

limitation such that the APSs 'comprise a unique binding agent (UBA).'" *Id.* Therefore, Parse

argued, "[c]laim 1's APSs . . . encompass APSs comprising UBAs." *Id.* And because claim 1 and

the other asserted claims of the '752 patent lack written description and enablement for the full

scope of UBAs, the patent is invalid. *Id.* at 4–5.

Plaintiffs joined issue in their answering brief. Specifically, Plaintiffs argued that "UBAs

are not embodiments of the 'APS oligonucleotides' recited in the Challenged Kit Claims,[1] but

are an additional feature that might optionally be included in the kits defined by the Challenged

---

[1] The "Challenged Kit Claims" are claims 1, 2, 6–11, and 14 of the '752 patent. D.I. 366 at 1.

Kit Claims (and are required only by claim 5)." D.I. 366 at 2. Mischaracterizing Parse's arguments, Plaintiffs further argued that "Parse's focus on what the claims should be '*construed to cover*,' rather than 'that which is claimed' as determined by the claim limitations, 'conflates the distinct issues of patentability and infringement.'" *Id.* (citing *In re Entresto*, 125 F.4th 1090, 1098 (Fed. Cir. 2025)). Parse corrected this misinterpretation in reply, explaining that because "the patent discloses and actually *claims* UBAs," UBAs are "more than simply 'covered' by the literal scope of the asserted claims—they are indisputably a subset of that claim scope." D.I. 395 at 5 (emphasis in original).

The parties further litigated the scope of the APSs in claim 1 at the June 2025 hearing. There, the Court heard argument for roughly *an hour and a half* on the portion of Parse's motion directed to the '752 patent, with the majority of time spent on whether the "APS oligonucleotides" included UBAs. *See* D.I. 419, 97:1–159:12. Parse maintained that claim 5 narrowed the APSs of claim 1 to "include or to comprise the UBAs," which clearly showed "that UBAs are an embodiment of APSs." *Id.*, 99:23–100:6. Meanwhile, Plaintiffs maintained that "APS oligonucleotides and UBAs are separate things." *Id.*, 132:24–25. The Court questioned "how it is literally possible to define APS oligonucleotides as excluding UBAs in light of Claim 5," which says that the UBAs are "part of APS oligonucleotides." *Id.*, 136:11–18. Plaintiffs responded that the word "comprise" in claim 5 meant that the APS in claim 1 "has an additional component which functions as a UBA." *Id.*, 136:19–137:5.

After considering the parties' briefs and hearing extensive argument, the Court granted Parse's motion for summary judgment of invalidity for lack of written description and enablement with respect to the '752 patent. In its thorough and well-reasoned 28-page opinion, the Court correctly observed that "[t]he parties' dispute here particularly implicates the language

3

of asserted claim 1 and unasserted claim 5" and "whether UBAs fall within the 'claimed subject matter' and the 'full scope' of claim 1 (and the other asserted claims)—such that they must be" described and enabled. D.I. 466 at 10, 12. Relying on traditional principles of claim construction, the Court found that "claim 5 should be read to narrow what can make up the 'APS oligonucleotides' referenced therein (i.e., of at least one of the sets of APS oligonucleotides recited in claim 1)" and that claim 5 "does so by specifying that these APS oligonucleotides 'comprise a UBA[.]'" *Id.* at 15. Accordingly, the Court found that the APS oligonucleotides in claim 1 encompass within their scope UBAs, and because those UBAs are not sufficiently described or enabled, the asserted claims are invalid. *Id.* at 27–28.

For the reasons explained below, Plaintiffs do not meet the high standard for granting reargument.

## III.    LEGAL STANDARDS

Motions for reargument "must surmount a very high bar to be granted." Oral Order, *Midwest Energy Emissions Corp. v. Arthur J. Gallagher & Co.*, C.A. No. 19-1334-CJB (D. Del. Feb. 16, 2024), D.I. 672; *see also* D. Del. L.R. 7.1.5(a) ("Motions for reargument shall be sparingly granted."); *Stairmaster Sports/Med. Prods., Inc. v. Groupe Procycle, Inc.*, 25 F. Supp. 2d 270, 292 (D. Del. 1998) (same). Such motions are "granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *Avadel CNS Pharms. LLC v. Jazz Pharms., Inc.*, C.A. No. 22-941-GBW, 2025 WL 2714260, at *2 (D. Del. Sept. 23, 2025) (citation omitted). Unless the moving party has discovered new factual matters not previously obtainable, a motion for reargument is not a vehicle for the losing litigant "to supplement or enlarge the record provided to the Court and upon which the merits decision was made." *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998). The party filing the motion bears the

4

burden of demonstrating that reargument should be granted. *Avadel*, 2025 WL 2714260, at *2.

## IV.    ARGUMENT

### A.    The Court's construction does not merit reargument.

#### 1.    The Court did not misapprehend the parties' positions.

Plaintiffs' motion is premised on the idea that the Court misunderstood the parties' positions. Not so. The Court correctly identified the parties' competing interpretations of "APS oligonucleotides" as central to their dispute regarding the scope of claim 1 of the '752 patent. The Court then methodically analyzed the term using traditional principles of claim construction and found that Parse had the better position. Nothing about that merits reargument.

As summarized above, Parse unambiguously argued that, because claim 5 depends from claim 1 and defines APSs as "compris[ing] a [UBA]," claim 1's APSs encompass APSs comprising UBAs. D.I. 325 at 5.[2] Plaintiffs squarely addressed that argument, contending that "UBAs are not embodiments of the 'APS oligonucleotides' . . . , but are an additional feature that might optionally be included in the kits defined by the Challenged Kit Claims (and are required only by claim 5)." D.I. 366 at 2. The Court understood these arguments and accurately summarized them in its opinion. *See* D.I. 466 at 9–10. In resolving the dispute, the Court correctly sided with Parse, explaining that "'comprising' is a term of art used in claim language which means that the named elements are essential, but other elements may be added[.]" D.I. 466 at 15 (quoting *Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 501 (Fed. Cir. 1997)).

The Court further explained that Plaintiffs' reading of claim 5 "would contravene

---

[2] Plaintiffs ignore that fact to contend that their position only "followed from Parse's contention that the UBAs at issue were not part of APS oligonucleotides but included different molecules (like antibodies)." Mot. at 4. Tellingly, Plaintiffs cite nothing to support that assertion. Parse's position has always been that the APSs in claim 1 encompass APSs comprising UBAs. *See, e.g.*, D.I. 325 at 5; D.I. 419 at 99:20–100:21.

traditional claim construction principles about what the use of the term 'comprise' is meant to indicate in this context." *Id.* at 15–16 n.10 (collecting cases). Indeed, Plaintiffs' contrary interpretation was "more akin to the meaning of the phrase '*further* comprises' or '*further* comprising.'" *See id.* (collecting cases). But claim 5 does not use the phrase "further comprising," and the patent offers no reason to construe it that way. *Id.* In fact, the patent demonstrates that, where the patentee intended to use language akin to "further comprising," the patentee did so by using the phrase "additionally comprise." *Compare, e.g.*, claim 5, *with* claims 6 and 7 (reproduced below; emphases added).

| Claim 5 ("comprise") | Claims 6 and 7 ("additionally comprise") |
|---|---|
| 5. The kit of claim 1, wherein the APS oligonucleotides of at least one of the sets of APS oligonucleotides *comprise* a unique binding agent (UBA) | 6. The kit of claim 1, wherein the APS oligonucleotides of at least one of the sets of APS oligonucleotides *additionally comprise* a random sequence between the 5′ end sequence and the 3′ end sequence. |
|  | 7. The kit of claim 1, wherein the APS oligonucleotides of at least one of the sets of APS oligonucleotides *additionally comprise* an affinity tag. |

### 2. The Court's construction is not "incompatible" with the specification.

Plaintiffs do not contend with that claim and instead rely on a supposed incompatibility between the Court's construction and the specification. Plaintiffs argue (at 5) that the Court should have contorted the word "comprising" to mean "further comprising" because the patent "uniformly treat[s]" UBAs and APSs as "modular, separable, and joinable things." Plaintiffs point to *nothing* in the 57-column written disclosure to substantiate their position, relying instead on two figures that allegedly illustrate Plaintiffs' point. Even if those figures show what Plaintiffs say they show, they do not render the Court's construction "incompatible" with the specification. That is because those figures represent just two of potentially hundreds of embodiments disclosed in the specification. *See* '752 patent, 13:39–41 (stating that Figure 2

depicts "a graphical representation of one embodiment" of the invention), 13:44–46 (stating that Figure 4 "depicts labeling of cells in one embodiment of the invention"). Indeed, the specification recites the phrase, "in some embodiments" over 500 times and emphasizes the extraordinarily flexible nature of the hybrid molecular entities disclosed in the patent. *See* '752 patent, 24:4–11 (stating that "at least two of ESB, UBAs, APSs, and COBs comprise different chemical compositions described [in the patent] or any other suitable composition known in the art" and that "[a]ny combination of described chemistries are envisioned within the scope of the invention").

More importantly, the specification makes clear that UBAs *need not* be "modular, separable, and joinable things." *Contra* Mot. at 5. As the Court correctly observed, "[b]oth UBAs and APS oligonucleotides can be the same type of molecule," such as an aptamer. *See* D.I. 466 at 17–18 (citing '752 patent, 19:25–27, 37:31). Additionally, the specification is replete with examples of UBAs *that are part* of APSs. For example, the patent recites that, "[i]n certain embodiments, the UBAs comprise an identity portion or *at least part of an identity portion*, for example, . . . a COB." '752 patent, 17:57–59 (emphasis added). A COB, in turn, may be "generated with the APSs from the ordered set of APSs." *Id.*, 7:41–43. Thus, a UBA may comprise the APSs that make up a COB.

Because the Court's construction of "APS oligonucleotides" encompasses disclosed embodiments, *Knowles Elecs. LLC v. Iancu*, 886 F.3d 1369, 1375 (Fed. Cir. 2018) (*see* Mot. at 7) is inapposite. While it may be true that a construction that does not encompass any disclosed embodiment is rarely correct, "[t]his does not mean . . . that each and every claim ought to be interpreted to cover each and every embodiment." *PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, 815 F.3d 747, 755 (Fed. Cir. 2016). Indeed, a "court must not allow

[a] disclosed embodiment to outweigh the language of the claim, especially when the court's construction is supported by the intrinsic evidence." *SIMO Holdings*, 983 F.3d at 1379 (quoting *Rolls-Royce*, 603 F.3d at 1334). That applies here, where the Court's construction is supported by the express language of claims 1 and 5 and other intrinsic evidence.

In sum, the Court correctly understood the threshold dispute between the parties, and the Court's construction resolving it is supported by the express claim language and the patent's specification. Reargument is not warranted.

**B.      The Court's construction does not require revisiting summary judgment.**

Plaintiffs alternatively urge the Court to revisit summary judgment, arguing that, "[u]nder a construction in which the UBA is *part* of the APS oligonucleotide, only certain nucleic acid UBA structures could be included in claim 1." Mot. at 7. That argument is wrong on the merits and, in any event, has been waived.

Plaintiffs' argument is wrong on the merits because the APS oligonucleotides comprising UBAs in clam 1 encompass antibodies and aptamers. The specification provides that "an APS [can] comprise[] a peptide"—'752 patent, 24:4–10—which is a chain of amino acids that can make up antibodies or aptamers. *See id.*, 17:35–37; D.I. 325 at 6–7. Plaintiffs contend (at 7) that these APSs are nevertheless limited by their structure. But while the APS oligonucleotides in claim 1 comprise, as Plaintiffs contend, common 5′ and 3′ end sequences, internal distinguishing sequences, and linking functionality, nothing in the claim precludes UBA antibodies or aptamers from being incorporated within that APS structure. On the contrary, the patent provides that a UBA or an APS may be "of a different discernable constituent[,] . . . meaning one part of the code can be a nucleic acid, another can be a polypeptide, another can be a small molecule, etc." '752 patent, 2:59–63. Along the same lines, "at least two of ESB, UBAs, APSs, and COBs" may "comprise different chemical compositions described [in the patent] or any other suitable

8

composition known in the art." *Id.*, 24:4–7. For example, an APS can comprise a peptide—like those found in antibodies and peptide aptamers—and/or a nucleic acid. *See id.*, 24:7–9; *see also id.*, 24:9–11 ("Any combination of described chemistries are envisioned within the scope of the invention.").

And the patent tells one precisely how to attach antibodies and aptamers to the internal distinguishing nucleic acid sequence of an APS. It provides that "[m]ethods to attach nucleic acids to antibodies are known in the art," and that "[a]ny suitable method to attach nucleic acids to antibodies is encompassed in the methods of the invention." *Id.*, 19:1–4. The specification identifies at least a handful of such methods. *See id.*, 19:4–24. Similarly, the specification informs that UBA aptamers, which can bind to targets "in a sequence-specific, a conformation-specific manner, or both" can also be attached to an APS's internal distinguishing nucleic acid sequence. *Id.*, 17:49–56. Attaching an antibody or aptamer along this sequence would not upset its structure and thus would fall within the scope of what is claimed in claim 1. *Id.*, 57:50–58:3.

Even if UBA antibodies were outside the scope of claim 1, revisiting summary judgment would nevertheless be futile because UBA aptamers are within the scope of what is claimed and, as Parse demonstrated, there is no genuine dispute of material fact that UBA aptamers are not enabled. *See* D.I. 466 at 27. Plaintiffs try to escape this conclusion by pointing to Dr. Sims' opinions on the purported enablement of nucleic-acid aptamers. Mot. at 7 (citing D.I. 368 (Sims 2nd Decl.) ¶¶ 55–59, 61). But those opinions were directed to the '442 and '256 patents—not the '752 patent—and in any case, as Parse previously explained, Dr. Sims fails to account for the full breadth of even the subclass of nucleic-acid aptamer UBAs. *See* D.I. 395 at 6–8.

Moreover, Plaintiffs have waived these arguments. As the Court recognized, "Plaintiff[s'] sole evidence for enablement of the '752 patent are declarations of [their] expert, Dr. Peter Sims,

9

which do not address enablement or description of UBAs, including antibodies or aptamers." D.I. 466 at 28. Although any mention of it is noticeably absent from Plaintiffs' motion for reargument, Plaintiffs knew from the outset that Parse was "arguing that '[c]laim 1's APSs . . . encompass APSs comprising UBAs.'" D.I. 366 at 2. If Plaintiffs thought that, even under Parse's view of the scope of claim 1, the claim would nevertheless be limited to certain nucleic-acid UBA structures, Plaintiffs could have made that argument in their answering brief or at the hearing. Instead, Plaintiffs chose to argue solely that UBAs are an optional feature required only by claim 5. *See, e.g.*, D.I. 366 at 2; D.I. 419, 146:20–23. And Plaintiffs chose to not have Dr. Sims address enablement or written description of UBAs. *See* D.I. 466 at 28. Plaintiffs' motion for reargument does not allow them a second bite at the apple. *See Schering*, 25 F. Supp. 2d at 295 (reargument is not a vehicle for losing litigant "to supplement or enlarge the record . . . upon which the merits decision was made"); *Cf. Golden Bridge Tech., Inc. v. Apple Inc.*, 758 F.3d 1362, 1369 (Fed. Cir. 2014) ("An argument made for the first time in a motion for reconsideration comes too late and is ordinarily deemed waived."); *Ampro Computs., Inc. v. LXE, LLC*, 2017 WL 877301, at *1 (D. Del. Mar. 6, 2017) (reconsideration "is not an opportunity to 'accomplish repetition of arguments that were or should have been presented to the court previously.'" (quoting *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991)).

In short, nothing about the Court's claim construction requires revisiting summary judgment. Plaintiffs' arguments for limiting the scope of UBAs in claim 1 are contradicted by the patent itself and, in any event, come too late. Reargument is not a vehicle for Plaintiffs to expand the record for a decision already made, especially here, where the issue has been fully briefed, exhaustively argued, and comprehensively decided by the Court.

## V.    CONCLUSION

The Court should deny Plaintiffs' motion for reargument.

Dated:  October 16, 2025

*Of Counsel*:
Byron L. Pickard
R. Wilson Powers III, Ph.D.
Chandrika Vira
Anna G. Phillips
Christopher M. Gallo, Ph.D.
Brady P. Gleason
Louis P. Panzica, Jr.
David Y. Wang
Paige E. Cloud
Ryan N. Kaiser
Cristen A. Corry
STERNE, KESSLER, GOLDSTEIN
 & FOX, P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600
bpickard@sternekessler.com
tpowers@sternekessler.com
cvira@sternekessler.com
aphillips@sternekessler.com
cgallo@sternekessler.com
blgeason@sternekessler.com
lpanzica@sternekessler.com
dwang@sternekessler.com
pcloud@sternekessler.com
rkaiser@sternekessler.com
ccorry@sternekessler.com

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*
Karen L. Pascale (No. 2903)
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
kpascale@ycst.com
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant/Counterclaim-Plaintiff Parse Biosciences, Inc. and Counterclaim-Plaintiff University of Washington*

11

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on October 16, 2025, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record by electronic mail:

---

***Attorneys for Plaintiff and Counterclaim Defendant, Scale Biosciences, Inc., and Plaintiff, Roche Sequencing Solutions, Inc.:***

Frederick L. Cottrell III .................................................................. cottrell@rlf.com
Kelly E. Farnan ............................................................................. farnan@rlf.com
Sara M. Metzler.............................................................................metzler@rlf.com
Danielle I. Bell ....................................................................................bell@rlf.com
**RICHARDS LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801

***Attorneys for Plaintiff and Counterclaim Defendant, Scale Biosciences, Inc.:***

**WOLF, GREENFIELD & SACKS, P.C.**    **wgs-scalebiosciencesv.parse@wolfgreenfield.com**

Stephen S. Rabinowitz ....................................... srabinowitz@wolfgreenfield.com
605 Third Avenue
New York, NY 10158

Chelsea A. Loughran .............................................cloughran@wolfgreenfield.com
Emma L. Frank ..........................................................efrank@wolfgreenfield.com
Stuart V. C. Duncan Smith ..............................sduncansmith@wolfgreenfield.com
Arden Bonzo ..................................................... arden.bonzo@wolfgreenfield.com
600 Atlantic Avenue
Boston, MA 02210

**TENSEGRITY LAW GROUP LLP**          **Scale_Parse_Service@tensegritylawgroup.com**

Matthew D. Powers.............................. matthew.powers@tensegritylawgroup.com
Paul T. Ehrlich............................................. paul.ehrlich@tensegritylawgroup.com
William P. Nelson ..................................william.nelson@tensegritylawgroup.com
Daniel M. Radke ........................................daniel.radke@tensegritylawgroup.com
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA 94065

*(Continued . . . .)*

Azra M. Hadzimehmedovic .....................................azra@tensegritylawgroup.com
Aaron M. Nathan......................................aaron.nathan@tensegritylawgroup.com
Samantha A. Jameson ......................samantha.jameson@tensegritylawgroup.com
Daniel Kazhdan ..................................... daniel.kazhdan@tensegritylawgroup.com
Danielle C. Pfifferling..................... danielle.pfifferling@tensegritylawgroup.com
Nathaniel D. Cook..................................nathaniel.cook@tensegritylawgroup.com
John C. Pierce...............................................john.pierce@tensegritylawgroup.com
Richa Patel.....................................................richa.patel@tensegritylawgroup.com
Sidhi Gosain ............................................. sidhi.gosain@tensegritylawgroup.com
1676 International Drive
Suite 910
McLean, VA 22102

***Attorneys for Plaintiff, Roche Sequencing Solutions, Inc.:***

**WILMERHALE**                                    WHRSS-ScaleLit@wilmerhale.com

Robert J. Gunther ............................................... Robert.Gunther@wilmerhale.com
Barish Ozdamar Ph.D....................................... Barish.Ozdamar@wilmerhale.com
Christopher R. Noyes ................................... Christopher.Noyes@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007

Madeleine C. Laupheimer...................... Madeleine.Laupheimer@wilmerhale.com
Kate Saxton ............................................................Kate.Saxton@wilmerhale.com
60 State Street
Boston, MA 02109

October 16, 2025                            **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Karen L. Pascale*
Karen L. Pascale (#2903) [kpascale@ycst.com]
Anne Shea Gaza (#4093) [agaza@ycst.com]
Samantha G. Wilson (No. 5816) [swilson@ycst.com]
Robert M. Vrana (#5666) [rvrana@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600

*Attorneys for Parse Biosciences, Inc.*