**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SCALE BIOSCIENCES, INC., | |
| and | |
| ROCHE SEQUENCING SOLUTIONS, INC., | |
| Plaintiffs, | |
| v. | |
| PARSE BIOSCIENCES, INC., | Civil Action No.  1:22-CV-01597-CJB |
| Defendant. | **JURY TRIAL DEMANDED** |
| PARSE BIOSCIENCES, INC., | |
| and | |
| UNIVERSITY OF WASHINGTON, | |
| Counterclaim Plaintiffs, | |
| v. | |
| SCALE BIOSCIENCES, INC., | |
| Counterclaim Defendant. | |

**DECLARATION OF AZRA M. HADZIMEHMEDOVIC IN SUPPORT OF PLAINTIFFS'**
**UNOPPOSED MOTION TO SEAL LIMITED PORTIONS OF D.I. 485 MEMORANDUM**
**ORDER**

I, Azra M. Hadzimehmedovic, declare as follows:

1.      I am a partner at Tensegrity Law Group LLP, counsel of record for Plaintiff Scale

Biosciences, Inc., in the above-captioned matter. I make this declaration in support of the

Unopposed Motion to Seal Portions of the Court's Memorandum Order (D.I. 485). If called as a

witness, I could and would testify competently with respect to the matters stated herein.

2.      The requested redactions are limited to discrete references in the Memorandum

Order to the following information: (i) specific royalty rates and consideration ScaleBio paid

1

under the confidential license between Roche and ScaleBio; (ii) the scope of the licensed rights; and (iii) ScaleBio's internal reasoning and competitive strategy for taking the license. This information was cited in the *Daubert* briefing and is mentioned in the Memorandum Order in the following paragraphs:  (i) specific royalty rates and additional consideration ScaleBio provided to Roche under the confidential license between Roche and ScaleBio are referenced in paragraphs 1, 4, and 7; (ii) the scope of the licensed rights is referenced in paragraphs 4 and 7; and (iii) ScaleBio's internal reasoning and competitive strategy for taking the license are referenced in paragraphs 4 and 7. Order. It is my understanding, following a reasonable investigation, that these terms have not been disclosed publicly by ScaleBio or Roche and ScaleBio has consistently maintained them as confidential. The license terms in question remain subject to confidentiality protections under the license, in particular, Section 1.3 and Article 8 of the license, which expressly confirm that the license terms are considered confidential information by both parties and obligates the parties to maintain these terms confidential during the term of the agreement and three years thereafter. The license between Roche and ScaleBio remains in effect and so do the confidentiality obligations.

3.    ScaleBio's then-CEO, Giovanna Prout McKenzie, has testified in her deposition in this case about ScaleBio's belief that it competes in a smaller market for instrument-free, plate-based workflows for single cells and that the competitors in that market are only ScaleBio and Parse. Ms. Prout McKenzie also testified that ScaleBio competes in the broader single cell market, which includes a number of other competitors. I understand that ScaleBio carefully guards its confidential information from its competitors, and in particular, it considers the information about its licensing, consideration, and payments made under the license, as well as

ScaleBio strategy and rationale for taking the licenses to be competitively sensitive information that if disclosed could harm ScaleBio.

4.    As such, I understand that the terms of the Roche/ScaleBio License Agreement and the reasons for taking the license are of significant competitive value to ScaleBio and they are likely of interest to other single cell companies and to companies who may be using intellectual property which ScaleBio has exclusively licensed from Roche. The disclosure of this information would provide ScaleBio's competitors with access to confidential data from which they could understand ScaleBio's royalty burden, the additional consideration that ScaleBio paid under the license, and the key terms of the license. ScaleBio is concerned that its competitors could use that information to adjust their marketing and pricing strategies to weaken the ScaleBio's competitive position in the marketplace. This information could also place ScaleBio at a demonstrable disadvantage when it embarks upon future negotiations of licensing agreements or settlements with its competitors. It would give the competitors information about ScaleBio specific license terms and also about ScaleBio's prior licensing practice and licensing and strategic considerations that could be used against ScaleBio in negotiations where those terms and considerations do not apply. The harm ScaleBio foresees from disclosure of the information in question is concrete and significant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 24, 2025, at McLean, VA.

_/s/ Azra M. Hadzimehmedovic_
Azra M. Hadzimehmedovic