**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SCALE BIOSCIENCES, INC., <br><br> and <br><br> ROCHE SEQUENCING SOLUTIONS, INC. <br>          Plaintiffs, <br><br>     v. <br><br> PARSE BIOSCIENCES, INC., <br><br>       Defendant, <br> _____ <br><br> PARSE BIOSCIENCES, INC., <br><br>     and <br><br> UNIVERSITY OF WASHINGTON, <br><br>       Counterclaim Plaintiffs, <br>     v. <br><br> SCALE BIOSCIENCES, INC., <br><br>      Counterclaim Defendant. <br> _____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>C.A. No. 22-1597-CJB<br><br>**REDACTED<br>PUBLIC VERSION** |

**PLAINTIFFS' OPPOSITION TO PARSE'S MOTION
FOR TRIAL SANCTIONS UNDER FED. R. CIV. P. 37(e)(1)**

## **TABLE OF CONTENTS**

I.    Introduction ................................................................................................................. 1

II.   Factual Background .................................................................................................... 2

III.  Legal Standard .......................................................................................................... 4

IV.   Argument ................................................................................................................... 5

    A.   Parse's Motion is Untimely .................................................................................. 5

    B.   Parse Cannot Show What, if Any, ESI is Missing ................................................ 6

    C.   Parse Fails to Show How Allegedly Missing ESI is Relevant, Let Alone How it is
Prejudiced ................................................................................................................. 9

    D.   Parse's Requested Relief is Inappropriate, Unsupported By Precedent, and Highly
Prejudicial ................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Air Products. & Chemicals, Inc. v. Wiesemann*,
  2017 WL 758417 (D. Del. Feb. 27, 2017) ..................................................................1, 7

*Amgen v. Sanofi*,
  872 F.3d 1367 (Fed. Cir. 2017) ......................................................................................9

*Biopharma v. Inhibrx, Inc.*,
  2024 WL 4651777 (D. Del. Oct. 24, 2024) (Burke, J.) ................................................5, 6

*Bull v. United Parcel Service, Inc.*,
  665 F.3d 68 (3d Cir. 2012) ............................................................................................7

*Ferrari Club of Am., Inc. v. Bourdage*,
  2017 U.S. Dist. LEXIS 78264 (W.D.N.Y. Apr. 20, 2017) ...........................................5

*Flanders v. Dzugan*,
  2015 U.S. Dist. LEXIS 111599 (W.D. Pa. Aug. 24, 2015) ...........................................7, 9

*Fuhs v. McLachlan Drilling Co.*,
  2018 WL 5312760 (W.D. Pa. Oct. 26, 2018) .................................................................9

*Gordian Med., Inc. v. Vaughn*,
  2024 WL 1344481 (D. Del. Mar. 20, 2024) ..................................................................10

*Industria DE Alimentos Zenu S.A.S. v. Latinfood U.S. Corp.*,
  2022 WL 1683747 (D.N.J. May 26, 2022) .....................................................................8

*Monolithic Power Sys., Inc. v. Intersil Corp.*,
  2018 WL 6075046 (D. Del. Nov. 19, 2018) ...................................................................5, 8

*Morales v. Sunpath, Inc.*,
  2025 WL 1179318 (D. Del. Apr. 23, 2025) ...................................................................10

*NECA, LLC v. Jazwares, LLC*,
  2025 WL 1189915 (D.N.J. Apr. 25, 2025) ....................................................................7

*Pletcher v. Giant Eagle Inc.*,
  2022 WL 3700912 (W.D. Pa. Aug. 26, 2022) ................................................................8

*Profit Point Tax Techs., Inc. v. DPAD Grp., LLP*,
  2023 WL 11968310 (W.D. Pa. Apr. 26, 2023) ...............................................................8

*Scalia v. Cnty. of Kern*,
  576 F. Supp. 3d 703 (E.D. Cal. 2021) ...........................................................................5

## STATUTES, RULES, AND REGULATIONS

Fed. R. Civ. P. 37(e) ................................................................................................1, 4, 5, 6

Fed. R. Evid. 32(d)(3) ...............................................................................................................6

## I.    INTRODUCTION

Parse's eve-of-trial sanctions motion, which it belatedly filed on an expedited basis only two weeks before trial, should be denied because it is untimely, it fails on the merits and any relief would only serve to confuse the jury and unfairly prejudice Plaintiffs.  Parse fails to show (and cannot show) that Roche did not preserve ESI that is in any way prejudicial to the presentation of Parse's case at trial.  Instead, Parse seeks to sanction Roche (and by association, Scale) based on mere speculation that Roche *might* have lost ESI relating to experiments that *might* have been conducted and that *might* show post-invention challenges that *might* be relevant to enablement and written description.  But speculation alone is not sufficient for Rule 37(e) sanctions.  *See Air Prods. & Chems. v. Wiesemann*, 2017 WL 758417, at *2 (D. Del. Feb. 27, 2017).  And as explained below, Parse failed to question any Roche witnesses about the allegedly lost experiments and its experts have not offered any opinions implicating any purportedly lost evidence.

Roche is the owner and licensor of the patents asserted by Scale.  It is a Plaintiff primarily for standing purposes.  Roche did not invent or commercialize the Quantum Barcoding ("QBC") technology of the asserted patents.  It acquired the inventions from a third party, Apprise Bio, in 2017.  ██████████████████████████████ less than two years after the Apprise Bio acquisition and more than three years before this suit was filed.  Ex. P at 5.  Reflecting Roche's limited role in this case, Parse first served Roche discovery on August 4, 2023, eight months after the case was filed.  Parse did not ask any Roche scientist, including Dr. O'Huallachain, about any specific Roche experiment.  Despite now arguing that Roche "has robbed Parse the opportunity to arm its experts with the complete factual record," Mot. at 1, Parse's invalidity expert did not rely on—*or even consider*—any of the over ████ Roche-produced documents or the testimony of any of Roche's scientists.  Although this case has been pending since 2022, the first time Parse ever identified *any* Roche document allegedly relevant to its invalidity defenses was less than a

1

month ago, on September 15, after the parties met and conferred about Plaintiffs' motion *in limine* to exclude the testimony of Roche in-house counsel, Garth Rosengren relating to document preservation.

Now, at the eleventh hour, Parse complains that Roche "lost" experimental ESI purportedly critical to Parse's invalidity case, warranting sanctions. But Parse offers no legitimate explanation for why the alleged loss of this ESI impairs its "ability to fairly defend itself." (Mot. at 8). Parse offers no evidence that this ESI: (1) ever existed in Dr. O'Huallachain's custodial files, (2) is relevant to any claim or defense, or (3) materially prejudiced Parse when it failed to assert any invalidity defense relying on Roche's work to commercialize the patented technology.

Finally, Parse's motion is improper because its requested relief would not only sanction Roche, but also Scale, which had no role in Roche's preservation of ESI. Parse does not address or acknowledge the impact of its request on Scale, nor does it suggest a lesser sanction to avoid substantial unfairness. Plaintiffs respectfully request that the Court deny Parse's motion.

## II.    FACTUAL BACKGROUND

Roche acquired Apprise Bio on August 10, 2017, including its QBC technology and related patent applications that would eventually issue as the asserted patents. *See* D.I. 390. ███

██████████████████████████████, Roche licensed it to Scale on July 16, 2020. Ex. P at 5-6. ██████████████████

████████████████████████████████

Ex. H at 15.   In August 2022, Scale informed Roche that it believed Parse met the standard ██

█████████████████████ and that it believed Roche needed to join its suit against Parse. Ex. P at 10. ████████████

████████████████████████████

████████████████████████████

2

████████████████████████████████████████████████████████

████████████████████████████████████████

On December 14, 2022, Scale filed suit and named Roche as a nominal defendant. D.I. 1. Roche produced over 18,500 documents from its files and the files of former employees in this case. Roche collected ████████████ containing documents used and shared by the technical team during the research, development, and out-licensing of the patented technology. Ex. P at 11. Roche also performed ESI collections for six custodians. *Id.* at 12. Some of these custodians— including Drs. Jan Berka and Thomas Albert— ██████████████████████████ with other matters as of at least April 16, 2021. Ex. A at 1-2. Dr. O'Huallachain ███████████

████████████████████████████████████████████████████████

████████████ although documents saved to the QBC project team's Google Shared Drive were retained. Ex. P at 4, 12. In October 2024, Roche's counsel produced relevant, non-privileged documents from Dr. O'Huallachain's personal files, and made her available for deposition. *Id.*

On February 18, 2025, Parse moved to compel additional information from Roche relating to its document preservation efforts in this case. Pursuant to the Court's May 28, 2025 Order (D.I. 412), on June 18, 2025, Garth Rosengren, Head of Legal for Roche Molecular Labs, submitted a Verified Statement describing, *inter alia*, Roche's (1) implementation of a litigation hold, (2) general document retention policies, and (3) document production. Ex. P. ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████ In connection with its Verified Statement, Roche offered to make Mr. Rosengren available for a Rule 30(b)(6) deposition on July 10 or 11. Ex. A

3

at 3.  Parse asked for alternative dates and took the deposition over a month later, on August 26, 2025, Ex. B at 1, spending less than two hours on the record.  During the deposition, Parse did not ask about the allegedly lost ESI or the numbered experiments it now cites in its motion.  After the deposition, Parse did not ask Roche for any additional information and did not renew its motion to compel.

On September 3, 2025, during the parties' initial exchange of deposition designations, Parse designated over 900 lines of Mr. Rosengren's testimony relating to Roche's document retention policies and practices.  In response, on September 10, 2025, Plaintiffs identified its motion *in limine* to exclude Mr. Rosengren's testimony (which is now fully briefed).  Ex. E at 1.  During the parties' September 12, 2025 meet and confer on those topics, Parse argued for the first time that Mr. Rosengren's testimony was relevant because it showed deletion of documents allegedly in Dr. O'Huallachain's possession related to written description.  Ex. G at 11-12.  However, Parse could not identify those documents with specificity or articulate how they were relevant to written description.  In a September 15, 2025 email, Parse identified for the first time certain numbered experiments it believed were missing.  *Id*.  On September 29, 2025, six days after Plaintiffs served their opening MIL brief, Parse threatened to bring Rule 37 motion unless Plaintiffs withdrew their MIL.  On September 30, 2025, Parse served draft jury instructions including, for the first time, the "curative" instruction it now seeks.  On October 1, 2025, the parties met and conferred on Parse's threatened Rule 37 motion.  Although Parse stated that it would file the motion that day, it waited another 24 hours and demanded expedited briefing.

### III.    LEGAL STANDARD

Under Rule 37(e)(1), to sanction a party for loss of ESI, a court must determine that the information (1) "should have been preserved in the anticipation or conduct of litigation," (2) "is lost because a party failed to take reasonable steps to preserve it," and (3) "cannot be restored or

replaced through additional discovery." Fed. R. Civ. P. 37(e). Only "upon finding prejudice," a court may "order measures *no greater than necessary to cure the prejudice*." Fed. R. Civ. P. 37(e) (emphasis added). A finding of prejudice requires a party to "come forward with plausible, concrete suggestions as to what the lost evidence might have been" and a showing that its loss "materially affect[ed] the substantial rights of the adverse party and is prejudicial to the presentation of the case." *See Monolithic Power Sys. v. Intersil*, 2018 WL 6075046, at *1 (D. Del. Nov. 19, 2018).

## IV.   ARGUMENT

### A.   Parse's Motion is Untimely

The Court should deny Parse's motion as untimely. Parse had all documents and information underlying its motion since at least June 18, 2025. Yet, until September 15, Parse never identified specific ESI it believed was lost, never suggested that its invalidity defenses were impaired by this lost ESI, and never raised the possibility of a Rule 37 sanctions motion.

There is no justification for Parse's unreasonable delay in filing its motion just two weeks before trial. While "Rule 37(e) does not contain a specific reference to [] timing," "courts have explained that an unreasonable delay in the filing of a motion under Rule 37(e) can render such a motion untimely" and should result in denial. *Biopharma v. Inhibrx, Inc.*, 2024 WL 4651777, at *2 (D. Del. Oct. 24, 2024) (Burke, J.) (motion untimely when filed on the eve of trial); *Scalia v. Cnty. of Kern*, 576 F. Supp. 3d 703, 714-715 (E.D. Cal. 2021) (similar); *Ferrari Club of Am., Inc. v. Bourdage*, 2017 U.S. Dist. LEXIS 78264, at *7-9 (W.D.N.Y. Apr. 20, 2017) (similar).

Unable to offer a legitimate excuse for its delay, Parse attempts to shift blame to Roche, arguing that Roche "prevented [it] from uncovering all the facts relevant to the initial discovery dispute until Mr. Rosengren's deposition on August 26, 2025." Mot. at 10. That is incorrect. Parse's motion does not identify a single new fact it discovered during Mr. Rosengren's deposition.

5

Roche produced experimental data as early as March 2024, and ████████████████ followed by a number (like the documents Parse relies on) by May 2024 (Ex. AA).  During fact discovery, Parse could have (1) asked about the existence of additional documents relating to those experiments (but did not); and/or (2) deposed Roche's scientists about those documents (but did not).  Parse also argues that ████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████  *see* Ex. BB at 1-2.  Like in *Biopharma*, here, there is "simply no good reason why [Parse's] Motion could not have been filed many months earlier—i.e., as soon as reasonably possible after discovery of the facts that underlie the Motion."  2024 WL 4651777, at *2.

Parse's argument that the "earliest possible time that the grounds for this motion arose was when Plaintiffs first identified their relevance objections to the Rosengren designations," Mot. at 10, is wrong.  Roche never "acquiesced" to the relevance of Parse's discovery-on-discovery; it complied with the Court's Order to provide certain information regarding its document preservation efforts, including a Rule 30(b)(6) deposition on specific topics.  D.I. 412.  And, of course, relevance objections are not waived by failure to make an objection during deposition.  Fed. R. Evid. 32(d)(3).  Parse's suggestion that it was somehow surprised by Plaintiffs' objections to the irrelevant and unfairly prejudicial testimony of Mr. Rosengren strains credulity.

### B.    Parse Cannot Show What, if Any, ESI is Missing

Parse's motion is not only untimely; it also fails to make the threshold showing that any relevant evidence was "lost because [Roche] failed to take reasonable steps to preserve it" or that it "cannot be restored or replaced through additional discovery."  Fed. R. Civ. P. 37(e).  Far from

"concrete, plausible suggestions," *Air Prods.*, 2017 WL 758417, at *2, Parse resorts to unsupported speculation about the existence and results of certain Roche experiments, and whether those post-invention experiments would have been relevant to Parse's §112 defenses. Because it cannot demonstrate that any relevant experiments were, in fact, lost, Parse dedicates most of its motion to "rel[ying] on inferences that such evidence must have existed, and thus must have been lost as a result of [] failure to institute a litigation hold." *See Flanders v. Dzugan*, 2015 U.S. Dist. LEXIS 111599, at *13 (W.D. Pa. Aug. 24, 2015). This is insufficient to warrant sanctions.

*First*, Parse argues that Roche should have anticipated litigation in November 2021, but ███████████████████████████████████████████████. Ex. P at 10.[1] "Whether litigation is reasonably foreseeable is a 'flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry.'" *NECA v. Jazwares*, 2025 WL 1189915, at *7 (D.N.J. Apr. 25, 2025) (quoting *Bull v. United Parcel Serv.*, 665 F.3d 68, 77 (3d Cir. 2012)).

Scale's November 2021 letter to Parse did not trigger Roche's duty to preserve. The record evidence confirms that *Scale*'s threat of lawsuit did not mean that *Roche*, as a licensor, should have anticipated litigation. Ex. P at 10. ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ Roche reasonably relied on ████████████

████████ in assessing when litigation *for Roche* was anticipated.

*Second*, even if Roche should have anticipated litigation in November 2021 (it did not),

---

[1] Roche disputes Parse's speculation about the content of privileged documents.

Parse cannot plausibly suggest that the documents it says are now "lost" existed, or if they did, that such documents had any relevance to its invalidity defenses.  Although Parse deposed Dr. O'Huallachain for a full-day, Parse never questioned her or any other Roche scientist (including Drs. Berka and Albert) about ███████████████████████████ allegedly performed at Roche that Parse now complains is "lost and unreplaceable." Mot. at 8.  Rather, the cornerstone of Parse's case for lost evidence is the unsupported *assumption* that the QBC team conducted █ experiments, drafted protocols for each experiment, and that documentation of those experiments would have been in Dr. O'Huallachain's custodial files rather than in another scientist's files or ███████████████████████████████████).[2]  *Id.*

*Third*, Parse has made no attempt to show the alleged lost experimental data could not have been replaced through additional discovery.  Nor can it.  Parse had ample opportunity to depose key Roche scientists responsible for experimental work, including Dr. O'Huallachain, whose testimony is not even cited in Parse's motion.  *See Monolithic*, 2018 WL 6075046, at *2-3 (denying motion where party did not seek alternative information, such as deposition testimony); *Pletcher v. Giant Eagle Inc.*, 2022 WL 3700912, at *12 (W.D. Pa. Aug. 26, 2022) (denial appropriate where moving party had opportunity to depose custodian of lost data with other produced information).

*Finally*, Parse's allegations regarding purportedly lost ESI are indistinguishable from the "generalized assertions about ESI that … do not satisfy the standards applied by courts in determining whether spoliation has been established," and should be rejected.  *Profit Point Tax Techs., Inc. v. DPAD Grp., LLP*, 2023 WL 11968310, at *4-5 (W.D. Pa. Apr. 26, 2023); *see also Industria DE Alimentos Zenu S.A.S. v. Latinfood U.S. Corp.*, 2022 WL 1683747, at *9-10 (D.N.J.

---

[2]  Roche produced thousands of documents across several R&D shared drives and from the custodial ESI of key team leaders, ██████████████████████████.

May 26, 2022); *Fuhs v. McLachlan Drilling Co.*, 2018 WL 5312760, at *15 (W.D. Pa. Oct. 26, 2018) (rejecting "conjecture as to what they believe may have been on the devices").

C.     **Parse Fails to Show How Allegedly Missing ESI is Relevant, Let Alone How it is Prejudiced**

Even if Parse could show that Roche experimental ESI was lost, Parse fails to establish any prejudice as a result.  As Roche explained in its MIL No. 3, post-invention experiments by non-inventors generally are not relevant to written description.  In general, "written description is judged based on the state of the art as of the priority date." *See Amgen v. Sanofi*, 872 F.3d 1367, 1373-74 (Fed. Cir. 2017).  While the Federal Circuit in *Amgen* articulated a limited use exception to show that a patent fails to disclose a representative number of species (*id.*), Parse's assertion that post-priority-date evidence here "could have revealed new and undisclosed species of antibodies falling within the claimed genus" (Mot. at 9) of the asserted patents is a red herring. Parse's expert did not rely on or *consider* any Roche experimental work (including experiments with antibodies) for its §112 arguments.  Having not even considered *any* Roche experimental work for its invalidity defenses, Parse's assertion that the allegedly lost experimental ESI would have been considered by its expert is not a plausible, concrete suggestion of prejudice.  *See Flanders*, 2015 U.S. Dist. LEXIS 111599, at *13 (no prejudice where no evidence lost data "would have been beneficial").

Further, Parse's experts have not offered any invalidity opinion that would allow them to rely on the alleged loss of Roche experiments at trial.  Parse concedes that it had access to documentation relating to at ▮▮▮▮▮ Roche experiments, Mot. at 8, but Parse and its experts have never relied on that evidence.[3]  Had Parse truly intended to make a §112 argument based on Roche experimental work, it could have done so.

_____

[3] Parse states that "Dr. O'Huallachain's personal documents confirm Roche was indeed

9

**D.      Parse's Requested Relief is Inappropriate, Unsupported By Precedent, and Highly Prejudicial**

The "curative" sanctions Parse seeks would only confuse the jury and unfairly paint Roche and, by association, Scale, as bad actors.  Parse proposes that the Court (1) allow it to play 45 minutes of testimony from Mr. Rosengren about document preservation and (2) issue its proposed instruction so that the jury "may consider what effect, if any, the unavailability of such information to Parse has had on its ability to support the positions that it has advanced during this trial."  D.I. 462 at 15.  But *there will be no evidence from any witness* to explain to the jury how the allegedly unpreserved ESI would prove or disprove its §112 defenses.  Parse cannot ask the jury to intuit from thin air that Ms. O'Huallachain might have had documents related to certain numbered experiments that might have shown Roche engaged in undue experimentation or that it discovered some species not represented in the patent specification but covered by the asserted claims.[4]  The only impact of playing Mr. Rosengren's testimony to the jury and instructing them about unidentified, "unavailable" documents will be to create the false, unfairly prejudicial impression that Plaintiffs intentionally deleted important documents.

Finally, the relief Parse seeks should be denied for the independent reason that it will unjustly sanction Scale, which played no role in Roche's document preservation.  *See Morales v. Sunpath*, 2025 WL 1179318, at *2 (D. Del. Apr. 23, 2025) (declining to sanction party based on conduct of a non-party); *Gordian Med., Inc. v. Vaughn*, 2024 WL 1344481, at *18 (D. Del. Mar. 20, 2024) (declining to sanction party based on conduct of former party).

---

█████████████████████████████████████████████████."  Mot. at 9.  But Parse did not ask Dr. O'Huallachain a single question about those documents at her deposition, nor did it rely on them in its invalidity expert reports, even though they had all been produced by September 20, 2024, prior to Dr. O'Huallachain's October 30, 2024 deposition and the October 10, 2024 opening expert reports .  Ex. CC.
[4] Parse's proposed jury instructions do not even mention representative species. *See* D.I. 462 at 42-46.

10

*Of Counsel:*

**WILMER CUTLER PICKERING HALE AND DORR**

Robert J. Gunther, Jr.
Christopher Noyes
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8830
Robert.Gunther@wilmerhale.com
Christopher.Noyes@wilmerhale.com

Madeleine C. Laupheimer
Kate Saxton
60 State Street
Boston, MA 02109
(617) 526-6107
Madeleine.Laupheimer@wilmerhale.com
Kate.Saxton@wilmerhale.com

**WOLF, GREENFIELD, & SACKS, P.C.**

Stephen S. Rabinowitz
605 Third Avenue
New York, NY 10158
(212) 697-7890

Chelsea A. Loughran
Stuart V.C. Duncan Smith
Emma L. Frank
Arden E. Bonzo
600 Atlantic Avenue
Boston, MA 02210
(617) 646-8000

ScaleBiosceincesv.Parse@WolfGreenfield.com

*/s/ Kelly E. Farnan*
Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
Danielle I. Bell (#7367)
**RICHARDS, LAYTON & FINGER, P.A.**
920 North King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
metzler@rlf.com
bell@rlf.com

*Counsel for Roche Sequencing Solutions, Inc. and Scale Biosciences, Inc.*

11

**TENSEGRITY LAW GROUP LLP**

Matthew D. Powers
Paul T. Ehrlich
William P. Nelson
Daniel M. Radke
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
(650) 802-6000

Azra M. Hadzimehmedovic
Aaron M. Nathan
Samantha A. Jameson
Daniel Kazhdan
Danielle C. Pfifferling
Nathaniel D. Cook
John C. Pierce
Richa B. Patel
Sidhi Gosain
1676 International Drive, Suite 910
McLean, VA 22102
(650) 802-6000

Scale_Parse_Service@tensegritylawgroup.com

Dated:  October 9, 2025

12

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Karen L. Pascale
Anne Shea Gaza
Samantha G. Wilson
Robert M. Vrana
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Byron L. Pickard
R. Wilson Powers III, Ph.D.
Chandrika Vira
Anna G. Phillips
Christopher M. Gallo, Ph.D.
Brady P. Gleason
David Y. Wang
Louis P. Panzica, Jr.
Paige E. Cloud
Ryan N. Kaiser
Cristen A. Corry
Sterne, Kessler, Goldstein & Fox, P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, DC 20005

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
farnan@rlf.com