## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCALE BIOSCIENCES, INC. and ROCHE SEQUENCING SOLUTIONS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> PARSE BIOSCIENCES, INC., <br><br> *Defendant*, | C.A. No. 22-1597-CJB <br><br> **REDACTED VERSION** <br> **Filed: November 21, 2025** <br><br>  |
| PARSE BIOSCIENCES, INC. and UNIVERSITY OF WASHINGTON, <br><br> *Counterclaim-Plaintiffs*, <br><br> v. <br><br> SCALE BIOSCIENCES, INC., <br><br> *Counterclaim-Defendant*. | |

## PARSE'S OPENING LETTER
### IN SUPPORT OF MOTION TO STRIKE PORTIONS OF MR. MOONEY'S SUPPLEMENTAL REPORT AND THEORIES OF § 271(F) INFRINGEMENT
### <u>(EXPEDITED CONSIDERATION REQUESTED)</u>

*Of Counsel:*

Byron L. Pickard
R. Wilson Powers III, Ph.D.
Chandrika Vira
Anna G. Phillips
Christopher M. Gallo, Ph.D.
Brady P. Gleason
Louis P. Panzica, Jr.
David Y. Wang
Page E. Cloud
Ryan N. Kaiser
Cristen A. Corry
**STERNE, KESSLER, GOLDSTEIN & FOX, P.L.L.C.**
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600

**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Karen L. Pascale (#2903)
Anne Shea Gaza (#4093)
Samantha G. Wilson (#5816)
Robert M. Vrana (# 5666)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com
agaza@ycst.com
swilson@ycst.com
rvrana@ycst.com

*Attorneys for Defendant/Counterclaim-Plaintiff Parse Biosciences, Inc.*

October 1, 2025

Dear Judge Burke:

The Court should strike Mr. Mooney's September 9, 2025 Supplemental Expert Report as an untimely disclosure of new expert opinions, ScaleBio/Roche's § 271(f) infringement theory and their expanded use of § 271(a). Throughout this case, ScaleBio/Roche premised their damages theories on ███████████████████████████ On the eve of trial, ScaleBio/Roche's September 9, 2025 supplemental report from Mr. Mooney, however, now improperly seeks to inject two theories to ████████████████████████ ████. *See* Order at 2, *Acceleration Bay LLC v. Activation Blizzard*, No. 16-453-RGA (D. Del. Apr. 13, 2017), D.I. 116 (refusing to let plaintiffs add new claims because "the goal is to narrow the case into something that could be triable" and adding new claims is "going in the wrong direction") (Ex. B). Accordingly, striking such opinions and theories disclosed in the eleventh hour is warranted.

## I.      Background

On August 28, 2024, ScaleBio/Roche issued their Final Infringement Contentions, alleging broadly that Parse infringed U.S. Patent No. 11,634,752 "under 35 U.S.C. § 271(f)(1) by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the kits claimed in the '752 Patent, where such components are uncombined in whole or in part with other components…." Ex. C at 39. ScaleBio/Roche's contentions did not explain what components they were relying on for their § 271(f) theory.

On October 10, 2024, ScaleBio/Roche's expert, Mr. Mooney, submitted his opening expert report regarding damages arising from Parse's alleged infringement of the ScaleBio/Roche Asserted Patents. In that report, Mr. Mooney specifically noted that his royalty base was based on "████████████████" ███████████████████████ ███████████████████████ *See* Ex. E, ¶¶ 222–223. Parse deposed Mr. Mooney on February 5, 2025, where Mr. Mooney again expressly ████████████████████ ████████████████████████. *See* Ex. D, 270:2–23. Neither Mr. Mooney nor any other ScaleBio/Roche expert addressed a § 271(f) theory of liability. As a consequence, Parse's experts did not offer rebuttal opinions on a § 271(f) theory ████████████ under § 271(a), and none of ScaleBio/Roche's experts were deposed on these topics. Prior to trial, the parties agreed to exchange supplemental expert reports to address intervening sales and agreed the reports "will be limited to updating the calculations previously presented, and may include a short narrative description of the updated calculations provided" and "[n]o new theory of damages may be introduced." *See* Ex. F at 1.

On September 9, 2025, ScaleBio/Roche served a supplemental expert report from Mr. Mooney that, for the first time, included in his royalty base ████████████████████ ███████████████████████████████████." *See, e.g.*, Ex. G, ¶ 17. On September 15, 2025, counsel for Parse raised this belated disclosure to counsel for ScaleBio/Roche. After repeated overtures to ScaleBio/Roche for a call, counsel for the parties met and conferred on this issue on September 29, 2025. Ex. H. ScaleBio/Roche offered no explanation why they did not pursue █████████ during expert discovery. And, ScaleBio/Roche could not state what "components" under § 271(f) they were accusing. Through pretrial exchanges, Parse learned on September 19, 2025 that ScaleBio/Roche intended to include █████████ at trial.

## II.    Legal Standard

Courts in this Circuit apply the *Pennypack* factors to "determine whether a failure to make timely disclosure of information required to be disclosed by court order or rule should lead to sanctions or should be regarded as harmless." *Lipocine Inc. v. Clarus Therapeutics, Inc.*, No. 19-622-WCB, 2020 WL 4794576, at *9 n.4 (D. Del. Aug. 18, 2020). They include: (1) the surprise or prejudice to the moving party; (2) the ability of the moving party to cure any such prejudice; (3) the extent to which allowing the testimony would disrupt the order and efficiency of trial; (4) bad faith or willfulness in failing to comply with the court's order; and (5) the importance of the testimony sought to be excluded. *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977).

## III.    Mr. Mooney's new royalty-base opinions should be struck.



Mr. Mooney's September 9, 2025 supplemental expert report adding ▮▮▮▮▮▮▮ to ▮▮▮▮▮▮▮ is an entirely new opinion. In his opening expert report, Mr. Mooney explicitly ▮▮▮▮▮▮▮ from his royalty base. In his supplemental expert report, despite the parties' agreement that the reports would "be limited to updating the calculations previously presented," Ex. F, Mr. Mooney provided an entirely ▮▮▮▮▮▮▮ s. To be sure, this ▮▮▮▮▮▮▮. When asked about why they did not include it the first time around, ScaleBio/Roche could not provide an answer.

The *Pennypack* factors support striking Mr. Mooney's supplemental expert report. *First*, Parse is prejudiced by Mr. Mooney's new expert opinions. It appears to be ScaleBio/Roche's attempt to artificially increase their damages award from their previously disclosed theory. By waiting until the eve of trial to disclose such opinions, ScaleBio/Roche have effectively prohibited Parse from sufficiently investigating such theories. For example, Parse has not been able to depose Mr. Mooney on his new opinions, nor was Parse's own expert able to provide a rebuttal opinion.

The *second* and *third factors* favor striking Mr. Mooney's newly disclosed opinions because there is other no way to meaningfully cure Parse's prejudice. Parse does not have the adequate information needed to rebut the opinion, nor is it feasible to obtain it prior to trial. If Mr. Mooney had disclosed the opinion in his opening expert report, Parse could have provided a rebuttal expert report challenging such claims and depose Mr. Mooney regarding them. Moreover, Parse could have assessed if any analysis from their technical experts was in order to rebut this new opinion. But with trial less than three weeks away, it is too late for Parse to meaningfully do that work without disrupting the order and efficiency of trial.

*Fourth*, ScaleBio/Roche have failed to provide any rationale as to why this opinion was disclosed so late, nor did they provide any reasoning why it was not included in Mr. Mooney's opening expert report. *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 299 (3d Cir. 2012) (noting that courts "may also consider" under this factor the non-moving party's justifications for its challenged conduct)

*Finally*, the *fifth factor* favors striking Mr. Mooney's new opinions. ScaleBio/Roche have another damages theory that was timely disclosed in Mr. Mooney's opening expert report.

Accordingly, striking Mr. Mooney's new opinions will not leave ScaleBio/Roche without an affirmative damages theory.

## IV.     ScaleBio/Roche's § 271(f) infringement theory should be struck for failure to fully disclose its theories.

ScaleBio/Roche's newly re-risen § 271(f) infringement theory should be struck for failure to fully disclose their theories. While ScaleBio/Roche initially had their "theory" in infringement contentions, it was essentially legally conclusive statements. *See* Ex. C at 38–39. ScaleBio/Roche thereafter submitted expert reports completely ignoring this issue. Accordingly, Parse reasonably understood the § 271(f) theory to be dropped. Indeed, it was not until Mr. Mooney's September 9, 2025 Supplemental Expert Report that Parse first learned that ScaleBio/Roche were seeking ███████████████, and not until September 19—four days after it raised its concern on this issue— that Parse learned, through pretrial exchanges, that ScaleBio/Roche intended to present a § 271(f) theory at trial.

Applying the *Pennypack* factors, it is clear that this theory should be struck. *First*, the prejudice and surprise to Parse is immense. Given the lack of testimony from any witness in this case, Parse was unaware ScaleBio/Roche intended to press this theory until pretrial exchanges. And the prejudice is compounded considering that ScaleBio/Roche have not disclosed how their § 271(f) theory would work on the merits to support Mr. Mooney's damages opinion. For example, § 271(f) requires there to be some "components" that are shipped outside of the U.S. *See* 35 U.S.C. § 271(f)(1) ("Whoever … supplies or causes to be supplied … all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part…"); *see also Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.*, 955 F.Supp. 220, 232 (S.D.N.Y. 1997) (finding no § 271(f) infringement when the patent did not cover a product with "components"). But there has been no disclosure of what those "components" (distinct from a finished product) are.

For the *second* and *third factors*, there is no way to meaningfully cure Parse's prejudice before trial. If ScaleBio/Roche are allowed to present the new theory, Parse will be forced to rebut the allegations without proper investigation into the issue and expert testimony that could have been developed during discovery had ScaleBio/Roche properly disclosed the theory. Now Parse would be forced to change its trial strategy just days before trial. Moreover, had Parse known this issue was live, Parse would have presented expert testimony on the theory, including whether the product is shipped outside of the U.S. through "components." Accordingly, Parse's prejudice cannot be cured, and allowing a new theory to go forth at trial will be highly disruptive.

*Fourth*, ScaleBio/Roche have failed to explain why they did not pursue this infringement theory earlier or fully disclose their theory of "components" under § 271(f). Accordingly, this factor favors striking the § 271(f) theory. *ZF Meritor,* 696 F.3d at 299. *Finally*, regarding the *fifth factor*, this theory is not important. In the words of ScaleBio/Roche in the draft PTO, "ScaleBio is asserting Section 271(f) infringement merely as an alternative." Accordingly, this factor also favors striking ScaleBio/Roche's § 271(f) theory.

Respectfully submitted,

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903)

Attachments:   Exhibits A-H

cc:  All Counsel of Record via E-mail

- 4 -

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| A. | Proposed Order |
| B. | Order, *Acceleration Bay LLC v. Activation Blizzard*, No. 16-453-RGA (D. Del. Apr. 13, 2017), D.I. 116 |
| C. | Plaintiffs' Final Infringement Contentions, dated August 28, 2024 |
| D. | Excerpts from the October 10, 2024 Opening Report of Drew D. Mooney Regarding Damages Arising from Parse's Infringement of the Asserted ScaleBio Claims |
| E. | Excerpts from the Videotaped Deposition of Drew D. Mooney, taken February 5, 2025 |
| F. | Email from Emma Frank, dated August 21, 2025 |
| G. | September 9, 2025 Supplemental Expert Report of Drew D. Mooney Regarding Damages |
| H. | Email from Azra Hadzimehmedovic, dated September 29, 2025 |

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SCALE BIOSCIENCES, INC. and ROCHE SEQUENCING SOLUTIONS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> PARSE BIOSCIENCES, INC., <br><br> *Defendant*, <br> PARSE BIOSCIENCES, INC. and UNIVERSITY OF WASHINGTON, <br><br> *Counterclaim-Plaintiffs*, <br><br> v. <br><br> SCALE BIOSCIENCES, INC., <br><br> *Counterclaim-Defendant*. | Civil Action No. 1:22-cv-01597-CJB |

**[PROPOSED] ORDER**

At Wilmington, Delaware this _____ day of _____, 2025,

WHEREAS, the Court having reviewed Parse Biosciences, Inc.'s ("Parse") Motion to Strike Portions of Mr. Mooney's Supplemental Expert Report and Theory of § 271(f) Infringement (Expedited Consideration Requested) (D.I. ___) and the briefing related thereto (D.I. ___, D.I. ___, D.I. ___);

IT IS HEREBY ORDERED that the Motion is **GRANTED**, as follows:

1.    Mr. Mooney's September 9, 2025, Supplemental Expert Report is hereby struck as untimely to the extent ████████████████████████, and Mr. Mooney cannot present the opinions related to ████████████████ and

2.    ScaleBio/Roche's infringement theory under § 271(f) is struck and ScaleBio/Roche are hereby precluded from presenting such evidence and theories at trial.

1

The Honorable Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ACCELERATION BAY LLC,     :

       :

     Plaintiff,    :

       :

    v.      :  Civil Action No. 16-453-RGA

       :

ACTIVISION BLIZZARD, INC.,    :

       :

     Defendant.   :

---

ACCELERATION BAY LLC,     :

       :

     Plaintiff,    :

       :

    v.      :  Civil Action No. 16-454-RGA

       :

ELECTRONIC ARTS, INC.,    :

       :

     Defendant.   :

---

ACCELERATION BAY LLC,     :

       :

     Plaintiff,    :

       :

    v.      :  Civil Action No. 16-455-RGA

       :

TAKE-TWO INTERACTIVE    :

SOFTWARE, INC., et al.,    :

       :

     Defendants.   :

**ORDER**

The parties dispute whether Plaintiff can assert different claims than the claims it previously asserted. (*E.g.*, No. 16-453 (D.I. 113 & 115)). The use of "preliminary" in my orders refers to the larger group from which the "final" and smaller group is to be drawn. (*E.g.*, No. 15-

228, D.I. 34, ¶10; No. 16-453, D.I. 62, ¶ 9). "Preliminary" refers to time. It does not mean "subject to change at whim." As Defendants point out, the goal is to narrow the case into something that could be triable. When one side or the other seeks to replaces newly-identified weaklings with more robust claims, that side is going in the wrong direction. Absent good cause, Plaintiff cannot substitute different claims for the ones currently asserted, and Defendants cannot substitute different art for the ones currently asserted.

Neither side's letter really addresses good cause. I do not see good cause in what Plaintiff states in its letter. I have not, however, given Plaintiff a fair shot at making its argument under what I believe is the appropriate standard. Thus, while Plaintiff is not permitted to substitute on this record, I make this ruling without prejudice to Plaintiff seeking, now or at a later time, to demonstrate good cause.

IT IS SO ORDERED this 13 day of April 2017.

Richard G. Andrews

United States District Judge

**EXHIBIT C**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCALE BIOSCIENCES, INC., <br><br> and <br><br> ROCHE SEQUENCING SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PARSE BIOSCIENCES, INC., <br><br> Defendant. | Civil Action No.  1:22-CV-01597-CJB <br><br> ███████████████ <br> ████████████████ |
| PARSE BIOSCIENCES, INC., <br><br> and <br><br> UNIVERSITY OF WASHINGTON, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> SCALE BIOSCIENCES, INC., <br><br> Counterclaim Defendant. | |

### PLAINTIFFS' FINAL INFRINGEMENT CONTENTIONS

Pursuant to paragraph 6(f) of the Amended Scheduling Order (D.I. 52), as amended (D.I. 170, ¶ 3), Plaintiff and Counterclaim Defendant Scale Biosciences, Inc. ("ScaleBio") and Plaintiff Roche Sequencing Solutions, Inc. ("RSS") (collectively, "Plaintiffs") hereby provide final infringement contentions, consisting of claim charts relating each accused product to the asserted claims each such product infringes.

Plaintiffs' disclosures are based on incomplete information regarding the products of Defendant Parse Biosciences, Inc. ("Parse") accused now or later of infringing any of the patents

that Plaintiffs assert now or later against Parse ("Accused Parse Products").  Plaintiffs have

received incomplete discovery from Parse regarding the Accused Parse Products, and certain

types of discovery are ongoing.  For example, depositions are not completed, and ScaleBio is

still awaiting Parse's supplementation of ScaleBio's interrogatory identifying the nucleic acid

sequences used with each of the Accused Parse Products.  Further, Plaintiffs' disclosures are

made without the benefit of the Court's resolution of all of the parties' claim construction

disputes.  Consequently, Plaintiffs expressly reserve the right to supplement or alter their

disclosures based on additional information learned through discovery or other means, based on

the Court's resolution of the remaining claim construction disputes, or based on any other

circumstances that may further inform Plaintiffs' understanding of the Accused Parse Products.

## I.    Accused Parse Products

Based on presently available information, the Accused Parse Products are former,

present, and future versions of the following products:





This identification of Accused Parse Products is based upon Plaintiffs' investigation to date, and the absence of a Parse product or service from the list does not imply that the product does not infringe. Plaintiffs explicitly reserve the right to supplement or alter their identification of Accused Parse Products.

## II.    Asserted ScaleBio Claims

Based on presently available information, Plaintiffs assert that making, using, offering for sale, and/or selling in the United States, and/or importation into the United States of each of the Accused Parse Products and/or supplying from the United States of a substantial portion of the components of the Accused Parse Products or of any component thereof for combination outside the United States infringes (i.e., directly and indirectly, literally or under the doctrine of equivalents) each of the following patent claims ("Asserted ScaleBio Claims"):

- Claims 1, 6, 7, 8, 9, 11, 15, 16, 17, 18, 19, 20, 21, and 22 of U.S. Patent No. 10,626,442;

- Claims 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of U.S. Patent No. 11,512,341;

3

- Claims 1, 2, 3, 4, 5, and 6 of U.S. Patent No. 10,982,256;

- Claims 1-18 and 20-25 of U.S. Patent No. 11,634,752.

This identification of the Asserted ScaleBio Claims is based upon Plaintiffs' investigation to date, and the absence of a claim from the list does not imply that the claim is not infringed. Plaintiffs explicitly reserve the right to supplement or alter their identification of the Asserted ScaleBio Claims.

## III.    Infringement Contentions

Based on presently available information, Plaintiffs assert that that Parse infringes the Asserted ScaleBio Claims.  Plaintiffs' infringement claim charts are provided herewith as Exhibits A-D, and diagrams relating to the oligonucleotides used in the Accused Parse Products are provided herewith as Appendix 1.  In each exhibit, the discussion for dependent claims should be read as incorporating by reference the discussion corresponding to the claims from which they depend.  In addition, the discussion for each limitation should be read within the context of the discussion for the entire claim to which that limitation pertains.  Where the exhibits incorporate excerpts of particular documents, the reference to those excerpts is exemplary and not to the exclusion of any other excerpt or version of the document or any versions of related documents.

Pursuant to the Stipulation Regarding the Parties' Customers' Use of the Parties Products (D.I. 202), Parse stipulated that (1) its "current and former products include" the Accused Parse Products, (2) it "has sold, provided, or offered for sale each of the [Accused] Parse Products to customers in the United States," (3) "[s]ubstantially all of Parse's U.S. customers use the [Accused] Parse Products they purchased or were provided in accordance with the instructions provided by Parse in the user manual pertaining to each product," and (4) "[s]ubstantially all of Parse's U.S customers' use of the [Accused] Parse Products in accordance with the instructions

4

provided by Parse occurs in the United States and for purposes other than those covered by 35 U.S.C. § 271(e)(1)."

    **A.**    **Use, Manufacture, Sale, and/or Offer for Sale of the Accused Parse Products Practices the Asserted ScaleBio Claims.**

    **1.**    **Parse's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Products**

Parse's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ products (i.e., numbers 1-19 in Part I above) are used with substantially the same protocol, as illustrated below.  Use, manufacture, sale, and/or offer for sale of Parse's ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ products in accordance with the instructions provided by Parse in the user manual pertaining to each product practices the Asserted ScaleBio Claims for the reason identified in Exhibits A-D.

5



ScaleBio Deposition Exhibit 1106 at 2 (PARSE0001396 at PARSE0001397); *see also*

PARSE0001404; PARSE0001416 at PARSE0001418; PARSE0001932; PARSE0001933;

PARSE0001934; SCALEBIO0006575; SCALEBIO0006568; SCALEBIO0006562;

SCALEBIO0006554; SCALEBIO0006548.

6





Rosenberg Deposition Transcript at 67:16-97:21 (discussing ScaleBio Deposition Exhibit 1106).



9



Roco Deposition Transcript at 82:11-88:17 (discussing ScaleBio Deposition Exhibit 1106).



ScaleBio Deposition Exhibit 1107 at 5-6 (PARSE0703645 (█████████████) at

PARSE0703649-50); *id.* at 24-40 (PARSE0703645 (████████████) at PARSE0703668-84)

("████████████████████████████"); *see also* PARSE0368938 (████████████ ████████████) at PARSE0368948-49, PARSE0368955-66 (similar); PARSE0597106 (████████████████████████) at PARSE0597116-17, PARSE0597122-34 (similar); PARSE0597168 (██████████████████████████) at PARSE0597178-79, PARSE0597184-96 (similar); PARSE0703490 (████████████████) at PARSE0703494-95, PARSE0703513-29 (similar); PARSE0703264 (████████████████) at PARSE0703268-69, PARSE0703287-303 (similar); PARSE0703726 (████████████) at PARSE0703730-31, PARSE0703749-63 (similar); PARSE0703571 (████████████████) at PARSE0703575-76, PARSE0703594-608 (similar); PARSE0703345 (████████████████) at PARSE0703349-50, PARSE0703368-83 (similar); PARSE0703419 (████████████████████████████ ██████████) at PARSE0703422-24, PARSE0703436-70 (similar); PARSE0703164 (████████████) at PARSE0703168-69, PARSE0703188-204 (similar); PARSE0702974 (██████████████) at PARSE0702978-79, PARSE0702998-3014 (similar); PARSE0702784 (████████████████) at PARSE0702788-89, PARSE0702808-24 (similar); PARSE0703074 (██████████████) at PARSE0703078-79, PARSE0703098-112 (similar); PARSE0702884 (████████████████) at PARSE0702888-89, PARSE0702908-22 (similar); PARSE0702692 (████████████████) at PARSE0702696-97, PARSE0702717-32 (similar); PARSE0702392 (██████████) at PARSE0702396-97, PARSE0702418-32 (similar); PARSE0702302 (████████████████) at PARSE0702306-07, PARSE0702328-42 (similar); PARSE0702212 (██████████████) at PARSE0702216-17, PARSE0702238-52 (similar); Rosenberg Deposition Transcript at 97:24-106:20 (discussing ScaleBio Deposition Exhibit 1107).

11



Roco Deposition Transcript at 88:18-102:24 (discussing ScaleBio Deposition Exhibit 1149);.



Roco Deposition Transcript at 109:15-112:2 (discussing ScaleBio Deposition Exhibit 1152).



Roco Deposition Transcript at 121:10-123:21 (discussing ScaleBio Deposition Exhibit 1154).



ScaleBio Deposition Exhibit 1108 at 61 (PARSE0001762 (█████) at PARSE0001822); *see also*

PARSE0001693 (███████) at PARSE0001753; PARSE0001831 (████████) at

13

PARSE0001891; PARSE0001611 (███) at PARSE0001687; PARSE0001529 (██████) at

PARSE0001605; PARSE0001447 (██████) at PARSE0001523.



Rosenberg Deposition Transcript at 109:24-114:21 (discussing ScaleBio Deposition Exhibit

1108).

14



ScaleBio Deposition Exhibit 1105 at 21-22 (Supplemental Materials at 13-14,

SCALEBIO0006582 at SCALEBIO0006602-03).

15



Rosenberg Deposition Transcript at 58:5-64:2 (discussing ScaleBio Deposition Exhibit 1105).



PARSE0001416 ("████████████████████████████████████") at PARSE0001418.

### 2. Parse's ███████ Products

Parse's ████████ products (i.e., ████████████████████████) are used with Parse's

████████████████████████████████████████ products (i.e., numbers

1-19 in Part I above), as illustrated below.  Use of Parse's ████████ products with Parse's ██████

████████████████████████████████████ products practices the

Asserted ScaleBio Claims for the reason identified in Exhibits A-D.



17



ScaleBio Deposition Exhibit 1106 at 2 (PARSE0001396 at PARSE0001397).





Rosenberg Deposition Transcript at 67:16-97:21 (discussing ScaleBio Deposition Exhibit 1106).



ScaleBio Deposition Exhibit 1107 at 5 (PARSE0703645 (█████████) at PARSE0703649);

*id.* at 10 (PARSE0703645 (█████████) at PARSE0703654); *id.* at 24-40 (PARSE0703645

(█████████) at PARSE0703668-84) ("████████████████████"); *see also*

19

PARSE0368938 (█████████████████████████) at  PARSE0368948-49, PARSE0368955-66 (similar); PARSE0597106 (██████████████████████) at PARSE0597116-17, PARSE0597122-34 (similar); PARSE0597168 (████████ ████████████████) at PARSE0597178-79, PARSE0597184-96 (similar); PARSE0703490 (█████████████████) at PARSE0703494-95, PARSE0703513-29 (similar); PARSE0703264 (█████████████████) at PARSE0703268-69, PARSE0703287-303 (similar); PARSE0703726 (██████████████) at PARSE0703730-31, PARSE0703749-63 (similar); PARSE0703571 (█████████████████) at PARSE0703575-76, PARSE0703594-608 (similar); PARSE0703345 (████████████████) at PARSE0703349-50, PARSE0703368-83 (similar); PARSE0703419 (████████████████████████████████) at PARSE0703422-25, PARSE0703436-70 (similar); PARSE0703164 (███████████) at PARSE0703168-69, PARSE0703188-204 (similar); PARSE0702974 (██████████████) at PARSE0702978-79, PARSE0702998-3014 (similar); PARSE0702784 (██████████████ at PARSE0702788-89, PARSE0702808-24 (similar); PARSE0703074 (█████████████) at PARSE0703078-79, PARSE0703098-112 (similar); PARSE0702884 (██████████████) at PARSE0702888-89, PARSE0702908-22 (similar); PARSE0702692 (██████████████) at PARSE0702696-97, PARSE0702717-32 (similar); PARSE0702392 (███████████) at PARSE0702396-97, PARSE0702418-32 (similar); PARSE0702302 (██████████████) at PARSE0702306-07, PARSE0702328-42 (similar); PARSE0702212 (███████████████) at PARSE0702216-17, PARSE0702238-52 (similar); Rosenberg Deposition Transcript at 97:24-106:20 (discussing ScaleBio Deposition Exhibit 1107).

PARSE0547781 (██████████) and PARSE0547790 & PARSE0547796 ("███████ ████████████████████████████████████"); PARSE0499893

(█████████) at PARSE0499893 & PARSE0499903 ("████████████████████████████████

████████████████████████████████████"); PARSE0702596 (███████████████████████████) at

PARSE0702599 ("██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

███"); PARSE0702568 (█████████████████████████████████████████) at PARSE0702571

("████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████");

PARSE0703898 (███████████████████████████████████████) at PARSE0703901 ("█████

████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████"); PARSE0702534

(Evercode Cell Fixation (█████████)) at PARSE0702537 ("███████████████████████

████████████████████████████████████████████████████████████████████████████

████████████"); PARSE0702508 (███████████████████████████████████████████████) at

PARSE0702511 ("██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████"); PARSE0702482

(███████████████████████████████████████████) at PARSE0702485 ("█████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████"); PARSE0702658 (███████████████████████) at

PARSE0702661 ("██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████");

PARSE0702630 (███████████████████████████████████████) at PARSE0702633 ("█████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████"); PARSE0703926 (█████████████

███████████████████████████████) at PARSE0703929 ("███████████████████████

██████████████████████████████████████████████████████████████████████████

███████████████████████████████"); PARSE0001422 (████████████████████) at

PARSE0001437 & PARSE0001443 ("████████████████████████████████████████████

██████████████████████████████████████████████").



https://www.parsebiosciences.com/products/evercode-wt/ (last visited August 10, 2024).

22



https://www.parsebiosciences.com/products/evercode-tcr/ (last visited August 10, 2024).



https://www.parsebiosciences.com/products/evercode-bcr/ (last visited August 10, 2024).

*See also* PARSE0001404 (“███████████████████████████████████

███████████”) at PARSE0001404 (“██████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████”); PARSE0001406 (“████████████████████████

████████████████████████████████████████████”) at PARSE0001406

(“████████████████████████████████████”), PARSE0001407 (“███████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████”); PARSE0001410 (“███████████

█████████████████████████████████████████████████████████████

24

██████”) at PARSE0001410 (“████████████████████████████████████████████

███████████████████████████████████████████████████████████████████”),

PARSE0001411 (“████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████”); PARSE0001392 (“██████████████████████████████████████████

██████”) at PARSE0001395 (“████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████”); PARSE0001416 (“████████████████████████████

██████”) at PARSE0001418, PARSE0001421 (“████████████████████████████”);

PARSE0001933; PARSE0001934.

### 3.    Parse's ██████████ Products

Parse's ██████████ products are used with Parse's ██████████ products (i.e.,

numbers 4-10 in Part I above), as illustrated below.  Use of Parse's ██████████ products

with Parse's ██████████ products practices the Asserted ScaleBio Claims for the reason

identified in Exhibits A-D.



PARSE0486022 (███████████████████████) at PARSE0486031 ("████████████

██████████████"); *see also* PARSE0485943 (████████████████████

███████) at PARSE0485952 (███████████████████████████████████");

PARSE0485864 (████████████████████████) at PARSE0485873 ("████████

████████████████████████"); ScaleBio Deposition Exhibit 1151 at 5

(PARSE0702124 (███████████████████████) at PARSE0702128) ("███████

██████████████████"); ScaleBio Deposition Exhibit 1153 (PARSE0702038

(██████████████████████) at PARSE0702042) ("███████████████████

██████████████"); PARSE0701950 (████████████████████████████████)

at PARSE0701954 ("████████████████████████████████████████").



Roco Deposition Transcript at 106:9-109:14 (discussing ScaleBio Deposition Exhibit 1151); *see also id.* at 114:13-121:5 (discussing ScaleBio Deposition Exhibit 1153).



https://www.parsebiosciences.com/products/crispr-detect/ (last visited August 10, 2024).





Rosenberg Deposition Transcript at 67:16-97:21 (discussing ScaleBio Deposition Exhibit 1106).

### 4.    Parse's ███████████ Product

Parse's ████ ██████[1] product (i.e., numbers 33 in Part I above) is used with Parse's



products (i.e., numbers 1-19 in Part I above), as illustrated below.  Use of Parse's ██████████ product with Parse's

████████████████████████████████████████████ products practices the

Asserted ScaleBio Claims for the reason identified in Exhibits A-D.

---

[1] Parse rebranded "███████████" as "████████████."  Given the Stipulation Regarding the Parties' Customers' Use of the Parties Products (D.I. 202), in which Parse identified "████ ██████" and not "█████████," ScaleBio understands that they are substantively the same.

29



ScaleBio Deposition Exhibit 1155 at 4, 6 (PARSE0703872 (████████████) at PARSE0703875,

PARSE0703877); Roco Deposition Transcript at 123:22- (discussing ScaleBio Deposition

Exhibit 1155).



PARSE0001414 ("████████████████████████████") at PARSE0001414 ("█████

████████████████████████████████████████████████████████

30

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████"); *see also id.* at

PARSE0001415 ("██████████████████████████████████████").



https://www.parsebiosciences.com/products/gene-select/ (last accessed August 10, 2024).

31

**5.    Parse's ████████ Products**

Parse's ████ ████████[2] products (i.e., number 32 in Part I above) are used with Parse's

████████████████████████████████████████████████████████

████████████████ products (i.e., numbers 1-19 and 33-39 in Part I above), as illustrated below.

Use of Parse's ████████████ product with ████████████████████████████

████████████████████████████████████████ products practices the

Asserted ScaleBio Claims for the reason identified in Exhibits A-D.



PARSE0740504 (████████████) at PARSE0740511-12.

---

[2] Parse rebranded "████████████" as "████████████." Given the Stipulation Regarding the Parties' Customers' Use of the Parties Products (D.I. 202), in which Parse identified "████████████" and not "████████," ScaleBio understands that they are substantively the same.

32



ScaleBio Deposition Exhibit 1106 at 2, 5 (PARSE0001396 at PARSE0001397,

PARSE0001400); *see also* PARSE0001404; PARSE0001416 at PARSE0001418;

PARSE0001932; PARSE0001933; PARSE0001934.

33

34





Rosenberg Deposition Transcript at 67:16-97:21 (discussing ScaleBio Deposition Exhibit 1106).



ScaleBio Deposition Exhibit 1107 at 5 (PARSE0703645 (███████████) at PARSE0703649);

*see also* PARSE0368938 (█████████████████████) at PARSE0368948 (similar);

PARSE0597106 (████████████████████) at PARSE0597116 (similar);

PARSE0597168 (████████████████████) at PARSE0597178 (similar);

PARSE0703490 (██████████████) at PARSE0703494 (similar); PARSE0703264

(██████████████) at PARSE0703268 (similar); PARSE0703726 (████████████) at

PARSE0703730 (similar); PARSE0703571 (██████████████) at PARSE0703575

(similar); PARSE0703345 (█████████████████) at PARSE0703349 (similar); PARSE0703419 (███████████████████████████████████████) at PARSE0703422 (similar); PARSE0703164 (████████████) at PARSE0703168 (similar); PARSE0702974 (██████████████) at PARSE0702978 (similar); PARSE0702784 (███████████████) at PARSE0702788 (similar); PARSE0703074 (████████████) at PARSE0703078 (similar); PARSE0702884 (██████████████) at PARSE0702888 (similar); PARSE0702692 (██████████████) at PARSE0702696 (similar); PARSE0702392 (████████) at PARSE0702396 (similar); PARSE0702302 (███████████) at PARSE0702306 (similar); PARSE0702212 (██████████████) at PARSE0702216 (similar); Rosenberg Deposition Transcript at 97:24-106:20 (discussing ScaleBio Deposition Exhibit 1107).



PARSE0001416 ("█████████████████████████████████████") at PARSE0001418.



https://www.parsebiosciences.com/data-analysis/ (last accessed August 10, 2024)

## B.     Literal Infringement and Infringement Under the Doctrine of Equivalents

Making, using, offering for sale, and/or selling of the Accused Parse Products in the United States by Parse or its customers, and/or importing the Accused Parse Products into the United and/or supplying from the United States a substantial portion of the components of the Accused Parse Products or of any component thereof for combination outside the United States by Parse literally infringes one or more of the Asserted ScaleBio Claims. Parse identified some limitations of the Asserted ScaleBio Claims that Parse asserts are not practiced. *See* Parse Biosciences, Inc.'s Second Supplemental Objections and Responses to Scale Biosciences, Inc.'s Second Set of Interrogatories. Parse is wrong for the reasons addressed in Exhibits A-D. Regardless, even assuming that any of the limitations of the Asserted ScaleBio Claims that Parse asserts are not practiced literally, those limitation are practiced under the doctrine of equivalents, for the reasons addressed in Exhibits A-D. Any difference between the corresponding feature of the Accused Parse Product (or its use) and the limitation is insubstantial and the corresponding feature of the Accused Parse Product (or its use) performs substantially the same function in substantially the same way to obtain the same result as the limitation. As a general matter, Parse's products are at a minimum substantially similar to the limitations of the Asserted ScaleBio Claims. For example, the Accused Parse Products serve the same function of ████████████████████████████

37

████████████████████████████████████████████

████████████ .

### C.    Direct Infringement, Inducement to Infringe, and Contribution to Infringement.

Parse directly infringes the ScaleBio Asserted Claims under 35 U.S.C. § 271(a) for the reasons described in Exhibits A-D by, for example, making, using, offering for sale, and/or selling the Accused Parse Products, including by testing the Accused Parse Products or providing product assistance for or on behalf of a third party, such as a customer or partner.



38



Roco Deposition Transcript at 128:2-129:6; *see, e.g.*, PARSE0001936; PARSE0001392; PARSE0001932; PARSE0001933; PARSE0001410; PARSE0001406; PARSE0001931; PARSE0001935; PARSE0001934.  Parse additionally infringes Claims 1-18 and 20-25 of U.S. Patent No. 11,634,752 (the "ScaleBio Kit Claims") under 35 U.S.C. § 271(f)(1) by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the kits claimed in the '752 Patent, where such components are uncombined in whole or in part with other components, in such manner as to actively induce the combination of such components outside of the United States.  Further, Parse infringes the ScaleBio Kit Claims under 35 U.S.C. § 271(f)(2) by supplying or causing to be supplied in or from the United States components of the kits claimed in the '752 Patent, uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.  Infringement of the ScaleBio Kit Claims is described in Exhibit D.

Parse's customers and partners directly infringe the ScaleBio Asserted Claims under 35 U.S.C. § 271(a) for the reasons described in Exhibits A-D by, for example, making and/or using, the Accused Parse Products, including by testing the Accused Parse Products or conducting research with the Accused Parse Products.  *E.g.*, SCALEBIO0006548 at SCALEBIO0006551;[3]

---

[3] https://www.parsebiosciences.com/

SCALEBIO0006554 at SCALEBIO0006559;[4] SCALEBIO0006568 at SCALEBIO0006571-72;[5] PARSE0001936; PARSE0001935.[6]  As discussed in parse III.A above and in Exhibits A-D, use of the Accused Parse Products in accordance with the in accordance with the instructions provided by Parse in the user manual pertaining to each product practices the Asserted ScaleBio Claims.  Pursuant to the Stipulation Regarding the Parties' Customers' Use of the Parties Products (D.I. 202), Parse stipulated that (1) its "current and former products include" the Accused Parse Products, (2) it "has sold, provided, or offered for sale each of the [Accused] Parse Products to customers in the United States," (3) "[s]ubstantially all of Parse's U.S. customers use the [Accused] Parse Products they purchased or were provided in accordance with the instructions provided by Parse in the user manual pertaining to each product," and (4) "[s]ubstantially all of Parse's U.S customers' use of the [Accused] Parse Products in accordance with the instructions provided by Parse occurs in the United States and for purposes other than those covered by 35 U.S.C. § 271(e)(1)."  That use by Parse's customers infringes the Asserted ScaleBio Claims for the reasons described in Exhibits A-D.

Parse induces infringement by others, including customers and partners, of the ScaleBio Asserted Claims under 35 U.S.C. § 271(b) by selling the Accused Parse Products and knowingly encouraging the making and/or use of the Accused Parse Products in the infringing manner described in Exhibits A-D.  Parse encourages infringement as described in Exhibits A-D by, for

---

[4] https://www.parsebiosciences.com/products/evercode-whole-transcriptome

[5] https://www.parsebiosciences.com/products/evercode-whole-transcriptome-mega

[6] *See also* https://www.parsebiosciences.com/blog/scrna-seq-to-analyze-the-effects-of-lung-inflammation-in-covid-patients; https://www.parsebiosciences.com/blog/overcoming-obstacles-in-differential-rna-isoform-expression-at-single-cell-resolution; https://www.parsebiosciences.com/blog/alzheimers-disease-research-using-single-cell-rna-sequencing; https://www.parsebiosciences.com/blog/closer-look-at-chromatin-role-in-cancer-using-scrna-seq

example, providing its customers and partners with the information cited in Exhibit A-D and above, encouraging its customers and partners to use the Accused Parse Products on its website, and touting the alleged efficacy of the Parse Accused Products.  In particular, Parse encourages its customers to use the Accused Parse Products in accordance with the instructions provided by Parse in the user manual pertaining to each product:



Rosenberg Deposition Transcript at 18:5-23.  *See also* Musmacker Deposition Transcript at 38:23-39:2, 90:10-18, 97:24-98:7. PARSE0001392; PARSE0001396; PARSE0001404; PARSE0001406; PARSE0001410; PARSE0001414; PARSE0001416.  Parse induces infringement knowing of the ScaleBio Asserted Patents and knowing that it is causing infringement of the ScaleBio Asserted Patents.  Parse Biosciences, Inc.'s Objections and

41

Responses to Scale Biosciences, Inc.'s First Set of Requests for Admission (No. 1: Admitting that "████████████████████████████████████") (No. 3: Admitting that "████████████████████████████████████████") (No. 5:  Admitting that "████" ████████████████████████████████████████") (No. 7:  Admitting that "████ ████████████████████████████████").  Even if Parse did not know it was infringing the Asserted ScaleBio Claims when it first learned of the Asserted ScaleBio Patents, Parse knew it was infringing when the District Court rejected Parse's construction of "unique binding agent."  D.I. 118 (January 18, 2024).  Until that point, Parse's unduly narrow construction of "unique binding agent" ████████████████████████████████ ████████████████████████████.  *E.g.*, SCALEBIO0006244. Parse's more recent litigation-drive arguments are wrong for the reasons addressed in Exhibits A-D.  Moreover, once this litigation determines that making, using, offering for sale, and/or selling of the the Accused Parse Products infringes the Asserted ScaleBio Claims, Parse will know that it is inducing infringement of the Asserted ScaleBio Patents.

Parse contributes to the infringement of the ScaleBio Asserted Claims under 35 U.S.C. § 271(c) by selling the Accused Parse Products for making and/or using the patented processes and/or kits of the ScaleBio Asserted Claims as described in Exhibits A-D.  Parse sells its Accused Parse Products knowing the Accused Parse Products are made or especially adapted for use in infringement of the ScaleBio Asserted Claims.  As illustrated by Exhibits A-D, the Accused Parse Products constitute a material part of the invention of the ScaleBio Asserted Claims and are not a staple article or commodity of commerce suitable for a substantial non-infringing use.  Parse contributes to the infringement knowing of the ScaleBio Asserted Patents and, thus, knowing that it contributing to the infringement of the ScaleBio Asserted Patents.

Plaintiffs' infringement claim charts and their identification of Parse's infringement of the ScaleBio Asserted Claims are based upon Plaintiffs' investigation to date. Plaintiffs explicitly reserve the right to supplement or alter their identification of the Asserted ScaleBio Claims, as noted above.

|  |  |
|---|---|
|  | /s/ *Sara M. Metzler* |
| OF COUNSEL: | Kelly E. Farnan (#4395) |
|  | Sara M. Metzler (#6509) |
| Stephen S. Rabinowitz | RICHARDS, LAYTON, & FINGER, P.A. |
| srabinowitz@wolfgreenfield.com | 920 North King Street |
| WOLF, GREENFIELD & SACKS, P.C. | One Rodney Square |
| 605 Third Avenue | Wilmington, DE 19801 |
| New York, NY 10158 | 302.651.7700 |
| 212.697.7890 | farnan@rlf.com |
|  | metzler@rlf.com |
| Chelsea A. Loughran |  |
| cloughran@wolfgreenfield.com | *Counsel for Scale Biosciences, Inc. and* |
| Stuart V. C. Duncan Smith | *Roche Sequencing Solutions, Inc.* |
| sduncansmith@wolfgreenfield.com |  |
| Emma L. Frank |  |
| efrank@wolfgreenfield.com | Robert J. Gunther, Jr. |
| Arden E. Bonzo | WILMER CUTLER PICKERING HALE & |
| abonzo@wolfgreenfield.com | DORR, LLP |
| WOLF, GREENFIELD & SACKS, P.C. | 7 World Trade Center |
| 600 Atlantic Avenue | 250 Greenwich Street |
| Boston, MA 02210 | New York, NY 10007 |
| 617.646.8000 | (212) 230-8830 |
|  |  |
| *Counsel for Scale Biosciences, Inc.* | Madeleine C. Laupheimer |
|  | WILMER CUTLER PICKERING HALE & |
| Date: August 28, 2024 | DORR, LLP |
|  | 60 State Street |
|  | Boston, MA 02109 |
|  | (617) 526-6107 |
|  |  |
|  | *Counsel for Roche Sequencing Solutions, Inc.* |

43

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SCALE BIOSCIENCES, INC.,<br><br>and<br><br>ROCHE SEQUENCING SOLUTIONS, INC.,<br><br>        Plaintiffs,<br>v.<br><br>PARSE BIOSCIENCES, INC.<br><br>        Defendant. | Civil Action No.  1:22-CV-01597-CJB<br><br>█████████████ |
| PARSE BIOSCIENCES, INC.,<br><br>  and<br><br>UNIVERSITY OF WASHINGTON,<br><br>        Counterclaim Plaintiffs,<br>v.<br><br>SCALE BIOSCIENCES, INC.,<br><br>        Counterclaim Defendant. | |

**OCTOBER 10, 2024 OPENING EXPERT REPORT OF DREW D. MOONEY
REGARDING DAMAGES ARISING FROM PARSE'S INFRINGEMENT OF
<u>THE ASSERTED SCALEBIO CLAIMS</u>**

███████████████████████████████████████████

221.    I use my *Georgia-Pacific* analysis, discussed throughout my report and summarized above, to determine what, if any, adjustments should be made to the initial starting point of ██████.   Based on my analysis, my opinion is that in their hypothetical negotiation, ScaleBio and Parse would have agreed to a rate ██████ for the patents-in-suit.[447]

### E.    Reasonable Royalty Damages

<u>Royalty Base</u>

222.    I have calculated a reasonably royalty base on the net sales of the Accused Products.  In order to arrive at the royalty base, I relied on █████████████████████ ████████████████████████████.  As discussed in Factor 8 above, I understand that ██████████████████████████████████████████████████████████████.
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████.[448]  Mr. Yamamoto testified that █████████████████
███████████████████████████████████████████████████████████
█████████[449]    ████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████[450] █

---

[447] It is my understanding that all four of the Asserted ScaleBio Patents share an identical specification and that the accused core functionality of the accused Parse products is the same across all the Asserted ScaleBio Patents. *See generally,* Opening Report of Peter A. Sims, Ph.D. Regarding Parse's Infringement of the Asserted ScaleBio Claims. In my opinion, therefore, ████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████ In other words, █████████████████████████████████ ██████████████████████.

[448] Deposition of Michael Yamamoto, dated July 18, 2024, Exhibit 1012 (PARSE0275864 at tabs ███████████████████).

[449] Deposition of Michael Yamamoto, dated July 18, 2024, p. 88.

[450] **Exhibit 6**.



223.    However, I am aware that ███████████████████████████.

224.    ████████████████████████████████████████████

███████████████████████████████.[455] I reserve the right to update my royalty

base based on updated sales data as it becomes available.

---

[451] **Exhibit 6**.

[452] **Exhibit 6**, Deposition of Michael Yamamoto, dated July 18, 2024, Exhibit 1019 (PARSE0815027 at tab ████████████).

[453] Deposition of Michael Yamamoto, dated July 18, 2024, Exhibit 1019 (PARSE0815027 at tab ████████).

[454] **Exhibit 6**.

[455] **Exhibit 7.** ████████████████████████████████████████████████████████████████████████████████. I reserve the right to update these calculations based on more recent sales and/or revenue data.

██████████████████████████████████████████████████

<u>Royalty Damages</u>

225.    ████████████████████████████████████████████████████

████████████████████████████████████[456]


_Drew D. Mooney_ (signature)

Drew D. Mooney
October 10, 2024

---

[456] **Exhibit 7.**

# EXHIBIT E

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------x
SCALE BIOSCIENCES, INC. and ROCHE
SEQUENCING SOLUTIONS, INC.,
           Plaintiffs,
    v.                      C.A. No.
                            1:22-cv-01597-CJB
PARSE BIOSCIENCES, INC.,
           Defendant.
--------------------------------x
PARSE BIOSCIENCES, INC. and
UNIVERSITY OF WASHINGTON,
       Counterclaim-Plaintiffs,
    v.
SCALE BIOSCIENCES, INC.,
       Counterclaim-Defendant.
--------------------------------x

HIGHLY CONFIDENTIAL
OUTSIDE ATTORNEYS' EYES ONLY

VIDEOTAPED DEPOSITION of
DREW D. MOONEY, CPA
Boston, Massachusetts
February 5, 2025
9:03 a.m.

Reporter: MaryJo O'Connor, RDR, RMR

DIGITAL EVIDENCE GROUP
1730 M Street, NW, Suite 812
Washington, D.C. 20036
(202) 232-0646

Page 2

Wednesday, February 5, 2025
9:03 a.m.

HIGHLY CONFIDENTIAL
OUTSIDE ATTORNEYS' EYES ONLY

VIDEOTAPED DEPOSITION of DREW D. MOONEY, CPA, held at the Offices of Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, 23rd Floor, Boston, Massachusetts, pursuant to notice, before before MaryJo O'Connor, Registered Diplomat Reporter, Registered Merit Reporter and Notary Public in and for the Commonwealth of Massachusetts.

Page 3

A P P E A R A N C E S:

ATTORNEYS FOR PARSE BIOSCIENCES, INC. and UNIVERSITY OF WASHINGTON:
   STERNE, KESSLER, GOLDSTEIN & FOX, PLLC
   1101 K Street, NW, 10th Floor
   Washington, D.C. 20005
   (202) 371-2600
   BY:   CHANDRIKA VIRA, ESQ.
         cvira@sternekessler.com
         BRADY P. GLEASON, ESQ.
         bgleason@sternekessler.com

ATTORNEYS FOR SCALE BIOSCIENCES AND THE WITNESS:
   WOLF, GREENFIELD & SACKS, P.C.
   600 Atlantic Avenue
   Boston, Massachusetts 02210
   (617) 646-8000
   BY:   CHELSEA A. LOUGHRAN, ESQ.
         chelsea.loughran@wolfgreenfield.com
         EMMA L. FRANK, ESQ.
         emma.frank@wolfgreenfield.com

ALSO PRESENT:  Bob Giannini, Videographer

Page 4

I N D E X
Deposition of:               Page
DREW D. MOONEY, CPA
  By Ms. Vira                 8
  By Ms. Frank                329

E X H I B I T S
No.                          Page
Exhibit 1   Document entitled "October   16
            10, 2024, Opening Expert
            Report of Drew D. Mooney
            Regarding Damages Arising from
            Parse's Infringement of The
            Asserted ScaleBio Claims"
Exhibit 2   Document entitled "November   21
            12, 2024, Rebuttal Expert
            Report of Drew D. Mooney
            Regarding Damages Arising from
            ScaleBio's Infringement of
            The Asserted Parse Claims"

1 (Pages 1 to 4)

2/5/2025        Scale Biosciences, Inc. et al. v. Parse Biosciences, Inc.        Drew D. Mooney, CPA



Page 269

A.    I am at paragraph 222.
Q.    So you say here that -- we're talking about the actual royalty base that we apply to the reasonable royalty damages, right?
A.    Correct.
Q.    You say here that " [redacted] ," and I'm reading about four sentence down from the top of the paragraph: " [redacted] "
        Do you see that?
A.    Yes.
Q.    What did you mean by that?
A. [redacted]

Page 270

Q. [redacted] mind [redacted]
        MS. LOUGHRAN:  Objection.  Form.
A. [redacted]
Q. [redacted]

Page 271

[redacted]
        MS. LOUGHRAN:  Objection.  Form.
A. [redacted]
Q.    Okay.  And now, can we just turn to Exhibit 7 of your report.  And I promise we're almost done with this section.
A.    I'm at Exhibit 7.
Q. [redacted]
        MS. LOUGHRAN:  Objection.  Form.
A. [redacted]
Q. [redacted] s [redacted]

Page 272

[redacted]
        MS. LOUGHRAN:  Objection.  Calls for speculation.
A. [redacted]
Q. [redacted] , do you see that?  That's item 1 and 2.
A.    Yes.
Q. [redacted]
        MS. LOUGHRAN:  Objection. Compound.
A. [redacted]

68  (Pages 269 to 272)

2/5/2025    Scale Biosciences, Inc. et al. v. Parse Biosciences, Inc.    Drew D. Mooney, CPA



Page 329

EXAMINATION
BY MS. LOUGHRAN:

Q.    Just a couple of questions for you, Mr. Mooney.  I appreciate your time.

If you could go back to the document that Ms. Vira was asking you about.  I think it's Mooney Exhibit 0009.

Do you have that document?

A.    I do.

Q.    Do you recall Ms. Vira asking you some questions about this document?

A.    Yes.

Q.    And if you could turn to the page that ends in 996.  It's a slide entitled " ▮▮▮▮▮▮▮ "

Do you see this?

A.    Yes.

Q.    I don't think Ms. Vira asked you about this specifically, but do you see the bullet point that says " ▮▮▮▮▮▮ "?

A.    I do.

Q.    What's your understanding of that statement?

A.    ▮▮▮▮▮▮

Page 330

▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮ .

Q.    ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮

A.    ▮▮▮▮▮▮

Q.    ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮

A.    ▮▮▮▮▮▮

Q.    Finally, sir, if you could turn to page 104 of your opening report, Exhibit 1, please.  Paragraph 221.

Do you recall Ms. Vira asking you about this conclusion?

A.    Yes.

Q.    And my understanding is that your conclusion is that:

" ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮

Page 331

▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮ "

Do you see that?

A.    Yes.

Q.    And if you look at the paragraph before that, you have a list of all of the Georgia-Pacific factors that Ms. Vira asked you about, correct?

A.    Yes.  That includes all the Georgia-Pacific factors.

Q.    ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮

A.    ▮▮▮▮▮

MS. LOUGHRAN:  No further questions.

MS. VIRA:  I have no redirect.

VIDEO TECHNICIAN:  The time is 5:43.  We're off the record.

(Time Noted:  5:43 p.m.)

Page 332

        C E R T I F I C A T E
COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, SS.

I, MaryJo O'Connor, a Notary Public in and for the Commonwealth of Massachusetts, do hereby certify:

That DREW D. MOONEY, CPA, the witness whose testimony is hereinbefore set forth, was duly sworn by me and that such testimony is a true and accurate record of my stenotype notes taken in the foregoing matter to the best of my knowledge, skill and ability.

IN WITNESS WHEREOF, I have hereunto set my hand and Notarial Seal this 7th day of February 2025.


        MARYJO O'CONNOR, RDR/RMR
        Notary Public

My Commission expires:
September 12, 2025

83  (Pages 329 to 332)

**EXHIBIT F**

| | |
|---|---|
| **From:** | Frank, Emma L. <Emma.Frank@wolfgreenfield.com> |
| **Sent:** | Thursday, August 21, 2025 11:39 AM |
| **To:** | Brady Gleason; Metzler, Sara M.; Farnan, Kelly E.; WGS-Scale Biosciences v. Parse; WH RSS-Scale Lit |
| **Cc:** | ParseUW; kpascale@ycst.com; Vrana, Robert; Scale_Parse_Service |
| **Subject:** | RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB |

---

**EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Brady,

This email summarizes our meet and confer on August 15, 2025 and contains ScaleBio's proposals to address certain pre-trial exchanges, as we discussed. We also understand that you will be providing Parse's response to our proposals as well as Parse's proposals for certain other issues, identified below.  Given that certain exchanges would begin as early as next week under the current proposals, please respond by *Monday, August 25*. We are happy to further meet and confer as needed on these issues.

**Preliminary Witness Lists**

The parties agreed to an early exchange of preliminary witness lists and that if a party identifies someone on its preliminary witness list who has not yet been deposed in this litigation, the other side may elect to take a deposition of that witness. ScaleBio proposes that the parties exchange these witness lists on *August 29*, with any depositions to be completed by *September 21* or at least one day prior to the agreed deadline for the filing of MILs, whichever is earlier.  Please confirm whether Parse is in agreement.

**Supplemental Damages Reports**

ScaleBio proposes that the parties exchange supplemental financial information and supplemental expert reports regarding damages as follows:

By 5:00 p.m. on *Monday, August 25*, the parties will identify the previously produced documents that would need to be supplemented.  By 5:00 p.m. on *Friday, August 29*, the parties will produce updated versions of those financial documents as of June 30, 2025, or such other updated financial documents that are as near as possible to those previously identified.  ScaleBio requests that Parse produce the complete set of Accused Products sales data broken down by region.  By 5:00 p.m. on *Monday, September 8* the parties will exchange supplemental expert reports that include supplemental damages calculations. The supplemental reports will be limited to updating the calculations previously presented, and may include a short narrative description of the updated calculations provided.  No new theory of damages may be introduced.  No additional depositions of the parties' damages experts will occur on the basis of these supplemental reports.

**Pre-Trial Exchanges**

The parties discussed and agreed that we would generally use Judge Burke's form order, with a few alterations. The parties also generally agreed on a schedule for exchanges of the Pre-Trial Order ("PTO") cover pleading and related submissions (the exhibit list and deposition designations).

Regarding the PTO cover pleading, ScaleBio agrees that the statement of intended proof and statement of contested facts should be presented as a single section, with the level of specificity kept to a high level and directed to the ultimate issues.

ScaleBio proposes the following schedule of exchanges:

1

- *September 3*
  - o ScaleBio will provide an initial draft of the non-contested portions of the PTO based on Judge Burke's form order.
  - o Both sides will provide initial drafts of the portions of the PTO cover relating to issues on which they bear the burden of proof, provided that the portions related to damages will be supplemented by September 10.
  - o Both sides will provide initial exhibit lists. Exhibits will be labeled "PTX-##" and "DTX-##" at this point.
  - o Both sides will provide affirmative deposition designations, listed in an Excel spreadsheet and highlighted in yellow on the transcript.
- *September 19*
  - o Both sides will provide objections and responses to the initial draft portions of the PTO cover pleading.
  - o ScaleBio will circulate an updated "joint" exhibit list that has been de-duplicated, with duplicative exhibits labeled "JTX-##". The designation of an exhibit as a joint exhibit is for de-duplication purposes and does not waive a party's objections to the other party introducing the exhibit (e.g., hearsay or foundation).
  - o Each side will provide a list of up to 50 exhibits to "pre-clear."
  - o Both sides will provide their objections and counter-designations (highlighted in blue) to the affirmative deposition designations.
- *September 26*
  - o Both sides will provide their objections to the exhibits.
  - o Both sides will provide their objections to the proposed "pre-cleared" exhibits. Any unresolved objections will be presented in the PTO submission for resolution at the pre-trial conference.
  - o Both sides will provide objections to counter-designations and counter-counter-designations (highlighted in green) to the counter-designations.

## Deposition Designations at Trial

ScaleBio proposes that deposition testimony be offered along the following lines: Consistent with Judge Burke's form PTO, the designations exchanged pursuant to the schedule above for inclusion in the PTO contain the maximum universe of designations and objections and shall not be supplemented without agreement of the parties or leave of Court, for good cause shown. A party may call a witness by deposition only by identifying that witness on the party's witness list and affirmatively designating testimony from that witness's deposition(s).

By 6:00 p.m. two (2) calendar days before a party intends to call a witness by deposition, the party shall identify: (1) the affirmative designations it intends to play, (2) the objections to the previously identified counter-designations it intends to raise with the Court, and (3) the counter-counter-designations it asserts should also be played with each counter-designation.

By 8:00 p.m. that same day, the other side will identify (1) any objections to the affirmative designations that it intends to raise with the Court and (2) the counter-designations it asserts should also be played.

If the party calling the witness by deposition identifies only a subset of its affirmative designations, the counter-designating parties may identify the excluded affirmative designations as counter-designations—but only if those affirmative designations would otherwise be proper counter-designations to the affirmatively designated testimony that has not been withdrawn. Likewise, if the counter-designating parties identify only a subset of their counter-designations, the party calling the witness may identify those excluded counter-designations as counter-counter-designations—but only if those counter-designations would otherwise be proper counter-counter-designations to the counter-designated testimony that has not been withdrawn.

By 9:00 p.m. that same day, the party calling the witness shall circulate a draft joint letter identifying all objections to deposition designations that any party has identified that evening. At 9:00 p.m. that same day, the parties will meet and confer about those objections.

By 10:30 p.m. that same day (or within one hour after the conclusion of the conference, whichever is later), any party that intends to object to designated testimony will circulate among the parties a draft of the letter containing a concise statement, limited to 100 words, of the basis for each objection.

2

Within one hour of receiving the draft of the joint letter containing the statement(s) of objection, the opposing party will circulate a draft of the letter containing a concise response, limited to 100 words, to each statement.

As soon thereafter as practical, the party calling the witness shall then submit to the Court: (1) an excerpt of the deposition transcript containing the deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and counter-counter-designations; and (2) a joint letter identifying the pending objection(s) as well as the statement(s) and response(s).

The following day (i.e., the day before the deposition testimony is intended to be played), the parties shall raise with the Court the objections at a time and in a manner suitable for the Court.

## Motions *in Limine*

The parties agreed that each side would preliminarily identify the topics of potential motions *in limine* that it contemplates filing, followed by a meet and confer to address whether any of those issues could be resolved by agreement and/or stipulation. Each side would then proceed to brief three of its motions, with the sides serving opening, response, and reply briefs according to the schedule below:

- *September 10* – Parties exchange all potential MIL topics by 5:00 pm
- *September 12* – Meet and confer regarding MIL topics
- *September 22* – Each side will serve opening MIL briefs for up to three selected topics
- *September 29* – Each side will serve briefs in response to the other side's MILs
- *October 1* – Each side will serve reply briefs in support of its MILs
- *October 3* – All MIL briefing will be submitted to the Court with the PTO

Separately, ScaleBio raised the issue of motion *in limine* topics that might arise subsequent to the meet and confer but prior to the first deadline the parties contemplate for service of opening briefs on their three selected motions. ScaleBio believes that such an issue might arise if, for example, a decision is issued on a summary judgment or *Daubert* motion that raises issues addressable by a motion *in limine*. With the understanding that there must be a meet and confer prior to the filing of any such motion, ScaleBio proposes that the parties allow for an additional meet and confer, if needed, the morning of September 22.

## Order of Presentation of Evidence

ScaleBio will provide its proposal in a separate email.

## Length of Trial

The parties discussed ways to shorten or streamline trial. While the parties did not agree on any reduction to the current ten-day trial schedule, Parse indicated that it would consider ScaleBio's proposal that the parties select representative products and claims.

## Exhibit Exchanges

ScaleBio proposes that Judge Burke's procedure in Part VI.A of his form PTO be implemented as follows:

- By 6:00 p.m. two (2) calendar days before a party intends to call a witness to testify live, the party shall identify the evidentiary exhibits (i.e., not demonstrative exhibits) that the party intends to use with the witness.

- By 8:00 p.m. that same day, the other side will identify any objections to those exhibits that it intends to raise with the Court.

- By 9:00 p.m. that same day, the party that plans to use the exhibits shall circulate a draft joint letter identifying all objections to exhibits that any party has identified that evening.  At 9:00 p.m. that same day, the parties will meet and confer about those objections.

3

- By 10:30 p.m. that same day (or within one hour after the conclusion of the conference, whichever is later), any party that intends to object to an exhibit will circulate among the parties a draft of the letter containing a concise statement, limited to 100 words, of the basis for each objection.

- Within one hour of receiving the draft of the joint letter containing the statement(s) of objection, the opposing party will circulate a draft of the letter containing a concise response, limited to 100 words, to each statement.

- As soon thereafter as practical, the party that plans to use the exhibits will submit to the Court (1) the objected-to exhibit and (2) a joint letter identifying the pending objection(s) as well as the statement(s) and response(s).

- The following day (i.e., the day before the planned use of the exhibit), the parties shall raise with the Court the objections at a time and in a manner suitable for the Court.

The procedures in Judge Burke's form PTO for demonstrative exhibits used for opening and for direct testimony would not be altered, other than to add the 9:00 p.m. meet and confer and the exchanges of the joint letter.

**Jury Instructions, Voir Dire, and Verdict Form**

The parties briefly discussed the need for a schedule for exchanging drafts of jury instructions, voir dire submissions, and verdict forms. ScaleBio proposes the following schedule for such exchanges:
- *September 22* – Plaintiffs to provide initial draft jury instructions, voir dire submissions, and verdict forms
- *September 29* – Counterclaim-Plaintiffs to provide responses and objections to Plaintiffs' drafts
- *October 1* – Parties will meet and confer to address any objections or disagreements
- *October 6* – ScaleBio will file joint submissions, with any unresolved objections or disagreements noted

Please let us know your thoughts on these proposals.

Regards,
Emma

**Emma Frank**
*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

**Wolf, Greenfield & Sacks, P.C.**
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Thursday, August 21, 2025 1:01 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,

Could you please provide an update on when Scale intends to circulate its proposals for the upcoming pretrial exchanges? During last week's call, the parties identified a number of issues Scale agreed to follow up on in writing, including its proposal for an early exchange of witness lists, confirmation of certain particulars on what both sides will exchange on September 3 and 19, whether Scale had agreed to provide the initial draft of (i) the cover pleading associated with the pretrial order on September 3, (ii) preliminary and final jury instructions; (iii) voir dire, and (iv) the verdict form, the procedures governing deposition designations, Scale's response to our proposed motions *in limine* schedule, and Scale's response to our proposed dispute resolution procedures governing trial disclosures, to name a few.

As we discussed, both parties are interested in the resolution of some of these issues in advance of the first substantive disclosure on September 3. That date is now less than two weeks away. Could you please let us know when we can expect your proposals?

Best regards,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Brady Gleason
**Sent:** Wednesday, August 13, 2025 7:04 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,

Yes, we are available to meet and confer on Friday from 11 am to noon.

Regards,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Wednesday, August 13, 2025 4:11 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>

**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

**EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Brady,

We are no longer available to meet and confer tomorrow at 10 AM. Is your team available on Friday from 11 AM – 12:30 PM or 1 PM – 3 PM to meet and confer? I can circulate an updated calendar invite once confirmed.

Regards,
Emma



**Emma Frank**
*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

**Wolf, Greenfield & Sacks, P.C.**
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Monday, August 11, 2025 10:43 AM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,

Thank you. We are available to meet and confer at 10 am on Thursday (8/14).

Best regards,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Thursday, August 7, 2025 12:32 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E.

<[Farnan@RLF.com](mailto:Farnan@RLF.com)>; WGS-Scale Biosciences v. Parse <[WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com](mailto:WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com)>; WH RSS-Scale Lit <[WHRSS-ScaleLit@wilmerhale.com](mailto:WHRSS-ScaleLit@wilmerhale.com)>
**Cc:** ParseUW <[ParseUW@sternekessler.com](mailto:ParseUW@sternekessler.com)>; [kpascale@ycst.com](mailto:kpascale@ycst.com); Vrana, Robert <[RVrana@ycst.com](mailto:RVrana@ycst.com)>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

---

**EXTERNAL EMAIL:** Use caution before clicking links or attachments.

---

Brady,

We are available to meet and confer at the following times next week and will be prepared to address the topics noted in your prior email.

- **Thursday, 8/14:** 9 AM – 12 PM; 3 PM – 5 PM
- **Friday, 8/15:** 11 AM – 1 PM; 3 PM – 5 PM

In addition to the topics you raised, we have two additional things we believe should be discussed during the meet and confer. First, the parties should agree on a date prior to the end of August to exchange preliminary witness lists so that, in the event any party lists a witness that was not previously deposed in this litigation, the other party can take a deposition of that witness by mid-September in the spirit of the parties' prior stipulation. Second, the parties should agree on a date to exchange updated financial information so that the damages experts can issue supplemental reports in time to incorporate any updated damages calculations into the pretrial order. We can discuss the specific parameters for the exchange of updated financial information during the meet and confer, as well as the scope and timing of any supplemental reports.

Upon confirmation of the date and time for the meet and confer, we will circulate a calendar invite.

Regards,
Emma



**Emma Frank**
*she / her / hers*
**Associate**
Admitted to Practice: MA
[emma.frank@wolfgreenfield.com](mailto:emma.frank@wolfgreenfield.com)
617-646-8192

**Wolf, Greenfield & Sacks, P.C.**
BOSTON | NEW YORK | WASHINGTON DC
[wolfgreenfield.com](http://wolfgreenfield.com) | [LinkedIn](http://linkedin.com)

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** Brady Gleason <[bgleason@sternekessler.com](mailto:bgleason@sternekessler.com)>
**Sent:** Tuesday, August 5, 2025 11:42 AM
**To:** Metzler, Sara M. <[Metzler@rlf.com](mailto:Metzler@rlf.com)>; Farnan, Kelly E. <[Farnan@RLF.com](mailto:Farnan@RLF.com)>; WGS-Scale Biosciences v. Parse <[WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com](mailto:WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com)>; WH RSS-Scale Lit <[WHRSS-ScaleLit@wilmerhale.com](mailto:WHRSS-ScaleLit@wilmerhale.com)>
**Cc:** ParseUW <[ParseUW@sternekessler.com](mailto:ParseUW@sternekessler.com)>; [kpascale@ycst.com](mailto:kpascale@ycst.com); Vrana, Robert <[RVrana@ycst.com](mailto:RVrana@ycst.com)>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Counsel,

Following up on my email from last week: please let us know your availability to meet and confer regarding the proposed pretrial order.

Thank you,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Brady Gleason
**Sent:** Monday, July 28, 2025 4:02 PM
**To:** Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Counsel,

In view of the approaching October 3, 2025, deadline to file a Joint Proposed Pretrial Order (including any motions *in limine*) and as required by Local Rule 16.3(c), please let us know your availability to meet and confer to discuss the contents of the proposed PTO.

It is our understanding that, absent agreement and court approval, the parties are set to make two pretrial exchanges concerning the PTO: the first on September 3, 2025, and the second on September 19, 2025. *See* Local Rule 16.3(d)(1)–(2). We are fine with this general approach but believe a few exceptions, noted below, may help with an efficient process for the PTO. We are, however, also open to considering any alternative schedule proposed by Scale and Roche.

The exceptions we propose to the default, two-exchange approach include a modified schedule concerning the disclosure of any (1) motions *in limine* and (2) deposition designations.

1. For any *motion in limine*, we propose separate deadlines for the: (i) disclosure of the subject the motion *in limine*; (ii) ensuring meet and confer; (iii) exchange of opening briefs; (iv) exchange of answering briefs; and (v) exchange of reply briefs.

2. For any deposition designations, we propose an additional round of designations—i.e., (i) initial designations; (ii) counter designations; and (iii) counter-counter designations.

If Scale and Roche generally agree with these modifications in principle, we can discuss the particular schedule for these additional exchanges during the meet and confer. We also intend to discuss the following sections/topics of the Joint Proposed Pretrial Order:

- The proposed PTO's cover pleading, including the order of presentation of evidence at trial, length of trial, and the exchange procedures at trial for the disclosure of (i) witnesses, (ii) demonstratives, and (iii) exhibits used in direct examinations;
- Compilation of the joint exhibit list; and
- Degree of specificity the parties intend to include in the contested facts section of the PTO.

Best regards,
Brady

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

**From:** Brady Gleason
**Sent:** Wednesday, June 18, 2025 7:24 PM
**To:** Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>
**Subject:** Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Counsel,

The parties stipulated to an early exchange of preliminary witness lists (D.I. 203), but it does not appear that that a deadline for any early exchange still exists or that the stipulation remains in effect. That is because the operative scheduling order (D.I. 270) does not reflect D.I. 203 or any of its deadlines, and the parties did not abide by a strict reading of its terms and exchange preliminary witness lists in February.

Please let us know whether Scale and Roche believe D.I. 203 remains in effect and, if so, when they intend to serve preliminary witness lists.

Thank you,
Brady



**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
1101 K Street NW, 10th Floor, Washington, DC 20005

**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638
**IP Assistant:** Albert Yeboah
**Main:** 202.371.2600   **Direct:** 202.772.8932

9

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SCALE BIOSCIENCES, INC., <br><br> and <br><br> ROCHE SEQUENCING SOLUTIONS, INC., <br><br>        Plaintiffs, <br> v. <br><br> PARSE BIOSCIENCES, INC. <br><br>        Defendant. | Civil Action No.  1:22-CV-01597-CJB <br><br> ███████████ |
| PARSE BIOSCIENCES, INC., <br><br>    and <br><br> UNIVERSITY OF WASHINGTON, <br><br>        Counterclaim Plaintiffs, <br> v. <br><br> SCALE BIOSCIENCES, INC., <br><br>        Counterclaim Defendant. | |

**SEPTEMBER 9, 2025 SUPPLEMENTAL EXPERT REPORT OF**
**DREW D. MOONEY**
**REGARDING DAMAGES**

███████████████████████████████████████████████

## Table of Contents

I.      INTRODUCTION ..................................................................................3

A.      Qualifications ......................................................................................3

B.      Assignment ..........................................................................................4

C.      Information Considered.......................................................................6

II.     REASONABLE ROYALTY ANALYSIS ...........................................8

A.      ScaleBio...............................................................................................8

B.      Reasonable Royalty Damages..............................................................9

III.    SALES OF ACCUSED SCALEBIO PRODUCTS............................13

███████████████████████████████████████

## I.    INTRODUCTION

### A.    Qualifications

1.    I am a Senior Managing Director for FTI Consulting, Inc. ("FTI"), a financial consulting firm that provides valuation, financial consulting, forensic accounting, and dispute analysis services.  I have consulted with a variety of companies regarding damages issues in litigation as well as various non-litigation financial issues.  I have provided valuation, financial, economic, and accounting consulting services, including matters involving valuation and breach of contract claims, to counsel and client companies. This has included analyses of sales, costs, profits, and other related financial information. I have also prepared and analyzed business plans and financial projections for business units and product lines.  I have been involved as a financial consultant for more than 20 years and have consulted with numerous publicly traded and closely held companies in a variety of industries.

2.    I am a Certified Public Accountant ("CPA") licensed in Texas.  I am Accredited in Business Valuation ("ABV") and Certified in Financial Forensics ("CFF") through the American Institute of Certified Public Accountants ("AICPA").  I am a member of the AICPA and the Forensic and Valuation Services Section of the AIPCA.  My curriculum vitae, which summarizes my education, experience, and qualifications and lists previous engagements in which I have been retained as an expert is attached as **Supplemental Exhibit 1** to this report.

3.    FTI Consulting is being compensated for my involvement in this matter at a rate of ███ per hour.  FTI Consulting's compensation is not dependent on the outcome of this matter or my conclusions.

## B.    Assignment

4.    I have been retained by Scale Biosciences, Inc. ("ScaleBio" or "Plaintiff" or "Counterclaim Defendant") through Wolf, Greenfield & Sacks, P.C. ("counsel"), to conduct analyses and to provide expert testimony, if necessary, regarding injunctive relief and damages claimed by ScaleBio, arising from the alleged infringement of U.S. Patent Nos. 10,626,442 (the "'442 Patent"), 10,982,256 (the "'256 Patent"), 11,512,341 (the "'341 Patent"), and 11,634,752 (the "'752 Patent"), (collectively the "patents-in-suit" or the "Asserted ScaleBio Patents") by Parse Biosciences, Inc. ("Parse" or "Defendant").[1]  I was asked to conduct analyses and to provide expert testimony, if necessary, regarding damages claimed by Parse and the University of Washington, in a countersuit arising from the alleged infringement of U.S. Patent Nos. 10,900,065 ("the '065 Patent"), 11,168,355 ("the '355 Patent"), and 11,427,856 ("the '856 Patent") (collectively the "Parse Asserted Patents") by ScaleBio.[2]

5.    On October 10, 2024, I issued an expert report (the "Mooney Report") containing my opinions in this matter based on the information available and the analyses I performed through the date of that report regarding injunctive relief factors and damages arising from Parse's alleged infringement of the asserted ScaleBio claims.  On November 12, 2024, I issued a rebuttal expert report regarding damages arising from ScaleBio's alleged infringement of the asserted Parse claims (the "Rebuttal Mooney Report").  On December 13, 2024, I issued a reply expert report (the "Reply Mooney Report") regarding Dr. McDuff's rebuttal to my original analyses of the injunctive relief factors and damages

---

[1] First Supplemental Complaint ("First Supplemental Complaint"), dated August 3, 2023, pp. 1 – 2.
[2] Plaintiff and Counterclaim Defendant Scale Biosciences, Inc.'s Identification of Accused Products, Methods, and Systems and Invalidity References, dated August 9, 2024, p. 3.

owed to ScaleBio in the Mooney Report, assuming infringement of the Asserted ScaleBio Patents by the Defendant.

6.     This report is focused on updating calculations incorporating recently produced financial information from Parse and ScaleBio, including royalty reports on Illumina and Roche.  I have prepared this supplemental report to update my damages calculations through July 2025.[3]  I also take into consideration the Court's recently issued August 25, 2025 Order on Motion for Summary Judgment.[4]  This report, and my opinions contained herein, are subject to change or modification should additional relevant information become available that bears on my analyses.

7.     Since the Mooney Report, Rebuttal Mooney Report, and Reply Mooney Report, ScaleBio has narrowed its asserted claims to Claim 11 of the '442 Patent, Claims 1, 2, 5, and 6 of the '256 Patent, Claim 13 of the '752 Patent, and Claims 1, 2, 6-11, and 14 of the '752 (collectively the "Asserted ScaleBio Claims").[5]  Parse has also narrowed its list of asserted claims to Claims 1, 12, and 20 of the '065 Patent, Claims 1, 5, 6, and 22 of the '355 Patent, and Claims 1, 5, 6, 7, and 22 of the '856 Patent.[6]  The narrowing of the claims ScaleBio/Roche assert or the claims Parse/UW assert does not change my opinions in this report or any of my prior reports.  Whether one or multiple Asserted ScaleBio

---

[3] PARSE0829220.

[4] "The Court, having reviewed Defendant Parse Biosciences, Inc.'s Motion for Summary Judgement No. 4: Parse's Accused Products, When Used for Nuclei, Do Not Infringe the '442, '256 or '341 Patents ("Motion"), (D.I. [322]), and the briefing related thereto, (D.I. [325] at 34-36; D.I. [366] at 32), hereby ORDERS that the Motion is DENIED as MOOT in light of Plaintiff Scale Biosciences, Inc.'s ("Scale") representation that it "no longer asserts that using such products with extracted nuclei without cells infringes the [a]sserted [m]ethod [c]laims[,]" (D.I. [366] at 32), and the fact that Defendant did not respond to or otherwise contest Scale's assertion, (D.I. [395]). Ordered by Judge Christopher J. Burke on 08/25/2025.").

[5] February 23, 2025 Email from E. Frank (ScaleBio counsel) to counsel for Parse.

[6] Counterclaim-Plaintiffs' Election of Asserted Claims Per Case Narrowing Step Three, served on September 5, 2025.

Patents or Asserted ScaleBio Claims are infringed, that does not change the royalty rate or the amount of damages, except that the overall amount of damages depends on the date each patent-in-suit issued.

### C.    Information Considered

8.    A list of information I considered in forming the opinions set forth in the Mooney Report is contained in the Mooney Report, Exhibit 2.  A list of information I considered in forming the opinions set forth in the Rebuttal Mooney Report is contained in the Rebuttal Mooney Report, Exhibit 2.  A list of information I considered in forming the opinions set forth in the Reply Mooney Report is contained in the Reply Mooney Report, Exhibit 2.  In addition, I have received and considered the following information:

- PARSE0829220;

- SCALEBIO0341704,    SCALEBIO0341710,    SCALEBIO0341713, SCALEBIO0341716,    SCALEBIO0341935,    SCALEBIO0341941, SCALEBIO0341944;

- SCALEBIO0342530 – SCALEBIO0342539;

- August 25, 2025 Order on Motion for Summary Judgment;

- February 6, 2025 Email from Brady Gleason (Parse counsel) to counsel for ScaleBio titled "RE: ScaleBio v. Parse | Recent Parse Product Releases";

- February 13, 2025 Stipulation Regarding Non-Infringement of Certain ScaleBio Products and Technologies;

- February 23, 2025 Email from E. Frank (ScaleBio counsel) to counsel for Parse;

- March 4, 2025 Email from Brady Gleason (Parse counsel) to counsel for ScaleBio titled "RE: ScaleBio v. Parse | Parse Evercode WT Penta Product"

- Counterclaim-Plaintiffs' Election of Asserted Claims Per Case Narrowing Step Three, served on September 5, 2025;

6

██████████████████████████████████████████████

- September 8, 2025 Email from E. Frank (counsel for ScaleBio) to B. Gleason (counsel for Parse) titled "Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB."

9. My analyses, opinions, and conclusions are based solely on the work performed by me, and those under my supervision, through the date of this report. It is my understanding that Dr. DeForest McDuff will be issuing a supplemental damages report as well on the same day I submit this supplemental report. I understand that Parse has also refused to produce the update to its previously produced spreadsheet, PARSE0815027, which includes ████████████████████████████████████████

████████████████████████████.[7] I previously used this information in my analysis of *Georgia-Pacific* factors  8 and 11, and Exhibit 4 to the Mooney Report and I used

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████.[8] If Parse produces the additional information ScaleBio has requested, and which ScaleBio itself has supplemented, and upon my review of DeForest McDuff's supplemental report, I may further supplement my opinions. My opinions and conclusions are subject to change or modification should additional relevant information become available which bears on the analyses contained herein.

10. In connection with my anticipated trial testimony in this action, I may use various documents produced in this litigation that refer to, or relate to, the matters discussed in this report. Although I may cite to a particular page or pages of documents in this report,

---

[7] September 8, 2025 Email from E. Frank (counsel for ScaleBio) to B. Gleason (counsel for Parse) titled "Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB."
[8] Mooney Report, pp. 49 – 51.

███████████████████████████████████████████████████

such pinpoint cites are provided for clarification purposes only, and other portions of the documents cited may be relevant in my determination of damages in this matter. In addition, I may create or assist in the creation of certain demonstrative schedules to assist me in testifying. To date, I have yet to create such demonstrative schedules.

## II.    REASONABLE ROYALTY ANALYSIS

### A.    ScaleBio

11.    Since issuing the Mooney Report, ScaleBio produced SCALEBIO0342530 – SCALEBIO0342537 ████████████████████████████████████████

█████████████████████████████████████████████████.

**Supplemental Exhibit 3** has been updated to incorporate this new information.

12.    As stated in the Mooney Report, ████████████████████████

████████████████████████████.[9] █████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████[10] █████

██████████████████████████████████████████████

███████████████████[11] ███████████████████████

████████████████████████████████████████[12] In addition,

I noted in the Mooney Report that ██████████████████████████

██████████████████████████████████████████████

████████.[13]

---

[9] Mooney Report, Exhibit 3.
[10] Mooney Report, Exhibit 3.
[11] Mooney Report, Exhibit 3.
[12] Mooney Report, Exhibit 3.
[13] Mooney Report, p. 63.

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

13. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████ [14] ███████

████████████████████████████████████████████████

███████████████████████████████ [15] ████████████████

██████████████████████████████████████████

**B.      Reasonable Royalty Damages**

<u>Royalty Base</u>

14.      As detailed in the Mooney Report, in order to arrive at the royalty base, I

relied on ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████ . [16] ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████ [17] ███████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[14] **Supplemental Exhibit 3**.
[15] **Supplemental Exhibit 3**.
[16] Deposition of Michael Yamamoto, dated July 18, 2024, Exhibit 1012 (PARSE0275864 at tabs ██████████████████).
[17] Mooney Report, Exhibit 6.

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

███████████████████████████████ [18] █████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████ [19] ███████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

15.   Since issuing the Mooney Report, Parse produced PARSE0829220 which is ████████████████████████████████████████████████████████ ████████████████ I discuss the new information provided in each of these tabs below.

16.   ███████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████,

**Supplemental Exhibit 4** includes ███████████████████████████.

17.   ███████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[18] Mooney Report, Exhibit 6.
[19] Mooney Report, Exhibit 6, Deposition of Michael Yamamoto, dated July 18, 2024, Exhibit 1019 (PARSE0815027 at tab '███████████').
[20] **Supplemental Exhibit 4**.

███████████████████████████████████████████████

█████████████████[21] ████████████████████████████████████████████████

████████████████████████████████████████████████[22] ██████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████

- PARSE0829220 contains ████████████████████████████████

  ████████████████████████████████████████████ .

- PARSE0829220  contains ████████████████████████████████

  ████████████████████████████████████████████████

  ████████████████████████████████ ████████████████████

  ████████████████████████████████████ .[23]

- PARSE0829220 contains ████████████████████████████████

  ████████████████████████████████████████████████

  ████████████████████████████████████████████████

  ████████████████████████████████████████████████

  ████████████████████████████████████[24] ████████████

  ████████████████████████████████████████████████

  ████

18.    **Supplemental Exhibit 5** shows ████████████████████████████

████████████████████████ .

---

[21] PARSE0829220 at "████████████████████" tab.
[22] PARSE0829220 at "████████████████████" tab.
[23] Mooney Report, Exhibit 6.
[24] Mooney Report, Exhibit 6.

████████████████████████████████████████████

19.    **Supplemental Exhibit 6** shows ████████████████████████

████████████ .

20.    Additionally, as noted above, I understand the August 25, 2025 Order on Motion for Summary Judgment stated that "The Court, having reviewed Defendant Parse Biosciences, Inc.'s Motion for Summary Judgement No. 4:  Parse's Accused Products, When Used for Nuclei, Do Not Infringe the '442, '256 or '341 Patents ("Motion"), (D.I. [322]), and the briefing related thereto, (D.I. [325] at 34-36; D.I. [366] at 32), hereby ORDERS that the Motion is DENIED as MOOT in light of Plaintiff Scale Biosciences, Inc.'s ("Scale") representation that it "no longer asserts that using such products with extracted nuclei without cells infringes the [a]sserted [m]ethod [c]laims[,]" (D.I. [366] at 32), and the fact that Defendant did not respond to or otherwise contest Scale's assertion, (D.I. [395]). Ordered by Judge Christopher J. Burke on 08/25/2025."

21.    I understand that the August 25, 2025 Order applies to the asserted claims of the '442, '256 or '341 Patents, and all of those claims are method claims.[25] ████████ ████████████████████████████████████████████ , which I understand based on the August 25, 2025 Order are still accused, ████████████████████ ████████ , which I understand ScaleBio is no longer accusing for these three patents. As noted above, because the newly produced PARSE0829220 ████████████████ ████████████████████████████████████████████ ████████████████████████████████████████ . **Supplemental Exhibit 8**

---

[25] October 10, 2024 Opening Expert Report of Peter A. Sims Regarding Parse's Direct Infringement of the Asserted ScaleBio Claims, ¶ 424 ("████████████████████████████████████ ████████████████ ").

12

██████████████████████████████████

████████████████████████████████████████

██████████████████████████.

22.    As a result of the August 25, 2025 Order above and the production of the

████████████████████████████████████████

██████████████, **Supplemental Exhibit 7** shows ███████████████

██████████████████████████.

23.    **Supplemental Exhibit 7A, 7B, 7C, and 7D** show ██████████

████████████████████████████████████████

██████████████████████████.

Royalty Damages

24.    ████████████████████████████████████████

██████████████████████████[26]

## III.    SALES OF ACCUSED SCALEBIO PRODUCTS

25.    ScaleBio had previously produced its sales of the Accused ScaleBio Products for the time period of ████████████████████████. Since issuing the Rebuttal Mooney Report, ScaleBio produced SCALEBIO0342538 and SCALEBIO0342539, which show updated revenue through June 2025, among other information. This updated revenue information allows me to update Rebuttal Exhibits 5, 5.1, and 5.2 from the Rebuttal Mooney Report. Specifically, SCALEBIO0342538 provides updated revenue from ██████████ through June 30, 2025, among other information.[27] Comparatively, SCALEBIO0342539 provides updated revenue from ██████████

---

[26] **Supplemental Exhibit 7.** ████████████████████████ **Supplemental Exhibit 7.**
[27] SCALEBIO0342538 at "████████████████" tab.

13

████████████████████████████████████████████████

through June 30, 2025.[28]   Additionally, both documents provide ███████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Therefore, I have relied on SCALEBIO0342539 to update prior rebuttal exhibits and

summarizing ██████████████████████████████████████████

████████████████████████████████.   **Supplemental Rebuttal Exhibit 5.1** and

**Supplemental Rebuttal Exhibit 5.2** show ██████████████████████

█████████████████████████████████████████████.

    26.    ███████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████[29] ██████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████[30]

_____

Drew D. Mooney
September 9, 2025

---

[28] SCALEBIO0342539 at "████████████████" tab.
[29] **Supplemental Rebuttal Exhibit 5**.
[30] **█████mental Rebuttal Exhibit 5**.████████████████████████████
████. Mooney Rebuttal Report,
Report, Dr. McDuff has ████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
    Mooney Rebuttal Report, p. 55, footnote 196.
████████████████████████████████████████████████
██████████████████████████

14

# EXHIBIT H

| | |
|---|---|
| **From:** | Azra Hadzimehmedovic <azra@tensegritylawgroup.com> |
| **Sent:** | Monday, September 29, 2025 7:12 AM |
| **To:** | Brady Gleason; Frank, Emma L.; Rabinowitz, Stephen S.; Sara Metzler; Kelly Farnan; WGS-Scale Biosciences v. Parse; WH RSS-Scale Lit; Scale_Parse_Service |
| **Cc:** | ParseUW; kpascale@ycst.com; Vrana, Robert; Gaza, Anne Shea; Wilson, Samantha |
| **Subject:** | Re: Scale Biosciences, Inc. v. Parse Biosciences, Inc., C.A. No. 22-1597-CJB |

> **EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Brady, we are available at 5:30 pm today.  We should also schedule the other meet and confers this week.  We are available Wednesday at 3 pm, and Thursday at 5 pm.

Regards, Azra

**AZRA HADZIMEHMEDOVIC**



**TENSEGRITY LAW GROUP LLP**
1676 International Dr., Suite 910
McLean, VA 22102
703-940-5031 (direct)
202-321-3879 (mobile)

**From:** Brady Gleason <bgleason@sternekessler.com>
**Date:** Sunday, September 28, 2025 at 1:11 PM
**To:** Azra Hadzimehmedovic <azra@tensegritylawgroup.com>, Emma Frank <emma.frank@wolfgreenfield.com>, "Rabinowitz, Stephen S." <Stephen.Rabinowitz@WolfGreenfield.com>, Sara Metzler <Metzler@rlf.com>, Kelly Farnan <Farnan@RLF.com>, "WGS-Scale Biosciences v. Parse" <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>, WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>, Scale_Parse_Service <Scale_Parse_Service@tensegritylawgroup.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>, "kpascale@ycst.com" <kpascale@ycst.com>, "Vrana, Robert" <RVrana@ycst.com>, "Gaza, Anne Shea" <agaza@ycst.com>, "Wilson, Samantha" <SWilson@ycst.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc., C.A. No. 22-1597-CJB

Azra,

We see that ScaleBio/Roche included its position concerning Mr. Mooney's newfound opinion on ▮▮▮▮▮▮▮▮ in the version of the proposed pretrial order's cover that you circulated Friday night. Please provide your availability to meet and confer tomorrow to discuss this issue.

We will circulate an updated version of Dr. McDuff's report tomorrow.

Regards,
Brady

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

**From:** Azra Hadzimehmedovic <azra@tensegritylawgroup.com>
**Sent:** Saturday, September 27, 2025 11:08 AM
**To:** Brady Gleason <bgleason@sternekessler.com>; Frank, Emma L. <emma.frank@wolfgreenfield.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Sara Metzler <Metzler@rlf.com>; Kelly Farnan <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <Scale_Parse_Service@tensegritylawgroup.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>
**Subject:** Re: Scale Biosciences, Inc. v. Parse Biosciences, Inc., C.A. No. 22-1597-CJB

> **EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Brady—

We have responded to Parse's position regarding the royalty base that ScaleBio is owed for Parse's infringing acts. If Parse still wishes to meet and confer on this issue, we will provide our availability on Monday.

However, we have not yet received the amended McDuff calculations excluding shipments to customers outside the US. Our understanding, based on the meet and confer nearly two weeks ago, was that Parse committed to serve these calculations as soon as possible; we even followed up last week but did not receive a response. Please confirm that that amended calculation will be served this weekend.

Regarding the next round of PTO exchanges, we are agreeable to Parse's proposal that the parties have until September 30 to exchange the next round and meet and confer on October 1, although this brings us close to the filing date. It is likely that ScaleBio/Roche will have revisions or comments to Parse's September 30 edits to the pretrial order cover and undisputed facts. Please also note that we left some comments in the PTO cover and draft undisputed facts in hopes of moving some issues forward or at least assisting in your review of the changes.

Regards, Azra

**AZRA HADZIMEHMEDOVIC**



**TENSEGRITY LAW GROUP LLP**
1676 International Dr., Suite 910
McLean, VA 22102
703-940-5031 (direct)
202-321-3879 (mobile)

**From:** Brady Gleason <bgleason@sternekessler.com>
**Date:** Friday, September 26, 2025 at 12:52 PM

**To:** Emma Frank <emma.frank@wolfgreenfield.com>, Azra Hadzimehmedovic <azra@tensegritylawgroup.com>, "Rabinowitz, Stephen S." <Stephen.Rabinowitz@WolfGreenfield.com>, "Metzler, Sara M." <Metzler@rlf.com>, "Farnan, Kelly E." <Farnan@RLF.com>, "WGS-Scale Biosciences v. Parse" <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>, WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>, "kpascale@ycst.com" <kpascale@ycst.com>, "Vrana, Robert" <RVrana@ycst.com>, Scale_Parse_Service <Scale_Parse_Service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc., C.A. No. 22-1597-CJB

Counsel,

We have not received a response from ScaleBio/Roche to our September 15 or September 23 emails concerning Mr. Mooney's improper new opinion on ████████████. Please confirm that ScaleBio/Roche will revise Mr. Mooney's supplemental report to remove ███████████████████████████, aligning his supplement report with his previously disclosed opinions. Please also confirm that ScaleBio/Roche will withdraw all related statements from its sections of the proposed pretrial order.

Otherwise, please let us know your availability on Monday to meet and confer on this issue.

Best regards,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Tuesday, September 23, 2025 6:07 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Azra Hadzimehmedovic <azra@tensegritylawgroup.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <Scale_Parse_Service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc., C.A. No. 22-1597-CJB

Emma,

We are fine with your proposal to provide a harmonized version of the cover and uncontested facts by September 26, but we cannot agree to a meet and confer on September 29. We will need time to review and propose our edits to these documents. Parse/UW will provide its edits to those documents by September 30, and we propose that the parties meet and confer on the PTO on October 1.

We do not object to your proposal to add an additional round of edits to the parties' respective contested facts, intended proofs, and issues of law. We reserve our rights to amend or supplement our contested facts, intended proofs, and issues of law in view of any edits made by ScaleBio/Roche to its papers with its September 26 exchange.

Given the number of unresolved issues in this case, including the parties' summary judgment and *Daubert* motions and ScaleBio/Roche's belated request for bifurcation, we cannot agree to an exchange of exhibits to preclear for the opening

3

statements. The likelihood that the scope of the case will change between now and trial is such that ScaleBio/Roche's proposal creates unnecessary work.

Regarding damages: we have not received a response to our September 15 email concerning Mr. Mooney's improper new opinion on ███████████ Please provide a response by COB on September 25.

████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████

Regarding ScaleBio's request for Parse to verify the factual assertions in it interrogatory response: we will serve Parse's verification of interrogatory responses listed in your September 19 email this week.

Regarding ScaleBio's request for an identification of kits Parse intends to mark as physical exhibits: we intend to mark as physical exhibits (1) Evercode WT v3, (2) Cell Fixation Kit, and (3) Nuclei Fixation Kit. Our September 19 edits to the proposed pretrial order's cover include procedures for the inspection of any physical exhibits.

Best regards,
Brady

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Tuesday, September 23, 2025 8:45 AM
**To:** Azra Hadzimehmedovic <azra@tensegritylawgroup.com>; Brady Gleason <bgleason@sternekessler.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <Scale_Parse_Service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc., C.A. No. 22-1597-CJB

**EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Counsel,

For the September 26 Pretrial Order exchanges, ScaleBio will serve an updated cover and uncontested facts that reflect the parties' September 19 exchange and, to the extent possible, harmonize the drafts. Both sides edited their contested facts and issues of law on September 19, ScaleBio also proposes that the parties exchange any final changes to contested facts and issues of law on September 26. We propose September 29 for the required L.R. 16.3(d)(3) meet and confer on the PTO.

We further propose that the parties exchange the lists of exhibits to preclear for the opening statements by September 26, and objections to those exhibits by September 29.

Please get back to us by 5:00pm ET today on these proposals.

Finally, Parse committed last week to confirming its agreement that both sides can share with their clients the damages asks (both the amount and the royalty rate), but we have not heard back.  As we said on the meet and confer, there is no credible reason these numbers are considered "confidential" by Parse this close to trial.  Please get back to us today by 5:00pm ET so that we can decide if we need to bring this to the Court's attention.

Regards,
Emma



### Emma Frank

*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

### Wolf, Greenfield & Sacks, P.C.
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** Azra Hadzimehmedovic <azra@tensegritylawgroup.com>
**Sent:** Monday, September 22, 2025 4:21 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <Scale_Parse_Service@tensegritylawgroup.com>
**Subject:** Re: Scale Biosciences, Inc. v. Parse Biosciences, Inc., C.A. No. 22-1597-CJB

Brady, 6 pm today works.  It likely makes sense to agree on 8 pm for oppositions and replies.

Best, Azra

**AZRA HADZIMEHMEDOVIC**



**TENSEGRITY LAW GROUP LLP**
1676 International Dr., Suite 910
McLean, VA 22102
703-940-5031 (direct)
202-321-3879 (mobile)

**From:** Brady Gleason <bgleason@sternekessler.com>
**Date:** Monday, September 22, 2025 at 3:03 PM
**To:** "Frank, Emma L." <emma.frank@wolfgreenfield.com>, "Rabinowitz, Stephen S."

<Stephen.Rabinowitz@WolfGreenfield.com>, "Metzler, Sara M." <Metzler@rlf.com>, "Farnan, Kelly E." <Farnan@RLF.com>, "WGS-Scale Biosciences v. Parse" <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>, WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>, "kpascale@ycst.com" <kpascale@ycst.com>, "Vrana, Robert" <RVrana@ycst.com>, Scale_Parse_Service <Scale_Parse_Service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc., C.A. No. 22-1597-CJB

Counsel,

It is unclear whether the parties have specifically agreed to a time they intend to mutually exchange their opening, answering, and reply MIL briefs. We are amendable to setting these exchanges at 6:00 pm ET. Please let us know if ScaleBio/Roche agrees.

Thank you,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Friday, September 19, 2025 7:13 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc., C.A. No. 22-1597-CJB

> **EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Brady,

ScaleBio is fine with Parse's proposal regarding Parse's MIL Topic #1 and we have included this in the PTO cover pleading document.

Regards,
Emma



# Emma Frank
*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

## Wolf, Greenfield & Sacks, P.C.
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Friday, September 19, 2025 6:47 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB


Emma,

Please confirm that ScaleBio agrees to our proposal regarding Parse's MIL Topic #1, and we can include that language in the pretrial order.

Thank you,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Brady Gleason
**Sent:** Thursday, September 18, 2025 2:51 PM
**To:** 'Frank, Emma L.' <Emma.Frank@wolfgreenfield.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,

Regarding Parse's MIL Topic #1: Parse/UW is willing to agree to the following:

- ██████████████████████████████████████████████████████████████
  ████████████████████████████████████████ "

Regarding Scale's MIL Topic #6: Parse/UW is willing to agree to the following:

- No party shall elicit or offer testimony, enter exhibits into evidence, or present any argument or expert opinion testimony regarding Parse's dismissed tort counterclaims, including without limitation:
  1.

    *E.g.*, PARSE0704087, SCALEBIO0155988.

7

2.  Facts and circumstances of the "concerns" communicated to Parse at the 2023 ABRF conference in Boston, MA by "actual and/or potential Parse customers" and "attendee[s]" as alleged in paragraph 37 of Parse's Tort Counterclaims (D.I. 71). *E.g.*, PARSE0704071, PARSE0704072, PARSE0703995.

3.  Facts and circumstances of the alleged statements from actual and/or potential Parse customers as alleged in paragraph 38 of Parse's Tort Counterclaims (D.I. 71)

4.  Any implication that ScaleBio has or had a "broader sales and marketing campaign by Scale within and outside the United States that includes making false and misleading statements" to Parse customers as alleged in paragraph 39 of Parse's Tort Counterclaims (D.I. 71)

5.  Any implication that Parse will suffer or has suffered any alleged "termination of business expectancies," "direct diversion of sales," and "lessening of the good will associated with [Parse's] products" caused by ScaleBio's alleged "false and misleading statements" as alleged in paragraphs 40 and 41 of Parse's Tort Counterclaims (D.I. 71)

Regards,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Thursday, September 18, 2025 10:27 AM
**To:** Brady Gleason <bgleason@sternekessler.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

> **EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Counsel,

During our meet and confer on Tuesday, Parse represented that it would provide revisions to ScaleBio's proposed stipulation regarding Parse's dismissed counterclaims yesterday. Please provide any such revisions to the stipulation by **today at 2 PM (ET)**.

Regards,
Emma



# Emma Frank
*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

## Wolf, Greenfield & Sacks, P.C.
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

8

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Wednesday, September 17, 2025 11:21 AM
**To:** Brady Gleason <bgleason@sternekessler.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Counsel,

Based on our meet and confer yesterday, we have the following understanding:

1.  Parse agreed to revise Dr. McDuff's damages calculations ███████████████████████████████ ████  Parse agreed to provide those updated calculations as soon as possible.
2.  Parse has agreed to the below stipulation regarding Dr. Nolan.
3.  Today, Parse will provide any revisions to the proposed stipulation regarding Parse's dismissed counterclaims.  On the meet and confer yesterday, Parse agreed in principle not to introduce evidence related to those counterclaims.

Regarding Parse's proposed MIL #1, ScaleBio is willing to agree as follows: ████████████████████ ████████████████████████████████████████████████████████████████████████████████████████ ████████████"

Regards,
Emma



**Emma Frank**
*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

**Wolf, Greenfield & Sacks, P.C.**
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Tuesday, September 16, 2025 5:52 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Counsel,

We write regarding a few matters regarding this Friday's exchange and a few other specific items.

1. The parties initially agreed to exchange objections to exhibits provided on September 26. *See* E. Frank's Aug. 21 Email; B. Gleason's Aug. 25 Email. Though, subsequent correspondence has somewhat clouded the date in which this deadline falls. To clarify any confusion, please confirm <u>by COB tomorrow</u> that ScaleBio will circulate on <u>September 26</u> its objections to the exhibits provided. Parse/UW intend to serve exhibit objections on September 26.

2. During today's meet and confer on the motions *in limine*, ScaleBio confirmed that it would not call Dr. Steemers live or rely on its affirmative deposition designations, though it may rely on any counter-designations it may provide to Parse/UW's affirmative designations of Dr. Steemers' deposition transcript. Please confirm <u>by COB tomorrow</u> that ScaleBio withdraws its affirmative designations of Dr. Steemers' deposition.

3. Attached is an updated objection key that includes a new objection for no sponsoring witness ("NSW") that was inadvertently omitted before.

4. We previously proposed that the September 19 and September 26 exchanges would occur at 8:00 pm ET. Please confirm that ScaleBio/Roche agree to these exchanges at 8:00 pm ET.

5. ScaleBio's draft cover pleading cites a transcript from *Siemens Industry, Inc. v. Westinghouse Air Brake Technologies Corp.,* Telephone Conference Tr. at 36-37, D. Del. No. 16-cv-284 (Aug. 17, 2017) (Burke, J.), which is unavailable to the public. Please provide a copy of this transcript <u>by COB tomorrow</u> or withdraw reliance on the transcript.

Thank you,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Brady Gleason
**Sent:** Monday, September 15, 2025 7:01 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Counsel,

In accordance with the parties' agreement during Friday's meet and confer, Parse/UW provide the following information:

10



Best regards,
Brady

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Wednesday, September 10, 2025 5:00 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>;

11

Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Counsel,

In accordance with the parties' agreement, Parse and UW identify the following topics on which they may file motions *in limine* with the parties' proposed pretrial order. Consistent with that prior agreement, Parse and UW reserve the right to modify or supplement this list of topics to include issues that arise (1) because the Court hereinafter enters a decision on summary judgment or *Daubert* motion that raises the issue addressed by the additional motion *in limine*; or (2) from statements made or issues raised during the parties' meet and confer on their respective motion *in limine* topics. Parse and UW further reserve the right to make any necessary objections at trial pertaining to one or more topics below.



We are available to meet and confer on Friday after 3:00 pm ET.

Thank you,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Wednesday, September 10, 2025 3:53 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,

At the moment, we can agree that the both sides can ███████████████████████████

12

████████████████████████████████

Furthermore, we reject the premise that our silence could be taken as consent, and were ScaleBio to proceed as stated, that would amount to a violation of the protective order. We are not obligated to respond to any arbitrary deadlines imposed by you. We intend to work cooperatively on this matter, as both sides have endeavored to do in preparation of the proposed pretrial order.

Separately, please provide in writing ScaleBio's proposal regarding the deadlines for the exchange of jury instructions, voir dire, and verdict forms. We discussed a few proposals during last week's meet and confer, so we would appreciate clarity, especially in light of ScaleBio's suggestion to extend the parties' deadline to file these papers with the court by a day or two.

Please also provide your availability on Friday to meet and confer regarding motions in limine.

Thank you,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Wednesday, September 10, 2025 11:13 AM
**To:** Brady Gleason <bgleason@sternekessler.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

> **EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Brady,

I am again following up regarding whether Parse agrees that both sides ████████████████████████████
████████████████████████████████████████████████████████████. *See* D.I. 430.

If we do not receive a response to the contrary by the end of today, we will assume that Parse is consenting that our client may be informed of the damages amounts and royalty rates set forth in the supplemental damages reports.

Regards,
Emma



**Emma Frank**

*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

**Wolf, Greenfield & Sacks, P.C.**
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Tuesday, September 9, 2025 5:22 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Brady,

███████████████████████████████████████████████████. We do, however, require Parse's response **today** regarding whether it will agree that both sides can ███████ ████████████████████████████████████████████.

Regards,
Emma



**Emma Frank**

*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

**Wolf, Greenfield & Sacks, P.C.**
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Tuesday, September 9, 2025 1:36 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-

ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>;
Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,



Finally, we will respond under separate cover to your proposal regarding whether both sides can share with their clients the total damages amounts and royalty rates set forth in the supplemental damages reports.

Thank you,
Brady

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Monday, September 8, 2025 2:06 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>;
Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>;
Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

**EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Brady,

Thank you again for your proposals. Our responses are below. We also address a few additional issues that arose during the meet and confer.

First, ScaleBio is fine with Parse's proposed corrections to the Nakamoto transcript, and you have permission from ScaleBio to ask the court reporter to make these corrections. Please copy us when you email the deposition vendor regarding these corrections.

15



Third, we are working on creating a combined set of uncontested facts, which we will send you early this week (and hopefully by tomorrow morning). As you suggested, both sides will exchange competing redlines to the unified version of the proposed uncontested facts on September 19.

Fourth, regarding your question about abbreviation 32 (FRCP 32) in the parties' objection code key, the objection covers any designated testimony that is being used in a manner that is inconsistent with any section in FRCP 32 or said another way as contrary to or outside the scope of FRCP 32. For example, if a party is attempting to offer affirmative testimony of a witness who is not unavailable. There might be interplay between FRCP 32 and Rules of Evidence that apply, but for at least some instances the parties do not seem to have a separate objections code, and we suggest leaving the FRCP 32 objection unless you want to propose to further identify various scenarios, which is likely not required at this point but we are willing to consider as we proceed with counters.

Finally, ScaleBio proposes that the parties agree both sides may share with their clients the total damages amounts and royalty rates set forth in the supplemental damages reports expected to be served on Tuesday. Please let us know by the **end of the day today (Monday)** whether you agree.

We are happy to meet and confer as needed on the above issues.

Regards,
Emma



## Emma Frank
*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

## Wolf, Greenfield & Sacks, P.C.
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Friday, September 5, 2025 9:28 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Brady,

Thank you for your proposals, we will review and provide a response soon.

I am attaching word versions of the draft pretrial order cover pleading and ScaleBio's draft of uncontested facts.

Regards,
Emma



**Emma Frank**
*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

**Wolf, Greenfield & Sacks, P.C.**
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Friday, September 5, 2025 5:38 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Counsel,

Attached please find our proposal for correcting the Nakamoto transcript, which is the same proposal that we outlined during today's meet and confer. Please let us know if ScaleBio has any edits or additional changes to this transcript to correct the issue we discussed today and mentioned in my email from yesterday.

Regarding ScaleBio's request for supplemental information regarding the cost of sales, expenses, and gross profit associated with the sale of Parse's products: Scale stated during today's call that it requests this information in order to update Exhibit 4 to Mr. Mooney's opening expert report. But that exhibit has no apparent relationship to the damages

calculations the parties agreed could be supplemented at this point in the case. As we requested in our prior email, please explain in writing why this information is relevant to the narrow scope of issues the parties agreed could be supplemented.

Regarding the proposed uncontested facts: we propose that, as soon as practicable, one side circulates a version of the proposed uncontested facts exhibit—which we understand will eventually be embedded in the proposed pretrial order's cover pleading—that coalesces both sides proposed uncontested facts. We are happy to provide this document once ScaleBio provides us with a word version of its proposed uncontested facts, which ScaleBio agreed to provide during today's call. Then, both sides will exchange competing redlines to the unified version of the proposed uncontested facts on September 19th, along with the other documents due to be exchanged that day. The parties will then meet and confer to resolve any issues specific to the proposed uncontested facts, with the understanding that any supposed uncontested fact proposed by one side that both sides do not agree is truly uncontested can be moved into that side's contested facts section of the pretrial order.

Thank you,
Brady

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Thursday, September 4, 2025 8:10 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,

We will circulate a dial-in for tomorrow at 1:00 pm, thank you. We noted the issue with the Nakamoto transcript in our affirmative deposition designations, *see pg.* 12, FN 1, which included an explanation that I have copied and pasted in relevant part below.

In addition to these matters, please also (1) circulate a word version of ScaleBio's proposed pretrial order cover pleading and statement of proposed uncontested facts so that we can prepare our responsive edits, which will be exchanged on September 19; and (2) confirm ScaleBio's position on our proposal regarding the schedule for exchanging drafts of the preliminary and final jury instructions, voir dire submissions, and verdict form, wherein ScaleBio provides the initial drafts of these documents on September 19, Parse/UW respond by September 30, and the parties meet and confer on October 2. We are available to discuss the exchange of jury documents, etc., on tomorrow's call, as well as how to address each side's edits to the draft uncontested facts so that each side does not prepare competing documents.

Separately, we are still considering ScaleBio's proposal for a "pre-clear" list of exhibits for opening, and can offer more detail on our current thinking tomorrow.

Please note that at 95:18–21 of the Nakamoto deposition transcript, the court reporter erroneously entered into the transcript language indicating that Exhibit 2091 had been marked for identification. As the pages of the Nakamoto deposition transcript immediately before and thereafter make clear, however, the witness, the examining attorney, and the defending attorney were referring to Exhibit 2090 in their questions, objections, and answers. The court reporter should not have indicated that Exhibit 2091 had been marked for identification until 137:11-14 of the Nakamoto deposition transcript, as the pages of the transcript immediately before and thereafter make clear. However, at this location of the transcript, the court reporter erroneously entered into the transcript language indicating that the next exhibit, Exhibit 2092, had been marked, and this erroneous numbering of exhibits was propagated to all remaining exhibits in the Nakamoto deposition.

Thank you,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Thursday, September 4, 2025 5:01 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

**EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Brady,

We are available to meet and confer tomorrow (Friday) at 1 PM ET.

In advance of the meet and confer, please identify the alleged error in Parse's affirmative designations to the Nakamoto transcript so that we can efficiently discuss the issue tomorrow.

Regards,
Emma



**Emma Frank**
*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

**Wolf, Greenfield & Sacks, P.C.**
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

19

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Thursday, September 4, 2025 9:47 AM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,

Please let us know your availability to meet and confer to discuss the following discrete issues, which require a more immediate resolution than some of the broader items the parties are still negotiating.

1. Clarification on certain edits made by Scale to the deposition/exhibit objection key; and
2. An error noted by Parse in its affirmative deposition designations to the Nakamoto transcript.

We are available today between 1:00 and 2:00 pm or after 4:30 pm ET.

Thank you,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Brady Gleason
**Sent:** Wednesday, September 3, 2025 7:47 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,

We are fine with Scale's request for a 24-hour extension of the deadline for the parties to exchange the exhibit files.

Regards,
Brady

---

**Brady Gleason**

Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Wednesday, September 3, 2025 6:59 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

> **EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Counsel,

ScaleBio proposes a 24-hour extension to the exchange of the exhibit files (i.e., the files with filenames corresponding to the PTX or DTX numbers assigned in the parties' exhibit lists) from tonight at midnight to tomorrow night at midnight. To be clear, we are not proposing an extension to the exchange of the exhibit lists identifying those exhibits, which would still be exchanged by midnight tonight.

Please confirm if Parse agrees to this 24-hour extension.

Regards,
Emma



**Emma Frank**
*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

**Wolf, Greenfield & Sacks, P.C.**
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Tuesday, September 2, 2025 5:46 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

21

Emma,

We are fine with your request to set the deadline for tomorrow's exchange at midnight EDT. That said, we would prefer it if the deadline for the September 19 and September 26 exchanges is at 8:00 pm EDT.

Thank you,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Tuesday, September 2, 2025 1:26 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

> **EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Counsel,

Regarding tomorrow's exchange of the pre-trial order sections, exhibit lists, and deposition designations, we don't believe the parties have set a time for the exchange. Would Parse agree to an exchange deadline of midnight EDT?

Please confirm today regarding the time for exchange tomorrow.

Regards,
Emma



# Emma Frank

*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

# Wolf, Greenfield & Sacks, P.C.

BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Monday, September 1, 2025 6:58 PM
**To:** Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>; Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Stephen,

We do not see a good reason to deviate from the agreed exchange schedule, and your proposal effectively stalls a considerable amount of work for an indeterminate amount of time. We would like to avoid shifting work to a later date closer to trial on a more compressed schedule.

If you would like to discuss this matter further, we can be made available tomorrow.

Best regards,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

**From:** Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>
**Sent:** Monday, September 1, 2025 5:11 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

**EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Brady,

Please let us know today whether Parse and UW agree to this proposal, as clarified in my email yesterday.

Best regards
Stephen

**From:** Rabinowitz, Stephen S. <Stephen.Rabinowitz@WolfGreenfield.com>
**Sent:** Sunday, August 31, 2025 5:57 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>;

23

Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Hi Brady,

Here is a clarification that addresses the issue you identified:

In light of the parties' preliminary witness list exchange on Friday, we propose that the parties agree that each side need not provide deposition designations, including designations of corporate testimony, for any witnesses who are listed on the preliminary witness list of the other side as appearing live at trial. If the party that listed a witness for live testimony later determines that it will not be calling that witness, then the other side will have an opportunity to designate deposition testimony of that witness, and the parties will go through the process of counter-designating and objecting.

We are available for a call this evening if you would like to discuss.

Best regards
Stephen

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Sunday, August 31, 2025 4:04 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,

By "any witnesses who are listed on the preliminary witness lists as appearing live at trial," did you mean that each party would not exchange deposition designations for any witness identified on **its own** preliminary witness list as appearing live at trial, or for any witness identified on **either side's** preliminary witness list as appearing live at trial?

Thank you,
Brady

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Saturday, August 30, 2025 9:49 AM
**To:** Brady Gleason <bgleason@sternekessler.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

**EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Counsel,

In light of the parties' preliminary witness list exchange yesterday, we propose that the parties agree **not** to exchange deposition designations, including designations of corporate testimony, for any witnesses who are listed on the preliminary witness lists as appearing live at trial. If the party that listed a witness for live testimony later determines that it will not be calling that witness, then the other side will have an opportunity to designate deposition testimony of that witness, and the parties will go through the process of counter-designating and objecting. We are happy to further meet and confer to come to an agreement on the process for these exchanges.

Given the upcoming September 3 disclosure, please confirm whether you would agree to such a proposal by **tomorrow, August 31**.

Regards,
Emma



### Emma Frank
*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

### Wolf, Greenfield & Sacks, P.C.
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Friday, August 29, 2025 4:59 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Counsel,

Pursuant to the parties agreement to exchange preliminary witness lists, copied below is a preliminary list of witnesses Parse/UW may call live or by deposition at trial. Per their agreement, the parties will provide with their respective September 3 disclosures a witness list that further indicates, for each witness, whether they "will call" or "may call" the individual live or by deposition. Parse/UW reserve all rights to modify the designations shown below for each witness and supplement or amend their witness list based on any individuals included or disclosures made in ScaleBio's or Roche's witness lists. And, as indicated below, Parse/UW reserve all rights to call live at trial any witness ScaleBio or Roche calls live at trial.

| | WITNESS | CALL LIVE | CALL BY DEPOSITION |
|---|---|---|---|
| 1. | Alex Rosenberg, Ph.D. | X | |

| 2. | Charles Roco, Ph.D. | X | |
|---|---|---|---|
| 3. | Michael Skogen | X | |
| 4. | Georg Seelig, Ph.D. | X | |
| 5. | Richard Muscat, D.Phil. | X | |
| 6. | Michael Yamamoto | X | |
| 7. | Jennifer McCullar, Ph.D. | X | |
| 8. | Joe Musmacker, MS | X | |
| 9. | Lior Pachter, Ph.D. | X | |
| 10. | Rahul Satija, D.Phil. | X | |
| 11. | DeForest McDuff, Ph.D. | X | |
| 12. | Giovanna Prout | | X |
| 13. | Garry Nolan, Ph.D. | | X |
| 14. | Sean Scott | | X |
| 15. | Frank Steemers, Ph.D. | | X |
| 16. | Melanie Masuda | | X |
| 17. | Margaret Nakamoto, Ph.D. | | X |
| 18. | Tod Bedilion, Ph.D. | | X |
| 19. | Thomas Albert, Ph.D. | | X |
| 20. | Carolina Dallett | | X |
| 21. | Jan Berka, Ph.D. | | X |
| 22. | John Walsh | | X |
| 23. | Maeve O'Huallachain, Ph.D. | | X |
| 24. | Garth Rosengren | | X |
| 25. | Any witness included on ScaleBio's or Roche's witness lists | X | X |

Best regards,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Brady Gleason
**Sent:** Friday, August 29, 2025 4:31 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,

That is fine. We will produce updated financial information on Tuesday at 5 pm, and we would agree to extend the deadline to exchange supplemental damages reports to September 9.

Thank you,
Brady

26

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Friday, August 29, 2025 3:49 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

> **EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Brady,

We need to reschedule the mutual exchange of updated financial information to Tuesday at 5 pm Eastern.  We are open to rescheduling the supplemental damages reports to September 9 or 10.  Let us know if you would like to move the supplemental damages reports.

Regards,
Emma



**Emma Frank**
*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

**Wolf, Greenfield & Sacks, P.C.**
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Thursday, August 28, 2025 9:38 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,

Confirmed. We will provide tomorrow our list of witnesses and further indicate, for each witness, whether we intend to call them live or by deposition. We also understand that the parties are leaving to next week's exchange the "will call" or "may call" designations.

Thank you,
Brady

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Thursday, August 28, 2025 8:49 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

> **EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Brady,

Thank you for your response. We will respond in full under separate cover but given that the exchange of preliminary witness lists is tomorrow, we wanted to clarify your position on the format of the list. Our expectation is that the parties will exchange a list of witnesses and, for each witness, indicate whether they intend to call that witness live or by deposition. Can you please confirm **tonight** that the list of witnesses Parse will be providing tomorrow will indicate whether each witness on that list will be appearing live or by deposition?

Regards,
Emma



## Emma Frank
*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

## Wolf, Greenfield & Sacks, P.C.
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Thursday, August 28, 2025 6:07 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,

Yes, we confirm that we will send you an email on Friday containing a list of individuals Parse/UW intend to call either live or by deposition.

**Pretrial exchanges**

Thank you for confirming our understanding of the September 3rd exchanges. Please confirm that Scale/Roche will also similarly provide exhibits to the PTO containing:

1. **Section III (Facts)**: on the issues they bear the burden, Scale/Roche's (i) proposed uncontested facts and (ii) contested facts.
2. **Section IV (Issues of Law)**: Scale/Roche's statement of the issues of law that remain to be litigated on the issues they bear the burden.
3. **Section V (Witnesses)**: Scale/Roche's affirmative deposition designations, in the manner proposed.
4. **Section VI (Exhibits)**: Scale/Roche's exhibit list.
5. **Section VII (Damages)**: Scale/Roche's itemized statement of all damages, including special damages

Regarding the exhibit list exchange on September 3: we agree that both parties should serve OCR-ed PDF copies of their proposed exhibits and are fine with naming the files with the proposed exhibit number, understanding that these file names are subject to change.

Regarding our proposal for including additional exhibits on September 19: our intent here is to give both sides the ability to supplement their exhibit list in view of the other's initial exhibit list, which is consistent with two-step approach set forth in the local rules. *See, e.g.*, L.R. 16.3(d)(2). We do not envision or contemplate creating additional work by requiring a showing of responsiveness.

We are fine with all exhibits being marked with black and white stamps.

We agree with Scale's proposal to identify objections on the joint exhibit list using the "P-" prefix to identify objections made by ScaleBio/RSS and a "D-" prefix to identify objections made by Parse/UW.

**Motions *in Limine***

We agree to limit the motion *in limine* topics that arise subsequent to the meet and confer to the two scenarios you have listed and to your proposal for a subsequent meet and confer no later than September 20.

**Jury Instructions, Voir Dire, and Verdict Form**

If ScaleBio intends to provide initial drafts of the preliminary and final jury instructions, voir dire submissions, and verdict form on September 19, we can respond by September 30, with a meet and confer on October 2. That should give the parties sufficient time to finalize and file these papers before the October 6 deadline.

**Exhibit and Demonstrative Exchanges**:

Parse/UW disagrees with Scale's proposal requiring the disclosure of exhibits two days before the party intends to call a witness to testify. Parse/UW's counterproposal (shown below) aligns more closely to Judge Burke's template (at 6), which provides that the party will disclose exhibits to be used in connection with direct examination "the day before their intended use." Parse's counterproposal also joins the disclosure requirement for exhibits and demonstratives to the same schedule.

Parse/UW propose the following procedure:

1. By 6:30 p.m. two calendar days before the party intends to call a witness to testify live, the party shall disclose to the other side the name of each witness and list them in order in which the party intends to call them to testify live.
2. By 6:30 p.m. one calendar day before the party intends to call a witness to testify live, the party shall identify (1) the evidentiary exhibits that the party intends to use with the witness, and (2) any demonstratives that the party intends to use with the witness.
3. By 8:00 p.m. that same day, the other side will identify any objections to those exhibits, demonstratives, or both that it intends to raise with the Court.

We also propose that the first daily disclosure deadline should be set at 6:30 p.m., instead of 6:00 p.m., to allow the parties a bit more time to prepare the necessary disclosure emails, especially if trial runs late that day.

Parse/UW also propose the dispute resolution procedure outlined below, as it avoids creating more work and late nights. Parse/UW's proposal also aligns more closely to Judge Burke's template (at 6), which requires the objecting party to "bring its objections to the Court's attention prior to the witness being called to the witness stand," as opposed to a joint submission.

4. By 9:00 p.m. that same day, the parties will meet and confer about those objections.
5. By 11:00 p.m. that same day (or within one hour after the conclusion of the conference, whichever is later), any party objecting to an exhibit, demonstrative, or both shall submit to the Court (1) a letter containing a concise statement of the basis of each objection, limited to 100 words per objection, and (2) the objected-to exhibit/demonstrative, identifying (e.g., highlighting) the portions of the exhibit/demonstrative reflecting the objected to material.

The following morning (i.e., the morning before the planned use of the exhibit), the objecting party shall raise with the Court the objections at a time and in a manner suitable for the Court.

Notwithstanding the procedures above, the parties shall make available for inspection any physical exhibits and physical demonstratives at least five calendar days before the first day of trial.

**Deposition Designations at Trial**:

We agree that the pretrial order shall contain the maximum universe of deposition designations, counter-designations, counter-counter designations, and objections to admission of deposition testimony, and these designations and objections can only be supplemented with the approval of all parties or leave of the court, on good cause shown.

We propose a disclosure schedule similar to our exhibit exchange proposal (above), which affords both sides more time to identify which designations to play and which designations are objectionable. Scale's proposal, which leaves the objecting party only two hours to identify counter-designations and objections, will likely yield greater disputes to be resolved at the 9:00 pm meet and confer than if, as Parse/UW propose, the parties take more time to consider counter-designations and objections. We also believe this proposal prevents inefficiencies in redoing designations because the parties will have disclosed narrowed designations at the appropriate times and will know the universe of designations to

30

object to after each disclosure. On the other hand, Scale's proposal requires the offering party to provide objections and to identify counter-counter designations to counter-designations that may ultimately fall to the wayside.

1. By 6:30 p.m. three calendar days before a party intends to call a witness by deposition at trial, the party shall identify (1) the affirmative designations it intends to play, and (2) any exhibits the party intends to move into evidence through, for each witness, the designated testimony.
2. By 6:30 p.m. the next calendar day, the other side shall identify (1) any counter designations it asserts should also be played, and (2) any objections to the previously identified affirmative designations.
3. By 8:00 p.m. that same day (i.e., two days before it intends to call a witness by deposition at trial), the offering party shall (1) identify any counter-counter designations it asserts should also be played, and (2) any objections to the other side's counter designations.

We agree that if the party calling the witness by deposition identifies only a subset of its affirmative designations, the counter-designating parties may identify the excluded affirmative designations as counter-designations—but only if those excluded affirmative designations are relevant to affirmatively designated testimony that has not been withdrawn. The availability of this option—that is, the ability to use the other side's designations once de-designated—reflects precisely why the other side should have more than two hours to formulate its counter designations. Likewise, if the counter-designating parties identify only a subset of their counter-designations, the party calling the witness may identify those excluded counter-designations as counter-counter-designations—but only if those excluded counter-designations are relevant to counter-designated testimony that has not been withdrawn.

Regarding meet and confers, we propose a schedule similar to the one above for exhibits. We propose the following:

4. By 9:00 p.m. that same day, the parties shall meet and confer to discuss the disclosed objections and any disputes pertaining to the video of deposition to be played.
5. By 11:00 p.m. that same day (or within one hour after the conclusion of the conference, whichever is later), any party objecting to designated deposition testimony to be played at trial shall submit to the Court: (1) a letter containing a concise statement of the basis of each objection, limited to 100 words per objection; (2) an excerpt of the deposition transcript containing the deposition testimony of the witness(es) at issue, clearly highlighting the designations, counter-designations, and counter-counter-designations.
6. By 11:00 p.m. that same day, the party intending to call a witness by deposition at trial shall provide video of deposition to be played, with closed captioning.

The following morning (i.e., the day before the deposition testimony is intended to be played), the objecting party shall raise with the Court the objections at a time and in a manner suitable for the Court.

We understand that this procedure is slightly different than the one outlined in Burke's template, which requires a joint submission but permits (at 4-5) only "one sentence per objection." But this proposal is intended to create some consistency between this process and how disputes concerning exhibits and demonstratives are resolved at trial.

We are available to meet and confer on any of these topics.

Best regards,
Brady

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

31

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Thursday, August 28, 2025 11:57 AM
**To:** Brady Gleason <bgleason@sternekessler.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

---

> **EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Brady,

Thank you for your response to our proposals, we respond in turn to yours below. We also understand that Parse will be providing responses regarding deposition designations at trial and exhibit exchanges under separate cover.

**Preliminary Witness Lists**
Confirmed that the parties will mutually exchange preliminary witness lists on August 29 at 5:00 pm ET. We do want to clarify the format of that exchange. Can Parse please confirm **today** that it will provide a preliminary witness list that identifies whether the witness will be appearing live or by deposition? We would propose leaving "will call" or "may call" designations for the exchange next week.

**Pretrial Exchanges**
Regarding what Parse/UW must provide on September 3:
1. *Section I (Nature of the Case)*: We will provide an initial draft of this section, keeping matters to a high level, and Parse will provide (as it proposes) the identity of Parse/UW's claims; the parties can provide their proposed edits as part of their responses and objections on September 19.
2. *Section II (Jurisdiction)*: Parse should state the remedy it is seeking consistent with the discovery it provided.  We will otherwise provide the initial draft of this section given that no party has contested jurisdiction or venue.
3. *Section III (Facts)*: Confirmed that Parse/UW should provide its exhibits to the PTO containing Parse/UW's (i) *proposed* uncontested facts and (ii) contested facts. We do envision that the "uncontested facts" exhibit will eventually be a single joint exhibit, and that the parties will move any facts that the other side contests to their respective "contested facts" exhibits.
4. *Section IV (Issues of Law)*: Confirmed that Parse/UW should provide their exhibit to the PTO containing Parse/UW's statement of the issues of law that remain to be litigated.
5. *Section V (Witnesses)*: Confirmed that Parse/UW should provide Parse/UW's affirmative deposition designations, in the manner outlined in our email.
6. *Section VI (Exhibits)*: Confirmed that Parse/UW should provide Parse/UW's exhibit list. Please also see our further response below.
7. *Section VII (Damages)*: Confirmed that Parse/UW should provide Parse/UW's itemized statement of all damages, including special damages.

Parse/UW should also provide its witness list, and for expert witnesses should include the indication of the "precise subject matter on which it will ask the Court to recognize the witness's expertise" as required by Judge Burke's form PTO.

We also confirm that the following will be provided as exhibits attached to the PTO cover pleading: (1) joint statement of uncontested facts; (2) each side's statement of contested facts; (3) each side's statement of issues of law that remain to be litigated; (4) each side's deposition designations; (5) the joint exhibit list; (6) each side's exhibit lists; and (7) the MIL briefing, once completed.

Regarding the exhibit list exchange on September 3, ScaleBio's proposal is just that the documents be labeled with "PTX-##" and "DTX-##" on the exhibit list. While we agree that neither party should be pre-marking the exhibits for the reasons

32

you mention, we did intend that both parties would serve OCR-ed PDF copies of their proposed exhibits with the file names set to the proposed exhibit numbers (e.g., "PTX-001.pdf"). That exchange is necessary to allow timely review of the proposed exhibits, identification of any MIL issues, and identification of objections. In terms of your proposed color scheme for exhibit stamps, we believe the exhibit number prefixes (PTX-, DTX-, and JT-) are sufficient identifiers without introducing different colored stamps. We propose that all exhibits be marked with black and white stamps.

Regarding the exchanges on September 19, attached please find our edits to the key/legend.

We confirm that the pre-clear list is intended to be for exhibits used in either side's opening statements.

We are considering your proposal regarding the identification of additional exhibits. To confirm, does your proposal envision any showing that the additional exhibits identified on September 19 are responsive to something identified by the other side on September 3?

Confirmed that we will provide an updated joint exhibit list that indicates any objections to a document listed in the September 19 exchanges in a way that also reflects which side has made that objection. We would propose just adding a "P-" prefix to identify objections made by ScaleBio/RSS and a "D-" prefix to identify objections made by Parse/UW.

## Motions *in Limine*
We would agree to limit the motion *in limine* topics that arise subsequent to the meet and confer to those that (1) arise because the Court enters a decision on summary judgment or Daubert motion that raises the issue addressed by the additional motion *in limine*; or (2) arise from statements made or issues raised during the parties' meet and confer on September 12.

We cannot agree that the subsequent meet and confer has to occur on or before September 19, including because of Parse's proposal that additional exhibits can be identified for the trial exhibit lists on September 19.  We would be willing to consider that meet and confer occurring late on September 20.

We agree that both parties are limited to serving a total of three motions *in limine* on September 22 absent leave of Court to present any additional motion(s).

We also confirm that there is no upper limit on the number of motion *in limine* topics either side can disclose on September 10.

## Length of Trial
We will respond under separate cover regarding proposals for representative products and claims.

We would consider a proposal regarding stipulations on authenticity of documents if presented by Parse. We would also consider a proposal regarding proffers of expertise for experts, but note that both sides have filed *Daubert* motions that may impact any such proffers.

## Jury Instructions, Voir Dire, and Verdict Form
We would agree to provide initial drafts of the jury instructions, voir dire submissions, and verdict forms on September 19 if Parse provides its responses and objections to those drafts by September 29, with the meet and confer to follow on October 1.

We are happy to meet and confer further on any of these topics as needed.

Regards,
Emma



**Emma Frank**

*she / her / hers*

**Associate**

Admitted to Practice: MA

emma.frank@wolfgreenfield.com

617-646-8192

**Wolf, Greenfield & Sacks, P.C.**

BOSTON | NEW YORK | WASHINGTON DC

wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Tuesday, August 26, 2025 11:01 AM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Confirmed—Parse will provide updated versions of PARSE0815027 and PARSE0275864 with sales information for the Accused Parse Products in the United States as of June 30, 2025.

Thank you.

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Monday, August 25, 2025 6:09 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

> **EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Brady,

We will provide a more fulsome response to your email under separate cover. In the interim, we confirm that we will provide what will essentially be updated versions of SCALEBIO0160901 and SCALEBIO0334813 with sales information for the Accused Scale Products in the United States as of June 30, 2025.

Please confirm that Parse will provide updated versions of PARSE0815027 and PARSE0275864 with sales information for the Accused Parse Products in the United States as of June 30, 2025.

Regards,
Emma



## Emma Frank

*she / her / hers*

**Associate**

Admitted to Practice: MA

emma.frank@wolfgreenfield.com

617-646-8192

## Wolf, Greenfield & Sacks, P.C.

BOSTON | NEW YORK | WASHINGTON DC

wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Monday, August 25, 2025 2:01 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,

Thank you. Here are our responses to your email below.

**Preliminary Witness Lists**: agreed. Please confirm that the parties will mutually exchange preliminary witness lists on August 29, the agreed upon date, at 5:00 pm ET.

**Supplemental Damages Reports**: agreed. Parse requests that Scale produce essentially updated versions of SCALEBIO0160901 and SCALEBIO0334813, providing all sales of the Accused Scale Products in the United States as of June 30, 2025.

**Pretrial Exchanges**: generally agreed, subject to the following --

– September 3
- To confirm, because Scale has agreed to provide an initial draft on September 3 of the "non-contested portions of the PTO based on Judge Burke's form order," Parse/UW need only provide at this initial disclosure the following:
  1. ***Section I (Nature of the Case)***: the identity of Parse/UW's claims
  2. ***Section II (Jurisdiction)***: the remedy sought by Parse/UW, such as damages or injunctive or declaratory relief
  3. ***Section III (Facts)***: exhibits to the PTO containing Parse/UW's (i) uncontested facts and (ii) contested facts.

4. **Section IV (Issues of Law)**: exhibit to the PTO containing Parse/UW's statement of the issues of law that remain to be litigated
5. **Section V (Witnesses)**: Parse/UW's affirmative deposition designations, in the manner outlined in your email.
6. **Section VI (Exhibits)**: Parse/UW's exhibit list.
   1. To confirm, when you say "exhibits will be labeled "PTX-##" and "DTX-##" at this point," you are proposing to simply label them as such on the exhibit list, and you are not proposing an actual exchange of pre-marked exhibits (and/or pre-marked exhibits having file names reflecting the supposed "PTX##" or "DTX##")—correct? In our experience, pre-marking the actual exhibits at the initial exchange, prior to the deduplication and compilation of the joint exhibit list, creates unnecessary work and confusion. We propose that the parties should exchange copies of marked exhibits at a later date.
   2. For the deadline to exchange pre-marked exhibits, we propose September 26. Further, we suggest the following color scheme.
      1. The stamps used to pre-mark exhibits on Plaintiffs' list(s) should be yellow
      2. The stamps used to pre-mark exhibits on Defendants' list(s) should be blue
      3. The stamps used to pre-mark exhibits on the Joint Exhibit list(s) should be white
7. **Section VII (Damages)**: Parse/UW's itemized statement of all damages, including special damages

- Please also confirm that the aforementioned portions of the PTO that are contested (e.g., disputed facts, issues of law, etc.) will be provided as exhibits attached to the PTO cover pleading
- Scale will provide the first draft of the remaining information required by the Local Rule and in accordance with Judge Burke's template.

− September 19
- For any objections to the other side's exhibit list and deposition designations, please confirm that Scale will use the attached key/legend. To the extent Scale has any edits to this key/legend, please provide them before September 3.
- Regarding your pre-cleared list, we are considering your proposal and will respond separately. In the meantime, please confirm our understanding that this pre-clear list is limited to the exhibits used in either side's opening statement demonstratives.
- We also propose that the parties should identify any additional exhibit not previously included on the exhibit list (e.g., an exhibit responsive to a statement disclosed by the other side at the initial exchange) with this September 19 exchange. Any objections to these additional exhibits shall be provided by September 26.

− September 26
- Scale will circulate an updated joint exhibit list that indicates any objections to a document listed in the September 19 exchanges in a way that also reflects which side as made that objection.

## Deposition Designations at Trial

− We will respond under separate cover.

## Motions *in limine*

− Parse/UW generally agrees with the proposed dates for exchanges. Further, we generally agree regarding motion *in limine* topics that might arise subsequent to the meet and confer but prior to the first deadline the parties contemplate for service of opening briefs, provided the following terms are agreed upon.
- *First*, the only motion *in limine* topics that can be added after the September 10 exchange are those that arise because the Court enters a decision on summary judgment or *Daubert* motion that raises the issue supposedly addressable by the additional motion *in limine*.

36

- *Second*, any subsequent meet and confer on a motion *in limine* topic added after the September 10 exchange must occur on or before <u>September 19</u>.
    - Please confirm that, notwithstanding these procedures and parties' ability to identify a new motion in limine topic after September 10, both sides are limited to serving a total of three motions *in limine* on <u>September 22</u>. For clarity, no additional motions *in limine* will be made after September 22, absent leave of court.
    - Please also confirm that there is no upper limit on the number of motion *in limine* topics either side can disclose on September 10.

## Length of Trial

- We would be willing to consider any proposal by Scale of representative products and claims.
- Please confirm whether Scale would be willing to consider stipulations of documents' authenticity and/or proffers of expertise for expert witnesses.

## Exhibit Exchanges

- We will respond under separate cover.

## Jury Instructions, Voir Dire, and Verdict Form

- We generally agree with Scale's proposal, although the seven days between September 22 and September 29 does not provide Parse/UW sufficient time to provide its responses and objections to Scale's drafts.
- Please confirm that Scale will provide initial drafts of the jury instructions, voir dire submissions, and verdict forms by **September 16**.

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Thursday, August 21, 2025 2:39 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>; Scale_Parse_Service <scale_parse_service@tensegritylawgroup.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

> **EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Brady,

This email summarizes our meet and confer on August 15, 2025 and contains ScaleBio's proposals to address certain pre-trial exchanges, as we discussed. We also understand that you will be providing Parse's response to our proposals as well as Parse's proposals for certain other issues, identified below.  Given that certain exchanges would begin as early as next week under the current proposals, please respond by *Monday, August 25*. We are happy to further meet and confer as needed on these issues.

**<u>Preliminary Witness Lists</u>**

The parties agreed to an early exchange of preliminary witness lists and that if a party identifies someone on its preliminary witness list who has not yet been deposed in this litigation, the other side may elect to take a deposition of that witness. ScaleBio proposes that the parties exchange these witness lists on *August 29*, with any depositions to be completed by *September 21* or at least one day prior to the agreed deadline for the filing of MILs, whichever is earlier.  Please confirm whether Parse is in agreement.

## Supplemental Damages Reports

ScaleBio proposes that the parties exchange supplemental financial information and supplemental expert reports regarding damages as follows:

By 5:00 p.m. on *Monday, August 25*, the parties will identify the previously produced documents that would need to be supplemented.  By 5:00 p.m. on *Friday, August 29*, the parties will produce updated versions of those financial documents as of June 30, 2025, or such other updated financial documents that are as near as possible to those previously identified.  ScaleBio requests that Parse produce the complete set of Accused Products sales data broken down by region.  By 5:00 p.m. on *Monday, September 8* the parties will exchange supplemental expert reports that include supplemental damages calculations. The supplemental reports will be limited to updating the calculations previously presented, and may include a short narrative description of the updated calculations provided.  No new theory of damages may be introduced.  No additional depositions of the parties' damages experts will occur on the basis of these supplemental reports.

## Pre-Trial Exchanges

The parties discussed and agreed that we would generally use Judge Burke's form order, with a few alterations. The parties also generally agreed on a schedule for exchanges of the Pre-Trial Order ("PTO") cover pleading and related submissions (the exhibit list and deposition designations).

Regarding the PTO cover pleading, ScaleBio agrees that the statement of intended proof and statement of contested facts should be presented as a single section, with the level of specificity kept to a high level and directed to the ultimate issues.

ScaleBio proposes the following schedule of exchanges:
- *September 3*
    - o ScaleBio will provide an initial draft of the non-contested portions of the PTO based on Judge Burke's form order.
    - o Both sides will provide initial drafts of the portions of the PTO cover relating to issues on which they bear the burden of proof, provided that the portions related to damages will be supplemented by September 10.
    - o Both sides will provide initial exhibit lists. Exhibits will be labeled "PTX-##" and "DTX-##" at this point.
    - o Both sides will provide affirmative deposition designations, listed in an Excel spreadsheet and highlighted in yellow on the transcript.
- *September 19*
    - o Both sides will provide objections and responses to the initial draft portions of the PTO cover pleading.
    - o ScaleBio will circulate an updated "joint" exhibit list that has been de-duplicated, with duplicative exhibits labeled "JTX-##".  The designation of an exhibit as a joint exhibit is for de-duplication purposes and does not waive a party's objections to the other party introducing the exhibit (e.g., hearsay or foundation).
    - o Each side will provide a list of up to 50 exhibits to "pre-clear."
    - o Both sides will provide their objections and counter-designations (highlighted in blue) to the affirmative deposition designations.
- *September 26*
    - o Both sides will provide their objections to the exhibits.
    - o Both sides will provide their objections to the proposed "pre-cleared" exhibits.  Any unresolved objections will be presented in the PTO submission for resolution at the pre-trial conference.
    - o Both sides will provide objections to counter-designations and counter-counter-designations (highlighted in green) to the counter-designations.

38

**Deposition Designations at Trial**

ScaleBio proposes that deposition testimony be offered along the following lines: Consistent with Judge Burke's form PTO, the designations exchanged pursuant to the schedule above for inclusion in the PTO contain the maximum universe of designations and objections and shall not be supplemented without agreement of the parties or leave of Court, for good cause shown. A party may call a witness by deposition only by identifying that witness on the party's witness list and affirmatively designating testimony from that witness's deposition(s).

By 6:00 p.m. two (2) calendar days before a party intends to call a witness by deposition, the party shall identify: (1) the affirmative designations it intends to play, (2) the objections to the previously identified counter-designations it intends to raise with the Court, and (3) the counter-counter-designations it asserts should also be played with each counter-designation.

By 8:00 p.m. that same day, the other side will identify (1) any objections to the affirmative designations that it intends to raise with the Court and (2) the counter-designations it asserts should also be played.

If the party calling the witness by deposition identifies only a subset of its affirmative designations, the counter-designating parties may identify the excluded affirmative designations as counter-designations—but only if those affirmative designations would otherwise be proper counter-designations to the affirmatively designated testimony that has not been withdrawn.  Likewise, if the counter-designating parties identify only a subset of their counter-designations, the party calling the witness may identify those excluded counter-designations as counter-counter-designations—but only if those counter-designations would otherwise be proper counter-counter-designations to the counter-designated testimony that has not been withdrawn.

By 9:00 p.m. that same day, the party calling the witness shall circulate a draft joint letter identifying all objections to deposition designations that any party has identified that evening.  At 9:00 p.m. that same day, the parties will meet and confer about those objections.

By 10:30 p.m. that same day (or within one hour after the conclusion of the conference, whichever is later), any party that intends to object to designated testimony will circulate among the parties a draft of the letter containing a concise statement, limited to 100 words, of the basis for each objection.

Within one hour of receiving the draft of the joint letter containing the statement(s) of objection, the opposing party will circulate a draft of the letter containing a concise response, limited to 100 words, to each statement.

As soon thereafter as practical, the party calling the witness shall then submit to the Court: (1) an excerpt of the deposition transcript containing the deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and counter-counter-designations; and (2) a joint letter identifying the pending objection(s) as well as the statement(s) and response(s).

The following day (i.e., the day before the deposition testimony is intended to be played), the parties shall raise with the Court the objections at a time and in a manner suitable for the Court.

**Motions *in Limine***

The parties agreed that each side would preliminarily identify the topics of potential motions *in limine* that it contemplates filing, followed by a meet and confer to address whether any of those issues could be resolved by agreement and/or stipulation. Each side would then proceed to brief three of its motions, with the sides serving opening, response, and reply briefs according to the schedule below:

- *September 10* – Parties exchange all potential MIL topics by 5:00 pm
- *September 12* – Meet and confer regarding MIL topics
- *September 22* – Each side will serve opening MIL briefs for up to three selected topics
- *September 29* – Each side will serve briefs in response to the other side's MILs
- *October 1* – Each side will serve reply briefs in support of its MILs

- ***October 3*** – All MIL briefing will be submitted to the Court with the PTO

Separately, ScaleBio raised the issue of motion *in limine* topics that might arise subsequent to the meet and confer but prior to the first deadline the parties contemplate for service of opening briefs on their three selected motions. ScaleBio believes that such an issue might arise if, for example, a decision is issued on a summary judgment or *Daubert* motion that raises issues addressable by a motion *in limine*. With the understanding that there must be a meet and confer prior to the filing of any such motion, ScaleBio proposes that the parties allow for an additional meet and confer, if needed, the morning of September 22.

**Order of Presentation of Evidence**

ScaleBio will provide its proposal in a separate email.

**Length of Trial**

The parties discussed ways to shorten or streamline trial. While the parties did not agree on any reduction to the current ten-day trial schedule, Parse indicated that it would consider ScaleBio's proposal that the parties select representative products and claims.

**Exhibit Exchanges**

ScaleBio proposes that Judge Burke's procedure in Part VI.A of his form PTO be implemented as follows:

- By 6:00 p.m. two (2) calendar days before a party intends to call a witness to testify live, the party shall identify the evidentiary exhibits (i.e., not demonstrative exhibits) that the party intends to use with the witness.

- By 8:00 p.m. that same day, the other side will identify any objections to those exhibits that it intends to raise with the Court.

- By 9:00 p.m. that same day, the party that plans to use the exhibits shall circulate a draft joint letter identifying all objections to exhibits that any party has identified that evening.  At 9:00 p.m. that same day, the parties will meet and confer about those objections.

- By 10:30 p.m. that same day (or within one hour after the conclusion of the conference, whichever is later), any party that intends to object to an exhibit will circulate among the parties a draft of the letter containing a concise statement, limited to 100 words, of the basis for each objection.

- Within one hour of receiving the draft of the joint letter containing the statement(s) of objection, the opposing party will circulate a draft of the letter containing a concise response, limited to 100 words, to each statement.

- As soon thereafter as practical, the party that plans to use the exhibits will submit to the Court (1) the objected-to exhibit and (2) a joint letter identifying the pending objection(s) as well as the statement(s) and response(s).

- The following day (i.e., the day before the planned use of the exhibit), the parties shall raise with the Court the objections at a time and in a manner suitable for the Court.

The procedures in Judge Burke's form PTO for demonstrative exhibits used for opening and for direct testimony would not be altered, other than to add the 9:00 p.m. meet and confer and the exchanges of the joint letter.

**Jury Instructions, Voir Dire, and Verdict Form**

The parties briefly discussed the need for a schedule for exchanging drafts of jury instructions, voir dire submissions, and verdict forms. ScaleBio proposes the following schedule for such exchanges:
- ***September 22*** – Plaintiffs to provide initial draft jury instructions, voir dire submissions, and verdict forms
- ***September 29*** – Counterclaim-Plaintiffs to provide responses and objections to Plaintiffs' drafts
- ***October 1*** – Parties will meet and confer to address any objections or disagreements

40

- ***October 6*** – ScaleBio will file joint submissions, with any unresolved objections or disagreements noted

Please let us know your thoughts on these proposals.

Regards,
Emma



### Emma Frank
*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

### Wolf, Greenfield & Sacks, P.C.
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Thursday, August 21, 2025 1:01 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,

Could you please provide an update on when Scale intends to circulate its proposals for the upcoming pretrial exchanges? During last week's call, the parties identified a number of issues Scale agreed to follow up on in writing, including its proposal for an early exchange of witness lists, confirmation of certain particulars on what both sides will exchange on September 3 and 19, whether Scale had agreed to provide the initial draft of (i) the cover pleading associated with the pretrial order on September 3, (ii) preliminary and final jury instructions; (iii) voir dire, and (iv) the verdict form, the procedures governing deposition designations, Scale's response to our proposed motions *in limine* schedule, and Scale's response to our proposed dispute resolution procedures governing trial disclosures, to name a few.

As we discussed, both parties are interested in the resolution of some of these issues in advance of the first substantive disclosure on September 3. That date is now less than two weeks away. Could you please let us know when we can expect your proposals?

Best regards,
Brady

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

41

**From:** Brady Gleason
**Sent:** Wednesday, August 13, 2025 7:04 PM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,

Yes, we are available to meet and confer on Friday from 11 am to noon.

Regards,
Brady

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Wednesday, August 13, 2025 4:11 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

> **EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Brady,

We are no longer available to meet and confer tomorrow at 10 AM. Is your team available on Friday from 11 AM – 12:30 PM or 1 PM – 3 PM to meet and confer? I can circulate an updated calendar invite once confirmed.

Regards,
Emma



**Emma Frank**
*she / her / hers*
**Associate**
Admitted to Practice: MA
emma.frank@wolfgreenfield.com
617-646-8192

**Wolf, Greenfield & Sacks, P.C.**
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

42

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Monday, August 11, 2025 10:43 AM
**To:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Emma,

Thank you. We are available to meet and confer at 10 am on Thursday (8/14).

Best regards,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Frank, Emma L. <Emma.Frank@wolfgreenfield.com>
**Sent:** Thursday, August 7, 2025 12:32 PM
**To:** Brady Gleason <bgleason@sternekessler.com>; Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

| EXTERNAL EMAIL: Use caution before clicking links or attachments. |
| --- |

Brady,

We are available to meet and confer at the following times next week and will be prepared to address the topics noted in your prior email.

- **Thursday, 8/14:** 9 AM – 12 PM; 3 PM – 5 PM
- **Friday, 8/15:** 11 AM – 1 PM; 3 PM – 5 PM

In addition to the topics you raised, we have two additional things we believe should be discussed during the meet and confer. First, the parties should agree on a date prior to the end of August to exchange preliminary witness lists so that, in the event any party lists a witness that was not previously deposed in this litigation, the other party can take a deposition of that witness by mid-September in the spirit of the parties' prior stipulation. Second, the parties should agree on a date to exchange updated financial information so that the damages experts can issue supplemental reports in time to incorporate any updated damages calculations into the pretrial order. We can discuss the specific parameters for the exchange of updated financial information during the meet and confer, as well as the scope and timing of any supplemental reports.

Upon confirmation of the date and time for the meet and confer, we will circulate a calendar invite.

Regards,

Emma



## Emma Frank

*she / her / hers*

**Associate**

Admitted to Practice: MA

emma.frank@wolfgreenfield.com

617-646-8192

## Wolf, Greenfield & Sacks, P.C.

BOSTON | NEW YORK | WASHINGTON DC

wolfgreenfield.com | LinkedIn

---

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** Brady Gleason <bgleason@sternekessler.com>
**Sent:** Tuesday, August 5, 2025 11:42 AM
**To:** Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Counsel,

Following up on my email from last week: please let us know your availability to meet and confer regarding the proposed pretrial order.

Thank you,
Brady

---

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

---

**From:** Brady Gleason
**Sent:** Monday, July 28, 2025 4:02 PM
**To:** Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Counsel,

In view of the approaching October 3, 2025, deadline to file a Joint Proposed Pretrial Order (including any motions *in limine*) and as required by Local Rule 16.3(c), please let us know your availability to meet and confer to discuss the contents of the proposed PTO.

It is our understanding that, absent agreement and court approval, the parties are set to make two pretrial exchanges concerning the PTO: the first on September 3, 2025, and the second on September 19, 2025. *See* Local Rule 16.3(d)(1)–(2). We are fine with this general approach but believe a few exceptions, noted below, may help with an efficient process for the PTO. We are, however, also open to considering any alternative schedule proposed by Scale and Roche.

The exceptions we propose to the default, two-exchange approach include a modified schedule concerning the disclosure of any (1) motions *in limine* and (2) deposition designations.

1.  For any *motion in limine*, we propose separate deadlines for the: (i) disclosure of the subject the motion *in limine*; (ii) ensuring meet and confer; (iii) exchange of opening briefs; (iv) exchange of answering briefs; and (v) exchange of reply briefs.

2.  For any deposition designations, we propose an additional round of designations—i.e., (i) initial designations; (ii) counter designations; and (iii) counter-counter designations.

If Scale and Roche generally agree with these modifications in principle, we can discuss the particular schedule for these additional exchanges during the meet and confer. We also intend to discuss the following sections/topics of the Joint Proposed Pretrial Order:

–   The proposed PTO's cover pleading, including the order of presentation of evidence at trial, length of trial, and the exchange procedures at trial for the disclosure of (i) witnesses, (ii) demonstratives, and (iii) exhibits used in direct examinations;
–   Compilation of the joint exhibit list; and
–   Degree of specificity the parties intend to include in the contested facts section of the PTO.

Best regards,
Brady

**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638

**From:** Brady Gleason
**Sent:** Wednesday, June 18, 2025 7:24 PM
**To:** Metzler, Sara M. <Metzler@rlf.com>; Farnan, Kelly E. <Farnan@RLF.com>; WGS-Scale Biosciences v. Parse <WGS-ScaleBiosciencesv.Parse@WolfGreenfield.com>; WH RSS-Scale Lit <WHRSS-ScaleLit@wilmerhale.com>
**Cc:** ParseUW <ParseUW@sternekessler.com>; kpascale@ycst.com; Vrana, Robert <RVrana@ycst.com>
**Subject:** Scale Biosciences, Inc. v. Parse Biosciences, Inc. et al, C.A. No. 22-1597-CJB

Counsel,

The parties stipulated to an early exchange of preliminary witness lists (D.I. 203), but it does not appear that that a deadline for any early exchange still exists or that the stipulation remains in effect. That is because the operative scheduling order (D.I. 270) does not reflect D.I. 203 or any of its deadlines, and the parties did not abide by a strict reading of its terms and exchange preliminary witness lists in February.

Please let us know whether Scale and Roche believe D.I. 203 remains in effect and, if so, when they intend to serve preliminary witness lists.

Thank you,

Brady



**Brady Gleason**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
1101 K Street NW, 10th Floor, Washington, DC 20005

**Email:** bgleason@sternekessler.com
**Direct:** 202.772.8638
**IP Assistant:** Albert Yeboah
**Main:** 202.371.2600  **Direct:** 202.772.8932