# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCALE BIOSCIENCES, INC., <br><br> and <br><br> ROCHE SEQUENCING SOLUTIONS, INC., <br><br> Plaintiffs, <br> v. <br><br> PARSE BIOSCIENCES, INC., <br><br> Defendant. <br><br> PARSE BIOSCIENCES, INC., <br><br> and <br><br> UNIVERSITY OF WASHINGTON, <br><br> Counterclaim Plaintiffs, <br> v. <br><br> SCALE BIOSCIENCES, INC., <br><br> Counterclaim Defendant. | Civil Action No. 1:22-CV-01597-CJB <br><br> **REDACTED** <br> **PUBLIC VERSION** |

**LETTER BRIEF TO THE HONORABLE CHRISTOPHER J. BURKE
REGARDING SCALEBIO'S REQUEST FOR DISCOVERY
<u>PERTAINING TO PARSE'S RECENT ACQUISITION BY QIAGEN</u>**

| | |
|---|---|
| OF COUNSEL: | Frederick L. Cottrell, III (#2555) |
| | Kelly E. Farnan (#4395) |
| Matthew Powers | Sara M. Metzler (#6509) |
| Paul Ehrlich | Danielle I. Bell (#7367) |
| William P. Nelson | **RICHARDS, LAYTON & FINGER, P.A.** |
| Daniel M. Radke | One Rodney Square |
| **TENSEGRITY LAW GROUP LLP** | 920 North King Street |
| 555 Twin Dolphin Drive | Wilmington, DE 19801 |
| Suite 650 | cottrell@rlf.com |
| Redwood Shores, CA 94065 | farnan@rlf.com |
| | metzler@rlf.com |
| Azra M. Hadzimehmedovic | bell@rlf.com |
| Aaron M. Nathan | |
| Samantha Jameson | *Counsel for Scale Biosciences, Inc.* |
| Daniel Kazhdan | |
| Danielle C. Pfifferling | |
| Nathaniel D. Cook | |
| John C. Pierce | |
| Richa B. Patel | |
| Sidhi Gosain | |
| **TENSEGRITY LAW GROUP LLP** | |
| 1676 International Drive, Suite 910 | |
| McLean, VA 22102-3848 | |

Stephen S. Rabinowitz
**WOLF, GREENFIELD & SACKS, P.C.**
605 Third Avenue
New York, NY 10158

Chelsea A. Loughran
Stuart V. C. Duncan Smith
Arden E. Bonzo
**WOLF, GREENFIELD & SACKS, P.C.**
600 Atlantic Avenue
Boston, MA 02210

*Counsel for Scale Biosciences, Inc.*

Dated: January 22, 2026

i

## Exhibit Index

| Exhibit No. | Description |
| --- | --- |
| 1 | Declaration of Drew Mooney (remedies expert) ▮ |
| 2 | Agreement and Plan of Merger, dated as of October 19, 2025, production labeled PARSE0829223-PARSE0829357 (Excerpted, ▮) |
| 3 | Email chain between counsel re: Acquisition of Parse ▮ |
| 4 | Agreement and Plan of Merger, dated August 7, 2025, production labeled SCALEBIO0341716-SCALEBIO0341934 (Excerpted, ▮) |
| 5 | Parse Biosciences Inc.'s Responses to Scale Biosciences, Inc.'s First Set of Requests for Production (Nos. 1-55), dated April 13, 2023 (Excerpted) |
| 6 | Parse Biosciences Inc.'s Responses to Scale Biosciences, Inc.'s Second Set of Requests For Production (Nos. 56-105), dated August 21, 2023 (Excerpted) |
| 7 | *Quintel Technology LTD. v. Huawei Technologies, Inc.*, No. 4-15-cv-00307, D.I. 179 (E.D. Tex. Nov. 22, 2017) |
| 8 | October 10, 2024 Opening Expert Report of Drew D. Mooney Regarding Damages Arising from Parse's Infringement of the Asserted ScaleBio Claims (Excerpted, ▮) |
| 9 | *CR Bard Inc. v. AngioDynamics Inc.*, 15-cv-00218, D.I. 198 (D. Del. Aug. 15, 2017) |
| 10 | QIAGEN to acquire Parse Biosciences, expanding its Sample technologies portfolio into highly scalable single-cell solutions, dated November 4, 2025 |

Dear Judge Burke:

Qiagen acquired Defendant Parse and Parse's liabilities in this litigation two months ago for more than $225 million. The acquisition agreement and negotiation documents are highly relevant to several issues including willfulness and remedies. For example, Qiagen and Parse ████████████████████████████████████████████████████████████████████████████████████████████████████████████████. But Parse has produced only a redacted agreement and has refused to produce the related documents and communications. ScaleBio moves to compel Parse to produce the unredacted acquisition agreement, related documents and communications concerning this litigation and ScaleBio, and a witness on these topics, and seeks permission to then supplement its expert's damages analysis. This discovery is proportional to the needs of the case: the acquisition is one of the most consequential events in Parse's history, and ScaleBio intends to prove that Parse's valuation was driven by the value of Parse's infringing technology. This discovery is not cumulative, and as ScaleBio's expert confirms in the attached declaration (Ex. 1), it is necessary so that he may fully understand Parse's valuation and its effect on the quantum of damages, rather than rely solely on the final price. The request is timely: ScaleBio pursued this information promptly, a trial date is not set, and Parse has ample time to comply.

**Producing an unredacted agreement will not harm or prejudice Parse.** Parse redacted ████████████████████████████████████████ Ex. 2 at 12, 19, 101. ████████████████████████████████████████ and is therefore highly relevant to damages. Parse claims that disclosure would harm Parse in settlement negotiations. Ex. 3 at 14. "In the absence of … an assertion of [some privilege, doctrine, or immunity], … a party may not redact information that it unilaterally deems sensitive, embarrassing, or irrelevant." *Delaware Display Grp. v. Lenovo Grp.*, 2016 WL 720977, at *6 (D. Del. Feb. 23, 2016). Parse relies on *Diagnostics Systems Corp.*, but that case is inapposite; it found that the financial information in settlement agreements with other co-defendants was not discoverable to a defendant who was not part of such agreements. 2008 WL 9396386, at *10 (C.D. Cal. Apr. 4, 2008). This case is different: ScaleBio seeks ████████████████████████████████████████████████████████████████. Precedent in this district supports production of ████████████████████████████████████████████████████████████ (ordering production). Parse also contends ████████ are irrelevant because they are ████████████████████ Ex. 3 at 16. But either this information is highly relevant and should be produced, or it is ████████████████████████ and Parse cannot claim prejudice. Courts have ordered production of similar information. *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 2018 WL 798731, at *1, *3 (D. Del. Feb. 9, 2018) (compelling production of emails and documents provided to litigation funder as relevant to valuation of the asserted patents and damages); *Cirba Inc. v. VMWare, Inc.*, 2021 WL 7209447, at *3 (D. Del. Dec. 14, 2021) (ordering production of valuations of patents-in-suit). Moreover, ScaleBio has produced the 10x acquisition agreement disclosing ████████████████████████████████████████████. Ex. 4 at SCALEBIO0341811-812, ████████████████ Parse should not be permitted to shield its ████████████████████████████.

**Qiagen acquisition documents and communications are highly relevant.** ScaleBio seeks three categories of documents, which are responsive to multiple RFPs for which Parse agreed to produce

1

responsive, non-privileged[1] documents: (1) **Valuations of this litigation, the asserted patents, the accused products and their technology, and other inputs into the valuation of Parse and the acquisition price** (RFPs 3, 15, 69, and 83). Ex. 5 at 3, 7; Ex. 6 at 7-8, 12-13. They are relevant to damages, including the hypothetical negotiation, and proof of infringement. *See Integra Lifescis. I, Ltd. v. Merck KGaA*, 331 F.3d 860, 871 (Fed. Cir. 2003) (using acquisition price to assess reasonableness of hypothetical license), *vacated on other grounds*, 545 U.S. 193 (2005); Ex. [C08], *Quintel Tech. v. Huawei Techs., Inc.*, No. 4:15-cv-00307, D.I. 179 at 16-17 (E.D. Tex. Nov. 22, 2017) (finding "the valuation of Quintel's intellectual property in connection with its sale to Cirtek is relevant to its economic value" and ordering production); *see also GolfSwitch Inc. v. Incuborn Sols., Inc.*, 2008 WL 11339945, at *3 (D. Ariz. Oct. 30, 2008) ("evidence regarding the subsequent sale of an infringer's company" can be considered "in determining lost profits or a reasonable royalty"). (2) **Analyses and projections for the accused Parse products** (RFPs 15, 69, and 79) are relevant to damages and injunctive relief. Ex. 5 at 7; Ex. 6 at 7-8, 11. *See* Ex. 7, *Quintel Tech.* at 16-17 (ordering acquisition discovery including "all forecasts of Quintel's future revenues regarding [technology at issue] and supporting data," finding it relevant "especially in light of [damages expert's] reliance on forecasted sales to support his [damages theory]"). ScaleBio's damages expert also relies on forecasted sales to support his reasonable royalty analysis. Ex. 8, ¶¶ 179, 183. *See also GolfSwitch* at *4 (ordering production of financial projections "exchanged with or prepared by" acquiring third party). (3) **Documents and communications regarding this litigation and ScaleBio** (RFPs 55 and 94 (Ex. 5 at 24; Ex. 6 at 17-18)) are relevant to the reasonableness of ScaleBio's damages claim and Parse's continued willful infringement. *See* Ex. 7, *Quintel Tech.* at 16 (ordering production of "documents reflecting communications between Quintel and Cirtek regarding the Cirtek acquisition, this litigation, or Quintel's Per User Tilt technology").

**Parse should produce a witness.** ScaleBio seeks a short, focused deposition of no more than four hours concerning the Qiagen acquisition to provide context not evident from the documents. Courts in this District have ordered comparable discovery. Ex. 9, *CR Bard Inc. v. AngioDynamics Inc.*, 15-cv-00218, D.I. 198, ¶ 39 (D. Del. 2017) (compelling 4-hour deposition re: the Becton Dickinson merger); *10x Genomics, Inc. v. Celsee, Inc.*, 505 F. Supp. 3d 334, 340 (D. Del. 2020) (compelling 4-hour deposition about communications between Celsee and Bio-Rad concerning the litigation and the provisions in the acquisition agreement that concern the litigation).

**ScaleBio's discovery request is timely and not burdensome.** Good cause for reopening discovery exists: ScaleBio promptly sought discovery three weeks after the acquisition was announced. Fed R. Civ. P. 16(b)(4); Ex. 10; Ex. 3 at 23. Any burden to Parse would be minimal compared to the critical nature of the acquisition and its relevance to this litigation. Parse claims the acquisition involves ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ but has not identified how many documents that represents nor why those documents cannot be searched efficiently for responsive information. Ex. 3 at 14. Indeed, courts have found good cause to conduct discovery into acquisitions in similar circumstances. *GolfSwitch* at *1 (re-opening discovery and allowing supplemental expert reports); Ex. 7, *Quintel Tech.* at 16 (re-opening discovery despite "the fast-approaching trial date"). ScaleBio respectfully requests that the Court enter the attached order.

---

[1] Parse's counsel initially claimed nearly all documents are "privileged, work-product, or both" (Ex. 3 at 20), but later admitted they were not involved in the acquisition and had not reviewed the documents when they made these claims. *Id.* at 15. Parse now asserts relevance objections.


Respectfully,

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)

Attachments

cc: All Counsel of Record (By E-mail)

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2026, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Karen L. Pascale
Anne Shea Gaza
Robert M. Vrana
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Byron L. Pickard
R. Wilson Powers III, Ph.D.
Chandrika Vira
Anna G. Phillips
Christopher M. Gallo
Brady P. Gleason
Louis P. Panzica, Jr.
David Y. Wang
Paige E. Cloud
Jamie Dohopolski
Ryan N. Kaiser
Cristen A. Corry
Sterne, Kessler, Goldstein & Fox, P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, DC 20005

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
farnan@rlf.com