# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCALE BIOSCIENCES, INC., <br><br> and <br><br> ROCHE SEQUENCING SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PARSE BIOSCIENCES, INC., <br><br> Defendant. <br><br> PARSE BIOSCIENCES, INC., <br><br> and <br><br> UNIVERSITY OF WASHINGTON, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> SCALE BIOSCIENCES, INC., <br><br> Counterclaim Defendant. | Civil Action No. 1:22-CV-01597-CJB <br><br> **REDACTED** <br> **PUBLIC VERSION** |

### REPLY LETTER BRIEF REGARDING SCALEBIO'S REQUEST FOR DISCOVERY PERTAINING TO PARSE'S RECENT ACQUISITION BY QIAGEN

OF COUNSEL:

Matthew Powers
Paul Ehrlich
William P. Nelson
Daniel M. Radke
**TENSEGRITY LAW GROUP LLP**
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA 94065

Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
Danielle I. Bell (#7367)
**RICHARDS, LAYTON & FINGER, P.A.**
920 North King Street
Wilmington, DE 19801

*Counsel for Scale Biosciences, Inc.*

Azra M. Hadzimehmedovic
Aaron M. Nathan
Samantha Jameson
Daniel Kazhdan
Danielle C. Pfifferling
Nathaniel D. Cook
John C. Pierce
Richa B. Patel
Sidhi Gosain
**TENSEGRITY LAW GROUP LLP**
1676 International Drive, Suite 910
McLean, VA 22102-3848

Stephen S. Rabinowitz
**WOLF, GREENFIELD & SACKS, P.C.**
605 Third Avenue
New York, NY 10158

Chelsea A. Loughran
Stuart V. C. Duncan Smith
Arden E. Bonzo
**WOLF, GREENFIELD & SACKS, P.C.**
600 Atlantic Avenue
Boston, MA 02210

*Counsel for Scale Biosciences, Inc.*

Dated: February 5, 2026

RLF1 35056022v.1

i

**Reply Exhibit Index**

| Exhibit No. | Description |
|---|---|
| 11 | Declaration of Azra M. Hadzimehmedovic in Support of ScaleBio's Reply Letter Brief Regarding ScaleBio's Request for Discovery Pertaining to Parse's Recent Acquisition by Qiagen with Attachment A (communication with the discovery service provider) (███████████ ███████████) |

i

Dear Judge Burke: Parse's conclusory statements do not outweigh the critical importance of the acquisition evidence to willfulness and damages.

**Parse's improper redactions.** The merger agreement identifies ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, the amount and mechanics of which are probative of both willfulness—reflecting Parse's knowledge and risk pricing—and damages—providing contemporaneous, deal-driven valuation evidence. Parse fails to mention—let alone overcome—*Delaware Display*, which prohibits such redactions based on unilateral sensitivity concerns.

**Valuations, projections, and communications about the litigation**. The existence of valuations is not "mere speculation." Opp. at 1. The merger agreement references ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and for a near one-product company (Ex. 10 at 1–2; Ex. 1 at 5), valuations of the accused products are all but inevitable. Tellingly, Parse and its former CEO never deny their existence. Parse's new claim that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ only heightens the need for documents allocating value to this case. ScaleBio's own acquisition is far less probative—ScaleBio has stipulated it does not practice its asserted patents—whereas Parse's products are assumed infringing for damages. Parse's assertion that a two-year-old forecast (Ex. E) remains unchanged is implausible, and its current forecasts are relevant and simple to produce. Communications about this case go directly to willfulness and the parties' own risk assessments, and courts order such production. *See, e.g., 10x*, at 340. *Acceleration Bay* is inapposite because there the movant failed to show how the discovery would impact damages, and its damages expert had already been excluded. Ex. F, 10, 17. Here, Mr. Mooney's declaration and decisions such as *GolfSwitch*—where the defendant was acquired—confirm relevance. That experts have not yet relied on this discovery misses the point: this motion seeks the new, deal-driven evidence to update those analyses.

**Parse's asserted burden is unsubstantiated and implausible.** The Parse acquisition was a brief event in the history of these companies and the volume of ESI at issue here is a miniscule fraction of the parties' productions in this case. Parse's acquisition diligence materials total only ▓▓—that is less than half a percent of the ▓▓▓ of material Parse produced during discovery. Had the acquisition occurred during fact discovery this additional information would have been reviewed and produced in the normal course without any fight over cost. Parse's hearsay-based cost estimate of ▓▓▓▓ for a routine ESI production (Ex. G, ¶7) makes no sense in this context—that ▓▓▓▓▓▓▓ would imply Parse spent over ▓▓▓▓▓ for its prior productions (Ex. 11, ¶3). In contrast, ScaleBio's vendor confirmed that producing **the entire** ▓▓ costs less than ▓▓▓ (*id*. at ¶4). Parse has failed to quantify the number of documents, hours required, or any concrete practical difficulties—the very deficiencies *Invensas* (cited by Parse) emphasized when granting the motion to compel. 2013 WL 12146531, at *4. While Parse states without specifics that there could be a "vast" number of emails at issue, those emails pertain to a single negotiation (compared to nearly a decade of emails produced, Ex. 11, ¶5) and can be handled with targeted search terms, like any other email production. Finally, Parse's reliance on a common interest during negotiations is misplaced. *10x* is factually analogous—the acquisition of a single-cell company by a larger entity—and communications about the litigation were produced, and a nearly identical privilege claim was rejected. 505 F. Supp. 3d at 337-340. Parse admits *10x* is "about privilege," Opp. at 2, but inexplicably ignores its holding. *Invista* is not to the contrary; it did not hold that common interest applied ***during*** negotiations. 2013 WL 12171721, at *8.

1

*Of Counsel:*
TENSEGRITY LAW GROUP LLP

Matthew D. Powers
Paul T. Ehrlich
William P. Nelson
Daniel M. Radke
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Tel: (650) 802-6000

Azra M. Hadzimehmedovic
Aaron M. Nathan
Samantha A. Jameson
Daniel Kazhdan
Danielle C. Pfifferling
Nathaniel D. Cook
John C. Pierce
Richa B. Patel
Sidhi Gosain
1676 International Drive, Suite 910
McLean, VA 22102
Tel: (650) 802-6000

Scale_Parse_Service@tensegritylawgroup.com

WOLF, GREENFIELD, & SACKS, P.C.

Stephen S. Rabinowitz
605 Third Avenue
New York, NY 10158
212.697.7890

Chelsea A. Loughran
Stuart V.C. Duncan Smith
Arden E. Bonzo
600 Atlantic Avenue
Boston, MA 02210
617.646.8000

ScaleBiosciencesv.Parse@WolfGreenfield.com

Dated: February 5, 2026

*/s/ Sara M. Metzler*
Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
Danielle I. Bell (#7367)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
metzler@rlf.com
bell@rlf.com

*Attorneys for Plaintiffs Scale Biosciences, Inc.*

2

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2026, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

| **BY ELECTRONIC MAIL** | **BY ELECTRONIC MAIL** |
|---|---|
| Karen L. Pascale | Byron L. Pickard |
| Anne Shea Gaza | R. Wilson Powers III, Ph.D. |
| Robert M. Vrana | Chandrika Vira |
| Samantha G. Wilson | Anna G. Phillips |
| Young Conaway Stargatt & Taylor, LLP | Christopher M. Gallo, Ph.D. |
| Rodney Square | Brady P. Gleason |
| 1000 North King Street | David Y. Wang |
| Wilmington, DE 19801 | Paige E. Cloud |
| | Ryan N. Kaiser |
| | Cristen A. Corry |
| | Sterne, Kessler, Goldstein & Fox, P.L.L.C. |
| | 1101 K Street, NW, 10th Floor |
| | Washington, DC 20005 |

                              */s/ Sara M. Metzler*
                              Sara M. Metzler (#6509)
                              metzler@rlf.com

RLF1 35056022v.1