# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCALE BIOSCIENCES, INC. and ROCHE SEQUENCING SOLUTIONS, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>PARSE BIOSCIENCES, INC.,<br><br>*Defendant*.<br><br>PARSE BIOSCIENCES, INC. and UNIVERSITY OF WASHINGTON,<br><br>*Counterclaim-Plaintiffs*,<br><br>v.<br><br>SCALE BIOSCIENCES, INC.,<br><br>*Counterclaim-Defendant*. | C.A. No. 22-1597-CJB<br><br><br><br>REDACTED - PUBLIC VERSION<br>Filed April 23, 2026 |

## UNOPPOSED MOTION TO SEAL AND REDACT
## LIMITED PORTIONS OF THE APRIL 13, 2026 MEMORANDUM ORDER (D.I. 529)

Defendant and Counterclaim-Plaintiff Parse Biosciences, Inc. ("Parse") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule 5.1.3 for entry of an Order sealing limited portions of the Court's April 13, 2026 Memorandum Order (D.I. 529), the disclosure of which would cause a clearly defined and serious injury to Parse.

The grounds for this Motion are fully set forth below. The requested redactions to the Memorandum Order are highlighted in Exhibit A, attached hereto, and a proposed public version of the Memorandum Order is attached hereto as Exhibit B.

Pursuant to Local Rule 7.1.1, counsel for Parse conferred with counsel for Plaintiff and Counterclaim-Defendant Scale Biosciences, Inc. ("Scale") about the requested redactions and Scale does not oppose this Motion.

1

## I.    INTRODUCTION

Parse seeks to redact certain highly sensitive information in the Court's April 13, 2026 Memorandum Order (D.I. 529) (the "Order") resolving a portion of the discovery dispute concerning the Agreement and Plan of Merger (the "Merger Agreement") between Parse and QIAGEN North American Holdings, Inc. ("QIAGEN"). The material Parse seeks to redact refers to or characterizes confidential agreement terms found within the document that is the subject of the parties' discovery motions (D.I. 515, D.I. 519, D.I. 521). Specifically, Parse seeks to redact limited portions of the Order discussing the ███████████████████████████ ████████████████████████████████████████████ ████████████████████████—identified in the Merger Agreement. The Merger Agreement is confidential, as are the terms therein. The material Parse seeks to redact is the kind that courts will protect, and its disclosure will work a clearly defined and serious injury to Parse.

## II.    LEGAL STANDARD

Although the common law recognizes a presumption of public access to judicial records and documents, "[t]hat presumption is not absolute." *See, e.g.*, *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012). A party may overcome the presumption of access to judicial records by showing that "the material [proposed to be redacted] is the kind of information that courts will protect," and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quotations and citations omitted). "Every court has inherent supervisory power, and the Third Circuit has held that courts may exercise that power to deny access to judicial records, for example 'where they are sources of business information that might harm a litigant's competitive standing.'" *Mosaid*, 878 F. Supp 2d at 507 (quoting *Littlejohn v. BIC Corp.*, 851 F.2d

2

673, 678 (3d Cir. 1988)).

Moreover, "the common law presumption of [public] access to documents filed in court does not extend to material filed with discovery motions." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164–65 (3d Cir. 1993) (relying on the principle that there is no presumption of public access to "raw discovery"); *see also Dobson v. Milton Hershey School,* 434 F. Supp. 3d 224, 233–36 (M.D. Pa. 2020) (applying same carve-out post-*Avandia*); *Joint Stock Soc. v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 401 n.8 (D. Del. 2000) (applying same carve-out).

## III.    ARGUMENT

Parse seeks narrowly tailored redactions of its sensitive and confidential business information within the Court's April 13, 2026 Memorandum Order (D.I. 529). That confidential business information relates to or describes contract terms of the underlying document in the parties' discovery dispute. Its disclosure would cause a clearly defined and serious injury to Parse, and it is the kind of information that courts will protect.

### A.    The Proposed Redactions Are Confidential Contract Terms, the Disclosure of Which Would Harm Parse's Competitive Standing

The material proposed by Parse for redaction is confidential, non-public, and proprietary information that Parse considers to be business-sensitive. *See* Decl. of Alex Rosenberg, Ph.D. in Support of Parse's Unopposed Mot. to Seal and Redact ("Rosenberg Decl.") at ¶¶ 5–9. Parse's proposed redactions are narrowly limited to select portions of the Order that identify or describe sensitive contract terms found in the confidential Merger Agreement between Parse and QIAGEN. The Merger Agreement itself imposes confidentiality of its terms upon Parse. *Id.* at ¶¶ 5–8. Therefore, Parse is obligated, by contract, to keep the terms of the Merger Agreement confidential. Parse's proposed redactions are as minimal as its contractual obligations of confidentiality will allow.

3

If made public, the material proposed for redaction would harm Parse (and QIAGEN). Specifically, the material proposed for redaction would reveal Parse's (and QIAGEN's) confidential business information, ███████████████████████████████████████ ████████████████████████████████████████████. *Id*. at ¶¶ 5–9. Disclosure of these specific terms of the Merger Agreement would cause competitive harm to Parse (and QIAGEN) because it would provide Parse's (and QIAGEN's) competitors with insight into the specific issues taken into consideration during a corporate merger that its competitors would not otherwise know. *Id*. at ¶¶ 9–10. Parse's (and QIAGEN's) competitors could then use this information in future merger and acquisition negotiations with Parse (or QIAGEN), putting Parse (or QIAGEN) at a disadvantage. *Id.* at ¶ 10. At the very least, the disclosure of this confidential business information would create a disadvantageous asymmetry of information in future dealings, causing harm to Parse (and QIAGEN). *Id.*.

### B.   The Proposed Redactions Are the Kind of Information that Courts Protect

The material proposed for redaction is the kind of sensitive and confidential business information that courts regularly protect. *See, e.g.*, *Cephea Valve Techs., Inc. v. Abbott Lab'ys*, No. 23-691-GBW-SRF, 2024 WL 1932830, at *11 (D. Del. March 26, 2024) (granting motion to seal certain categories of nonpublic information from agreements that may result in competitive harm if the information becomes available); *Amgen Inc. v. Amneal Pharms. LLC*, No. 16-853-MSG, 2021 WL 4133516, at *5 (D. Del. Sept. 10, 2021) (finding good cause to seal agreements where "public disclosure will reveal a signatory's business and litigation strategies to competitors … undermining its future bargaining positions") (internal quotations and citations omitted). As described herein and in the Rosenberg Declaration,  the limited information Parse seeks to redact fits these criteria. *See* Rosenberg Decl. at ¶¶ 5–10.

Separately, the material proposed for redaction is information that refers to or describes

4

"raw discovery"—the document underlying the parties' discovery dispute—and cites to the parties' discovery motions or materials submitted with the discovery motions. *See* Ex. A at 1, 2. While there is a presumption of public access to judicial records, courts do not extend this presumption to, and instead protect, discovery motions and their exhibits containing raw discovery because the "underlying discovery material *itself* is not a judicial record" and is "ordinarily inaccessible to the public." *Genentech, Inc. v. Amgen Inc.*, No. 17-1407-CFC, 2020 WL 9432700, at *3 (D. Del. Sept. 2, 2020) (emphasis in original), *report and recommendation adopted*, No. 17-1407-CFC, 2020 WL 9432702 (D. Del. Oct. 1, 2020).

> **C.     The Public Does Not Have a Strong Interest in Viewing the Information in Parse's Proposed Redactions**

By contrast, the public does not have a strong interest in viewing Parse's confidential business information. First, the proposed redactions do not pertain to public safety or issues of public import. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994) ("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality."); *In re Avandia*, 924 F.3d at 672 (noting that the *Pansy* factors may provide guidance when assessing the public's interest). Second, Parse's proposed redactions are narrowly tailored and do not affect the public's ability to understand the full scope of the Order. Parse does not seek to seal the Court's decision, primary justifications, or considerations in arriving at that decision. Instead, Parse seeks to seal limited information that refers to the contents of the confidential Merger Agreement between Parse and QIAGEN. On page 1 of the Order, Parse seeks to redact only the portion identifying the confidential ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. A at 1; Rosenberg Decl. at ¶¶ 5–7. On page 2, Parse seeks to redact information referring or relating to ▮▮▮▮. *See* Ex. A at 2. The proposed redactions of the Order are minimal and leave intact the context and reasoning of the

Court's April 13, 2026 Memorandum Order. *See*, *e.g.*, *id*. at 2. Consequently, the public would have little difficulty "in having access to the basic contours of this dispute" despite these redactions. *Mosaid*, 878 F. Supp. 2d at 514.

## IV.    CONCLUSION

For the reasons set forth above, Parse respectfully submits that the interest in protecting the information proposed to be redacted from public disclosure outweighs the presumption of its public access, and requests that the Court enter an Order permitting the requested redactions to the public version of this Court's April 13, 2026 Memorandum Order (D.I. 529) (attached as Exhibit B) and for the original unredacted version of the Court's April 13, 2026 Memorandum Order (D.I. 529) to remain under seal.

Dated:  April 20, 2026

*Of Counsel:*
Byron L. Pickard
R. Wilson Powers III, Ph.D.
Chandrika Vira
Anna G. Phillips
Christopher M. Gallo
Brady P. Gleason
David Y. Wang
**STERNE, KESSLER, GOLDSTEIN & FOX, P.L.L.C.**
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600
bpickard@sternekessler.com
tpowers@sternekessler.com
cvira@sternekessler.com
aphillips@sternekessler.com
cgallo@sternekessler.com
bgleason@sternekessler.com
dwang@sternekessler.com

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Samantha G. Wilson*
Karen L. Pascale (No. 2903)
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant/Counterclaim-Plaintiff Parse Biosciences, Inc.*

6

## CERTIFICATE OF SERVICE

I, Samantha G. Wilson, Esquire, hereby certify that on April 20, 2026, I caused to be electronically filed a true and correct copy of the foregoing sealed document with the Clerk of the Court using CM/ECF, and in addition caused true and correct copies of the foregoing sealed document to be served upon the following counsel of record by electronic mail:

---

***Attorneys for Plaintiff and Counterclaim Defendant, Scale Biosciences, Inc., and Plaintiff, Roche Sequencing Solutions, Inc.:***

Frederick L. Cottrell III ................................................................... cottrell@rlf.com
Kelly E. Farnan ........................................................................... farnan@rlf.com
Sara M. Metzler...........................................................................metzler@rlf.com
Danielle I. Bell ...............................................................................bell@rlf.com
**RICHARDS LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801

***Attorneys for Plaintiff and Counterclaim Defendant, Scale Biosciences, Inc.:***

**WOLF, GREENFIELD & SACKS, P.C.    wgs-scalebiosciencesv.parse@wolfgreenfield.com**

Stephen S. Rabinowitz ...................................... srabinowitz@wolfgreenfield.com
605 Third Avenue
New York, NY 10158

Chelsea A. Loughran ............................................cloughran@wolfgreenfield.com
Stuart V. C. Duncan Smith .............................sduncansmith@wolfgreenfield.com
Arden Bonzo ..................................................... arden.bonzo@wolfgreenfield.com
600 Atlantic Avenue
Boston, MA 02210

**TENSEGRITY LAW GROUP LLP                Scale_Parse_Service@tensegritylawgroup.com**

Matthew D. Powers.............................. matthew.powers@tensegritylawgroup.com
Paul T. Ehrlich............................................. paul.ehrlich@tensegritylawgroup.com
William P. Nelson ..................................william.nelson@tensegritylawgroup.com
Daniel M. Radke ........................................daniel.radke@tensegritylawgroup.com
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA 94065

*(Continued . . . .)*

Azra M. Hadzimehmedovic ....................................azra@tensegritylawgroup.com
Aaron M. Nathan......................................aaron.nathan@tensegritylawgroup.com
Samantha A. Jameson ......................samantha.jameson@tensegritylawgroup.com
Daniel Kazhdan .....................................daniel.kazhdan@tensegritylawgroup.com
Danielle C. Pfifferling.....................danielle.pfifferling@tensegritylawgroup.com
Nathaniel D. Cook..................................nathaniel.cook@tensegritylawgroup.com
John C. Pierce...............................................john.pierce@tensegritylawgroup.com
Richa Patel.......................................................richa.patel@tensegritylawgroup.com
Sidhi Gosain .............................................. sidhi.gosain@tensegritylawgroup.com
1676 International Drive
Suite 910
McLean, VA 22102

***Attorneys for Plaintiff, Roche Sequencing Solutions, Inc.:***

**WILMERHALE**                                    **WHRSS-ScaleLit@wilmerhale.com**

Robert J. Gunther ................................................ Robert.Gunther@wilmerhale.com
Barish Ozdamar Ph.D........................................ Barish.Ozdamar@wilmerhale.com
Christopher R. Noyes ................................... Christopher.Noyes@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007

Madeleine C. Laupheimer...................... Madeleine.Laupheimer@wilmerhale.com
Kate Saxton ...............................................................Kate.Saxton@wilmerhale.com
60 State Street
Boston, MA 02109

April 20, 2026

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Samantha G. Wilson*
Karen L. Pascale (#2903) [kpascale@ycst.com]
Anne Shea Gaza (#4093) [agaza@ycst.com]
Robert M. Vrana (#5666) [rvrana@ycst.com]
Samantha G. Wilson (No. 5816) [swilson@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE  19801
Telephone: (302) 571-6600

*Attorneys for Parse Biosciences, Inc.*

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SCALE BIOSCIENCES, INC. and ROCHE SEQUENCING SOLUTIONS, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>PARSE BIOSCIENCES, INC.,<br><br>*Defendant.* | C.A. No. 22-1597-CJB |
| PARSE BIOSCIENCES, INC. and UNIVERSITY OF WASHINGTON,<br><br>*Counterclaim-Plaintiffs*,<br><br>v.<br><br>SCALE BIOSCIENCES, INC.,<br><br>*Counterclaim-Defendant.* | |

**[PROPOSED ORDER GRANTING DEFENDANT'S
UNOPPOSED MOTION TO SEAL AND REDACT**

At Wilmington this _____ day of _____, 2026, having considered

Defendant's Unopposed Motion to Seal and Redact Limited Portions of the April 13, 2026

Memorandum Order (D.I. 529) (the "Unopposed Motion");

IT IS HEREBY ORDERED, that:

1. The Unopposed Motion is GRANTED.

2. The redacted version of the Court's April 13, 2026 Memorandum Order (D.I. 529), provided as Exhibit B to the Unopposed Motion, shall be filed as the public redacted version of D.I. 529.

3. The original and unredacted version of D.I. 529 shall remain sealed.

_____
The Honorable Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SCALE BIOSCIENCES, INC. and )
ROCHE SEQUENCING SOLUTIONS, )
INC., )
                )
        Plaintiffs, )
                )
     v. )        Civil Action No. 22-1597-CJB
                )
PARSE BIOSCIENCES, INC., )
                )
        Defendant. )
_____ )
PARSE BIOSCIENCES, INC. and )
UNIVERSITY OF WASHINGTON, )
                )
        Counterclaim-Plaintiffs, )
                )
     v. )
                )
SCALE BIOSCIENCES, INC., )
                )
        Counterclaim-Defendant. )
                )

## MEMORANDUM ORDER

The Court, having reviewed Plaintiff Scale Biosciences, Inc.'s ("Scale") discovery dispute motion ("Motion"), (D.I. 513), and the briefing related thereto, (D.I. 515; D.I. 519; D.I. 521), hereby addresses the portion of the Motion wherein Scale requests that Defendant Parse Biosciences, Inc. ("Parse") produce the complete, unredacted merger agreement (the "agreement") between it and QIAGEN North American Holdings, Inc. ("QIAGEN"), removing certain redactions that relate to the ████████████████████████ identified therein. (D.I. 515 at 1; *see id.*, ex. 2 at 12, 19, 101) For all of the following reasons, this portion of the Motion is GRANTED:

(1) Parse has already provided nearly all of the agreement to Scale;
the only portions that it appears that Parse redacted were a few
parts of the agreement that shed light on what ███████ Parse
and QIAGEN (its acquirer) ██████████████████ █.
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████ (D.I. 515, ex. 2 at 12, 19, 101,
Schedule 1.1(b); D.I. 519 at 1)

(2) Scale has provided a specific basis as to why the particular
redacted material at issue here is relevant.  At a minimum, the
Court can see how the redacted ████████ could bear on Parse's
(and QIAGEN's) thinking about ████████████████████████
████████ Scale's patent infringement claims against Parse in
this matter.  As such, the redacted material could, *inter alia*, be
"probative of . . . damages[ by ]providing contemporaneous,
deal-driven valuation evidence[.]"  (D.I. 521 at 1)

(3) Additionally, Parse's main argument against providing the
redacted information was that "[k]nowledge of the ████████
████████ would irreparably harm and unfairly prejudice Parse by
skewing any settlement negotiations with Scale or [its parent] .
. . and their outside counsel."  (D.I. 519 at 1)  But the same
could be said about any bad fact that a party might legitimately
learn during discovery in the course of litigation against its
competitor.  That a fact could be harmful to one side if it were
produced to its adversary is not a reason to deny a request for
otherwise relevant discovery—in the absence of invocation of
some applicable privilege, doctrine, or immunity that should
bar the production.  *See Delaware Display Grp. v. Lenovo Grp.
Ltd.*, Civil Action No. 13-2108-RGA, 2016 WL 720977, at *6
(D. Del. Feb. 23, 2016); *cf. Hewlett-Packard Co. v. Bausch &
Lomb, Inc.*, 116 F.R.D. 533, 540 (N.D. Cal. 1987)
("Documents are not immune from discovery merely because
they are damaging to the party from whom they are
sought.").  And Parse has not invoked any controlling case law
suggesting that relevant facts discussed during the course of
merger negotiations should always be off-limits from a
production standpoint.

Because this Memorandum Order may contain confidential information, it has been

released under seal, pending review by the parties to allow them to submit a single, jointly

2

proposed, redacted version (if necessary) of the Memorandum Order.  Any such redacted version shall be submitted no later than **April 16, 2026** for review by the Court.  It should be accompanied by a motion for redaction that shows that there is good cause for the redactions and that disclosure will work a clearly defined and serious injury to the party seeking closure.  *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019).  The Court will subsequently issue a publicly-available version of its Memorandum Order.

Dated:  April 13, 2026

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT B**

**REDACTED PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

SCALE BIOSCIENCES, INC. and
ROCHE SEQUENCING SOLUTIONS,
INC.,

        Plaintiffs,

        v.

PARSE BIOSCIENCES, INC.,

        Defendant.

_____

PARSE BIOSCIENCES, INC. and
UNIVERSITY OF WASHINGTON,

        Counterclaim-Plaintiffs,

        v.

SCALE BIOSCIENCES, INC.,

        Counterclaim-Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 22-1597-CJB

## <u>MEMORANDUM ORDER</u>

The Court, having reviewed Plaintiff Scale Biosciences, Inc.'s ("Scale") discovery dispute motion ("Motion"), (D.I. 513), and the briefing related thereto, (D.I. 515; D.I. 519; D.I. 521), hereby addresses the portion of the Motion wherein Scale requests that Defendant Parse Biosciences, Inc. ("Parse") produce the complete, unredacted merger agreement (the "agreement") between it and QIAGEN North American Holdings, Inc. ("QIAGEN"), removing certain redactions that relate to the ██████████████████████████ identified therein. (D.I. 515 at 1; *see id.*, ex. 2 at 12, 19, 101) For all of the following reasons, this portion of the Motion is GRANTED:

(1) Parse has already provided nearly all of the agreement to Scale; the only portions that it appears that Parse redacted were a few parts of the agreement that shed light on what ███ Parse and QIAGEN (its acquirer) ██████████ █. ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████ (D.I. 515, ex. 2 at 12, 19, 101, Schedule 1.1(b); D.I. 519 at 1)

(2) Scale has provided a specific basis as to why the particular redacted material at issue here is relevant. At a minimum, the Court can see how the redacted ███████ could bear on Parse's (and QIAGEN's) thinking about ████████████ ████████ Scale's patent infringement claims against Parse in this matter. As such, the redacted material could, *inter alia*, be "probative of . . . damages[ by ]providing contemporaneous, deal-driven valuation evidence[.]" (D.I. 521 at 1)

(3) Additionally, Parse's main argument against providing the redacted information was that "[k]nowledge of the ██████ ██████ would irreparably harm and unfairly prejudice Parse by skewing any settlement negotiations with Scale or [its parent] . . . and their outside counsel." (D.I. 519 at 1) But the same could be said about any bad fact that a party might legitimately learn during discovery in the course of litigation against its competitor. That a fact could be harmful to one side if it were produced to its adversary is not a reason to deny a request for otherwise relevant discovery—in the absence of invocation of some applicable privilege, doctrine, or immunity that should bar the production. *See Delaware Display Grp. v. Lenovo Grp. Ltd.*, Civil Action No. 13-2108-RGA, 2016 WL 720977, at *6 (D. Del. Feb. 23, 2016); *cf. Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 116 F.R.D. 533, 540 (N.D. Cal. 1987) ("Documents are not immune from discovery merely because they are damaging to the party from whom they are sought."). And Parse has not invoked any controlling case law suggesting that relevant facts discussed during the course of merger negotiations should always be off-limits from a production standpoint.

Because this Memorandum Order may contain confidential information, it has been

released under seal, pending review by the parties to allow them to submit a single, jointly

2

Case 1:22-cv-01377-CJB   Document 529   Filed 04/23/26   Page 17 of 17 PageID #:
32308

proposed, redacted version (if necessary) of the Memorandum Order.  Any such redacted version

shall be submitted no later than **April 16, 2026** for review by the Court.  It should be

accompanied by a motion for redaction that shows that there is good cause for the redactions and

that disclosure will work a clearly defined and serious injury to the party seeking closure.  *In re*

*Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019).  The Court

will subsequently issue a publicly-available version of its Memorandum Order.

Dated:  April 13, 2026

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

3