**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| SCALE BIOSCIENCES, INC. and ROCHE SEQUENCING SOLUTIONS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> PARSE BIOSCIENCES, INC., <br><br> *Defendant*. | C.A. No. 22-1597-CJB <br><br>  |
| PARSE BIOSCIENCES, INC. and UNIVERSITY OF WASHINGTON, <br><br> *Counterclaim-Plaintiffs*, <br><br> v. <br><br> SCALE BIOSCIENCES, INC., <br><br> *Counterclaim-Defendant*. | REDACTED - PUBLIC VERSION <br> Filed April 30, 2026 |

**UNOPPOSED MOTION TO SEAL AND REDACT
LIMITED PORTIONS OF THE APRIL 20, 2026 MEMORANDUM ORDER (D.I. 531)**

Defendant and Counterclaim-Plaintiff Parse Biosciences, Inc. ("Parse") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule 5.1.3 for entry of an Order sealing limited portions of the Court's April 20, 2026 Memorandum Order (D.I. 531), the disclosure of which would cause a clearly defined and serious injury to Parse.

The grounds for this Motion are fully set forth below. The requested redactions to the Memorandum Order are highlighted in Exhibit A, attached hereto, and a proposed public version of the Memorandum Order is attached hereto as Exhibit B.

Pursuant to Local Rule 7.1.1, counsel for Parse conferred with counsel for Plaintiff and Counterclaim-Defendant Scale Biosciences, Inc. ("Scale") about the requested redactions and Scale does not oppose this Motion.

1

## I.    INTRODUCTION

Parse seeks to redact certain highly sensitive information in the Court's April 20, 2026 Memorandum Order (D.I. 531) (the "Order") resolving the discovery dispute concerning the Agreement and Plan of Merger (the "Merger Agreement") between Parse and QIAGEN North American Holdings, Inc. ("QIAGEN") and documents and communications relating to the merger. The material Parse seeks to redact refers to confidential agreement terms found within the document that is the subject of the parties' discovery motions (D.I. 515, D.I. 519, D.I. 521) and Parse's confidential information ███████ ██ ██ ██ ██ ████████ █████ ██ ████████████████. Specifically, Parse seeks to redact limited portions of the Order discussing the ████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████, and details relating to ██████████████████ ████████████████. The Merger Agreement is confidential, as are the terms therein. Similarly, the ████████████████ are confidential, as is the fact ████████████████ ████████████. The material Parse seeks to redact is the kind that courts will protect, and its disclosure will work a clearly defined and serious injury to Parse.

## II.    LEGAL STANDARD

Although the common law recognizes a presumption of public access to judicial records and documents, "[t]hat presumption is not absolute." *See, e.g.*, *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012). A party may overcome the presumption of access to judicial records by showing that "the material [proposed to be redacted] is the kind of information that courts will protect," and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662,

672 (3d Cir. 2019) (quotations and citations omitted). "Every court has inherent supervisory power, and the Third Circuit has held that courts may exercise that power to deny access to judicial records, for example 'where they are sources of business information that might harm a litigant's competitive standing.'" *Mosaid*, 878 F. Supp 2d at 507 (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)).

Moreover, "the common law presumption of [public] access to documents filed in court does not extend to material filed with discovery motions." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164–65 (3d Cir. 1993) (relying on the principle that there is no presumption of public access to "raw discovery"); *see also Dobson v. Milton Hershey School,* 434 F. Supp. 3d 224, 233–36 (M.D. Pa. 2020) (applying same carve-out post-*Avandia*); *Joint Stock Soc. v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 401 n.8 (D. Del. 2000) (applying same carve-out).

## III.    ARGUMENT

Parse seeks narrowly tailored redactions of its sensitive and confidential business information within the Court's April 20, 2026 Memorandum Order (D.I. 531). That confidential business information relates to or describes contract terms of the underlying document in the parties' discovery dispute and confidential ██████████████. Its disclosure would cause a clearly defined and serious injury to Parse, and it is the kind of information that courts will protect.

### A.    The Proposed Redactions Are to Confidential Contract Terms and ██████████████, the Disclosure of Which Would Harm Parse's Competitive Standing

The material proposed by Parse for redaction is confidential, non-public, and proprietary information that Parse considers to be business-sensitive. *See* Decl. of Alex Rosenberg, Ph.D. in Support of Parse's Unopposed Mot. to Seal and Redact ("Rosenberg Decl.") at ¶¶ 5–13. Parse's proposed redactions are narrowly limited to select portions of the Order. Specifically, on page 3 of the Order, Parse seeks to redact discussion of sensitive contract terms found in the confidential

3

Merger Agreement between Parse and QIAGEN. *See* Ex. A at 3. The Merger Agreement itself imposes confidentiality of its terms upon Parse. Rosenberg Decl. at ¶¶ 9–12. And on page 4, Parse seeks to redact information related to the ██████████████████. *See* Ex. A at 4. The ████████████████ themselves are confidential, as is the fact ████████████████ ████████████████████████████. Rosenberg Decl. at ¶¶ 5–7. Therefore, Parse is obligated, by contract, to keep the terms of the Merger Agreement and details related to the ████████████ confidential. Parse's proposed redactions are as minimal as its contractual obligations of confidentiality will allow.

If made public, the material proposed for redaction would harm Parse (and QIAGEN). Specifically, the disclosure of the Merger Agreement terms would reveal Parse's (and QIAGEN's) confidential business information, ███████████████████████ ████████████████████████████████████████████ ████. *Id*. at ¶¶ 9–13. Disclosure of these specific terms of the Merger Agreement would cause competitive harm to Parse (and QIAGEN) because it would provide Parse's (and QIAGEN's) competitors with insight into the specific issues taken into consideration during a corporate merger that its competitors would not otherwise know. *Id*. at ¶¶ 12–13. Parse's (and QIAGEN's) competitors could then use this information in future merger and acquisition negotiations with Parse (or QIAGEN), putting Parse (or QIAGEN) at a disadvantage. *Id.* at ¶ 13. At the very least, the disclosure of this confidential business information would create a disadvantageous asymmetry of information in future dealings, causing harm to Parse (and QIAGEN). *Id*. The disclosure of the details of the ████████████████ would reveal Parse's (and QIAGEN's) confidential business information, ███████████████████████ ████████████████████████████████████████. *Id*. at ¶¶ 5–8. Disclosure of

4

this information would cause competitive harm to Parse (and QIAGEN) because it would ███

████████████████████████████████████████████████████████████████████████

██████████████████, which could impact Parse's competitive positioning for future merger and

acquisition negotiations. *Id*. at ¶¶ 7–8. If made public, this information would additionally harm

Parse because ████████████████████████████████████████████████

████████████████████████████████████. *Id*. at ¶ 8. This competitive

intelligence exposure would create a disadvantageous asymmetry of information in both the

current competitive landscape and in future dealings. *Id*.

**B.     The Proposed Redactions Are the Kind of Information that Courts Protect**

The material proposed for redaction is the kind of sensitive and confidential business

information that courts regularly protect. *See, e.g.*, *Cephea Valve Techs., Inc. v. Abbott Lab'ys*,

No. 23-691-GBW-SRF, 2024 WL 1932830, at *11 (D. Del. March 26, 2024) (granting motion to

seal certain categories of nonpublic information from agreements that may result in competitive

harm if the information becomes available); *Amgen Inc. v. Amneal Pharms. LLC*, No. 16-853-

MSG, 2021 WL 4133516, at *5 (D. Del. Sept. 10, 2021) (finding good cause to seal agreements

where "public disclosure will reveal a signatory's business and litigation strategies to competitors

… undermining its future bargaining positions") (internal quotations and citations omitted). As

described herein and in the Rosenberg Declaration, the limited information Parse seeks to redact

fits these criteria. *See* Rosenberg Decl. at ¶¶ 5–13.

Separately, the material proposed for redaction on page 3 of the Order is information that

refers to or describes "raw discovery"—the document underlying the parties' discovery dispute—

and cites to the parties' discovery motions or materials submitted with the discovery motions. *See*

Ex. A at 3. While there is a presumption of public access to judicial records, courts do not extend

this presumption to, and instead protect, discovery motions and their exhibits containing raw

discovery because the "underlying discovery material *itself* is not a judicial record" and is "ordinarily inaccessible to the public." *Genentech, Inc. v. Amgen Inc.*, No. 17-1407-CFC, 2020 WL 9432700, at *3 (D. Del. Sept. 2, 2020) (emphasis in original), *report and recommendation adopted*, No. 17-1407-CFC, 2020 WL 9432702 (D. Del. Oct. 1, 2020).

> **C.    The Public Does Not Have a Strong Interest in Viewing the Information in Parse's Proposed Redactions**

By contrast, the public does not have a strong interest in viewing Parse's confidential business information. First, the proposed redactions do not pertain to public safety or issues of public import. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994) ("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality."); *In re Avandia*, 924 F.3d at 672 (noting that the *Pansy* factors may provide guidance when assessing the public's interest). Second, Parse's proposed redactions are narrowly tailored and do not affect the public's ability to understand the full scope of the Order. Parse does not seek to seal the Court's decision, primary justifications, or considerations in arriving at that decision. Instead, Parse seeks to seal limited information that refers to the contents of the confidential Merger Agreement between Parse and QIAGEN and the confidential ▮▮▮▮▮▮▮▮▮▮. On page 3 of the Order, Parse seeks to redact only the portion discussing ▮▮▮▮▮▮. *See* Ex. A at 3; Rosenberg Decl. at ¶¶ 9–13. On page 4, Parse seeks to redact information referring or relating to ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. A at 4; Rosenberg Decl. at ¶¶ 5–7. ▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮ The proposed redactions of the Order are minimal and leave intact the context and reasoning of the Court's April 20, 2026

Memorandum Order. *See, e.g.*, Ex. B at 2–5. Consequently, the public would have little difficulty "in having access to the basic contours of this dispute" despite these redactions. *Mosaid*, 878 F. Supp. 2d at 514.

## IV.    CONCLUSION

For the reasons set forth above, Parse respectfully submits that the interest in protecting the information proposed to be redacted from public disclosure outweighs the presumption of its public access, and requests that the Court enter an Order permitting the requested redactions to the public version of this Court's April 20, 2026 Memorandum Order (D.I. 531) (attached as Exhibit B) and for the original unredacted version of the Court's April 20, 2026 Memorandum Order (D.I. 531) to remain under seal.

Dated: April 23, 2026

*Of Counsel:*
Byron L. Pickard
R. Wilson Powers III, Ph.D.
Chandrika Vira
Anna G. Phillips
Christopher M. Gallo
Brady P. Gleason
David Y. Wang
**STERNE, KESSLER, GOLDSTEIN
    & FOX, P.L.L.C.**
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600
bpickard@sternekessler.com
tpowers@sternekessler.com
cvira@sternekessler.com
aphillips@sternekessler.com
cgallo@sternekessler.com
bgleason@sternekessler.com
dwang@sternekessler.com

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Samantha G. Wilson
Karen L. Pascale (No. 2903)
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant/Counterclaim-Plaintiff Parse Biosciences, Inc.*

7

## CERTIFICATE OF SERVICE

I, Samantha G. Wilson, Esquire, hereby certify that on April 23, 2026, I caused to be electronically filed a true and correct copy of the foregoing sealed document with the Clerk of the Court using CM/ECF, and in addition caused true and correct copies of the foregoing sealed document to be served upon the following counsel of record by electronic mail:

---

***Attorneys for Plaintiff and Counterclaim Defendant, Scale Biosciences, Inc., and Plaintiff, Roche Sequencing Solutions, Inc.:***

Frederick L. Cottrell III ................................................................. cottrell@rlf.com
Kelly E. Farnan ........................................................................ farnan@rlf.com
Sara M. Metzler.......................................................................metzler@rlf.com
Danielle I. Bell ..........................................................................bell@rlf.com
**RICHARDS LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801

***Attorneys for Plaintiff and Counterclaim Defendant, Scale Biosciences, Inc.:***

**WOLF, GREENFIELD & SACKS, P.C.    wgs-scalebiosciencesv.parse@wolfgreenfield.com**

Stephen S. Rabinowitz ...................................... srabinowitz@wolfgreenfield.com
605 Third Avenue
New York, NY 10158

Chelsea A. Loughran ............................................cloughran@wolfgreenfield.com
Stuart V. C. Duncan Smith .............................sduncansmith@wolfgreenfield.com
Arden Bonzo ................................................... arden.bonzo@wolfgreenfield.com
600 Atlantic Avenue
Boston, MA 02210

**TENSEGRITY LAW GROUP LLP         Scale_Parse_Service@tensegritylawgroup.com**

Matthew D. Powers............................. matthew.powers@tensegritylawgroup.com
Paul T. Ehrlich............................................ paul.ehrlich@tensegritylawgroup.com
William P. Nelson .................................william.nelson@tensegritylawgroup.com
Daniel M. Radke .......................................daniel.radke@tensegritylawgroup.com
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA 94065

*(Continued . . . .)*

Azra M. Hadzimehmedovic ....................................azra@tensegritylawgroup.com
Aaron M. Nathan.......................................aaron.nathan@tensegritylawgroup.com
Samantha A. Jameson ....................... samantha.jameson@tensegritylawgroup.com
Daniel Kazhdan ..................................... daniel.kazhdan@tensegritylawgroup.com
Danielle C. Pfifferling ..................... danielle.pfifferling@tensegritylawgroup.com
Nathaniel D. Cook.................................. nathaniel.cook@tensegritylawgroup.com
John C. Pierce...............................................john.pierce@tensegritylawgroup.com
Richa Patel.......................................................richa.patel@tensegritylawgroup.com
Sidhi Gosain .............................................. sidhi.gosain@tensegritylawgroup.com
1676 International Drive
Suite 910
McLean, VA 22102

***Attorneys for Plaintiff, Roche Sequencing Solutions, Inc.:***

**WILMERHALE**                              **WHRSS-ScaleLit@wilmerhale.com**

Robert J. Gunther ............................................... Robert.Gunther@wilmerhale.com
Barish Ozdamar Ph.D........................................ Barish.Ozdamar@wilmerhale.com
Christopher R. Noyes ................................... Christopher.Noyes@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007

Madeleine C. Laupheimer....................... Madeleine.Laupheimer@wilmerhale.com
Kate Saxton ...........................................................Kate.Saxton@wilmerhale.com
60 State Street
Boston, MA 02109

April 23, 2026                              **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

                                           */s/ Samantha G. Wilson*
                                           Karen L. Pascale (#2903) [kpascale@ycst.com]
                                           Anne Shea Gaza (#4093) [agaza@ycst.com]
                                           Robert M. Vrana (#5666) [rvrana@ycst.com]
                                           Samantha G. Wilson (No. 5816) [swilson@ycst.com]
                                           Rodney Square
                                           1000 North King Street
                                           Wilmington, DE  19801
                                           Telephone: (302) 571-6600

                                           *Attorneys for Parse Biosciences, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SCALE BIOSCIENCES, INC. and ROCHE SEQUENCING SOLUTIONS, INC., *Plaintiffs*, v. PARSE BIOSCIENCES, INC., *Defendant.* PARSE BIOSCIENCES, INC. and UNIVERSITY OF WASHINGTON, *Counterclaim-Plaintiffs*, v. SCALE BIOSCIENCES, INC., *Counterclaim-Defendant.* | C.A. No. 22-1597-CJB |

**[PROPOSED] ORDER GRANTING DEFENDANT'S
UNOPPOSED MOTION TO SEAL AND REDACT LIMITED PORTIONS OF THE
APRIL 20, 2026 MEMORANDUM ORDER (D.I. 531)**

At Wilmington this _____ day of _____, 2026, having considered

Defendant's Unopposed Motion to Seal and Redact Limited Portions of the April 20, 2026

Memorandum Order (D.I. 531) (the "Unopposed Motion");

IT IS HEREBY ORDERED, that:

1.  The Unopposed Motion is GRANTED.

2.  The redacted version of the Court's April 20, 2026 Memorandum Order (D.I. 531),

    provided as Exhibit B to the Unopposed Motion, shall be filed as the public redacted

    version of D.I. 531.

3.  The original and unredacted version of D.I. 531 shall remain sealed.

_____

The Honorable Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SCALE BIOSCIENCES, INC. and )
ROCHE SEQUENCING SOLUTIONS, )
INC., )
)
Plaintiffs, )
)
v. )    Civil Action No. 22-1597-CJB
)
PARSE BIOSCIENCES, INC., )
)
Defendant. )
_____ )
PARSE BIOSCIENCES, INC. and )
UNIVERSITY OF WASHINGTON, )
)
Counterclaim-Plaintiffs, )
)
v. )
)
SCALE BIOSCIENCES, INC., )
)
Counterclaim-Defendant. )
)

## MEMORANDUM ORDER

The Court, having reviewed Plaintiff Scale Biosciences, Inc.'s ("Scale") discovery

dispute motion ("Motion"), (D.I. 513), and the briefing related thereto, (D.I. 515; D.I. 519; D.I.

521), hereby addresses the remaining portion of the Motion wherein Scale requests that:  (1)

Defendant Parse Biosciences, Inc. ("Parse") produce certain additional non-privileged

documents and communications related to its recent acquisition by QIAGEN North American

Holdings, Inc. ("QIAGEN"); (2) Parse produce a knowledgeable witness to testify for no more

than four hours regarding the acquisition; and (3) Scale's expert be permitted to submit a

supplemental report addressing this additional discovery, no less than 10 days after the

completion of the above-referenced deposition.  (D.I. 515 at 1-2; D.I. 515-11 at ¶¶ 3-5)  This

portion of the Motion is GRANTED-IN-PART and DENIED-IN-PART in the manner and for

the reasons that follow:

(1) As an initial matter, the Court notes that although the Motion
was filed late in the game and well after the close of fact
discovery, (D.I. 519 at 1), there is good cause to re-open
discovery in the specific manner set out below.  *See* Fed. R.
Civ. P. 16(b)(4).  That's because, in addition to the
considerations discussed below, Scale acted diligently here—in
that the Parse/QIAGEN merger was announced in November
2025, well after the close of fact discovery, and Scale sought
the instant discovery just three weeks later.  (D.I. 515 at 2; *id.*,
ex. 10); *see also Sage Chem., Inc. v. Supernus Pharms., Inc.*,
Civil Action No. 22-1302-CJB, D.I. 794 (D. Del. Apr. 6,
2026); *Avadel CNS Pharms. LLC v. Jazz Pharms., Inc.*, C.A.
No. 22-941-GBW, 2025 WL 2691118, at *3 (D. Del. Sept. 19,
2025).

(2) With regard to Scale's request for documents, Scale breaks
down the discovery it seeks into three separate categories:
(a) "[v]aluations of this litigation, the asserted patents, the
accused products and their technology, and other inputs into
the valuation of Parse and the acquisition price[,]" (b)
"[a]nalyses and projections for the accused Parse products[,]"
and (c) "[d]ocuments and communications regarding this
litigation and Scale[.]"  (D.I. 515 at 1-2)  Unfortunately, other
than listing subject matter areas relating to this case that these
categories are said to be relevant to (e.g., "damages" or "proof
of infringement" or "willful infringement"), Scale said very
little in its briefs about *why* each category was relevant to such
subject matter areas.  And, for its part, Parse disputes the
relevance of each of these three categories of documents.  (D.I.
519 at 1-2)

(3) As to the first category, to the extent Scale seeks documents
containing "[v]aluations of this litigation, the asserted patents,
[and] the accused products and their technology," it is clear
enough to the Court why this material could be relevant here
(e.g., as to infringement and damages questions) and why it is
plausible that such documents might exist.  On the latter front,
the Court can imagine that, throughout the course of
negotiations between QIAGEN and Parse—a process that led
to QIAGEN paying $225 million to acquire Parse, (D.I. 515,

2

ex. 10 at 1)—there were likely discussions about this litigation, the asserted patents, and Parse' accused products. After all, the accused products are key to Parse and its value, and so it stands to reason that the merging parties communicated about how valuable those products are, and whether and to what extent that value would be impacted, were the products found to infringe the Scale asserted patents. (D.I. 521 at 1; *see also* D.I. 515, ex. 1 at ¶ 7)  Indeed, as part of the acquisition process, ███████ ████████████████████████████ (D.I. 515, ex. 2 at 12, 19, 101-02, Schedule 1.1(b))—further suggesting that the parties probably discussed this litigation and the value of Scale's infringement claims against Parse's accused products.

(4) As to the second category of information—i.e., "[a]nalyses and projections for the accused Parse products"—the Court also can understand why such information could be relevant (e.g., to damages) and likely to exist.  As to the latter, it makes sense that QIAGEN, in acquiring Parse and its assets, would want to learn about both the prior and projected success of Parse's key products, including the products accused in this litigation. (D.I. 515 at 2)  It is not clear that such valuations would be cumulative of any prior forecasts that Parse has provided in this case.  (D.I. 519 at 2)  And it seems at least possible that such valuations could play a confirmatory role in assessing how Parse would have viewed the value of the accused products at the time of the hypothetical negotiation.[1]  (D.I. 521 at 1)

(5) However, as to the remaining categories of documents—i.e., "other inputs into the valuation of Parse and the acquisition

---

[1]     To the extent that Parse argues that the requested discovery is not relevant because any information exchanged during the merger process occurred four years after the date of the hypothetical negotiation (and thus is not instructive of what the parties would have agreed to at that time), (D.I. 519 at 2), the Court cannot now conclude that is so.  "Facts that post-date the hypothetical negotiation may sometimes be relied upon in a reasonable royalty analysis as part of the 'Book of Wisdom.'"  *I-Mab Biopharma v. Inhibrx, Inc.*, Civil Action No. 22-276-CJB, 2024 WL 4555870, at *2 (D. Del. Oct. 17, 2024) (citing cases).  For example, "post-negotiation information can [sometimes] be used . . . to show a party's state of mind" at the time of the hypothetical negotiation.  *Id.* at *3.  And to the extent such evidence from the "Book of Wisdom" includes valuations of the asserted patents, this Court has in the past required that such documents at least be produced in discovery.  *See Cirba Inc. v. VMWare, Inc.*, Civil Action No. 19-742-LPS, 2021 WL 7209447, at *2-3 (D. Del. Dec. 14, 2021).  Ultimately, because the parties have not given the Court a lot of information to go on in assessing their arguments about the "Book of Wisdom," the Court is not prepared to say at this time that the documents Scale seeks are irrelevant to damages.

price" and "[d]ocuments and communications regarding this litigation and Scale[]"—Scale has not done enough in its briefing to demonstrate the relevance of this information. (D.I. 519 at 1 ("[B]ut [Scale] does not explain *how* the discovery is relevant to those issues.")); *see National Steel Car Ltd. v. FreightCar America, Inc.*, Civil Action No. 24-594-JLH-CJB, D.I. 256 (D. Del. Mar. 24, 2026). Perhaps there are some possible scenarios (not otherwise covered by the above-referenced additional categories of documents sought) in which such materials could be relevant to this case. But these additional categories seem broader and much further afield from the core issues at play in the case (as compared to the more specific and targeted categories discussed above). And in a case where there are some burdens associated with Scale's request (see below), the more limited relevance of this material has impacted the Court's decision on whether to order production.

(6) Finally, Parse also asserts that the requested discovery is unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26. (D.I. 519 at 2) There are both strengths and weaknesses to Parse's arguments about burden and proportionality. On the one hand, Parse points out that the requested discovery involves ███████████ of information, and that the possible application of the common interest doctrine will further complicate the process of reviewing and producing these documents. (*Id.*; *id.*, ex. G at ¶¶ 5-7) Additionally, the Court recognizes that the trial date is only in just a few months, which shortens the time in which any production could occur. On the other hand, the declaration that Parse submitted in order to demonstrate the extent of its burden was brief—it totaled only seven sparse paragraphs. (*Id.*, ex. G) As a result, the declaration lacked specificity as to key facts (such as how Parse came up with its estimate that the requested production would cost ███████████, or how many documents will be at issue in the search process, or approximately how many hours will be required for the search process), which limited the thrust of Parse's arguments here. *See e.g.*, *Koninklijke Philips N.V. v. Quectel Wireless Solutions Co. Ltd.*, Civil Action No. 20-1707-CFC-CJB, D.I. 226 (D. Del. Apr. 9, 2026); *Invensas Corp. v. Renesas Elecs. Corp.*, Civil Action No. 11-448-GMS-CJB, 2013 WL 12146531, at *4 (D. Del. May 8, 2013). Moreover, this is a heavily-contested competitor patent case in which both parties (Parse included) have not previously seemed at all concerned with burden issues—at least in terms of the sheer amount of disputes they

4

have raised for the Court to resolve. Assessing all of these burden/proportionality facts together, the Court concludes that: (a) as to the subject matter areas discussed above where relevance has been sufficiently demonstrated, the asserted burden on Parse is not significant enough to prevent production; but (b) as to the other subject matter areas where Scale's relevance showing was less clear, the added burden is enough to excuse production.

(7) Therefore, the Court GRANTS Scale's document request with respect to documents relating to "[v]aluations of this litigation, the asserted patents, the accused products and their technology" and "[a]nalyses and projections for the accused Parse products[.]" It DENIES the document request to the extent it seeks discovery on "other inputs into the valuation of Parse and the acquisition price" and "[d]ocuments and communications regarding this litigation and Scale[.]" The Court directs the parties to meet and confer to come up with a very "targeted [set of] search terms[,]" (D.I. 521 at 1), and to agree on other guardrails, so as to ensure that this review and production process: (a) is focused; (b) can occur in a short amount of time; and (c) keeps costs down, as best we can.

(8) The Motion is also GRANTED in that: (a) Parse should produce a witness for a deposition of no more than four hours to discuss the Parse/QIAGEN merger and relevant information related thereto (e.g., of the type found in the produceable documents identified above); and (b) Scale's expert may submit the supplemental report referenced above.

Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the Memorandum Order. Any such redacted version shall be submitted no later than **April 23, 2026** for review by the Court. It should be accompanied by a motion for redaction that shows that there is good cause for the redactions and that disclosure will work a clearly defined and serious injury to the party seeking closure. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019). The Court will subsequently issue a publicly-available version of its Memorandum Order.

5

Dated:  April 20, 2026

_Christopher J. Burke_
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT B**

**REDACTED PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

SCALE BIOSCIENCES, INC. and
ROCHE SEQUENCING SOLUTIONS,
INC.,

       Plaintiffs,

    v.

PARSE BIOSCIENCES, INC.,

       Defendant.

_____

PARSE BIOSCIENCES, INC. and
UNIVERSITY OF WASHINGTON,

       Counterclaim-Plaintiffs,

    v.

SCALE BIOSCIENCES, INC.,

       Counterclaim-Defendant.

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

Civil Action No. 22-1597-CJB

## MEMORANDUM ORDER

The Court, having reviewed Plaintiff Scale Biosciences, Inc.'s ("Scale") discovery dispute motion ("Motion"), (D.I. 513), and the briefing related thereto, (D.I. 515; D.I. 519; D.I. 521), hereby addresses the remaining portion of the Motion wherein Scale requests that: (1) Defendant Parse Biosciences, Inc. ("Parse") produce certain additional non-privileged documents and communications related to its recent acquisition by QIAGEN North American Holdings, Inc. ("QIAGEN"); (2) Parse produce a knowledgeable witness to testify for no more than four hours regarding the acquisition; and (3) Scale's expert be permitted to submit a supplemental report addressing this additional discovery, no less than 10 days after the

completion of the above-referenced deposition.  (D.I. 515 at 1-2; D.I. 515-11 at ¶¶ 3-5)  This

portion of the Motion is GRANTED-IN-PART and DENIED-IN-PART in the manner and for

the reasons that follow:

(1) As an initial matter, the Court notes that although the Motion was filed late in the game and well after the close of fact discovery, (D.I. 519 at 1), there is good cause to re-open discovery in the specific manner set out below.  *See* Fed. R. Civ. P. 16(b)(4).  That's because, in addition to the considerations discussed below, Scale acted diligently here—in that the Parse/QIAGEN merger was announced in November 2025, well after the close of fact discovery, and Scale sought the instant discovery just three weeks later.  (D.I. 515 at 2; *id*., ex. 10); *see also Sage Chem., Inc. v. Supernus Pharms., Inc.*, Civil Action No. 22-1302-CJB, D.I. 794 (D. Del. Apr. 6, 2026); *Avadel CNS Pharms. LLC v. Jazz Pharms., Inc.*, C.A. No. 22-941-GBW, 2025 WL 2691118, at *3 (D. Del. Sept. 19, 2025).

(2) With regard to Scale's request for documents, Scale breaks down the discovery it seeks into three separate categories: (a) "[v]aluations of this litigation, the asserted patents, the accused products and their technology, and other inputs into the valuation of Parse and the acquisition price[,]" (b) "[a]nalyses and projections for the accused Parse products[,]" and (c) "[d]ocuments and communications regarding this litigation and Scale[.]"  (D.I. 515 at 1-2)  Unfortunately, other than listing subject matter areas relating to this case that these categories are said to be relevant to (e.g., "damages" or "proof of infringement" or "willful infringement"), Scale said very little in its briefs about *why* each category was relevant to such subject matter areas.  And, for its part, Parse disputes the relevance of each of these three categories of documents.  (D.I. 519 at 1-2)

(3) As to the first category, to the extent Scale seeks documents containing "[v]aluations of this litigation, the asserted patents, [and] the accused products and their technology," it is clear enough to the Court why this material could be relevant here (e.g., as to infringement and damages questions) and why it is plausible that such documents might exist.  On the latter front, the Court can imagine that, throughout the course of negotiations between QIAGEN and Parse—a process that led to QIAGEN paying $225 million to acquire Parse, (D.I. 515,

2

ex. 10 at 1)—there were likely discussions about this litigation, the asserted patents, and Parse' accused products.  After all, the accused products are key to Parse and its value, and so it stands to reason that the merging parties communicated about how valuable those products are, and whether and to what extent that value would be impacted, were the products found to infringe the Scale asserted patents.  (D.I. 521 at 1; *see also* D.I. 515, ex. 1 at ¶ 7)  Indeed, as part of the acquisition process, ███████ ████████████████████████████ (D.I. 515, ex. 2 at 12, 19, 101-02, Schedule 1.1(b))—further suggesting that the parties probably discussed this litigation and the value of Scale's infringement claims against Parse's accused products.

(4) As to the second category of information—i.e., "[a]nalyses and projections for the accused Parse products"—the Court also can understand why such information could be relevant (e.g., to damages) and likely to exist.  As to the latter, it makes sense that QIAGEN, in acquiring Parse and its assets, would want to learn about both the prior and projected success of Parse's key products, including the products accused in this litigation. (D.I. 515 at 2)  It is not clear that such valuations would be cumulative of any prior forecasts that Parse has provided in this case.  (D.I. 519 at 2)  And it seems at least possible that such valuations could play a confirmatory role in assessing how Parse would have viewed the value of the accused products at the time of the hypothetical negotiation.[1]  (D.I. 521 at 1)

(5) However, as to the remaining categories of documents—i.e., "other inputs into the valuation of Parse and the acquisition

---

[1]     To the extent that Parse argues that the requested discovery is not relevant because any information exchanged during the merger process occurred four years after the date of the hypothetical negotiation (and thus is not instructive of what the parties would have agreed to at that time), (D.I. 519 at 2), the Court cannot now conclude that is so.  "Facts that post-date the hypothetical negotiation may sometimes be relied upon in a reasonable royalty analysis as part of the 'Book of Wisdom.'"  *I-Mab Biopharma v. Inhibrx, Inc.*, Civil Action No. 22-276-CJB, 2024 WL 4555870, at *2 (D. Del. Oct. 17, 2024) (citing cases).  For example, "post-negotiation information can [sometimes] be used . . . to show a party's state of mind" at the time of the hypothetical negotiation.  *Id.* at *3.  And to the extent such evidence from the "Book of Wisdom" includes valuations of the asserted patents, this Court has in the past required that such documents at least be produced in discovery.  *See Cirba Inc. v. VMWare, Inc.*, Civil Action No. 19-742-LPS, 2021 WL 7209447, at *2-3 (D. Del. Dec. 14, 2021).  Ultimately, because the parties have not given the Court a lot of information to go on in assessing their arguments about the "Book of Wisdom," the Court is not prepared to say at this time that the documents Scale seeks are irrelevant to damages.

price" and "[d]ocuments and communications regarding this litigation and Scale[]"—Scale has not done enough in its briefing to demonstrate the relevance of this information. (D.I. 519 at 1 ("[B]ut [Scale] does not explain *how* the discovery is relevant to those issues.")); *see National Steel Car Ltd. v. FreightCar America, Inc.*, Civil Action No. 24-594-JLH-CJB, D.I. 256 (D. Del. Mar. 24, 2026). Perhaps there are some possible scenarios (not otherwise covered by the above-referenced additional categories of documents sought) in which such materials could be relevant to this case. But these additional categories seem broader and much further afield from the core issues at play in the case (as compared to the more specific and targeted categories discussed above). And in a case where there are some burdens associated with Scale's request (see below), the more limited relevance of this material has impacted the Court's decision on whether to order production.

(6) Finally, Parse also asserts that the requested discovery is unduly burdensome and not proportional to the needs of the case under Fed. R. Civ. P. 26. (D.I. 519 at 2) There are both strengths and weaknesses to Parse's arguments about burden and proportionality. On the one hand, Parse points out that the requested discovery involves ███████████ of information, and that the possible application of the common interest doctrine will further complicate the process of reviewing and producing these documents. (*Id.*; *id.*, ex. G at ¶¶ 5-7) Additionally, the Court recognizes that the trial date is only in just a few months, which shortens the time in which any production could occur. On the other hand, the declaration that Parse submitted in order to demonstrate the extent of its burden was brief—it totaled only seven sparse paragraphs. (*Id.*, ex. G) As a result, the declaration lacked specificity as to key facts (such as how Parse came up with its estimate that the requested production would cost ███████████, or how many documents will be at issue in the search process, or approximately how many hours will be required for the search process), which limited the thrust of Parse's arguments here. *See e.g.*, *Koninklijke Philips N.V. v. Quectel Wireless Solutions Co. Ltd.*, Civil Action No. 20-1707-CFC-CJB, D.I. 226 (D. Del. Apr. 9, 2026); *Invensas Corp. v. Renesas Elecs. Corp.*, Civil Action No. 11-448-GMS-CJB, 2013 WL 12146531, at *4 (D. Del. May 8, 2013). Moreover, this is a heavily-contested competitor patent case in which both parties (Parse included) have not previously seemed at all concerned with burden issues—at least in terms of the sheer amount of disputes they

have raised for the Court to resolve.  Assessing all of these burden/proportionality facts together, the Court concludes that: (a) as to the subject matter areas discussed above where relevance has been sufficiently demonstrated, the asserted burden on Parse is not significant enough to prevent production; but (b) as to the other subject matter areas where Scale's relevance showing was less clear, the added burden is enough to excuse production.

(7) Therefore, the Court GRANTS Scale's document request with respect to documents relating to "[v]aluations of this litigation, the asserted patents, the accused products and their technology" and "[a]nalyses and projections for the accused Parse products[.]"  It DENIES the document request to the extent it seeks discovery on "other inputs into the valuation of Parse and the acquisition price" and "[d]ocuments and communications regarding this litigation and Scale[.]"  The Court directs the parties to meet and confer to come up with a very "targeted [set of] search terms[,]" (D.I. 521 at 1), and to agree on other guardrails, so as to ensure that this review and production process:  (a) is focused; (b) can occur in a short amount of time; and (c) keeps costs down, as best we can.

(8) The Motion is also GRANTED in that:  (a) Parse should produce a witness for a deposition of no more than four hours to discuss the Parse/QIAGEN merger and relevant information related thereto (e.g., of the type found in the produceable documents identified above); and (b) Scale's expert may submit the supplemental report referenced above.

Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the Memorandum Order.  Any such redacted version shall be submitted no later than **April 23, 2026** for review by the Court.  It should be accompanied by a motion for redaction that shows that there is good cause for the redactions and that disclosure will work a clearly defined and serious injury to the party seeking closure.  *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019).  The Court will subsequently issue a publicly-available version of its Memorandum Order.

Dated:  April 20, 2026

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE