# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCALE BIOSCIENCES, INC. and ROCHE SEQUENCING SOLUTIONS, INC., *Plaintiffs*, v. PARSE BIOSCIENCES, INC., *Defendant.* PARSE BIOSCIENCES, INC. and UNIVERSITY OF WASHINGTON, *Counterclaim-Plaintiffs*, v. SCALE BIOSCIENCES, INC., *Counterclaim-Defendant.* | C.A. No. 22-1597-CJB |

## NOTICE OF LODGING

PLEASE TAKE NOTICE that Defendant Parse Biosciences, Inc. ("Parse") hereby lodges

with the Court, as Exhibit A, a true and correct copy of the demonstrative slides that Parse used

during the June 24, 2026 oral argument on Plaintiffs' Motion for Reargument Under Local Rule

7.1.5 (D.I. 473).

*Of Counsel:*

Byron L. Pickard
R. Wilson Powers III, Ph.D.
Chandrika Vira
Anna G. Phillips
Christopher M. Gallo, Ph.D.
Brady P. Gleason
**STERNE, KESSLER, GOLDSTEIN & FOX, P.L.L.C.**
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600
bpickard@sternekessler.com
tpowers@sternekessler.com
cvira@sternekessler.com

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Samantha G. Wilson*
Karen L. Pascale (No. 2903)
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

aphillips@sternekessler.com
cgallo@sternekessler.com
blgeason@sternekessler.com

*Attorneys for Defendant*
*Parse Biosciences, Inc.*

Dated: June 25, 2026

## CERTIFICATE OF SERVICE

I, Samantha G. Wilson, Esquire, hereby certify that on June 25, 2026, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record by electronic mail:

*Attorneys for Plaintiff and Counterclaim Defendant, Scale Biosciences, Inc., and Plaintiff, Roche Sequencing Solutions, Inc.:*

Frederick L. Cottrell III .................................................................... cottrell@rlf.com
Kelly E. Farnan ............................................................................ farnan@rlf.com
Sara M. Metzler.............................................................................metzler@rlf.com
**RICHARDS LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801

*Attorneys for Plaintiff and Counterclaim Defendant, Scale Biosciences, Inc.:*

**WOLF, GREENFIELD & SACKS, P.C.**    wgs-scalebiosciencesv.parse@wolfgreenfield.com

Stephen S. Rabinowitz ...................................... srabinowitz@wolfgreenfield.com
605 Third Avenue
New York, NY 10158

Chelsea A. Loughran ...........................................cloughran@wolfgreenfield.com
Stuart V. C. Duncan Smith .............................sduncansmith@wolfgreenfield.com
Arden Bonzo ..................................................... arden.bonzo@wolfgreenfield.com
600 Atlantic Avenue
Boston, MA 02210

**TENSEGRITY LAW GROUP LLP**    Scale_Parse_Service@tensegritylawgroup.com

Matthew D. Powers .............................. matthew.powers@tensegritylawgroup.com
Paul T. Ehrlich........................................... paul.ehrlich@tensegritylawgroup.com
William P. Nelson ..................................william.nelson@tensegritylawgroup.com
Daniel M. Radke ........................................daniel.radke@tensegritylawgroup.com
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA 94065

*(Continued . . . .)*

Azra M. Hadzimehmedovic ....................................azra@tensegritylawgroup.com
Aaron M. Nathan.......................................aaron.nathan@tensegritylawgroup.com
Samantha A. Jameson ......................samantha.jameson@tensegritylawgroup.com
Daniel Kazhdan....................................daniel.kazhdan@tensegritylawgroup.com
Danielle C. Pfifferling.....................danielle.pfifferling@tensegritylawgroup.com
Nathaniel D. Cook..................................nathaniel.cook@tensegritylawgroup.com
John C. Pierce................................................john.pierce@tensegritylawgroup.com
1676 International Drive
Suite 910
McLean, VA 22102

*Attorneys for Plaintiff, Roche Sequencing Solutions, Inc.:*

**WILMERHALE**                                **WHRSS-ScaleLit@wilmerhale.com**

Robert J. Gunther .............................................. Robert.Gunther@wilmerhale.com
Barish Ozdamar Ph.D........................................ Barish.Ozdamar@wilmerhale.com
Christopher R. Noyes ................................... Christopher.Noyes@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007

Madeleine C. Laupheimer...................... Madeleine.Laupheimer@wilmerhale.com
Kate Saxton .............................................................Kate.Saxton@wilmerhale.com
60 State Street
Boston, MA 02109

June 25, 2026                                **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

                                            /s/ *Samantha G. Wilson*
                                            Karen L. Pascale (#2903) [kpascale@ycst.com]
                                            Anne Shea Gaza (#4093) [agaza@ycst.com]
                                            Robert M. Vrana (#5666) [rvrana@ycst.com]
                                            Samantha G. Wilson (No. 5816) [swilson@ycst.com]
                                            Rodney Square
                                            1000 North King Street
                                            Wilmington, DE  19801
                                            Telephone: (302) 571-6600

                                            *Attorneys for Defendant Parse Biosciences, Inc.*

# Exhibit A

# Scale Biosciences, Inc.
# v.
# Parse Biosciences, Inc.
C.A. No. 1:22-cv-1597-CJB

June 24, 2026







# Scale's Motion For Reargument on the Court's Order Granting Parse's MSJ#1 on the '752 Patent

2

# Scale's Motion "must surmount a very high bar to be granted"*

Motions for reargument are "granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension."

*Avadel CNS Pharms. LLC v. Jazz Pharms., Inc.*, No. 22-941-GBW, 2025 WL 2714260, at *2 (D. Del. Sept. 23, 2025).

Unless the moving party has discovered new factual matters not previously obtainable, a motion for reargument is not a vehicle for the losing litigant "to supplement or enlarge the record provided to the Court and upon which the merits decision was made."

*Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998).



*\*Midwest Energy Emissions Corp. v. Arthur J. Gallagher & Co.*, No. 19-1334-CJB (D. Del. Feb. 16, 2024), D.I. 672.



# The Court Correctly Construed "comprising"



This understanding comports with the reality that, in patent law, "'[c]omprising' is a term of art used in claim language which means that the named elements are essential, but other elements may be added[.]" *Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 501 (Fed. Cir. 1997); see In re Crish, 393 F.3d 1253, 1257 (Fed. Cir. 2004).[10] Claim 5's use of "comprise" tells us that it is "essential" that the APS oligonucleotides referred to in that claim must include a UBA. If claim 5 teaches that at least one of the sets of APS oligonucleotides discussed in claim 1 must comprise (or include) a UBA, then claim 1 must encompass a set of APS oligonucleotides that includes a UBA. (Tr. at 100, 148; D.I. 325 at 5); *see also Littelfuse, Inc.*, 29 F.4th at 1380.

D.I. 466 at 15-16



# Scale's Motion Rests on a Misreading of the Claims



## Scale's Motion:

APS oligonucleotides in claim 1 are nucleic acid sequences that have (1) common 5' ends, (2) common 3' ends, (3) internal distinguishing sequences (e.g., barcodes), and (4) the ability to link to "linking oligonucleotides" at both ends. D.I. 466 at 10.

D.I. 473 at 2



# The Claimed APS Oligonucleotides Do Not Require "the ability to link to 'linking oligonucleotides' at both ends"

## '752 Patent, Claim 1



1. A kit for split-pool barcoding target molecules that are in or on cells or cell organelles, comprising:

(i) at least two sets of assayable polymer subunit (APS) oligonucleotides, wherein each set comprises at least 10 APS oligonucleotides that each comprise:

a 5′ end sequence that is common to the APS oligonucleotides in the set,

a 3′ end sequence that is common to the APS oligonucleotides in the set, and

an internal sequence that distinguishes the APS oligonucleotides in the set from one another, and

(ii) one or more linking oligonucleotides, wherein a linking oligonucleotide is complementary to the 5′ end sequence of the APS oligonucleotides of one set and the 3′ end sequence of the APS oligonucleotides of another set,

wherein the APS oligonucleotides from different sets are configured to link together in an ordered fashion in the presence of the one or more linking oligonucleotides to form all or part of a cell or organelle origination barcode.



6

# The Claimed APS Oligonucleotides Comprising UBAs Attached at One End Fall Within the Scope of the Claims

| 1 | "5′ end sequence" | |
| 2 | "3′ end sequence" | |
| 3 | a distinguishing "internal sequence" | |
| 4 | "one or more linking oligonucleotides" that are "complementary to the 5′ end sequence … of one set and the 3′ end sequence … of another set" | |
| 5 | "wherein the APS oligonucleotides from different sets are configured to link together" | |







# The Claimed APS Oligonucleotides Comprising UBAs Attached at One End Fall Within the Scope of the Claims

| | | |
|---|---|---|
| **1** | "5′ end sequence" | ✓ |
| **2** | "3′ end sequence" | |
| **3** | a distinguishing "internal sequence" | |
| **4** | "one or more linking oligonucleotides" that are "complementary to the 5′ end sequence … of one set and the 3′ end sequence … of another set" | |
| **5** | "wherein the APS oligonucleotides from different sets are configured to link together" | |





# The Claimed APS Oligonucleotides Comprising UBAs Attached at One End Fall Within the Scope of the Claims

| 1 | "5′ end sequence" | ✔ |
| 2 | "3′ end sequence" | ✔ |
| 3 | a distinguishing "internal sequence" | |
| 4 | "one or more linking oligonucleotides" that are "complementary to the 5′ end sequence … of one set and the 3′ end sequence … of another set" | |
| 5 | "wherein the APS oligonucleotides from different sets are configured to link together" | |







9

# The Claimed APS Oligonucleotides Comprising UBAs Attached at One End Fall Within the Scope of the Claims

| 1 | "5′ end sequence" | ✔ |
| 2 | "3′ end sequence" | ✔ |
| 3 | a distinguishing "internal sequence" | ✔ |
| 4 | "one or more linking oligonucleotides" that are "complementary to the 5′ end sequence … of one set and the 3′ end sequence … of another set" | |
| 5 | "wherein the APS oligonucleotides from different sets are configured to link together" | |





# The Claimed APS Oligonucleotides Comprising UBAs Attached at One End Fall Within the Scope of the Claims

**1** | "5′ end sequence" | ✔

**2** | "3′ end sequence" | ✔

**3** | a distinguishing "internal sequence" | ✔

**4** | "one or more linking oligonucleotides" that are "complementary to the 5′ end sequence ... of one set and the 3′ end sequence ... of another set" | ✔

**5** | "wherein the APS oligonucleotides from different sets are configured to link together"





# The Claimed APS Oligonucleotides Comprising UBAs Attached at One End Fall Within the Scope of the Claims

| | | |
|---|---|---|
| **1** | "5′ end sequence" | ✔ |
| **2** | "3′ end sequence" | ✔ |
| **3** | a distinguishing "internal sequence" | ✔ |
| **4** | "one or more linking oligonucleotides" that are "complementary to the 5′ end sequence … of one set and the 3′ end sequence … of another set" | ✔ |
| **5** | "wherein the APS oligonucleotides from different sets are configured to link together" | ✔ |





12

# Scale's Faulty Premise is Essential to Its Arguments



## Scale's Motion:

There are two possibilities for how such a structure could "include" a UBA. The first possibility, and the one proposed by Plaintiffs at the hearing, is the one depicted in Figure 4—the <mark>UBA is a separate module that can be bolted on</mark>:



This is the "A, B, C, D" arrangement where the UBA is an "additional component" that is "joined to" the APS oligonucleotides that was rejected by the Court. D.I. 466 at 15 n.10. Under this configuration, the UBA would be "D," not part of "C," and would not need to be described or enabled in claim 1. D.I. 466 at 25.

D.I. 473 at 2



# Scale's Faulty Premise is Essential to Its Arguments



## Scale's Motion:

> The other possibility is that a UBA is somehow "part" of the APS oligonucleotide itself. <mark>But the APS oligonucleotide already has defined 5' and 3' ends that link to linking oligonucleotides and a functional middle sequence (e.g., a barcode).</mark> The UBAs would have to fit within that structure without changing the functionality of the ends of the oligonucleotide, for example by constituting an additional middle nucleic acid sequence with UBA functionality.

D.I. 473 at 3



# Scale's Faulty Premise is Essential to Its Arguments



### Scale's Motion:

The first problem with the Court's syllogism is that by finding claim 1 of the 752 Patent includes UBAs *within* APS oligonucleotides rather than as modules that can be *joined* to APSs, the construction does not fit the patent's described embodiments —the Figure 4 configuration above and all descriptions of UBAs linking to APSs are read out of the claim. The second problem is that a construction that the UBAs are subparts of APS oligonucleotides (part of "C" in A, B, C) rather than as a bolted-on "D" (in an A, B, C, D arrangement), the UBAs must conform to the structure of the APS oligonucleotide and do not include the "billions" of antibodies and aptamers relied on by the Court for finding non-enablement.

D.I. 473 at 3

PARSE BIOSCIENCES

# Scale's Faulty Premise is Essential to Its Arguments



## Scale's Motion:

The first problem with the Court's syllogism is that by finding claim 1 of the 752 Patent includes UBAs *within* APS oligonucleotides rather than as modules that can be *joined* to APSs, the construction does not fit the patent's described embodiments —the Figure 4 configuration above and all descriptions of UBAs linking to APSs are read out of the claim. The second problem is that a construction that the UBAs are subparts of APS oligonucleotides (part of "C" in A, B, C) rather than as a bolted-on "D" (in an A, B, C, D arrangement), the UBAs must conform to the structure of the APS oligonucleotide and do not include the "billions" of antibodies and aptamers relied on by the Court for finding non-enablement.

D.I. 473 at 3

# Scale's Faulty Premise is Essential to Its Arguments



## Scale's Motion:

The first problem with the Court's syllogism is that by finding claim 1 of the 752 Patent includes UBAs *within* APS oligonucleotides rather than as modules that can be *joined* to APSs, the construction does not fit the patent's described embodiments —the Figure 4 configuration above and all descriptions of UBAs linking to APSs are read out of the claim. The second problem is that a construction that the UBAs are subparts of APS oligonucleotides (part of "C" in A, B, C) rather than as a bolted-on "D" (in an A, B, C, D arrangement), the UBAs must conform to the structure of the APS oligonucleotide and do not include the "billions" of antibodies and aptamers relied on by the Court for finding non-enablement.

D.I. 473 at 3



## Scale's Argues That Only Certain Nucleic Acid UBA Structures Could Be Included in Claim 1



### Scale's Motion:

... to have misapprehended how that theory would interact with a claim construction that neither party was seeking. Under a construction in which the UBA is *part* of the APS oligonucleotide, only certain nucleic acid UBA structures could be included in claim 1, not the "billions" of UBAs relied on by Parse.

D.I. 473 at 7



# Scale Argument: UBA Must Be "certain nucleic acids…"

Waived

Not supported with any intrinsic or extrinsic evidence

Just an assertion; no attorney rationale offered

Wrong on the merits

See, *e.g.*, '752 Patent at 14:26-27.



# The '752 Patent Discloses APS Oligonucleotides Comprising UBA-Antibodies Within "That Structure"



**Constant Sequence** (Flanking Region)

**Antibody UBA**

**Constant Sequence** (Flanking Region)

— 3'

**Assayable Polymer Subunit** (APS)

### '752 Patent

In some embodiment, the UBA, ESB, or APS is of a different discernable constituent (GPN: meaning one part of the code can be a nucleic acid, another can be a polypeptide, another can be a small molecule, etc.).

'752 Patent at 2:59-63.

In some embodiments, at least two of ESB, UBAs, APSs, and COBs comprise different chemical compositions described herein or any other suitable composition known in the art. For example, an ESB can comprise a peptide and/or a nucleic acid, while an APS comprises a peptide or a peptoid. Any combination of described chemistries are envisioned within the scope of the invention.

'752 Patent at 24:4-11.



# Scale Admits that the Claimed APS Oligonucleotides Can Comprise an UBA-Antibody

**Parse CSUF MSJ#1**



D.I. 315

62. In the context of the '752 patent, you could use an antibody as a UBA, and you could associate APS tags with the antibody. Ex. 22, 203:2-10.



**Scale's Response**



D.I. 360

62. Admitted that the kits claimed in the '752 Patent could include, as an optional unclaimed feature except with respect to claim 5, an antibody that could be used as a UBA and with which APS tags could be associated.



21

# The '752 Patent Discloses APS Oligonucleotides Comprising UBA-Antibodies Within the Scope of Claim 1



"first set"

**UBA** | **5' End Sequence** | **Internal Sequence** | **3' End Sequence** — 3'

Assayable Polymer Subunit (APS)

**Peter A. Sims, Ph.D. –** ScaleBio's Expert

"In the context of the '752 patent, you could use an antibody as a UBA, and you could associate APS tags with the antibody."

Sims Dep. Tr. at 203:2-10.

**'752 Patent**

In some embodiment [sic], the UBA, ESB, or APS is of a different discernable constituent (GPN: meaning one part of the code can be a nucleic acid, another can be a polypeptide, another can be a small molecule, etc.).

'752 Patent at 2:59-63.

In some embodiments, at least two of ESB, UBAs, APSs, and COBs comprise different chemical compositions described herein or any other suitable composition known in the art. For example, an ESB can comprise a peptide and/or a nucleic acid, while an APS comprises a peptide or a peptoid. ==Any combination of described chemistries are envisioned within the scope of the invention.==

'752 Patent at 24:4-11.



# The '752 Patent Does Not Limit the Scope of "Target Molecules"

| Parse's CSUF (MSJ#1) D.I. 315, Nos. 31-43 | Plaintiffs' Response to Parse's CSUF (MSJ#1) D.I. 360, Nos. 31-43 |
|---|---|
| 31. The specification states that, in some embodiments, the target molecule is selected from the group consisting of a peptide, a polypeptide, an oligopeptide, a protein, a phosphoprotein, an antibody, a nucleic acid, a peptide nucleic acid, a synthetic small molecule, a disaccharide, a trisaccharide, an oligosaccharide, a polysaccharide, a lipid, a steroid, and a phospholipid. Ex. 1, 2:63-3:2. | 31. Admitted |
| 32. There are an estimated 20,043 human proteins. Ex. 19, ¶ 69. | 32. Admitted that Dr. Pachter provided that estimate. |
| 33. Different organisms have unique proteomes. Ex. 19, ¶ 69. | 33. Admitted. |
| 34. The number of polysaccharides is estimated to be $10^4$ times larger than the proteome. Ex. 19, ¶ 70. | 34. Admitted that Dr. Pachter provided that estimate. |
| 35. The number of different lipid species in eukaryotic cells is estimated to be over 1,000. Ex. 19, ¶ 65. | 35. Admitted that Dr. Pachter provided that estimate. |
| 36. For a peptide in a cell just five amino acids long, there could be approximately 3.2 million possible peptides. Ex. 22, 66:17-67:15. | 36. Admitted that for a peptide that is five amino acids long … there would be 20 to the fifth possible peptides, which is 3.2 million. Disputed that all such peptides would be in a cell. Ex. 22, 66:17-67:15. |
| 37. The number of synthetic small molecules that were known in the art as of 2012 was a vast number. Ex. 22, 61:18-22. | 37. Admitted, though "vast" is ambiguous … |
| 38. There are vast numbers of different peptides, polypeptides, oligopeptides, and proteins. Ex. 22, 80:10-21. | 38. Admitted, though "vast" is ambiguous … |
| 39. There were a vast number of steroids known in the art as of 2012. Ex. 22, 84:25-85:5. | 39. Admitted, though "vast" is ambiguous … |
| 40. There were a vast number of sugars known in the art as of 2012. Ex. 22, 85:8-15. | 40. Admitted, though "vast" is ambiguous … |
| 41. There were a vast number of lipids known in the art as of 2012. Ex. 22, 85:16-86:-17. | 41. Admitted, though "vast" is ambiguous … |
| 42. A typical mammalian cell has about 1000,000 to 1,000,000 individual mRNA molecules in a cell. Ex. 14, ¶84. | 42. Admitted that Dr. Pachter provided that estimate |
| 43. Cells as described in the specification are not limited to a specific organism. Ex. 22, 87:11-21. | 43. Admitted |



# Scale Does Not Directly Grapple With the Court's Findings Regarding APS Oligonucleotides Comprising UBAs



## The Court's Order:

"[T]here is no reason why a 'UBA' couldn't fall within the scope of what a set of 'APS oligonucleotides' can be understood to refer to in the asserted kit claims of the '752 patent. Both UBAs and APS oligonucleotides can be the same type of molecule. (*Compare* '752 patent, patent, col. 19:25-27 ('In some embodiments, the UBA is an aptamer. Aptamers include nucleic acid aptamers (i.e., single-stranded DNA molecules[).]') *with id.*, col. 37:31 ('The APS can be specific strands of DNA[.]')) So, it could be the case that while 'APS oligonucleotides' refers to an item that conveys or provides a package of information, that term–as the patentee used it in claim 1 and claim 5–is also broad enough to include within its scope a component (i.e., a UBA) that permits the execution of an *additional* function (i.e., binding)."

D.I. 466 at 17-18.

## The Specification Confirms That UBAs *Need Not Be* "modular, separable, and joinable things"



*See* D.I. 483 at 7.

In certain embodiments, the UBAs comprise an identity portion or at least part of an identity portion, for example, an ESB, a COB, an ESB and/or a linker oligo.

'752 Patent at 17:57-59.

In some embodiments, a cell origination barcode (COB) is generated with the APSs from the ordered set of APSs.

'752 Patent at 7:41-43.



25

# The Claims' Plain and Ordinary Meaning Prevails

"[A] court must not allow [a] disclosed embodiment to outweigh the language of the claim, especially when the court's construction is supported by the intrinsic evidence."

*SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.,* 983 F.3d 1367, 1379 (Fed. Cir. 2021).

"[T]he mere fact that there is an alternative embodiment disclosed in the [asserted] patent that is not encompassed by district court's claim construction does not outweigh the language of the claim, especially when the court's construction is supported by the intrinsic evidence."

*TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1373 (Fed. Cir. 2008).





# The '752 Patent Discloses APS Oligonucleotides Comprising UBA-Antibodies



"first set"

**UBA**  5' End Sequence  Internal Sequence  3' End Sequence  — 3'

Assayable Polymer Subunit (APS)

**'752 Patent**

In some embodiments, the antibodies described herein are attached to a nucleic acid, e.g., linker oligo or a nucleic acid ESB. Methods to attach nucleic acids to antibodies are known in the art. Any suitable method to attach nucleic acids to antibodies is encompassed in the methods of the invention. The antibodies described herein can be attached to a nucleic acid by the methods described in Gullberg et al., PNAS 101 (22): pages 228420-8424 (2004); and Boozer et al, Analytical Chemistry, 76(23): pages 6967-6972 (2004), both incorporated herein by reference. ... The antibodies described herein can be attached to a nucleic acid by the methods described in Kozlov et al., Biopolymers 5:73 (5):pages 621-630 (2004) incorporated herein by reference. ... The antibodies described herein can be attached to a nucleic acid by any suitable methods known in the art to generate engineered antibodies including the ones described herein.

'752 Patent at 18:66-19:24.



# Gullberg Discloses Attaching Nucleotides to an Antibody



**Gullberg (incorporated by reference) Discloses:**

"We now generalize the method by providing simple and convenient protocols to convert any polyclonal antibodies or matched pair of monoclonal antibodies to proximity probe sets through the attachment of oligonucleotide sequences."
Gullberg 2004 at Abstract.

"Oligonucleotides with free 3′ or 5′ ends were attached directly to antibodies by using the bifunctional crosslinker succinimidyl 4-[*p*-maleimidophenyl]butyrate."
Gullberg 2004 at 2.

**Antibody UBA**          **Nucleic Acid Sequence**



— 3'



# Scale Agrees that UBAs "within th[e] structure" of the Claimed APS Oligonucleotides Must Be Described and Enabled



## Scale's Motion:

> The other possibility is that a UBA is somehow "part" of the APS oligonucleotide itself. But the APS oligonucleotide already has defined 5' and 3' ends that link to linking oligonucleotides and a functional middle sequence (e.g., a barcode). The UBAs would have to fit within that structure without changing the functionality of the ends of the oligonucleotide, for example by constituting an additional middle nucleic acid sequence with UBA functionality.

D.I. 473 at 3

**The specification discloses this embodiment**



# The '752 Patent Discloses APS Oligonucleotides Comprising UBA-Aptamers Within "That Structure"

**'752 Patent**



Detailed descriptions of aptamers, including relevant protocols, can be found in, among other places, L. Gold, J. Biol. Chem., 270(23):13581 84 (1995); S. Jayasena, Clin. Chem., 45:1628-50 (1999); V. Sieber et al., Nat Biotechnol. 16 (10):955-60 (1998); D. Wilson and J. Szostak, Ann. Rev. Biochem. 68:611-47 (1999); L. Jermutus et al., Eur. Biophys. J., 31:179-84 (2002); S S. Spada et al., Biol. Chem., 378:445-56 (1997); B. Wlotzka et al., Proc. Natl. Acad. Sci., 99:8898-8902 (2002).

'752 Patent at 19:58-67.



# The '752 Patent Discloses APS Oligonucleotides Comprising UBA-Aptamers Within "That Structure"



**Constant Sequence** (Flanking Region)   **Randomized Region** (Aptamer)   **Constant Sequence** (Flanking Region)

**Assayable Polymer Subunit** (APS)

## Incorporated by Reference: Wilson

"The ligands that emerge from in vitro selections are called 'aptamers.' The general procedure for selection of an aptamer is as follows: a DNA pool is chemically synthesized with a region of random or mutagenized sequence flanked on each end by constant sequence and with a T7 RNA polymerase promoter at the 5′ end (Figure 1)."

Wilson at 613.

"In most cases, selections start with a pool of sequences that are completely random except for the flanking constant regions. ... Functional sequences may be common enough to find experimentally by being of low informational complexity and thus statistically abundant, for example, a simple structural motif that can be embedded anywhere in a long sequence."

Wilson at 613.



31



*Teva Pharms. Int'l GmbH v. Lilly*, 172 F.4th 1367 (Fed. Cir. 2026)

# *Teva*'s Case-Specific Findings on Written Description

A reasonable jury could have found that:

- "anti-CGRP antagonist antibodies *themselves* and methods of making them were well known, replete, or extensively described in the prior art—based on Lilly's own statements that they were 'well known,' 'replete,' or 'extensively described' in the prior art."

- "humanization was a well-established and routine procedure by the priority date—again, based on Lilly's own statements that it 'was a well-established and routine procedure' by the priority date."

- "a skilled artisan would have understood from the specification that all humanized anti-CGRP antagonist antibodies treat headache."

*Teva Pharmaceuticals International GmbH v. Lilly*, 172 F.4th 1367, 1376 (2026).





# *Teva*'s Case-Specific Findings on Enablement

The asserted claims here are unlike the claims in *Amgen* and *Baxalta*, however, because they do not claim humanized anti-CGRP antagonist antibodies *themselves*; instead, they claim only the use of such antibodies for the different, limited purpose of treating headache. In light of the well-known status of anti-CGRP antagonist antibodies and the routine nature of humanization, the more relevant "research assignment" in this case would have been determining which humanized anti-CGRP antagonist antibodies *treat headache. See Amgen*, 987 F.3d at 1084 (observing that the specification's teachings must be "at least commensurate with the scope of the claims"). That assignment was completed; the specification disclosed that *all* such antibodies work for that purpose.

*Teva Pharmaceuticals International GmbH v. Lilly*, 172 F.4th 1367, 1381 (2026).





# The Court's Findings Confirm that *Teva* is Inapposite



## The Court's Order:

- "UBAs include, inter alia, antibodies and aptamers designed to bind to at least one target molecule"

- "Therefore, antibodies and aptamers that are capable of performing the requisite functionality must be described and enabled."

- "Defendant has provided ample evidence ... that the asserted claims cover a vast number of antibodies and aptamers for targeting a vast number of target molecules, but that the patent's disclosure does not indicate how to determine or predict the full scope of which antibodies and aptamers will bind to which targets."

- "Plaintiff's sole evidence for enablement of the '752 patent are declarations of its expert, Dr. Peter Sims, which do not address enablement or description of UBAs, including antibodies or aptamers."

D.I. 466 at 27-28.



35

# UBAs are Essential to Making and Using the '752 Patent's Claimed Invention

## '752 Patent



The present invention provides methods for detection and quantification of target molecules in biomolecular samples. In particular, the invention provides UBAs that are capable of binding individual target molecules. The invention also provides the use of ESBs and COBs (See FIG. 2 ). Through the ESBs' and COBs' codes, the binding of the UBAs to target molecules results in the identification of the target molecules in single cells. In some embodiments, the ESB/COB complex represents a quantum of information that represents the target molecule and the cell of origin (See FIG. 1 ). Methods of making and using such UBAs and/or ESBs and COBs are also provided.

'752 Patent at 34:46-57.



# Thank You



