**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

SCALE BIOSCIENCES, INC.,

and

ROCHE SEQUENCING SOLUTIONS, INC.,

Plaintiffs,

v.

PARSE BIOSCIENCES, INC.,

Defendant.

Civil Action No. 22-1597-CJB

**JURY TRIAL DEMANDED**

**VOIR DIRE**

[Court introduction to the jury.]

Good morning. My name is Judge Burke, and we are going to select a jury in a civil case called Scale Biosciences, Inc. and Roche Sequencing Solutions, Inc. v. Parse Biosciences, Inc.

I am going to ask you a series of questions to help the Court and the attorneys in the jury selection process.

You all have a printed copy of these questions and a pen. If your answer is "yes" to any question, please take your pen and circle the number of that question. After I finish reading all the questions, you may be asked whether you answered "yes" to any question. Once I have completed all the questions, I may ask some of you to come to the jury room to discuss your answers with the lawyers and me.

Before I ask any questions, I am going to ask my Deputy Clerk to swear the jury panel to answer all questions truthfully. [*To Deputy: Please swear the jury panel.*]

This is a timed trial, which means that each side has a set amount of hours in which to present its case. The presentation of evidence in this case is expected to be completed by Friday, August 28, and then the parties will present their closing arguments. After closing arguments, the jury will deliberate for as long as necessary until it reaches a unanimous verdict. We expect to be completed with the case by Friday, August 28, but, if necessary, the jury will need to come back the following week to continue deliberations.

The schedule that I expect to keep over the days of evidence presentation will include a morning break of 15 minutes, a lunch break of at least a half an hour, and an afternoon break of 15 minutes. Trial will start each day at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day no later than 5:00 p.m.

1. Does the schedule I have just mentioned present a special problem for any of you?

I will now tell you a little bit about this case and the parties' claims. This is a patent infringement lawsuit. The parties in this case are Scale Biosciences, Roche Sequencing Solutions, and Parse Biosciences. I may refer to these parties as ScaleBio, Roche, and Parse.

On one side are ScaleBio and Roche. Roche is the owner of the patents-in-suit that Roche and ScaleBio assert, which I will refer to as the Asserted Patents. ScaleBio is the exclusive licensee of the Asserted Patents. On the other side is Parse.

The technology in this case relates to genomics and the study of single cells in multicellular organisms.

ScaleBio and Roche assert claims against Parse for patent infringement. Parse denies infringement and also says that the patents ScaleBio and Roche are asserting are invalid.

The jury in this case will be asked to decide whether Parse infringes the ScaleBio/Roche patents and whether the patents are invalid. If the jury finds that any of the Asserted Claims are infringed and not invalid, the jury will be asked to determine the amount of damages, if any, that is appropriate to compensate the opposing party for that infringement. For those of you who end up being on the jury, I will give more detailed instructions on the law later in the case.

2. Do you know anything about this dispute other than what I have described?

Next, I will address who the parties and the attorneys are in this case so you can tell me if you have ever had any prior dealings with any of them.

3. Have you, anyone in your immediate family, or anyone close to you, had any dealings with, or been employed by, ScaleBio, Roche, or Parse? Or have you, anyone in your immediate family, or anyone close to you, had any dealings with, or been employed by either of two additional companies that will be referenced at trial: 10x Genomics and Qiagen?

4. Have you or any member of your immediate family, or anyone close to you, ever owned stock or had any ownership interest in Roche, 10x Genomics, or Qiagen?

5. Have any of you or your immediate families, or anyone close to you, ever had any experience with products of ScaleBio, Parse or Roche, including Parse's Evercode Products, Gene Capture, or CRISPR Detect, or ScaleBio's single cell gene expression library preparation kits, including Single Cell RNA and CRISPR products and ScaleBio's Single-Cell Sequencing Services, that might keep you from being a fair and impartial juror in this case?

6. Do you have any strong positive or negative opinions about any of these companies that might make it difficult for you to be a fair and impartial juror in this case?

7. The lawyers and the law firms involved in this case are:

- Richards Layton & Finger
  - Frederick Cottrell, III
  - Kelly Farnan
  - Sara Metzler
- Wolf, Greenfield, & Sacks
  - Stephen Rabinowitz
  - Chelsea Loughran
  - Stuart Duncan Smith
  - Arden Bonzo
- Tensegrity Law Group
  - Matthew Powers
  - Paul Ehrlich
  - Azra Hadzimehmedovic
  - William Nelson

- Aaron Nathan
- Samantha Jameson
- Daniel Kazhdan
- Danielle Pfifferling
- Daniel Radke
- Nathaniel Cook
- John Pierce

- WilmerHale
  - Robert Gunther, Jr.
  - Christopher Noyes
  - Madeleine Laupheimer
  - Kate Saxton
- Young Conaway Stargatt & Taylor
  - Karen Pascale
  - Robert Vrana
  - Anne Shea Gaza
  - Samantha Wilson
- Sterne, Kessler, Goldstein, & Fox
  - Byron Pickard
  - R. Wilson Powers III
  - Chandrika Vira
  - Anna Phillips
  - Christopher Gallo
  - Brady Gleason
  - Igor Helman

- Louis Panzica, Jr.
- David Wang
- Paige Cloud
- Ryan Kaiser
- Cristen Corry

Have you, anyone in your immediate family, or anyone close to you, heard of, had any dealings with, or been employed by any of the law firms or people that I have just named?

I am going to read a list of witnesses who may be called to testify during trial. Please make a note if you know any of these people.

8. The potential witnesses in this case are:

- Thomas Albert
- Tod Bedilion
- Jan Berka
- Carolina Dallett
- Maria Fe Paz de Paz
- Melanie Masuda
- Jennifer McCullar
- DeForest McDuff
- Drew Mooney
- Joseph Musmacker
- Margaret Nakamoto
- Garry P. Nolan
- Maeve O'Huallachain

- Lior Pachter
- Giovanna (Prout) McKenzie
- Charles Roco
- Alex Rosenberg
- Rahul Satija
- Sean Scott
- Georg Seelig
- Peter Sims
- Michael Schnall-Levin[1]
- Michael Skogen
- Frank Steemers
- John Walsh
- Michael Yamamoto

Are you familiar with any of these potential witnesses?

9. Do you know any of the other potential jurors that are in the room?

10. Have you or has someone close to you ever had any experience with patents, patent law, patent licenses, a dispute about patent rights, or the United States Patent and Trademark Office?

11. Do you consider yourself an inventor or know or work with any inventors?

12. Do you have strong opinions about patents, patent rights, or the United States Patent and Trademark Office?

[1] The Court will include Dr. Michael Schnall-Levin as a witness on this list for now, pending the resolution of Parse's motion to strike, (D.I. 555).

13. Have you ever been a plaintiff, a defendant, or a witness in a lawsuit?

14. Have you ever served as a juror on another civil trial in the past?

15. Do you have any strong positive or negative opinions about biological or medical research and discovery relating to genes, DNA, RNA, proteins, or sequencing technology that might make it difficult for you to be a fair and impartial juror in this case?

16. Do you or anyone in your immediate family, or anyone close to you, have any education, training (formal or informal), or work experience related to molecular biology, biological or medical research, genetics, bioengineering, or biochemistry?

17. Do you have any strong positive or negative opinions about startups (that is, a newly formed company or business) or large corporations?

One of your duties as jurors is to take the law as I instruct you, apply it to the facts, and decide which party should prevail on the issues presented. It is my responsibility to decide which rules of law apply to the case and to instruct you on what legal principles to follow. In addition, because this is a patent case, I will also provide you with definitions of what certain terms of the patents mean. These are called the Court's claim constructions.

You are bound by your oath as jurors to follow the Court's instructions and its claim constructions, even if you personally disagree with them.

18. Would you be unable to follow my instructions in this case if you personally disagreed with the instructions provided by the Court?

19. Is there anything, such as poor vision, difficulty hearing, or difficulty understanding spoken or written English, that would make it difficult for you to serve on this jury?

This is the last question.

20. Is there anything else, including something you have remembered in connection with one of the earlier questions, that you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?