**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SCALE BIOSCIENCES, INC.,<br><br>and<br><br>ROCHE SEQUENCING SOLUTIONS, INC.,<br><br>Plaintiffs,<br>v.<br><br>PARSE BIOSCIENCES, INC.,<br><br>Defendant. | Civil Action No. 1:22-CV-01597-CJB<br><br>**JURY TRIAL DEMANDED** |
| PARSE BIOSCIENCES, INC.,<br><br>and<br><br>UNIVERSITY OF WASHINGTON,<br><br>Counterclaim Plaintiffs,<br>v.<br><br>SCALE BIOSCIENCES, INC.,<br><br>Counterclaim Defendant. | |

**JOINT LETTER REGARDING REPRESENTATIVE PRODUCTS**

1. Pursuant to the Court's direction at the August 7, 2026, Final Pre-trial Conference, the parties have further met and conferred regarding representative products. As directed, the parties file this joint letter updating the Court.

2. **Plaintiffs' Position:** On Tuesday, August 11, Plaintiffs proposed the compromise outlined in the table below and "reserve[d] their rights to cite represented product documents." In an email on Thursday, August 13, Parse confirmed that it "can agree to group products" as Plaintiffs proposed. That email identified two narrow areas related to evidence presentation that Parse's agreement did not include ("Parse's agreement shall in no way be construed as an agreement [regarding two narrow areas]"). Plaintiffs understood the parties had reached an agreement while reserving their respective rights on those evidence-presentation issues to be addressed at trial if they arose. The parties also reserved their arguments with respect to their respective verdict forms. On Friday, August 14, however, Parse shifted course: it now made its agreement on *any* representative products proposal "contingent" on Plaintiffs' agreeing to limit their evidence presentation based on Parse's reservation. Plaintiffs cannot accept that condition. The purpose of a representative products agreement is to allow the parties to cover dozens of products in less trial time, not to prevent Plaintiffs from relying on all but a handful of Parse product manuals. Despite Plaintiffs' good-faith efforts to resolve this dispute, the parties are at an impasse. Plaintiffs therefore respectfully request an additional hour of trial time (bringing their total to 13 hours) to efficiently introduce evidence and address the thirty-four products in the categories below, while Parse can spend essentially no time on these products as Parse has still never identified any product-based dispute within the represented product categories—because no such dispute exists. As will be separately argued, individual products should not be included on the verdict form, as illustrated by the fact that Parse's proposal would balloon a previously agreed-

to one-page, three-part single question into 14 pages of two separate 108-part questions to list individual products.

| Representative Parse Product | Represented Parse Product(s) |
|---|---|
| Cell Fixation Kit (including as described in the Cell Fixation Kit manual PARSE0547781, PTX-0465)*<br><br>*(Plaintiffs do not accuse the Nuclei Fixation kit that is described in the same manual) | Evercode Fixation v2<br>Fixation Kit v2 |
| Evercode Cell Fixation v3 (including manual PARSE0702596, PTX-0220) | Evercode Cell Fixation v3 Mid-Throughput<br>Evercode Cell Fixation v3 High-Throughput<br>Evercode Cell Fixation (Mouse TCR)<br>Evercode Cell Fixation (Mouse TCR) Mid-Throughput<br>Evercode Cell Fixation (Mouse TCR) High-Throughput |
| Single Cell Whole Transcriptome Kit (including manual PARSE0368938, JTX-0080, and the sequences PARSE0550012, PTX-0466)<br><br>The parties may refer to this as the WT v1 product. | Evercode Whole Transcriptome Mini<br>Evercode Whole Transcriptome Mega<br>Evercode WT v2<br>Evercode WT Mini v2<br>Evercode WT Mega v2 |
| Evercode WT v3 (including manual PARSE0703726, PTX-0224, and the sequences PARSE0704049, PTX-0497) | Evercode WT Mini v3<br>Evercode WT Mega v3<br>Evercode WT Mega v3 with INTEGRA ASSIST PLUS Barcoding<br>Evercode TCR v2<br>Evercode TCR Mini v2<br>Evercode TCR Mega v2<br>Evercode TCR v3<br>Evercode TCR Mini v3<br>Evercode TCR Mega v3<br>Evercode BCR<br>Evercode BCR Mini<br>Evercode BCR Mega |
| CRISPR Detect for Evercode WT v2 (including manual PARSE0486022, PTX-0463) | CRISPR Detect for Evercode WT Mini v2<br>CRISPR Detect for Evercode WT Mega v2 |
| CRISPR Detect for Evercode WT v3 (including manual PARSE0702124, PTX-0218) | CRISPR Detect for Evercode WT Mini v3<br>CRISPR Detect for Evercode WT Mega v3 |

3. **Defendant's Position**: In the interest of compromise, Parse proposed representative groupings on August 4, 2026. Ex. 1 at 11-12. On August 11, 2026, Plaintiffs provided a counterproposal reflecting the representative groupings noted above. *Id.* at 5-7. Parse agreed on August 13, 2026, to proceed with these categories, clarifying that "Parse's agreement shall in no way be construed as an agreement (1) that Scale can use product documents for a 'Representative Parse Product' as evidence of infringement for 'Represented Parse Product(s)' for which it is not grouped as representative; or (2) that Scale can use 'Represented Parse Product(s)' documents as evidence of infringement of any other 'Represented Parse Product(s)' within its grouping." *Id.* at 4. Parse never shifted from this course. On August 14, 2026, Plaintiffs "reserved their rights" to do exactly what Parse's conditions were meant to foreclose. *See id.* at 1-2. It would be highly prejudicial to Parse for Plaintiffs to mix-and-match documents pertaining to Represented Parse Product(s) across different groupings to meet their burden of infringement in this case. Plaintiffs have not identified or explained why they cannot abide by Parse's straightforward and reasonable conditions clarifying its agreement to streamline the presentation of evidence. Plaintiffs' refusal to agree to these limitations, along with their experts' failure to proffer evidence of representativeness, does not justify additional trial time for Plaintiffs. Further, these representative products should be included in the verdict form because Plaintiffs have the burden of proof of infringement as to each accused product.

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Kelly E. Farnan*
Frederick L. Cottrell III (#2555)
Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
920 North King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
Farnan@RLF.com
Metzler@rlf.com

*Attorneys for Plaintiffs Scale Biosciences, Inc. and Roche Sequencing Solutions, Inc*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen L. Pascale*
Karen L. Pascale (#2903)
Anne Shea Gaza (#4093)
Robert M. Vrana (# 5666)
Samantha G. Wilson (#5816)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Parse Biosciences, Inc.*

Dated: August 14, 2026